**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ERIKA ALEJANDRA MEJIA SANCHEZ, an individual; JUAN MANUEL VILLANUEVA VEGA, an individual; SEVERO LOPEZ CONTRERAS, an individual; NORA PATRICIA MURILLO MORENO, an individual; ANGÉLICA MARIA BARAJAS HORTA, an individual; ANA MARIA GARCIA MARTINEZ, an individual; GABRIEL MARTINEZ GARCIA, an individual; GERARDO PRADO RIVERA, an individual; and AURORA LIZZETTE LEAL RUBIO, an individual;

Plaintiffs,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a

No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

COMPLAINT - 1

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Washington limited liability company; DOE INDIVIDUALS 1-10; and, DOE ENTITIES 1-10,

Defendants.

COME NOW the Plaintiffs Erika Alejandra Mejia Sanchez, Juan Manuel Villanueva Vega, Severo Lopez Contreras, Nora Patricia Murillo Moreno, Angélica Maria Barajas Horta, Ana Maria Garcia Martinez, Gabriel Martinez Garcia, Gerardo Prado Rivera, and Aurora Lizzette Leal Rubio, by and through their attorneys of record, Aric S. Bomsztyk and Tallman H. Trask IV of Tomlinson Bomsztyk Russ and Vicente Omar Barraza of Barraza Law PLLC, and bring their Complaint against Alexandra Lozano Kennedy; La Luz del Camino, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Doe Individuals 1-10; and Doe Entities 1-10, stating and alleging as follows:

## I.    INTRODUCTION

1.1    Alexandra Lozano Kennedy ("Ms. Lozano") markets herself to unauthorized immigrants desperate to legalize their status as the "abogada de los milagros" ("lawyer of miracles"), promising immigration "miracles" to Plaintiffs and other immigrants in need.

1.2    The services Ms. Lozano and her firm, La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm;" collectively with Ms. Lozano, "Lozano"), offered were illusory, negligent, and even fraudulent.

1.3    Lozano advertises on the Lozano Firm website that it has "served 80,000 immigrants

COMPLAINT - 2

over 10 years." The Lozano Firm offers services through five principal offices and fourteen satellite offices spread across thirteen states and offers virtual services to clients nationwide. It claimed, as of 2024, to have more than 750 employees. The Lozano Firm describes its offices as "la[s] oficina[s] de los Milagros" ("the miracle offices") and events at them as part of a "milagros tour."

1.4    In addition to operating its own offices, Lozano, upon information and belief, collaborates with Defendants and others in the unlawful practices described in this Complaint, including through Amiga Lawyers, LLC, and Ally Lozano, LLC.

1.5    Lozano prominently uses imagery of the *Virgen de Guadalupe*, the phrase "abogada de los milagros" ("attorney of miracles"), and Mexican cultural and religious imagery in her marketing materials to convey the impression that she is capable of miracles.



*Figure 1. Screenshots of Lozano Marketing.*

1.6    Lozano's practice is focused on obtaining visas pursuant to the Violence Against Women Act ("VAWA") and human trafficking (T-Visa). Applying for VAWA allows persons to self-apply for protection from removal and/or pursue legal status without

COMPLAINT - 3

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871    F/ 206.621.9907

departing the United States, and applying for a T-Visa allows persons to obtain a legal status and qualify for eventual adjustment of status. VAWA requires applicants to have suffered battery or extreme cruelty by a U.S. Citizen or permanent resident spouse, or child. T-Visa applicants must have suffered from sex or labor trafficking.

1.7   To preform her "miracles," Lozano files fraudulent T-Visa, VAWA, and residency petitions on behalf of clients, including Plaintiffs, often without their knowledge or consent.

1.8   Lozano also instructs clients to provide "electronic signatures" instead of required "wet signatures." Lozano clients, including Plaintiffs, are asked to sign blank sheets of paper or blank signature boxes so that Lozano can capture and affix their signatures to future declarations or immigration documents without client review.

//

//

//

COMPLAINT - 4

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907



*Figure 2. Signature Sheet Provided to Severo Lopez Contreras by the Lozano.*

1.9    United States Citizenship and Immigrations Services policies require "wet" signatures on petitions and declarations. *See* United States Citizenship and Immigration Service Policy Manual, Vol. 1, Chapter 2, Section A.

1.10   Lozano's actions, including high-profile and questionable marketing practices, have not gone unnoticed. Plaintiffs and other Lozano clients have faced increased scrutiny from immigration authorities and additional interviews at border crossings, even after Lozano's representation has concluded.

1.11   Plaintiffs are each former Lozano clients who seek damages and injunctive relief to ameliorate the harms caused by Lozano, which include loss of legal avenues for obtaining permanent residency, money spent on fraudulent petitions and/or petitions with no reasonable chance of success, and additional damages.

COMPLAINT - 5

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## II.    PARTIES

2.1    Plaintiff Erika Alejandra Mejia Sanchez is a resident of Snohomish County, Washington, and an immigrant from Mexico, but is neither a lawful permanent resident of the United States nor a citizen of the United States. Ms. Mejia Sanchez is married to Plaintiff Juan Manuel Villanueva Vega. Ms. Mejia Sanchez is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.2    Plaintiff Juan Manuel Villanueva Vega is a resident of Snohomish County, Washington, and an immigrant from Mexico, but is neither a lawful permanent resident of the United States nor a citizen of the United States. Mr. Villanueva Vega is married to Plaintiff Erika Alejandra Mejia Sanchez. Mr. Villanueva Vega is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.3    Plaintiff Severo Lopez Contraras is a resident of Jalisco, Mexico. At the time of the events relevant to this complaint, Mr. Lopez Contreras was a resident of King County, Washington, but was neither a lawful permanent resident of the United States nor a citizen of the United States. Mr. Lopez Contreras is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.4    Plaintiff Nora Patricia Murillo Moreno is a resident of Aguascalientes, Mexico. At the time of the events relevant to this complaint, Ms. Murrillo Moreno was a resident of King County, Washington, but was neither a lawful permanent resident of the United States nor a citizen of the United States. Ms. Murillo Moreno is a former client of

COMPLAINT - 6

Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.5    Plaintiff Angelica Maria Barajas Horta is a resident of King County, Washington, and an immigrant from Mexico, but is neither a lawful permanent resident of the United States nor a citizen of the United States. Ms. Barajas Horta is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.6    Plaintiff Ana Maria Garcia Martinez is a resident of Pierce County, Washington, and an immigrant from Mexico. Ms. Garcia Martinez is neither a lawful permanent resident of the United States nor a citizen of the United States. Ms. Garcia Martinez is the mother of Plaintiff Gabriel Martinez Garcia. Ms. Garcia Martinez is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.7    Plaintiff Gabriel Martinez Garcia is a resident of Thurston County, Washington and an immigrant from Mexico. Mr. Martinez Garcia is neither a lawful permanent resident of the United States nor a citizen of the United States. Mr. Martinez Garcia is the son of Plaintiff Ana Maria Garcia Martinez. Mr. Martinez Garcia is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.8    Plaintiff Gerardo Prado Rivera is a resident of King County, Washington, and an immigrant from Mexico. Mr. Prado Rivera is neither a lawful permanent resident of the United States nor a citizen of the United States. Mr. Prado Rivera is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly

COMPLAINT - 7

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

known as Alexandra Lozano Immigration Law, PLLC.

2.9    Plaintiff Aurora Lizzette Leal Rubio is a resident of King County, Washington, and an immigrant from Mexico. Ms. Leal Rubio is neither a lawful permanent resident of the United States nor a citizen of the United States. Ms. Leal Rubio is a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

2.10    Defendant Alexandra Lozano Kennedy is an attorney licensed by the Washington State Bar Association with Washington State Bar Association License No. 40478. Defendant Alexandra Lozano is a resident of King County, Washington. Lozano Kennedy is the sole governor of Defendant La Luz del Camino Legal, PLLC, formerly known as Alexanda Lozano Immigration Law, PLLC. All actions alleged against Lozano Kennedy in this Complaint were undertaken to the benefit of her marital community with Manuel Lozano Rodriguez.[1]

2.11    Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company with its headquarters and primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Alexandra Lozano Immigration Law, PLLC, was founded in or around October 2014 by Defendant Alexandra Lozano Kennedy and is registered with the Washington Secretary of State's office. To the degree that La Luz del Camino, PLLC, is an entity separate from Alexandra Lozano Immigration Law, PLLC, it is a mere continuation of Alexandra Lozano Immigration Law, PLLC, and not a distinct

---

[1] Defendant Alexandra Lozano Kennedy is legally separated from, but remains legally married to, Manuel Lozano Rodriguez.

COMPLAINT - 8

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

entity. Both entities have the same Unified Business Identifier number issued by the Washington State Department of Revenue: 603 446 952.

2.12    Defendant En Solidaridad, LLC, is a voluntarily dissolved Washington limited liability company with its principal place of business in King County, Washington, at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. The sole governor of En Solidaridad, LLC, was Manuel Lozano Rodriguez, who is married to but legally separated from Defendant Alexandra Lozano Kennedy.

2.13    Defendant Salud Total, LLC, is a Wyoming limited liability company with its principal place of business at 2161 E. Fort King St., Ocala, FL 34471.

2.14    Defendant Amiga Lawyers, LLC, is a voluntarily dissolved Washington limited liability company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy was the sole governor of Amiga Lawyers, LLC.

2.15    Defendant Ally Lozano, LLC, is voluntarily dissolved Washington limited liability company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy was a governor of Ally Lozano, LLC. Manuel Lozano Rodizguez was the only other governor.

2.16    Defendants Doe Individuals 1-10 are individuals associated with Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including but not limited to current and former attorney and non-attorney employees of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, or individuals performing acts and omissions in concert with them. Defendants Doe Individuals 1-10 participated in the acts and omissions

COMPLAINT - 9

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

alleged to have been undertaken by Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. The identity of Doe Individuals 1-10 is presently unknown to Plaintiffs. Upon information and belief, Doe Individuals 1-10 are each citizens or lawful permanent residents of the United States and are each domiciled in the United States. The Plaintiffs will amend the Complaint to add the names of Doe Individuals 1-10 as and when they are ascertained.

2.17    Defendants Doe Entities 1-10 are United States entities owned, controlled, managed, or associated with Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and domiciled in the United States, including but not limited to limited liability companies, trusts, holding companies and similar entities. Defendants Doe Entities 1-10 participated in the acts and omissions alleged to have been undertaken and/or have been used to protect and hold the fruits of those acts and omissions on behalf of Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. The Plaintiffs will amend the Complaint to add the names of Doe Entities 1-10 as and when they are ascertained.

## III.    JURISDICTION AND VENUE

3.1    The acts and omissions of the Defendants alleged herein occurred within King County, Washington.

COMPLAINT - 10



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

3.2    The causes of action asserted in this complaint arise under federal law and Washington state law. This Court has subject matter jurisdiction over the federal law claims asserted in this matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C § 1964(c). This Court has supplemental jurisdiction over the Washington law claims pursuant to 28 U.S.C. § 1367.

3.3    Defendants are each domiciled in Washington or Wyoming and are each United States citizens, lawful permanent residents of the United States, or United States companies.

3.4    Plaintiffs are not lawful permanent residents or citizens of the United States.

3.5    The amount in controversy exceeds $75,000 with respect to the damages suffered by the marital community comprised of Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez alone, as well as other Plaintiffs named herein. With respect to Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez, their damages include, at a minimum, contractual damages of at least $32,355.00 and subject to statutory trebling, damages related to their emotional injuries, and extra-contractual damages related to Lozano's professional negligence and breach of fiduciary duties, including lost wages, additional attorney fees and costs, and the costs associated with potential removal from the United States.

3.6    There is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2).

3.7    Venue is proper under 28 U.S.C. § 1391 as acts and omissions alleged in this complaint occurred within King County, Washington, and/or within the bounds of the Western District of Washington and/or Defendants are domiciled within the Western District of Washington.

COMPLAINT - 11

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## IV.    FACTS

4.1    Defendant Alexandra Lozano Kennedy ("Ms. Lozano") is a Washington State attorney and the founder of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm," and, collectively with Ms. Lozano, "Lozano").

4.2    The Lozano Firm is an immigration law firm based in Tukwila, Washington, with additional offices and satellite offices across the United States and employees in the United States, Mexico, Argentina, and Colombia.

4.3    Lozano has offices in at least five states. In the first year of its existence, the Lozano Firm generated six-figure earnings. According to an interview Ms. Lozano gave to SuperLawyers in July 2021, the Lozano Firm employed over 100 support staff by mid-2021. It has continued to grow since and publicly refers to itself as the "fastest growing" firm of its kind. The Lozano Firm had more than 750 employees as of 2024.

4.4    The Lozano Firm has, since its inception, primarily provided services to Spanish-speaking immigrants, and predominantly to immigrants from Mexico.

4.5    While Lozano has harmed Plaintiffs, the issues which have caused harm to Plaintiffs are systemic in nature and have affected thousands of people. The specific harms and incidence of negligence and malfeasance impacting Plaintiffs include fraudulent use of Plaintiffs' signatures, filing of baseless claims, failures to file necessary paperwork either because of incompetence or a later "bait-and-switch," failures to appropriately advise clients as to risks to them and their families, improper T-Visa and Violence Against Women Act ("VAWA") filings, and demands for additional fees for harms resulting Lozano's own negligence and malfeasance.

COMPLAINT - 12

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.6 While VAWA and T-Visa petitions are appropriate in some circumstances and may allow parties to remain in the country while the forms and applications are processed, Lozano offers services on a flat-fee basis, with fees determined by what types of immigration paperwork and application is handled by the firm. VAWA and T-Visa proceedings allow Lozano to charge higher fees for services and to leverage economies of scale to increase their per-client profits.

4.7 Lozano has filed and submitted immigration documents, including documents with fraudulent signatures and inaccurate documents, to immigration officials using the United States mail and/or private interstate carriers.

4.8 Lozano describes itself as "a groundbreaking law firm that revolutionized the practice of immigration law" through an "innovative . . . novel approach . . to rarely applied niche provisions of immigration law," namely VAWA and T-Visas. *See Alexandra Lozano Immigration Law, PLLC, v. Diaz Cuenca, et al.*, Case No. 4:24-cv-02190, at ECF 1-4 (S.D. Tex., June 7, 2024). As alleged herein, Lozano's "groundbreaking" and "innovative . . . novel approach" was fraudulent and unlawful.

4.9 Lozano has trained other attorneys and built a network of attorneys nationwide through Amiga Lawyers, LLC, and Ally Lozano, LLC, to engage in and collaborate in the same processes and practices. Lozano has "taught hundreds of immigration attorneys" how to engage in similar and interrelated schemes and practices. *See Alexandra Lozano Immigration Law, PLLC, v. Diaz Cuenca, et al.*, Case No. 4:24-cv-02190, at ECF 1-4, ¶¶ 19-20 (S.D. Tex., June 7, 2024). Ms. Lozano earned more than $1.7 million teaching her methods to other attorneys between 2019 and 2021 alone. *Id*.

4.10 Lozano's acts, including training and collaborating with other attorneys engaged in the

COMPLAINT - 13

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

same kinds of fraud and bad acts, used interstate wire communications and the use of interstate wire communications in the acts was reasonably foreseeable.

***Plaintiffs Erika Alejandra Mejia Sanchez and Juan Manuel Villanueva Vega***

4.11   Plaintiffs Erika Alejandra Mejia Sanchez and Juan Manuel Villanueva Vega retained Lozano to represent them in relation to immigration matters.

4.11   Ms. Mejia Sanchez and Mr. Villanueva Vega saw Lozano's advertising and trusted the firm in part because of Lozano's use of the *Virgen de Guadalupe* in marketing materials and the implications connected with the *Virgen*.[2]

4.12   Ms. Mejia Sanchez and Mr. Villanueva Vega are married and are the parents of five children, each of whom is a United States citizen. One of Ms. Mejia Sanchez and Mr. Villanueva Vega's children has Type 1 diabetes and requires constant medical attention, consistent access to expensive medications, and specialized medical care. At the time they retained Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega were seeking legal opinions about *if* there was a path for them to obtain legal residency.

4.13   Ms. Mejia Sanchez and Mr. Villanueva Vega signed a contract with Lozano on June 30, 2020. Ms. Mejia Sanchez and Mr. Villanueva Vega signed an additional contract with Lozano on August 14, 2024, and a third contract on October 14, 2025; each of these later two contracts related to unsuccessful efforts to limit the harms caused by Lozano's representation and described below. Ms. Mejia Sanchez and Mr. Villanueva Vega paid Lozano approximately $32,355 for services described in the contracts.

---

[2] A fuller description of Lozano's marketing efforts, specifically related to the *Virgen de Guadalupe* and the concept of miracles, is included at Paragraphs 4.126 through 4.135.

COMPLAINT - 14

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.14    At the time they retained Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega informed Lozano that they had multiple unlawful entries into the United States. Other attorneys had accurately advised them that there was no path to adjust their status because of the resulting permanent bar, which they also informed Lozano.

4.15    In contrast to the other attorneys, Lozano promised Ms. Mejia Sanchez and Mr. Villanueva Vega that Mr. Villanueva Vega would receive a work permit in six months and a green card in one year and that Ms. Mejia Sanchez would receive a positive outcome.

4.16    Despite having received accurate information from Mr. Villanueva Vega, Lozano falsely stated in the Mr. Villanueua's visa application that his past entries into the United States were "wave through" entries, in direct contradiction to what he had previously told Lozano.

4.17    Lozano filed VAWA petitions on behalf of Ms. Mejia Sanchez and Mr. Villanueva Vega alleging that their daughter had abused them, despite their concern about the potential impacts of the abuse allegation on their daughter. Lozano told them that there was no risk to their daughter and that the daughter's biological mother would be the one blamed. Lozano nonetheless filed VAWA petitions alleging abuse by their daughter.

4.18    As a portion of the fees paid to Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluations falsely represented Ms. Mejia Sanchez and Mr. Villanueva Vega's actual psychological states, but were still presented to immigration officials by Lozano.

4.19    The United States Citizenship and Immigration Service ultimately denied Mr. Villanueva Vega's residency application based on the permanent bar he disclosed to Lozano at the

COMPLAINT - 15

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

outset of the representation.

4.20   As a result of the denial of his residency application, Mr. Villanueva Vega is currently in removal proceedings. It is more probable than not that Mr. Villanueva Vega will be deported. An immigration practitioner practicing at the required standard of care would have not proceeded with the representation at all, and would have advised Mr. Villanueva Vega that a "miracle" was not available, and that any effort to amend his residency status would, more likely than not, result in his deportation.

4.21   If Mr. Villanueva Vega is deported, Ms. Mejia Sanchez and their children will either have to remain in the United States without him, or follow him to Mexico where the medical care for their child with Type 1 diabetes will be inferior. If Ms. Mejia Sanchez follows Mr. Villanueva Vega to Mexico, it would be difficult or impossible for her to legally return to the United States.

4.22   As a result of Lozano's acts and omissions, Ms. Mejia Sanchez and Mr. Villanueva Vega suffered substantial emotional distress to represent her for VAWA based residency.

### *Plaintiff Severo Lopez Contreras*

4.23   Plaintiff Severo Lopez Contreras retained Lozano to represent him in immigration matters.

4.24   Mr. Lopez Contreras signed a contract with Lozano on May 22, 2025.

4.25   Mr. Lopez Contreras paid Lozano $17,500 for legal services described in the contract.

4.26   Lozano required Mr. Lopez Contreras to sign a form stating "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines."

COMPLAINT - 16

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

*Figure 3. Signature Sheet Provided to Severo Lopez Contreras by the Lozano Firm.*

4.27    At the time of signing the contract, Mr. Lopez Contreras had resided in the United States for thirty years, immigrating when he was sixteen years old. Mr. Lopez Contreras operated a successful drywall and painting business as a licensed and bonded contractor.

4.28    Mr. Lopez Contreras was informed, at the time he contracted with Lozano, that he was eligible for a T-Visa based on a drywall job that his company, Masters Drywall and Painting, LLC was not paid for in 2016, and that Lozano would file an appropriate petition and paperwork to obtain a T-Visa.

4.29    Despite Lozano's representations, Mr. Lopez Contreras was clearly and obviously ***not*** eligible for a T-Visa. He was not a "survivor of severe trafficking." The garden-variety breach of contract dispute between his company and another contractor occurred five years *prior* to Mr. Lopez Contreras contracting with Lozano and nearly *twenty-five years* after Mr. Lopez Contreras immigrated to the United States. A reasonable immigration practitioner would realize Lopez Contreras did not qualify for a T-Visa and that making such a claim would expose him to unnecessary risk.

COMPLAINT - 17

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

Case 2:26-cv-01587   Document 1   Filed 05/11/26   Page 18 of 50

4.30 Lozano informed Mr. Lopez Contreras that in six-to-nine months, he would obtain a work permit and social security number and, in two years, he would have an adjustable T-Visa.

4.31 At the time of contracting with Lozano, Mr. Lopez Contreras was particularly concerned about what would happen if he were arrested by immigration officials during the T-Visa process. Lozano told Mr. Lopez Contreras "not to worry" and that he would be protected from arrest and immigration enforcement actions while his visa application was pending.

4.32 Mr. Lopez Contreras's fears and concerns were warranted and reasonable given the then-ongoing nationwide immigration crackdown.

4.33 On October 1, 2025, Mr. Lopez Contreras was arrested by Immigrations and Customs Enforcement officers.

4.34 Mr. Lopez Contreras called Lozano shortly after his arrest. Lozano informed Mr. Lopez Contreras that it had *never* filed his T-Visa application. Upon information and belief, Lozano knew or should have known that it would not file a T-Visa application on Mr. Lopez Contreras's behalf and/or that any such application would be unsuccessful at the time it accepted money from Mr. Lopez Contreras to do so.

4.35 Showing neither contrition nor taking responsibility for the failure, Lozano demanded an additional payment of $20,000 after Mr. Lopez Contreras's arrest to file an asylum claim for him while he remained in an immigration detention facility.

4.36 Mr. Lopez Contreras requested a refund of the money he paid to Lozano. After initially stating that the firm would return Mr. Lopez Contreras' money, Lozano did not refund any payments made by Mr. Lopez Contreras, despite *never* filing the T-Visa paperwork it was paid to file.

4.37 As a result of Lozano's failures, Mr. Lopez Contreras was forced to return to Mexico, a

COMPLAINT - 18

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

country in which he has not resided since he was a teenager, and to leave his business and his family behind, causing him severe emotional distress. He cannot legally return to the United States at this time.

4.38    Mr. Lopez Contreras did not discover and could not have reasonably discovered Lozano's failures and the impacts of those failures until his arrest on October 1, 2025.

*Plaintiff Nora Patricia Murillo Moreno*

4.39    Plaintiff Nora Patricia Murillo Moreno retained Lozano to represent her in relation to her immigration status.

4.40    Ms. Murillo Moreno retained Lozano, at least in part, because she had seen marketing materials, including social media marketing, created by Lozano and representing Ms. Lozano as capable of performing miracles.[3]

4.41    Ms. Murillo Moreno is married to a United States citizen and has three children, each of whom are also United States citizens.

4.42    Ms. Murillo Moreno signed a contract with Lozano on September 1, 2021. Ms. Murrillo paid Lozano approximately $15,000 to represent her for a VAWA-based residency.

4.43    At the time Ms. Murillo Moreno signed the contract, Lozano promised her that she would obtain a visa and promised to return her money if she did not receive permanent residency.

4.44    As a portion of the fees paid to Lozano, Ms. Murillo Moreno was required to pay for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by

---

[3] A fuller description of Lozano's marketing efforts, specifically related to the concept of miracles, is included at Paragraphs 4.126 through 4.135.

COMPLAINT - 19

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

and captive to Lozano. The psychological evaluation falsely represented Ms. Murrillo Moreno's actual psychological state but was still presented to immigration officials by Lozano.

4.45 While Lozano were preparing the filings and application, Lozano pressured Ms. Murrillo Moreno to embellish the facts and to make claims that she did not fully agree with.

4.46 Ms. Murrillo Moreno attended an interview with United States Citizenship and Immigration Services officers. Prior to the interview, Ms. Murrillo Moreno was pressured and coached by Lozano to provide inaccurate responses.

4.47 Prior to the interview with United States Citizenship and Immigration Services officers, and without time to adequately consider or take alternative actions, Lozano provided Ms. Murrillo Moreno with a copy, in English,[4] of the declaration it had filed and signed on her behalf. Upon review of the declaration, Ms. Murrillo recognized that as much as half of the declaration consisted of exaggerated and/or false statements.

4.48 On February 12, 2026, Ms. Murrillo Moreno traveled to Mexico, with her travel permit, to visit her father, who is battling cancer.

4.49 Ms. Murrillo Moreno attempted to return to Seattle on February 17, 2026. Upon arrival in the United States, immigration officials informed her that her residency application had been denied on January 2, 2026. Lozano had not informed Ms. Murrillo of the denial.

4.50 Immigration officials at the airport found Ms. Murrillo Moreno inadmissible because of the January 2, 2026 denial. Ms. Murrillo Moreno was faced with a choice: either withdraw her application and return to Mexico immediately or wait out expedited removal

---

[4] Ms. Murrillo can speak and read English, but her preferred language is Spanish.

COMPLAINT - 20

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

proceedings in an immigration detention facility. Ms. Murrillo Moreno chose to withdraw her application and to return to Mexico to be with her family. Ms. Murrillo Moreno is currently inadmissible to the United States and is forced to reside in Mexico away from family and loved ones.

4.51    Ms. Murrillo Moreno did not discover and could not have reasonably discovered the harms and impacts of the acts and omissions of Lozano until January 2, 2026.

4.52    As a result of the acts and omissions of Lozano, Ms. Murrillo Moreno was prevented from entering the United States and deemed inadmissible. Further, because of the inaccurate documents and declaration submitted by Lozano on Ms. Murrillo Moreno's behalf, Ms. Murrillo Moreno faces additional hurdles and struggles if she wishes to return to her family in the United States.

4.53    As a result of the acts and omissions of Lozano, Ms. Murrillo Moreno has lost wages and suffered substantial emotional distress.

### Plaintiff Angélica Maria Barajas Horta

4.54    Plaintiff Angélica Maria Barajas Horta retained Lozano to represent her in seeking legal immigration status.

4.55    Ms. Barajas Horta signed a contract with Lozano on July 7, 2020. Ms. Barajas Horta paid Lozano a total of $13,675.

4.56    Ms. Barajas Horta is the mother of three United States citizen children born in Mexico. Prior to retaining Lozano, Ms. Barajas Horta was physically attacked by one of her children in the United States, an incident which was reported to the police and made Ms. Barajas Horta eligible for relief under VAWA.

COMPLAINT - 21

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.57    Prior to retaining Lozano, Ms. Barajas Horta consulted with two other attorneys. Upon reviewing her immigration status and file, each of these attorneys correctly advised Ms. Barajas Horta that it would not be possible to obtain permanent residency because of prior unlawful entries.

4.58    Ms. Barajas Horta retained Lozano to represent her in seeking permanent residency based on VAWA. At the time Ms. Barajas retained Lozano, she informed Lozano of her multiple unlawful entries.

4.59    Lozano negligently advised Ms. Barajas Horta that it was not necessary to file a waiver. Instead, Lozano attempted, without any reasonable legal or factual basis, to connect Ms. Barajas Horta's prior immigration violations to the abuse she suffered at the hands of her child. Lozano knew or should have known, at the time they presented the arguments to immigration officials, that the arguments were without basis or merit.

4.60    As a portion of the fees paid to Lozano, Ms. Barajas Horta paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The assessment falsely represented Ms. Barajas Horta's psychological state.

4.61    Following Ms. Barajas Horta's interview with United States Citizenship and Immigration Services officials, Lozano belatedly filed a waiver related to Ms. Barajas Horta's prior entries, a filing which should have been filed at the outset. Lozano's failure was either incompetence or a deceptive "bait and switch," either of which fell below the standard of care and competence required of immigration practitioners.

4.62    As a result of Lozano's negligent and improper decision to file the permanent residency application, USCIS referred Ms. Barajas Horta to immigration court for removal

COMPLAINT - 22

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

proceedings.

4.63    As a result of Lozano's negligent and improper decision to seek permanent residency, Ms. Barajas Horta will more likely than not be deported from the United States despite being eligible for relief under VAWA.

4.64    As a result of Lozano's acts and omissions, Ms. Barajas Horta suffered substantial emotional distress.

### *Plaintiff Ana Maria Garcia Martinez*

4.65    Plaintiff Ana Maria Garica Martinez retained Lozano to represent her in immigration matters.

4.66    Ms. Garcia Martinez paid Lozano approximately $15,000 for services.

4.67    According to the contract between Ms. Garcia Martinez and Lozano, Ms. Garcia Martinez retained Lozano to assist with an I-360 form. Her contract makes no reference to a VAWA application or other similar application.

4.68    Ms. Garcia Martinez is married to a naturalized citizen of the United States.

4.69    At the time Ms. Garcia Martinez retained Lozano, Ms. Garcia Martinez was eligible for consular processing based on an already approved family petition filed by her naturalized citizen spouse. Consular processing requires that an immigrant leave the United States to complete the process.

4.70    Instead of suggesting consular processing, Lozano disregarded the already-initiated consular process and convinced Ms. Garcia Martinez to file VAWA and residency applications. Ms. Garcia Martinez had no understanding of what it meant to file VAWA paperwork at the time.

COMPLAINT - 23

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.71   When encouraging Ms. Garcia Martinez to file for VAWA protections, Lozano never advised Ms. Garcia Martinez that filing for VAWA protections could impact the citizenship status and naturalization of her naturalized citizen spouse. Lozano also never warned her that abandoning the consular process would deprive her son in Mexico of the opportunity to obtain legal status in the United States.

4.72   Despite never informing Ms. Garcia Martinez of the potential risk of VAWA filings for Ms. Garcia Martinez's spouse and son, Lozano falsely filed VAWA paperwork alleging that Ms. Garcia Martinez's spouse abused her during a time he was a legal resident of the United States but was not yet a naturalized citizen.

4.73   Lozano drafted and prepared a declaration filed on behalf of Ms. Garcia Martinez. Lozano staff told Ms. Garcia Martinez that her spouse was "aggressive." Ms. Garcia Martinez objected and told Lozano that statement was not accurate. Lozano insisted the declaration must say that Ms. Garcia Martinez's spouse was "aggressive" and included such language in the declaration. Lozano told Ms. Garcia Martinez that including allegations against her spouse would not impact him.

4.74   Lozano did not provide Ms. Garcia Martinez with an opportunity to review the declaration before Lozano affixed Ms. Garcia Martinez's electronic signature to the declaration and filed it with immigration officials.

4.75   Ms. Garcia Martinez, on Lozano's instructions, did not sign immigration paperwork and related documents filed by Lozano with an ink pen. Instead, Lozano copied and pasted Ms. Garcia Martinez's electronic signature onto multiple forms or affixed an electronic copy of Ms. Garcia Martinez's signature onto the forms.

4.76   Prior to an interview with USCIS, Lozano coached and pressured Ms. Garcia Martinez to

COMPLAINT - 24

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

falsely state that she had signed her immigration forms with an ink pen.

4.77   As a portion of the fees paid to Lozano, Ms. Garcia Martinez paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Garcia Martinez's actual psychological state, but was still presented to immigration officials by Lozano.

4.78   On December 1, 2025, the United States Citizenship and Immigration Service denied Ms. Garcia Martinez's residency application. Ms. Garcia Martinez's residency application was denied solely because Lozano improperly affixed electronic signatures when filing Ms. Garcia Martinez's application instead of requesting that Ms. Garcia Martinez sign with an ink pen.

4.79   Ms. Garcia Martinez did not and could not have reasonably discovered the harms suffered as a result of Lozano's acts and omissions until at least December 1, 2025.

4.80   As a result of Lozano's acts and omissions, Ms. Garcia Martinez is at a significant risk of deportation. Indeed, Ms. Garcia Martinez was forced to retain new counsel to at least temporarily terminate deportation proceedings resulting from Lozano's acts and omissions.

4.81   As a result of Lozano's acts and omissions, Ms. Garcia Martinez has suffered substantial emotional distress, including but not limited to distress related to the risks Lozano's actions and omissions have created for her naturalized citizen spouse.

*Plaintiff Gabriel Martinez Garcia*

COMPLAINT - 25

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.82    Plaintiff Gabriel Martinez Garcia retained Lozano to represent him in immigration matters. Mr. Martinez Garcia paid Lozano approximately $15,000 for the representation.

4.83    At the time Mr. Martinez Garcia retained Lozano, he was eligible for consular processing as a result of an already-approved family petition filed by his lawful permanent resident stepfather, who is now a naturalized citizen.

4.84    Lozano pushed Mr. Martinez Garcia to file for a VAWA adjustment rather than use consular processing. Lozano did not explain to Mr. Martinez Garcia what VAWA was and never explained the basis of the case. Mr. Martinez Garcia only learned what VAWA was after he researched it online and was able to locate information.

4.85    Despite never informing Mr. Martinez Garcia about VAWA, Lozano proceeded to file a VAWA adjustment and residency application on his behalf on January 25, 2021. Mr. Martinez Garcia's VAWA was ultimately approved and was based on an abusive marriage to a United States citizen.

4.86    Mr. Martinez Garcia communicated with Lozano online and over the phone. Mr. Garcia Martinez *never* went to a Lozano office in person, including to review and sign paperwork, forms, and filings. Lozano used and affixed an electronic signature for each form and filing it submitted on behalf of Mr. Martinez Garcia.

4.87    Prior to Mr. Martinez Garcia's interview with USCIS, Lozano told Mr. Martinez to lie to USCIS officials and to tell them that he went to a Lozano office to sign each form with an ink pen.

4.88    On September 17, 2025, USCIS denied Mr. Martinez Garcia's residency application. USCIS denied Mr. Martinez Garcia's residency application *solely* because his applications had been signed electronically (with signatures affixed by Lozano) rather than with an ink

COMPLAINT - 26

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

pen.

4.89 Following the denial of the residency application, USCIS issued Mr. Martinez Garcia a notice to appear before an immigration judge, a step in deportation proceedings. Mr. Martinez Garcia was forced to retain new counsel to terminate the deportation proceedings resulting from Lozano's acts and omissions. Further, Mr. Martinez Garcia has been forced to restart the residency application process.

4.90 Mr. Martinez Garcia did not and could not have reasonably discovered the harms suffered as a result of the acts and omissions of Lozano until at least September 17, 2025.

4.91 As a result of Lozano's acts and omissions, Mr. Martinez Garcia was placed in removal proceedings.

4.92 As a result of Lozano's acts and omissions, Mr. Martinez Garcia has suffered substantial emotional distress

*Plaintiff Gerardo Prado Rivera*

4.93 Plaintiff Gerardo Prado Rivera, who entered the United States with a visitor visa, retained Lozano to represent him in seeking permanent residency as the parent of a US citizen child over the age of 21.

4.94 At the time Mr. Prado Rivera retained Lozano, Mr. Prado Rivera owned a successful drywall business and a rental property. Mr. Prado Rivera has two children with Plaintiff Aurora Lizzette Leal Rubio, both of whom are United States citizens. Mr. Prado Rivera and Ms. Leal Rubio are not married.

4.95 Mr. Prado Rivera attended a phone consultation with Lozano on October 16, 2020. He paid a $2000 down payment on the day of the consultation; Mr. Prado Rivera paid Lozano

COMPLAINT - 27

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

a total of $13,755.

4.96 A staff person conducted the intake during the October 16, 2020 call, and Ms. Lozano came on the phone to congratulate Mr. Prado Rivera and tell him he was eligible for VAWA. Lozano then sent Mr. Prado Rivera a welcome video.

4.97 A few days later, on October 21, 2020, Mr. Prado Rivera received an email instructing him to electronically sign the contract with Lozano using a digital signature app.

4.98 On October 21, 2020, Lozano instructed Mr. Prado Rivera to use an app to digitally sign application forms related to his immigration matter *before* the forms were completed.

4.99 On February 11, 2021, Lozano texted Mr. Prado Rivera and asked him to sign a blank piece of paper with his signature multiple times. The signatures from the blank paper were digitized and affixed to the application forms Lozano submitted to USCIS on Mr. Prado Rivera's behalf on or about February 19, 2021.

4.100 At no point during the representation by Lozano did Mr. Prado Rivera *ever* sign any immigration paperwork or filings with an ink pen. All VAWA and residency immigration paperwork and filings submitted on Mr. Prado Rivera's behalf by Lozano were signed using an electronic signature affixed to the documents by Lozano.

4.101 On April 23, 2024, USCIS sent a Request for Evidence to Lozano requesting that Lozano "submit signature pages with original signatures." On June 12, 2024, Lozano again contacted Mr. Prado Rivera and requested that he sign his name multiple times on a blank piece of paper for Lozano to use in responding to the Request for Evidence.

COMPLAINT - 28

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907



*Figure 4. Blank Page Signatures Provided by Mr. Prado Rivera to Lozano.*

4.102   As a portion of the fees paid to Lozano, Mr. Prado Rivera paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Prado Rivera's actual psychological states, but was still presented to immigration officials by Lozano.

4.103   On August 29, 2025, the United States Citizenship and Immigration Service denied Mr. Prado Rivera's residency application solely because Lozano improperly affixed electronic signatures when filing his application.

4.104   Mr. Prado Rivera did not and could not have reasonably discovered the harms suffered as a result of the acts and omissions of Lozano until at least August 29, 2025.

4.105   As a result of Lozano's acts and omissions, Mr. Prado Rivera remains at risk of deportation.

COMPLAINT - 29

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Indeed, Mr. Prado Rivera was forced to retain new counsel to terminate deportation proceedings which resulted from the acts and omissions of Lozano.

4.106   As a result of Lozano's acts and omissions, Mr. Prado Rivera has suffered substantial emotional distress.

***Plaintiff Aurora Lizzette Leal Rubio***

4.107   Plaintiff Aurora Lizzette Leal Rubio, who entered the United States with a visitor visa, retained Lozano to represent her in seeking permanent residency as the parent of a United States citizen child over the age of 21. Ms. Leal Rubio has two children with Plaintiff Gerardo Prado Rivera, both of whom are United States citizens. Ms. Leal Rubio and Mr. Prado Rivera are not married.

4.108   Ms. Leal Rubio attended a phone consultation with Lozano on October 16, 2020. A staff person conducted the intake, and Ms. Lozano came on the phone to congratulate Ms. Leal Rubio and tell her she was eligible for VAWA. Lozano then sent the Plaintiff a welcome video.

4.109   Ms. Leal Rubio paid $2,000 to Lozano on October 16, 2020. In total, Ms. Leal Rubio paid Lozano approximately $15,000, including costs and fees, over the course of the representation.

4.110   A few days later, on October 21, 2020, Ms. Leal Rubio received an email from Lozano instructing her to electronically sign the contract with a digital signature app. Ms. Leal Rubio signed the contract with a digital signature.

4.111   On October 21, 2020, Lozano also instructed Ms. Leal Rubio to use an app to digitally sign the signature page of each of the application forms *before* the forms were

COMPLAINT - 30

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

completed.

4.112 Lozano convinced Ms. Leal Rubio to file a VAWA petition and a concurrent application to adjust status to permanent residency. Lozano never advised Ms. Leal Rubio what VAWA meant or that a VAWA application could have negative impacts on her family members. Lozano did not inform Ms. Leal Rubio that a VAWA abuse filing could have a negative impact on her US citizen daughter, who is studying to become a veterinarian.

4.113 Ms. Leal Rubio's contract makes no mention of VAWA, but refers to the filing of a form I-360, which serves as an application for multiple types of immigration benefits, including VAWA. At the time that Lozano convinced Ms. Leal Rubio to file a VAWA based application for residency, Ms. Leal Rubio had no understanding as to the meaning or purpose of a VAWA filing.

4.114 At the time Lozano convinced Ms. Leal Rubio to file a VAWA status adjustment, Lozano knew or should have known that Ms. Leal was eligible for a "regular" adjustment of status because she was inspected and admitted with her visitor visa. Despite that, Lozano insisted upon and filed a more complex, more expensive, and riskier VAWA petition.

4.115 Lozano did not provide Ms. Leal Rubio with a copy of the declaration filed under her name in the VAWA proceedings prior to submitting it. Rather than obtaining Ms. Leal Rubio's signature on the declaration, Lozano improperly affixed her signature electronically, despite being aware that an electronic signature was improper and disallowed.

4.116 Similarly, when Ms. Leal Rubio signed her I-485 form, she did so with a digital signature attached to the form by the Lozano Firm. This form, as described above, clearly requires applicants to provide a "wet" signature.

4.117 At no point during the process did Ms. Leal Rubio *ever* sign any portion of her immigration

COMPLAINT - 31

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

forms or filings with an ink pen. All Ms. Leal Rubio's forms and filings were signed by Lozano by affixing a copy of Ms. Leal Rubio's electronic signature to documents, in some instances without Ms. Leal Rubio's participation or approval.

4.118 On April 23, 2024, USCIS sent a Request for Evidence to Lozano requesting that the firm "submit signature pages with original signatures." On June 12, 2024, Lozano contacted Ms. Leal Rubio and requested that she sign her name multiple times on a blank piece of paper for Lozano to use in responding to the Request for Evidence.

4.119 On September 17, 2025, the United States Customs and Immigration Service ("USCIS") denied Ms. Leal Rubio's residency application because Lozano had appended digital signatures instead of simply requesting that Ms. Leal Rubio review the documents and sign with an ink pen.

4.120 Upon information and belief, Lozano utilized the services of an attorney or other professional located in Texas for at least some portion of the services provided to Ms. Leal Rubio and communicated with that attorney or other professional through interstate wires.

4.121 As a portion of the fees paid to Lozano, Ms. Leal Rubio paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Leal Rubio's actual psychological states, but was still presented to immigration officials by Lozano.

4.122 Ms. Leal Rubio did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until September 17, 2025.

4.123 Lozano knew or should have known, at the time it filed immigration paperwork with an electronic signature and filed declarations and other filings in immigration proceedings

COMPLAINT - 32

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

without Ms. Leal Rubio's review or approval, that Ms. Leal Rubio's immigration filings were likely to be denied.

4.124  As a result of Lozano's actions, Ms. Leal Rubio is at a substantial risk of deportation. It is more probable than not that, if Ms. Leal Rubio had followed the "regular" process to adjust status, that she would not face any meaningful risk of deportation.

4.125  As a result of Lozano's actions, Ms. Leal Rubio has suffered substantial emotional distress.

### *Defendants' Deceptive and Exploitative Marketing and Marketing Practices*

4.126  Defendants marketing and marketing practices exploit two interconnected concepts: *milagros* ("miracles") and the *Virgen de Guadalupe*.

4.127  Both concepts have deep meaning for Catholics of Mexican and Latin American ancestry, including immigrants to the United States. Lozano deceptively and unfairly leverages the deep meaning and cultural context in marketing targeting Lozano's intended, preferred, and typical clients—namely Mexican Catholic immigrants.

4.128  The *Virgen de Guadalupe* is a Marian apparition who appeared outside present day Mexico City on four occasions in December, 1531. Since 1531, the *Virgen de Guadalupe* has acquired a complex cultural and religious meaning in Mexican and Latin American culture. The *Virgen de Guadalupe* is both a venerated religious figure capable of performing miracles and a unifying symbol of Mexico.

4.129  Lozano markets services through "miracles" and the *Virgen de Guadalupe* across online platforms. Lozano's online accounts are blanketed with language and imagery related to "miracles," the *Virgen de Guadalupe, an*d Alexandra Lozano Kennedy herself.

4.130  Lozano's website prominently displays images of the *Virgen de Guadalupe* alongside

COMPLAINT - 33

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Ms. Lozano, her name, and the phrase "abogada de los milagros." For example:



*Figure 5. Screenshot of Lozano Firm Website Captured May 2, 2026.*

4.131    Similarly, Lozano's Instagram content consistently include references to "miracles" and imagery and iconography associated with the *Virgen de Guadalupe*. For example:

COMPLAINT - 34

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

*Figure 6. Collection of Lozano Instagram Posts Captured on April 30, 2026.*

4.132   The YouTube channel controlled by Lozano also consistently contains video content and related content referencing or including "miracles" and the *Virgen de Guadalupe*.

4.133   Taken as a whole, Lozano's marketing materials create the impression that Ms. Lozano is capable of performing miracles because of her association with the *Virgen de Guadalupe* and the Catholic church, and that Lozano represents and follows the values associated with the *Virgen de Guadalupe* and provides legal services as a religious or charitable undertaking, rather than for personal profit.

4.134   The impressions created by Lozano's marketing material are false, deceptive, or misleading.

4.135   While Ms. Lozano and the Lozano Firm's website has intermittently included a small-

COMPLAINT - 35

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

text disclaimer stating that Ms. Lozano cannot perform literal miracles, any such disclaimer is insufficient to rectify the inaccurate, deceptive, and misleading content of Lozano's website when viewed as a whole. Furthermore, and upon information and belief, no such disclaimer has *ever* appeared on any of the social media platforms and accounts used by Lozano.

## V.    FIRST CAUSE OF ACTION—VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
### 18 U.S.C. §§ 1962 (a)-(d)
### (Against All Defendants)

5.1    Plaintiffs incorporate Paragraph 1.1 through 4.135 as if fully stated herein.

5.2    Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to its operation of offices in multiple states, its efforts to market to clients or potential clients in multiple states, and its representation of clients in immigration-related proceedings before agencies, tribunals, and courts in multiple states.

5.3    Defendant En Solidaridad, LLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to purported, but illusory, "evaluations" of clients in immigration-related proceedings before agencies, tribunals, and courts sited in multiple states.

5.4    Defendant Salud Total, LLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to purported, but illusory, "evaluations" of clients in immigration-related proceedings before agencies, tribunals, and courts sited

COMPLAINT - 36

in multiple states

5.5     Defendants Amiga Lawyers, LLC, and Ally Lozano, LLC, are enterprises engaged in and whose activities affect interstate commerce, including by not limited to through their efforts to train and/or coordinate with third parties in multiple states on means, methods, and practices to engage in the same types of unlawful activities as described in this Complaint.

5.6     Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 agreed to and did participate in conduct of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC's activities and affairs, and those of En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; and Ally Lozano, LLC, through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs and the United States. Specifically, Defendants filed immigration paperwork which they knew or should have known was invalid, insufficient, or improper; filed baseless immigration paperwork; participated in a scheme to falsify psychiatric and medical evaluations in immigration proceedings; training or instructing other individuals and entities in how to engage in the same bad acts as alleged herein; and filed paperwork in immigration proceedings with fraudulent, forged, or otherwise improper applicant signatures.

5.7     The conduct of Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and each of the Defendants, in furtherance of their scheme constituted a violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1546, each a predicate offense for the purposes of 18 U.S.C. §

COMPLAINT - 37

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1962.

5.8    The conduct of Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and each of the Defendants, violated 18 U.S.C. § 1341 because, as alleged herein, the conduct constituted a scheme to defraud Plaintiffs. Specifically, the Defendants devised and participated in a scheme to defraud clients or potential clients through acceptance of payment for services they knew or should have known they would not provide, and through acceptance of payment for services they knew or should have known they would perform inadequately or ineffectively. Defendants schemed to file false or fraudulent immigration documents with improperly affixed signatures through the mails, and used the United States mail and/or private interstate carriers in carrying out their schemes. Defendants engaged in the scheme with the intent to defraud clients or potential clients.

5.9    The conduct of Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and each of the Defendants, violated 18 U.S.C. § 1343 because, as alleged herein, the conduct constituted a scheme to defraud Plaintiffs. The Defendants designed and carried out a scheme to defraud current and prospective clients out of money, acting with intent to defraud. The scheme included taking payment for services they knew or should have known they would not provide, taking payment for services they knew or should have known they would perform inadequately or ineffectively, filing false or fraudulent immigration documents, training or instructing third parties to do the same, and running deceptive and misleading

COMPLAINT - 38

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871    F/ 206.621.9907

marketing online, including on TikTok, YouTube, and Lozano's website, using interstate wire communications. Defendants engaged in the scheme with the intent to defraud clients or potential clients. It was reasonably foreseeable that interstate wire communications would be used in the scheme.

5.10   The conduct of Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and each of the Defendants, violated 18 U.S.C. § 1546 because, as alleged herein, the conduct constituted submission of forged or false documents and statements in immigration matters.

5.11   The violations of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1546, as described herein, constitute a pattern of racketeering activities. Defendants have committed many thousands of violations of each of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1546 in the past ten years, including with respect to Plaintiffs and Plaintiffs' immigration proceedings.

5.12   The activities listed above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

5.13   Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 derived income from La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC, and the activities described herein. Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 used and invested income that was derived from the pattern of racketeering activity alleged herein in an interstate enterprise, namely in the operations of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano

COMPLAINT - 39

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Immigration Law, PLLC, and those of En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and Doe Entities 1-5, in violation of 18 U.S.C. § 1962(a).

5.14  Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 have directly and indirectly acquired and maintained interest in and control of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC, Salud Total, LLC; Amiga Lawyers, LLC; and Ally Lozano, LLC, through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(b).

5.15  Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described herein, in violation of 18 U.S.C. § 1962(c).

5.16  Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 have intentionally conspired and agreed to conduct and participate in the affairs of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; and Ally Lozano, LLC, through the pattern of racketeering activity described herein; to acquire or maintain interests in La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and other entities through the pattern of racketeering activity described herein; to train and/or coordinate with other individuals and entities in how to engage in the same bad acts as alleged herein; and to directly and indirectly use or invest income that is derived from the pattern of racketeering activity described herein in an interstate enterprise. Defendants Alexandra Lozano Kennedy and Doe Individuals 1-5

COMPLAINT - 40

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described herein. The conduct of Defendants Alexandra Lozano Kennedy and Doe Individuals 1-5 constitutes a conspiracy to violate 18 U.S.C. §§ 1962(a)-(c), in violation of 18 U.S.C. § 1962(d).

## VI.    SECOND CAUSE OF ACTION—LEGAL MALPRACTICE
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexanda Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

6.1    Plaintiffs incorporate Paragraphs 1.1 through 5.16 as if fully stated herein.

6.2    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, had an attorney-client relationship with Plaintiffs.

6.3    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their duties to Plaintiffs and acted in a manner which a reasonable, careful, and prudent attorney in Washington, or the jurisdiction where the breach occurred, would not have, including by:

    a.    Advising certain Plaintiffs to file T-Visa or VAWA petitions when those Plaintiffs were plainly not entitled to a T-Visa or protections under VAWA;

    b.    Improperly submitting immigration documents, including residency applications, to immigration authorities, including in a form which they knew or should have known would be rejected;

    c.    Using electronic signatures on client documents even where Defendants knew or should have known that such signatures were not permitted;

COMPLAINT - 41

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

d. Failing to advise certain Plaintiffs that additional work would be required, at additional cost to those Plaintiffs, to complete the immigration proceedings, even where that necessity was obvious from the outset of the representation;

e. Advising certain Plaintiffs to make false, inaccurate, or deceptive statements to immigration officials;

f. Including false, inaccurate, or deceptive statements in documents drafted by Defendants and submitted to immigration officials;

g. Submitting documents to immigration officials with client signatures affixed even though clients had not reviewed or approved the documents;

h. Using captive and/or otherwise improperly influenced psychological and medical evaluators, including En Solidaridad, LLC, and Salud Total, LLC, in immigration representations; and,

i. Engaging in actions during immigration representations which they knew or should have known would cause Plaintiffs and other clients to face increased scrutiny from immigration officials.

6.4 Plaintiffs have suffered harm as a result of the breaches by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including but not limited to:

a. Incurring otherwise unnecessary attorney's fees and costs;

b. Reduced wages and decreased employment opportunities and security from those they would have received if they had obtained lawful residence status;

c. Adverse immigration actions;

d. Removal proceedings that could and should have been avoided;

COMPLAINT - 42

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

e.  Deportation;

f.  Entry bans; and

g.  Permanent bars.

6.5  Plaintiffs' harms were proximately caused by the breaches alleged herein.

6.6  Plaintiffs' damages were proximately caused by Defendants' breach(es).


## VII. THIRD CAUSE OF ACTION—BREACH OF FIDUCIARY DUTY
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexanda Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

7.1  Plaintiffs incorporate Paragraphs 1.1 through 6.6 as if fully stated herein.

7.2  Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, owed fiduciary duties to Plaintiffs as their attorney.

7.3  Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their fiduciary duties to Plaintiffs through acts including:

a.  Failing to disclose known costs and fees associated with representation upfront and, instead, engaging in "bait and switch" tactics;

b.  Using electronic signatures on client documents even where they knew or should have known that such signatures were not permitted;

c.  Engaging in acts, across representations, which they knew or should have known would cause Plaintiffs to face increased scrutiny from immigration officials during and after the representation; and,

COMPLAINT - 43

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

d. Failing to advise Plaintiffs regarding the potential increased scrutiny they may face from immigration authorities during and following representation by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including the potential of additional interviews with immigration officials and detention.

7.4 Plaintiffs suffered harms, including financial harms and legal harms, as a direct and proximate result of the breaches by Defendants.

## VIII.    FOURTH CAUSE OF ACTION—VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86 *et seq*.
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

8.1 Plaintiffs incorporate Paragraphs 1.1 through 7.4 as if fully stated herein.

8.2 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, engaged in unfair or deceptive acts or practices, including:

a. Use of imagery and iconography of the *Virgen de Guadalupe* in marketing materials in a manner which inaccurately implied an association between the *Virgen de Guadalupe* and/or the Church, and Defendants Alexandra Lozano and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC;

b. Use of the phrase "abogada de los milagros" ("attorney of miracles") in marketing materials in a manner which, particularly when combined with imagery and iconography of the *Virgen de Guadalupe*, inaccurately portrayed

COMPLAINT - 44

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

Defendant Alexandra Lozano as capable of literally performing miracles; and,

    c. Use of Mexican cultural and religious imagery in their marketing materials in such a way that it inaccurately implied a degree of honesty, trustworthiness, charity, and piousness.

8.3 Additionally, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, guaranteed successful outcomes to certain clients, including at least Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez. For these clients, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexanda Lozano Immigration Law, PLLC, offered a money-back guarantee.

8.4 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, have not returned funds paid by Plaintiffs, including Severo Lopez Contreras, Juan Manuel Villanueva Vega, and Erika Alejandra Mejia Sanchez

8.5 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC's actions took place in trade or commerce. Specifically, Defendants' actions were part of their entrepreneurial efforts to market their legal services in Washington and other states.

8.6 Defendants' unfair and deceptive acts and practices were undertaken for entrepreneurial purposes and were not related to the case strategy nor the legal representation of any particular client.

8.7 Defendants' actions have the potential for repetition and have or had the capacity to injure other persons, including but not limited to each other customer and client of

COMPLAINT - 45

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

Defendants.

8.8 Plaintiffs were injured in their property, including but not limited to the costs and fees paid to Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and costs incurred at the direction of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

8.9 Plaintiffs' injuries were proximately caused by Defendants' unfair or deceptive acts or practices.

## IX.     FIFTH CAUSE OF ACTION—BREACH OF CONTRACT
**(Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)**

9.1 Plaintiffs incorporate Paragraphs 1.1 through 8.9 as if fully stated herein.

9.2 Each Plaintiff had a written contract with Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

9.3 Plaintiffs each performed fully under their contracts with Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

9.4 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their contracts with Plaintiffs, including by:

   a. Failing to provide the promised services; and,

   b. Providing the promised services, but doing so in a negligent or otherwise

COMPLAINT - 46

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

harmful matter.

9.5   Plaintiffs suffered financial and other harms as a result of the contractual breaches by Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

### X.   SIXTH CAUSE OF ACTION— NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

10.1   Plaintiffs incorporate Paragraphs 1.1 through 9.5 as if fully stated herein.

10.2   Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10, owed contractual and common-law duties to Plaintiffs, including the fiduciary duties described herein.

10.3   Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10 breached those duties, including through:

   a.   Failing to adequately advise clients of risks;

   b.   Failing to file necessary paperwork, resulting in adverse immigration outcomes;

   c.   Engaging in acts which they knew or should have known could cause adverse, and preventable, immigration outcomes;

10.4   The breaches of duties by Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10, proximately caused Plaintiffs to suffer substantial emotional distress.

COMPLAINT - 47

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

10.5    The harms suffered by Plaintiffs were, in the circumstances, a reasonably foreseeable result of breaches of duties by Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10.

10.6    Plaintiff harms have resulted in objective symptomatology and are susceptible to medical diagnosis and provable through medical evidence.

## XI.    SEVENTH CAUSE OF ACTION—CIVIL CONSPIRACY
### (Against All Defendants)

11.1    Plaintiffs incorporate Paragraphs 1.1 through 10.6 as if fully stated herein.

11.2    Defendants combined and conspired to accomplish an unlawful purpose, namely the legal malpractice, Consumer Protection Act, and 18 U.S.C. §§ 1962 (a)-(d) violations described herein.

11.3    Defendants combined and conspired to accomplish a lawful purpose by unlawful means, namely the representation of individuals in immigration matters through fraudulent and otherwise unlawful means as described herein.

11.4    Defendants entered into an agreement or agreements between themselves to accomplish the object of their conspiracy, namely defrauding Plaintiffs and other Lozano clients and providing false, misleading, deceptive, and inaccurate information to immigration authorities.

## XI.    DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

//

COMPLAINT - 48

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871    F/ 206.621.9907

## XII.    PRAYER FOR RELIEF

WHEREFORE, having set forth their allegations, claims, and causes of action, the Plaintiffs Erika Alejandra Mejia Sanchez, Juan Manuel Villanueva Vega, Severo Lopez Contreras, Nora Patricia Murillo Moreno, Angélica Maria Barajas Horta, Ana Maria Garcia Martinez, Gabriel Martinez Garcia, Gerardo Prado Rivera, and Aurora Lizzette Leal Rubio pray for the following relief:

1. Plaintiffs demand a trial by jury on all issues so triable.

2. For a finding that the acts and omissions herein stated occurred;

3. For a finding that the causes of action herein stated exist and that the Defendants should be liable as stated herein;

4. For a monetary award of damages in an amount to be determined and proved at or before trial;

5. For pre-judgment and post-judgment interest where applicable in favor of Plaintiffs;

6. For exemplary and punitive damages as allowed by statute, contract, law, or equity, including treble damages under 18 U.S.C. § 1962 and RCW 19.86 *et seq.*;

7. For an award of all of Plaintiffs' costs, expenses, and attorneys' fees under any grounds permitted by law, equity, or statute, including 18 U.S.C. § 1962 and RCW 19.86 *et seq.*;

8. For injunctive relief as the Court deems necessary, appropriate, and equitable; and,

9. For such further and other relief as the Court deems just and equitable.

//

//

//

COMPLAINT - 49

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

DATED this 11th day of May 2026.

By—

**TOMLINSON BOMSZTYK RUSS**

_____
Tallman H. Trask, IV, WSBA #60280



_____
Aric S. Bomszyk, WSBA #38020
1000 Second Ave, Suite 3660
Seattle, WA 98104
Phone: (206) 621-1871
Email: tht@tbr-law.com
        asb@tbr-law.com

And by—

**BARRAZA LAW, PLLC**

_____
Vicente Omar Barraza, WSBA #43589
10728 16th Ave SW
Seattle, WA 98146
Phone: (206) 933-7861
Email: omar@barrazalaw.com
_Attorneys for Plaintiffs_

COMPLAINT - 50

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907