# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

ERIKA ALEJANDRA MEJIA SANCHEZ, an individual; JUAN MANUEL VILLANUEVA VEGA, an individual; SEVERO LOPEZ CONTRERAS, an individual; NORA PATRICIA MURILLO MORENO, an individual; ANGÉLICA MARIA BARAJAS HORTA, an individual; ANA MARIA GARCIA MARTINEZ, an individual; GABRIEL MARTINEZ GARCIA, an individual; GERARDO PRADO RIVERA, an individual; AURORA LIZZETTE LEAL RUBIO, an individual; JOSE ENRIQUE VILLALON RIVERA, an individual; CARLOS ENRIQUE NAVARRO CEJA, an individual; MARIA GUADALUPE FERNANDEZ RAYAS, an individual; JOAQUIN COTO ROMAN, an individual; SAMANTA SINAI MARIN SOSA, an individual; MIGUEL GALVAN RODRIGUEZ, an individual; VERONICA FLORES CAMPOS, an individual; JOSE MARGARITO MURATALLA MAGANA, an individual; CLAUDIA GALINDO VELASQUEZ, an individual; ROSAURA GALLARDO MARTINEZ, an individual; WILSON ERENDIRA NAVA, an

No. 2:26-cv-01587-RSM

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

FIRST AMENDED COMPLAINT - 1

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

individual; PEDRO ALBERTO GARCIA VIDACA, an individual; JOSE LUIS ORTIZ OSORIO, an individual; ISIDRO MENDOZA JIMENEZ, an individual; ANGELICA ISABEL SOLIS ROMERO, an individual; JOSE VASQUEZ ROCETE, an individual; MARTIN GONZALEZ GARIBAY, an individual; MARTHA ELIZABETH CHAVEZ GOMEZ, an individual; DIANA YAZMIN BARAJAS HORTA, an individual; IDALIA GUZMAN VIDALS, an individual; RICARDO REYNOSO JAIMES, an individual; ANA LETICIA RANGEL SALINAS, an individual; MA PABLA PRIETO MUNIZ, an individual; JOSE JESUS MEDINA JUAREZ, an individual; and FABIOLA SOSA RODRIGUEZ, an individual,

Plaintiffs,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; MAGALY LOZANO PEREA, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company; SUENO CUMPLIDO, LLC, a Washington limited liability company; 5 BRANCHES HOLDING COMPANY, LLC, a Washington limited liability company; FIVE STAR LEGACY TRUST, a Washington trust; DOE INDIVIDUALS 1-10; and, DOE ENTITIES 1-10,

Defendants.

FIRST AMENDED COMPLAINT - 2

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

COME NOW the Plaintiffs Erika Alejandra Mejia Sanchez, Juan Manuel Villanueva Vega, Severo Lopez Contreras, Nora Patricia Murillo Moreno, Angélica Maria Barajas Horta, Ana Maria Garcia Martinez, Gabriel Martinez Garcia, Gerardo Prado Rivera, Aurora Lizzette Leal Rubio, Jose Enrique Villalon Rivera, Carlos Enrique Navarro Ceja, Maria Guadalupe Fernandez Rayas, Joaquin Coto Roman, Samanta Sinai Marin Sosa, Miguel Galvan Rodriguez, Veronica Flores Campos, Jose Margarito Muratalla Magana, Claudia Galindo Velasquez, Rosaura Gallardo Martinez, Wilson Erendira Nava, Pedro Alberto Garcia Vidaca, Jose Luis Ortiz Osorio, Isidro Mendoza Jimenez, Angelica Isabel Solis Romero, Jose Vasquez Rocete, Martin Gonzalez Garibay, Martha Elizabeth Chavez Gomez, Diana Yazmin Barajas Horta, Idalia Guzman Vidals, Ricardo Reynoso Jaimes, Ana Leticia Rangel Salinas, Ma Pabla Prieto Muniz, Jose Jesus Medina Juarez, and Fabiola Sosa Rodriguez,[1] by and through their attorneys of record, Aric S. Bomsztyk, Blair M. Russ, and Tallman H. Trask IV of Tomlinson Bomsztyk Russ and Vicente Omar Barraza of Barraza Law PLLC, and bring their Complaint against Alexandra Lozano Kennedy; Magaly Lozano Perea; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Sueno Cumplido, LLC; 5 Branches Holding Company, LLC; Five Star Legacy Trust; Doe Individuals 1-10; and Doe Entities 1-10, stating and alleging as follows:

//

---

[1] In addition to the additional Plaintiffs added through this amended complaint, Plaintiffs' counsel has, since the filing of the initial complaint in this matter, received inquiries from approximately 2,500 former Lozano clients seeking potential representation. Plaintiffs' counsel is also aware of a class action complaint, which is a verbatim copy of much of Plaintiffs' initial complaint, filed in this district on behalf of another former Lozano client.

FIRST AMENDED COMPLAINT - 3

## I.    INTRODUCTION

1.1 Alexandra Lozano Kennedy ("Ms. Lozano") marketed herself as the "abogada de los milagros" (the "lawyer of miracles") to undocumented immigrants desperate to legalize their immigration status.

1.2 The services Ms. Lozano and her former firm, La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm" and, collectively with Ms. Lozano, "Lozano"), sold were a standardized product—a VAWA or T-Visa petition, a psychological evaluation performed for an additional fee by an evaluator Lozano controlled, and a residency application—regardless of whether the client qualified for that relief, qualified for other and safer relief, or qualified for no relief at all. The package was prepared through the same standardized process: declarations were drafted by Lozano and filed without client review, and client signatures were captured once and affixed electronically to filings that required original signatures. The services offered as part of the standardized process were illusory, negligent, and even fraudulent.

1.3 The harm each Plaintiff suffered followed from that model. Plaintiffs with genuine claims—claims USCIS approved—lost their path to residency because of Lozano's operating procedures that prioritized volume and profit over individualized attention, truthfulness, and ethical practice: Lozano affixed captured signature images to residency applications rather than obtaining valid signatures from the clients themselves, resulting in denials on that ground alone; Lozano failed to file time-consuming waivers, or filed them years late; and Lozano left agency notices unanswered. Plaintiffs who were eligible for ordinary family-based or consular processes were steered into unjustified,

FIRST AMENDED COMPLAINT - 4

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

risky, and costly VAWA or T-Visa filings that were never fully explained to them and that, in several instances, were filed without their authorization. Plaintiffs who did not qualify for the relief Lozano sold them — several of whom disclosed the disqualifying facts to Lozano at the outset — were promised favorable outcomes, charged full fees, and exposed to removal by filings that rested on exaggerated or fabricated allegations or frivolous arguments or, in at least one instance, were never filed at all.

1.4    When the filings failed or faced scrutiny, Lozano compounded the harm. It withheld denial notices from clients, coached clients to tell USCIS officers falsely that they had signed their applications in ink, demanded additional fees to correct problems of Lozano's own creation, and refused refunds, including refunds promised under its own money-back guarantee.

1.5    Lozano offered services through five principal offices and fourteen satellite offices spread across thirteen states and through virtual services to clients nationwide. It claimed, as of 2024, to have more than 750 employees. Lozano described its offices as "la[s] oficina[s] de los Milagros" ("the miracle offices") and events at them as part of a "milagros tour." Lozano advertised on its website in June 2026 that it had "served 80,000 immigrants over 10 years."

1.6    Ms. Lozano formed and controlled a network of related entities that performed distinct functions in the practices described in this Complaint. En Solidaridad, LLC, and Salud Total, LLC, produced evaluations submitted in support of Lozano's filings. Amiga Lawyers, LLC, and Ally Lozano, LLC, trained and coordinated attorneys outside the Lozano Firm and operated referral networks with attorneys outside the Lozano Firm, in multiple states. Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five

FIRST AMENDED COMPLAINT - 5

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Star Legacy Trust received and held assets acquired with the proceeds of those practices. Quetzal International Services, SAS, a Colombian entity owned or controlled by Ms. Lozano, directly or through 5 Branches Holding Company, LLC, employed hundreds of personnel in Bogota, Colombia, to fill out immigration paperwork for many of the Plaintiffs and many thousands of Lozano firm clients. Each entity in the network other than Quetzal International Services, SAS, is named as a Defendant.

1.7    Lozano prominently employed imagery of the *Virgen de Guadalupe*, the phrase "abogada de los milagros" ("attorney of miracles"), and Mexican cultural and religious imagery in her marketing materials to convey the impression that she is capable of miracles.



*Figure 1. Screenshots of Lozano Marketing.*

1.8    Lozano's practice was focused on obtaining two forms of immigration relief: self-petitions under the Violence Against Women Act ("VAWA") and T nonimmigrant status ("T-Visas") for victims of human trafficking under the Trafficking Victims Protection Act. A VAWA self-petition permits a person to seek protection from removal

FIRST AMENDED COMPLAINT - 6

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

and lawful status without departing the United States; a T-Visa provides lawful status and a path to eventual adjustment of status. VAWA self-petitions are available only to persons who have suffered battery or extreme cruelty at the hands of a U.S. citizen or lawful permanent resident spouse or parent, or of a U.S. citizen son or daughter twenty-one years of age or older. T-Visas are available only to victims of a severe form of trafficking in persons, such as sex or labor trafficking. Both forms of relief require filings personally signed by the applicant and declarations sworn by the applicant.

1.8     Lozano utilized "electronic signatures" instead of required "wet signatures." Lozano's clients were asked to sign blank sheets of paper or blank signature boxes so that Lozano could capture and affix their signatures to future declarations or immigration documents without client review or authorization.



*Figure 2. Signature Sheet Provided to Severo Lopez Contreras by Lozano.*

1.9     A signature on a filing submitted to USCIS certifies, under penalty of perjury, that the

FIRST AMENDED COMPLAINT - 7

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

signer knows of, has reviewed, and approves the contents of the filing. Except for forms filed electronically under instructions permitting electronic signature, USCIS requires that the benefit requestor personally sign the filing by hand; a signature image captured separately and affixed to a document by another person is not a valid signature. *See* 8 C.F.R. § 103.2(a)(2); USCIS Policy Manual, Vol. 1, Part B, Ch. 2. Each filing to which Lozano affixed a captured signature image thus bore a certification Lozano knew to be false: that the client had reviewed and approved a document the client had not previously seen.

1.10   Because they are connected to Lozano, Plaintiffs and other Lozano clients have faced increased scrutiny from immigration authorities and additional interviews at border crossings, even after Lozano's representation concluded.

1.11   Lozano's practices led to an investigation by the Washington State Bar Association. In April 2026, while the Washington State Bar Association's disciplinary proceedings were pending, the firm changed its name from Alexandra Lozano Immigration Law, PLLC, to La Luz del Camino Legal, PLLC, and removed Ms. Lozano's name from its client-facing website and marketing. On information and belief, the rebranding was undertaken so that the firm could continue operating and collecting fees from clients after Ms. Lozano's anticipated loss of her license.

1.12   On May 26, 2026, facing a disbarment hearing, Ms. Lozano permanently resigned her license to practice law in lieu of discipline. Between May 26 and June 10, 2026, the renamed firm continued operating, receiving clients, and collecting fees. Ms. Lozano directed the newly named firm and remained as its listed governor. On June 10, 2026, the Lozano Firm, operating as La Luz del Camino Legal, PLLC, announced its closure.

FIRST AMENDED COMPLAINT - 8

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1.13    The Lozano Firm closed with the immigration matters of many Plaintiffs and thousands of other clients pending. In many cases, applications await adjudication; deadlines are running, and removal proceedings are under way.  Lozano, in the great majority of cases, has not refunded fees, honored its money-back guarantees, or arranged substitute counsel.  Plaintiffs and other Lozano clients continue to face increased scrutiny from immigration authorities and additional questioning at border crossings, even after Lozano's representation ended.

1.14    Plaintiffs are former Lozano clients. They seek declaratory and injunctive relief and damages for fees paid for baseless, improperly filed and unfiled petitions; the loss of immigration remedies; and the consequences of Lozano's improper actions, including damages relating to present and future loss of immigration status, detention and removal from the United States; the cost of substitute counsel retained to repair the immigration consequences of Lozano's improper actions; and emotional distress.

## II.    PARTIES

2.1    Plaintiffs are all citizens of Mexico.

2.2    Plaintiffs are all neither citizens nor lawful permanent residents of the United States.

2.3    Plaintiffs are all former clients of Ms. Lozano and the Lozano Firm.

2.4    Plaintiff Erika Alejandra Mejia Sanchez is a resident of Snohomish County, Washington. Ms. Mejia Sanchez is married to Plaintiff Juan Manuel Villanueva Vega.

2.5    Plaintiff Juan Manuel Villanueva Vega is a resident of Snohomish County, Washington. Mr. Villanueva Vega is married to Plaintiff Erika Alejandra Mejia Sanchez.

2.6    Plaintiff Severo Lopez Contreras is a resident of Jalisco, Mexico. At the time of the

FIRST AMENDED COMPLAINT - 9

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

events relevant to this complaint, Mr. Lopez Contreras was a resident of King County, Washington.

2.7     Plaintiff Nora Patricia Murillo Moreno is a resident of Aguascalientes, Mexico. At the time of the events relevant to this complaint, Ms. Murillo Moreno was a resident of King County, Washington.

2.8     Plaintiff Angelica Maria Barajas Horta is a resident of King County, Washington.

2.9     Plaintiff Ana Maria Garcia Martinez is a resident of Pierce County, Washington. Ms. Garcia Martinez is the mother of Plaintiff Gabriel Martinez Garcia.

2.10    Plaintiff Gabriel Martinez Garcia is a resident of Thurston County, Washington. Mr. Martinez Garcia is the son of Plaintiff Ana Maria Garcia Martinez.

2.11    Plaintiff Gerardo Prado Rivera is a resident of King County, Washington.

2.12    Plaintiff Aurora Lizzette Leal Rubio is a resident of King County, Washington.

2.13    Plaintiff Jose Enrique Villalon Rivera is a resident of King County, Washington.

2.14    Plaintiff Carlos Enrique Navarro Ceja is a resident of Michoacan, Mexico. At the time of the events relevant to this matter, Mr. Navarro Ceja was a resident of Snohomish County, Washington.

2.15    Plaintiff Maria Guadalupe Fernandez Rayas is a resident of Snohomish County, Washington.

2.16    Plaintiff Joaquin Coto Roman is a resident of King County, Washington.

2.17    Plaintiff Samanta Sinai Marin Sosa is a resident of King County, Washington.

2.18    Plaintiff Miguel Galvan Rodriguez is a resident of King County, Washington.

2.19    Plaintiff Veronica Flores Campos is a resident of King County, Washington. Ms. Flores Campos is married to Plaintiff Jose Margarito Muratalla Magana.

FIRST AMENDED COMPLAINT - 10

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

2.20  Plaintiff Jose Margarito Muratalla Magana is a resident of King County, Washington. Mr. Muratalla Magana is married to Plaintiff Veronica Flores Campos.

2.21  Plaintiff Rosaura Gallardo Martinez is a resident of Pierce County, Washington.

2.22  Plaintiff Claudia Galindo Velasquez is a resident of Pierce County, Washington.

2.23  Plaintiff Wilson Erendira Nava is a resident of Pierce County, Washington. Mr. Erendira Nava is married to Plaintiff Rosaura Gallardo Martinez.

2.24  Plaintiff Pedro Alberto Garcia Vidaca is a resident of King County, Washington.

2.25  Plaintiff Jose Luis Ortiz Osorio is a resident of Hidalgo, Mexico. At the time of the events relevant to this matter, Mr. Ortiz Osorio was a resident of Yakima County, Washington.

2.26  Plaintiff Isidro Mendoza Jimenez is a resident of Chimalhuacan, Mexico. At the time of the events relevant to this matter, Mr. Mendoza Jimenez was a resident of King County, Washington.

2.27  Plaintiff Angelica Isabel Solis Romero is a resident of King County, Washington.

2.28  Plaintiff Jose Vasquez Rocete is a resident of King County, Washington.

2.29  Plaintiff Martin Gonzalez Garibay is a resident of King County, Washington.

2.30  Plaintiff Martha Elizabeth Chavez Gomez is a resident of King County, Washington.

2.31  Plaintiff Diana Yazmin Barajas Horta is a resident of King County, Washington.

2.32  Plaintiff Idalia Guzman Vidals is a resident of King County, Washington.

2.33  Plaintiff Ricardo Reynoso Jaimes is a resident of Lazaro Cardenas, Mexico.

2.34  Plaintiff Ana Leticia Rangel Salinas is a resident of King County, Washington.

2.35  Plaintiff Ma Pabla Prieto Muniz is a resident of Snohomish County, Washington.

2.36  Plaintiff Jose Jesus Medina Juarez is a resident of Snohomish County, Washington.

FIRST AMENDED COMPLAINT - 11

2.37    Plaintiff Fabiola Sosa Rodriguez is a resident of King County, Washington.

2.38    Defendant Alexandra Lozano Kennedy is an attorney formerly licensed by the Washington State Bar Association with Washington State Bar Association License No. 40478. Defendant Alexandra Lozano is domiciled in King County, Washington. Ms. Lozano is or was the sole governor of Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. Ms. Lozano resigned her Washington State Bar Association license in lieu of discipline following the initial filing of this suit.

2.39    Defendant Magaly Lozano Perea[2] is or was an employee of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC who provided services to clients. Magaly Lozano Perea is Ms. Lozano's step-daughter. Magaly Lozano Perea is domiciled in King County, Washington.

2.40    Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company with its headquarters and primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Alexandra Lozano Immigration Law, PLLC, was founded in or around October 2014 by Defendant Alexandra Lozano Kennedy and is registered with the Washington Secretary of State's office. To the degree that La Luz del Camino Legal, PLLC, is an entity separate from Alexandra Lozano Immigration Law, PLLC, it is a mere continuation of Alexandra Lozano Immigration Law, PLLC, and not a distinct

---

[2] To avoid any potential confusion, Plaintiffs use Defendant Magaly Lozano Perea's full name when referencing or making allegations against her and only use "Ms. Lozano" to refer to Defendant Alexandra Lozano Kennedy.

FIRST AMENDED COMPLAINT - 12

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

entity. Both entities have the same Unified Business Identifier number issued by the Washington State Department of Revenue: 603 446 952. Ms. Lozano, in violation of RCW 25.15.046, unlawfully remained a member and governor of La Luz del Camino Legal, PLLC, until at least June 10, 2026. On June 10, 2026, La Luz del Camino Legal, PLLC, publicly announced it "will be closing its doors and will no longer be providing legal representation."

2.41    Defendant En Solidaridad, LLC, is a voluntarily dissolved Washington limited liability company with its principal place of business in King County, Washington, at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188.

2.42    Defendant Salud Total, LLC, is a Wyoming limited liability company controlled by Ms. Lozano with its principal place of business at 2161 E. Fort King St., Ocala, FL 34471.[3]

2.43    Defendant Amiga Lawyers, LLC, is a voluntarily dissolved Washington limited liability company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy was the sole governor of Amiga Lawyers, LLC.

2.44    Defendant Ally Lozano, LLC, is voluntarily dissolved Washington limited liability company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy was a governor of Ally Lozano, LLC.

2.45    Defendant Sueno Cumplido, LLC, is a Washington limited liability company with its

---

[3] Plaintiffs note that Salud Total's business address is the address of Ms. Lozano's father's real estate office. It is unclear what operations, if any, Salud Total actually undertakes at Ms. Lozano's father's real estate office.

FIRST AMENDED COMPLAINT - 13

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy is the sole governor of Sueno Cumplido, LLC.

2.46    Defendant 5 Branches Holding Company, LLC, is a Washington limited liability company with its primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy is the sole governor of 5 Branches Holding Company, LLC.

2.47    Defendant Five Star Legacy Trust is, on information and belief, a Washington trust. Defendant Alexandra Lozano Kennedy is a trustee of Five Star Legacy Trust.

2.48    Defendants Doe Individuals 1-10 are individuals associated with Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including but not limited to current and former attorney and non-attorney employees of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, or individuals performing acts and omissions in concert with them. Defendants Doe Individuals 1-10 participated in the acts and omissions alleged to have been undertaken by Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. The identity of Doe Individuals 1-10 is presently unknown to Plaintiffs. Upon information and belief, Doe Individuals 1-10 are each citizens or lawful permanent residents of the United States and are each domiciled in the United States. The Plaintiffs will amend the Complaint to add the names of Doe Individuals 1-10 as and when they are ascertained.

FIRST AMENDED COMPLAINT - 14

2.49    Defendants Doe Entities 1-10 are United States entities owned, controlled, managed, or associated with Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and domiciled in the United States, including but not limited to limited liability companies, trusts, holding companies and similar entities. Defendants Doe Entities 1-10 participated in the acts and omissions alleged to have been undertaken and/or have been used to protect and hold the fruits of those acts and omissions on behalf of Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. The Plaintiffs will amend the Complaint to add the names of Doe Entities 1-10 as and when they are ascertained.

### III.    JURISDICTION, VENUE, AND JOINDER

3.1    The acts and omissions of the Defendants alleged herein occurred within King County, Washington, and elsewhere within the Western District of Washington.

3.2    The causes of action asserted in this complaint arise under federal law and Washington state law. This Court has subject matter jurisdiction over the federal law claims asserted in this matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C § 1964(c). Each Plaintiff was injured in their business or property by reason of Defendants' violations of 18 U.S.C. § 1962 as alleged herein, including through the payment of fees for services Defendants did not intend to honestly and competently provide, the loss of lawful immigration remedies, and the cost of retaining substitute counsel.

FIRST AMENDED COMPLAINT - 15



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

3.3    This Court has supplemental jurisdiction over the Washington law claims pursuant to 28 U.S.C. § 1367. The state law claims arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy.

3.4    Independently and in the alternative, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2). Each Plaintiff is a citizen of the United Mexican States and a citizen or subject of a foreign state for purposes of 28 U.S.C. § 1332(a)(2). No Plaintiff is a citizen or lawful permanent resident of the United States. Plaintiffs Severo Lopez Contreras, Nora Patricia Murillo Moreno, Carlos Enrique Navarro Ceja, Jose Luis Ortiz Osorio, Isidro Mendoza Jimenez, and Ricardo Reynoso Jaimes presently reside in Mexico. Plaintiffs residing in the United States are not United States domiciliaries for diversity purposes; state citizenship under § 1332 requires United States citizenship, which no Plaintiff holds.

3.5    On information and belief, no Defendant is a citizen or subject of Mexico or of any other foreign state. Defendant Alexandra Lozano Kennedy is a citizen of the United States domiciled in Washington. Defendant Magaly Lozano Perea is either a citizen or lawful permanent resident of the United States domiciled in Washington. Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company whose sole member is Ms. Lozano, a citizen of Washington. Defendants En Solidaridad, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Sueno Cumplido, LLC; and 5 Branches Holding Company, LLC, are limited liability companies whose membership interests are held, on information and belief, by Ms. Lozano directly or through her marital community, and each is therefore a citizen of Washington. Defendant Salud Total, LLC, is a

FIRST AMENDED COMPLAINT - 16

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

Wyoming limited liability company whose membership interests are held, on information and belief, by Ms. Lozano, and it is therefore a citizen of Washington. Defendant Five Star Legacy Trust is, on information and belief, a Washington trust of which Ms. Lozano is trustee and beneficial owner, and its citizenship is that of Ms. Lozano.

3.6     The amount in controversy exceeds $75,000, as to each Plaintiff or marital community. Contractual fees paid by Plaintiffs range from approximately $7,950 to more than $47,500 per Plaintiff or marital community and are subject to trebling under 18 U.S.C. § 1964(c) and RCW 19.86.090. Each Plaintiff's damages further include lost wages and diminished employment opportunity resulting from the loss of lawful immigration remedies; fees paid to substitute counsel; the costs of immigration proceedings that would not have arisen but for Defendants' conduct; emotional distress damages; and a pro rata share of statutory attorneys' fees recoverable under 18 U.S.C. § 1964(c) and RCW 19.86.090. By way of illustration, the marital community of Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez paid contractual fees of at least $32,355, before trebling and before extra-contractual damages.

3.7     There is complete diversity between Plaintiffs and Defendants. All Plaintiffs are citizens and subjects of Mexico, and no Defendant is a citizen or subject of any foreign state.

3.8     Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events and omissions giving rise to the claims occurred within this district and Defendants reside within this district. The Lozano Firm's principal place of business was in Tukwila, King County, Washington, and the immigration filings at issue were prepared within, and submitted from, this district.

FIRST AMENDED COMPLAINT - 17

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

3.9     This Court has personal jurisdiction over each Defendant. Ms. Lozano and Magaly Lozano are domiciled in Washington. La Luz del Camino Legal, PLLC, and the Washington entity Defendants are organized under Washington law or transact their primary affairs in Washington. Salud Total, LLC, although organized under Wyoming law, purposefully availed itself of this forum by receiving referrals of Washington-based clients from the Lozano Firm for evaluations used in immigration filings prepared in Washington, and Plaintiffs' claims arise from those forum contacts. Five Star Legacy Trust is administered by Ms. Lozano as trustee from within this district and holds real property within this district. Each other corporate defendant is domiciled in Washington.

3.10    Plaintiffs' claims are properly joined under Fed. R. Civ. P. 20(a)(1). Each Plaintiff's claims arise from the same series of transactions or occurrences: the same marketing, the same intake process, the same fee structure, the same signature practices, the same evaluator referrals, and the same filing methodology, applied to each Plaintiff by the same Defendants during the same period.

3.11    Questions of law and fact common to all Plaintiffs will predominate, including whether Defendants' signature, declaration, and evaluation practices violated the statutes and duties alleged herein, and whether the entity Defendants operated as alleged. Individualized questions relate principally to damages. In the alternative, consolidation of any severed claims would be warranted under Fed. R. Civ. P. 42(a), because the same discovery, the same witnesses, and the same experts apply to every Plaintiff's claims.

//

//

//

FIRST AMENDED COMPLAINT - 18



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## IV.    FACTS

4.1    Defendant Alexandra Lozano Kennedy ("Ms. Lozano") was a Washington State attorney and is the founder of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm," and, collectively with Ms. Lozano, "Lozano").

4.2    The Lozano Firm was an immigration law firm based in Tukwila, Washington, with additional offices and satellite offices across the United States and employees in the United States, Mexico, Argentina, Colombia, Nicaragua, and the Philippines.

4.3    The Lozano Firm had offices in Seattle, Chicago, Houston, Los Angeles, and San Antonio, and a network of satellite offices. According to an interview Ms. Lozano gave to SuperLawyers in July 2021, the Lozano Firm employed over 100 support staff by mid-2021. It has continued to grow and referred to itself as the "fastest growing" firm of its kind, claiming to have more than 750 employees as of 2024.

4.4    The Lozano Firm primarily provided services to Spanish-speaking immigrants, and predominantly to immigrants from Mexico.

4.5    Lozano charged clients, including each Plaintiff, a flat fee for services and treated that fee as earned upon receipt. Lozano's fees averaged between $10,000 and $15,000 per matter, but could be substantially higher. Based on average fees charged and the number of current clients, Lozano has received payments or promises of payment in excess of $400 million.

4.6    While Lozano harmed Plaintiffs and Plaintiffs each bring claims on their own behalf, the issues which caused harm to Plaintiffs were systemic in nature and affected thousands of people. The specific harms and incidence of negligence and malfeasance impacting Plaintiffs include fraudulent use of Plaintiffs' signatures, filing of baseless

FIRST AMENDED COMPLAINT - 19

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

claims, failures to file necessary paperwork either because of incompetence or a later "bait-and-switch," failures to appropriately advise clients as to risks to them and their families, improper T-Visa and Violence Against Women Act ("VAWA") filings, and demands for additional fees for harms resulting from Lozano's own negligence and malfeasance.

4.7    While VAWA and T-Visa petitions are appropriate in some circumstances and may allow parties to remain in the country while the forms and applications are processed, VAWA and T-Visa proceedings allow Lozano to charge higher fees for services and to leverage economies of scale to increase their per-client profits.

4.8    The Lozano Firm described itself as "a groundbreaking law firm that revolutionized the practice of immigration law" through an "innovative . . . novel approach . . to rarely applied niche provisions of immigration law," namely VAWA and T-Visas. *See Alexandra Lozano Immigration Law, PLLC, v. Diaz Cuenca, et al.*, Case No. 4:24-cv-02190, at ECF 1-4 (S.D. Tex., June 7, 2024). As alleged herein, Lozano's "groundbreaking" and "innovative . . . novel approach" was fraudulent and unlawful.

4.9    As part of Lozano's "innovative . . . novel approach," Lozano relied on psychological assessments and related assessments undertaken by affiliates of Lozano and companies controlled by Lozano, including Defendants En Solidaridad and Salud Total.

4.10    Documents related to assessments prepared by En Solidaridad and Salud Total were often or typically drafted by unlicensed En Solidaridad, Salud Total, and/or Lozano employees and contractors, including contractors located in the Philippines.

4.11    Lozano was aware that documents related to assessments prepared by En Solidaridad and Salud Total were often or typically drafted by unlicensed En Solidaridad, Salud Total,

FIRST AMENDED COMPLAINT - 20

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

and/or Lozano employees and contractors, but failed to inform clients referred to En Solidaridad and Salud Total that the assessments would be completed by unlicensed persons rather than appropriately licensed mental health professionals.

4.12    Lozano intermittently failed to disclose Ms. Lozano's personal ownership interest in En Solidaridad and Salud Total. When doing so, Lozano failed to disclose that Ms. Lozano would personally profit from fees paid by Lozano clients to En Solidaridad and Salud Total.

4.13    Lozano submitted assessments prepared by En Solidaridad and Salud Total to USCIS through the United States mail and interstate carriers.

4.14    Lozano communicated about assessments prepared by En Solidaridad and Salud Total through interstate wires.

4.15    Otherwise, Lozano's "innovative . . . novel approach" relied on outsourcing legal work to non-attorneys, seeking relief Plaintiffs and other clients were never entitled to, and submitting fraudulent documents to USCIS without client approval.

4.16    Lozano regularly directed non-lawyer intake employees to provide clients with false or misleading information, instructing non-lawyer employees to advise on and complete forms and thus engage in the practice of law, instructing non-lawyer employees to inform clients that they were a "licenciada"[4] regardless of education and licensure, instructing non-lawyer employees to affix Ms. Lozano's signature to documents regardless of whether Ms. Lozano ever reviewed (or was even aware of) the documents, filing for immigration benefits on behalf of clients even when Lozano knew those clients were not eligible for the

[4] Licenciada is a term typically used to refer to a licensed attorney by Spanish speakers in the United States.

FIRST AMENDED COMPLAINT - 21

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

requested benefits, affixing copy-pasted client signatures to documents regardless of client approval and review and regardless of USCIS signature requirements, and referring clients for psychological and psychosocial evaluation at En Solidaridad and Salud Total without disclosing either Ms. Lozano's interests in those entities or that those evaluations would be completed by unlicensed persons.

4.17    Lozano relied on employees and contractors outside the United States to perform work. Lozano employed or contracted with Mexican-licensed lawyers, located in Mexico, to perform legal work as "paralegals." None of the Mexican-licensed lawyers were licensed by any attorney licensing entity located in the United States.

4.18    Lozano employees directly supervised these Mexican-licensed lawyers. Lozano instructed its foreign employees and contractors, including those in Mexico, to lie to Lozano clients and inform clients that they were located in the United States.

4.19    Lozano engaged in similar practices in other countries, including but not limited to Colombia.

4.20    Lozano submitted documents prepared by non-lawyers, with electronic signatures improperly affixed by non-lawyers, to USCIS through the United States mail and interstate carriers.

4.21    Lozano communicated about documents prepared by non-lawyers, with electronic signatures improperly affixed by non-lawyers, through interstate wires, including when foreign employees at international offices shared electronic copies of the documents with domestic employees in domestic offices and when transmitting documents to USCIS.

4.22    In addition, Lozano charged clients fees for interpretation at USCIS appointments. These fees were paid in advance of appointments and were typically $500.

FIRST AMENDED COMPLAINT - 22



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.23    To increase profits, Lozano trained other attorneys and built a network of attorneys nationwide through Amiga Lawyers, LLC, and Ally Lozano, LLC, to engage in and collaborate in the same processes and practices. Lozano has "taught hundreds of immigration attorneys" how to engage in similar and interrelated schemes and practices. *See Alexandra Lozano Immigration Law, PLLC, v. Diaz Cuenca, et al.*, Case No. 4:24-cv-02190, at ECF 1-4, ¶¶ 19-20 (S.D. Tex., June 7, 2024). Ms. Lozano personally earned more than $1.7 million teaching her methods to other attorneys between 2019 and 2021. *Id*.

4.24    The funds Plaintiffs and other clients paid to the Lozano Firm included amounts designated for USCIS filing fees and amounts paid for services not performed or not performable as represented. Funds paid by clients flowed from the Lozano Firm to Ms. Lozano and to the entity Defendants, and were used to acquire, directly or indirectly, the assets including the real properties in Seattle and Chicago, the Covington property, and the private airplane described in this complaint. Plaintiffs' funds are traceable through the financial records of the Lozano Firm and the entity Defendants.

4.25    Lozano has acquired substantial assets, both within the United States and internationally, using the proceeds of the scheme. Ms. Lozano personally, either directly, through Five Star Legacy Trust, or through other trusts and entities she owns or controls, controls a multimillion-dollar domestic real estate portfolio purchased with the proceeds of the scheme, including at least condominiums in Seattle, Washington and Chicago, Illinois valued at more than $4 million.

4.26    In addition, using the proceeds of the scheme, Ms. Lozano has acquired a substantial foreign real estate portfolio which she either owns personally or through trusts and other

FIRST AMENDED COMPLAINT - 23



1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

entities she owns or controls. Ms. Lozano's foreign real estate portfolio includes property in Col. Bosques de las Lomas, Ciudad de Mexico, Mexico, and other property in Mexico.

4.27    Sueno Cumplido, LLC, either directly or indirectly through a trust structure, owns or controls a private airplane used by Lozano and purchased with proceeds of the scheme. The private airplane was used by Lozano to further the schemes described in this complaint, including for intrastate and international travel to engage in acts and schemes described in this complaint. The private airplane is a Bombardier Challenger 300 with registration number N712AQ. The private airplane is valued at approximately $25 million.

4.28    While Sueno Cumplido, LLC, appears to have transferred title to the private airplane to a non-party company, any such transfer was for Federal Aviation Administration registration purposes only and Sueno Cumplido, LLC, maintains its interest in the private airplane and the proceeds of any sale of the private airplane.

4.29    5 Branches Holding Company owns or controls various international assets controlled by Lozano, including Quetzal International Services SAS and other corporate assets held in Colombia. The corporate assets held in Colombia include companies used by and affiliates of Lozano used to further Lozano's scheme. The assets held by 5 Branches Holding Company were purchased with the proceeds of the scheme.

4.30    Each entity Defendant is the alter ego of Defendant Alexandra Lozano Kennedy. Under Washington law, the corporate form is disregarded where the corporate form was used to violate or evade a duty and disregard is necessary to prevent unjustified loss to the injured party.

4.31    Ms. Lozano exercises complete dominion and control over each entity Defendant. On information and belief, she holds controlling membership interests in each limited

FIRST AMENDED COMPLAINT - 24

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

liability company Defendant, directly or through her marital community, and is the trustee and beneficial owner of Five Star Legacy Trust. Multiple entity Defendants share the same principal business address. On information and belief, the entity Defendants do not observe corporate formalities, do not maintain independent management or governance, and do not document inter-entity transfers on arm's-length terms.

4.32  The Lozano Firm was undercapitalized relative to its obligations and did not maintain reserves against client refund obligations, fee guarantees, or malpractice liabilities. Fee revenue was treated as earned upon receipt and was transferred to the asset-holding entity Defendants.

4.33  Ms. Lozano used her control of the entity Defendants to accomplish the conduct alleged in this complaint: the Lozano Firm collected client fees; En Solidaridad, LLC, and Salud Total, LLC, produced evaluations by unlicensed individuals without clear disclosure of Ms. Lozano's financial interest; Amiga Lawyers, LLC, and Ally Lozano, LLC, trained third parties in the same practices and operated a referral network to increase Lozano's revenue; and Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five Star Legacy Trust received and held assets acquired with the proceeds. The entity structure and the transfers among the entities proximately caused Plaintiffs' injuries by placing the proceeds of the conduct alleged herein beyond the reach of the clients whose payments generated them.

4.34  La Luz del Camino Legal, PLLC, is the same entity as, and the successor by name change to, Alexandra Lozano Immigration Law, PLLC. It retains the same Washington UBI number, the same ownership, the same operations, the same clients, and the same principal place of business, and it is liable for the obligations of its predecessor under

FIRST AMENDED COMPLAINT - 25

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

mere-continuation and continuity-of-enterprise principles.

4.35 Upon information and belief, the Lozano Firm and Ms. Lozano have been under investigation by USCIS investigators for a number of years.

4.36 The Lozano Firm and Ms. Lozano were aware of the ongoing USCIS investigation.

4.37 During the USCIS investigation, Lozano transferred assets to associated entities and trusts, presumably in an effort to protect them from any actions brought by USCIS, the Washington State Bar Association, or former Lozano clients. The associated entities and trusts include, at least, Defendants Sueno Cumplido, LLC; Five Star Legacy Trust; and 5 Branches Holding Company, LLC.

4.38 Ms. Lozano resigned her Washington State Bar Association license in lieu of discipline on May 26, 2026. According to the Washington State Bar Association's allegations against Ms. Lozano, Lozano had more than 35,000 clients as of that date and nearly 54,000 petitions pending before the USCIS bore Ms. Lozano's signature.

4.39 The Washington State Bar Association alleged that Ms. Lozano violated Washington Rules of Professional Conduct 1.5 (Fees), 1.7 (Conflict of Interest: Current Clients), 3.1 (Meritorious Claims and Contentions), 5.3 (Responsibilities Regarding Nonlawyer Assistants), 5.5 (Unauthorized Practice of Law; Multijurisdictional Practice of Law), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), and 8.4(d) (Prejudicial to the Administration of Justice).

4.40 Ms. Lozano actually breached each of the Rules of Professional Conduct which the Washington State Bar Association alleged she breached.

4.41 The Washington State Bar Association alleged that Ms. Lozano engaged in misconduct including: 1) directing staff to utilize a script that contained false and/or misleading

FIRST AMENDED COMPLAINT - 26

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

information when communicating with prospective clients; 2) filing applications for immigration benefits with USCIS when Ms. Lozano knew the clients were ineligible for those benefits; 3) utilizing nonlawyers to perform legal functions on behalf of clients, and/or delegating legal functions to nonlawyer staff such as performing client consultations and providing legal advice and/or providing her signature stamp for nonlawyer staff to affix to documents that Ms. Lozano did not personally review; 4) failing to adequately supervise nonlawyer staff who performed legal functions and affixed her signature to filings; 5) referring clients to Salud Total without disclosing that evaluations were performed by unlicensed individuals; 6) directing staff to submit forms to USCIS bearing signatures that falsely certified that she had prepared the forms; and 7) charging unreasonable fees for work performed by nonlawyers and for preparation of applications for which the clients were ineligible. The allegations leveled by the Washington State Bar Association broadly align with the experiences of Plaintiffs.

4.42    The actions described by the Washington State Bar Association in its allegations against Ms. Lozano actually occurred.

4.43    The actions described by the Washington State Bar Association in its allegations against Ms. Lozano were part of Lozano's systemic and general practices and impacted each Plaintiff.

4.44    On June 10, 2026, the Lozano Firm publicly announced that it "will be closing its doors and will no longer be providing legal representation." As part of its statement, the Lozano Firm stated that "For [Ms. Lozano], our Founder and former lead attorney, every client was like a member of her family and she cared deeply for each and every case."

4.45    The Lozano Firm's statements about Ms. Lozano's care for each case and client were false

FIRST AMENDED COMPLAINT - 27

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

and misleading. As detailed in the Washington State Bar Association allegations and in this Complaint, Ms. Lozano had no meaningful interaction with most clients, failed to review filings, and outsourced legal work to non-lawyers, including non-lawyers in Mexico and Colombia.

4.46 At the time of the Lozano Firm's closure, Lozano clients had scheduled USCIS interviews and hearings. Clients were left without representation at interviews on the day of the Lozano Firm's closure. Lozano apparently will not represent clients or provide interpretation services at USCIS interviews after June 10, 2026, even where clients who paid in advance for interpretation and representation at an interview previously scheduled for after June 10, 2026. Clients who paid advance fees for interpretation and representation at a USCIS interview have not been refunded the fees they paid for interpretation and representation at those interviews and hearings.

4.47 On June 18, 2026, Ms. Lozano was suspended from the practice of law before the Board of Immigration Appeals, all Immigration Courts, and the Department of Homeland Security.

4.48 On June 26, 2026, USCIS informed attorneys practicing before it and immigration applicants that Ms. Lozano had been suspended from practice. Upon information and belief, USCIS sent the information to *every* immigration applicant for whom it had an email and *every* immigration attorney practicing before it.

***Plaintiffs Erika Alejandra Mejia Sanchez and Juan Manuel Villanueva Vega***

4.49 Plaintiffs Erika Alejandra Mejia Sanchez and Juan Manuel Villanueva Vega retained Lozano to represent them in relation to immigration matters.

FIRST AMENDED COMPLAINT - 28



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.41    Ms. Mejia Sanchez and Mr. Villanueva Vega saw Lozano's advertising and trusted the Lozano Firm and Ms. Lozano because of Lozano's use of the *Virgen de Guadalupe* in marketing materials and the implications connected with the *Virgen*.[5]

4.42    Ms. Mejia Sanchez and Mr. Villanueva Vega are married parents of five children, each of whom is a United States citizen. One of Ms. Mejia Sanchez and Mr. Villanueva Vega's children has Type 1 diabetes and requires constant medical attention, consistent access to expensive medications, and specialized medical care. At the time they retained Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega were seeking legal opinions about *if* there was a path for them to obtain legal residency.

4.43    Ms. Mejia Sanchez and Mr. Villanueva Vega signed a contract with Lozano on June 30, 2020.

4.44    Ms. Mejia Sanchez and Mr. Villanueva Vega signed an additional contract with Lozano on August 14, 2024, and a third contract on October 14, 2025; each of these later two contracts related to unsuccessful efforts to limit the harms caused by Lozano's representation.

4.45    Ms. Mejia Sanchez and Mr. Villanueva Vega paid Lozano approximately $32,355 for services described in the contracts.

4.46    At the time they retained Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega informed Lozano that they had multiple unlawful entries into the United States. Other attorneys had accurately advised them that there was no path to adjust their status because of the resulting permanent bar, which they also informed Lozano.

---

[5] A fuller description of Lozano's marketing efforts, specifically related to the *Virgen de Guadalupe* and the concept of miracles, is included at Paragraphs 4.479 through 4.489.

FIRST AMENDED COMPLAINT - 29

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.47   In contrast to the other attorneys, Lozano promised Ms. Mejia Sanchez and Mr. Villanueva Vega that Mr. Villanueva Vega would receive a work permit in six months and a green card in one year and that Ms. Mejia Sanchez would receive a positive outcome.

4.48   Despite having received accurate information from Mr. Villanueva Vega, Lozano falsely stated in the Mr. Villanueva's visa application that his past entries into the United States were "wave through" entries, in direct contradiction to what he had previously told Lozano. An attorney acting within the standard of care would not have done so.

4.49   Lozano filed VAWA petitions on behalf of Ms. Mejia Sanchez and Mr. Villanueva Vega alleging that their daughter had abused them, despite their concern about the potential impacts of the abuse allegation on their daughter. Lozano told them that there was no risk to their daughter and that the daughter's biological mother would be the one blamed. Lozano nonetheless filed VAWA petitions alleging abuse by their daughter. An attorney acting within the standard of care would not have done so.

4.50   As a portion of the fees paid to Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluations falsely represented Ms. Mejia Sanchez and Mr. Villanueva Vega's actual psychological states, but were still presented to immigration officials by Lozano. An attorney acting within the standard of care would not have done so.

4.51   USCIS ultimately denied Mr. Villanueva Vega's residency application based on the permanent bar he disclosed to Lozano at the outset of the representation.

4.52   As a result of the denial of his residency application, Mr. Villanueva Vega is currently in

FIRST AMENDED COMPLAINT - 30

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

removal proceedings. It is more probable than not that Mr. Villanueva Vega will be deported. An immigration practitioner practicing at the required standard of care would have not proceeded with the representation at all, would have advised Mr. Villanueva Vega that a "miracle" was not available, and would have informed him that any effort to amend his residency status would, more likely than not, result in his deportation.

4.53   If Mr. Villanueva Vega is deported, Ms. Mejia Sanchez and their children will either have to remain in the United States without him or follow him to Mexico where the medical care for their child with Type 1 diabetes will be inferior. If Ms. Mejia Sanchez follows Mr. Villanueva Vega to Mexico, it would be difficult or impossible for her to legally return to the United States.

4.54   Ms. Mejia Sanchez and Mr. Villanueva Vega did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least the date on which they learned that Mr. Villanueva Vega's residency application was denied.

4.55   As a result of Lozano's acts and omissions, Ms. Mejia Sanchez and Mr. Villanueva Vega suffered substantial emotional distress.

***Plaintiff Severo Lopez Contreras***

4.56   Plaintiff Severo Lopez Contreras retained Lozano to represent him in immigration matters.

4.57   Mr. Lopez Contreras signed a contract with Lozano on May 22, 2025.

4.58   Mr. Lopez Contreras paid Lozano $17,500 for legal services described in the contract.

4.59   Lozano required Mr. Lopez Contreras to sign a form stating "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to

FIRST AMENDED COMPLAINT - 31



1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." An attorney acting within the standard of care would not have done so.



*Figure 3. Signature Sheet Provided to Severo Lopez Contreras by the Lozano Firm.*

4.60    At the time of signing the contract, Mr. Lopez Contreras had resided in the United States for thirty years, immigrating when he was sixteen years old. Mr. Lopez Contreras operated a successful drywall and painting business as a licensed and bonded contractor.

4.61    Lozano informed Mr. Lopez Contreras that he was eligible for a T-Visa based on a drywall job that his company, Masters Drywall and Painting, LLC, was not paid for in 2016, and that Lozano would file an appropriate petition and paperwork to obtain a T-Visa.

4.62    Despite Lozano's representations, Mr. Lopez Contreras was clearly and obviously ***not*** eligible for a T-Visa. The breach of contract dispute between his company and another contractor occurred five years *prior* to Mr. Lopez Contreras contracting with Lozano and nearly *twenty-five years* after Mr. Lopez Contreras immigrated to the United States. A reasonable immigration practitioner would realize Lopez Contreras did not qualify for a T-

FIRST AMENDED COMPLAINT - 32

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Visa and that making such a claim would expose him to unnecessary risk.

4.63    Lozano informed Mr. Lopez Contreras that in six-to-nine months, he would obtain a work permit and social security number and, in two years, he would have an adjustable T-Visa.

4.64    At the time of contracting with Lozano, Mr. Lopez Contreras was particularly concerned about what would happen if he were arrested by immigration officials during the T-Visa process. Lozano told Mr. Lopez Contreras "not to worry" and that he would be protected from arrest and immigration enforcement actions while his visa application was pending.

4.65    Mr. Lopez Contreras's fears and concerns were warranted and reasonable given the then-ongoing nationwide immigration crackdown.

4.66    On October 1, 2025, Mr. Lopez Contreras was arrested by Immigrations and Customs Enforcement ("ICE") officers.

4.67    Mr. Lopez Contreras called Lozano shortly after his arrest. Lozano informed Mr. Lopez Contreras that it had *never* filed his T-Visa application. Upon information and belief, Lozano knew or should have known that it would not file a T-Visa application on Mr. Lopez Contreras's behalf and/or that any such application would be unsuccessful at the time it accepted money from Mr. Lopez Contreras to do so. An attorney acting within the standard of care would have at least provided the promised services.

4.68    Showing neither contrition nor taking responsibility for the failure, Lozano demanded an additional payment of $20,000 after Mr. Lopez Contreras's arrest to file an asylum claim for him while he remained in an immigration detention facility.

4.69    Mr. Lopez Contreras requested a refund of the money he paid to Lozano. After initially stating that the firm would return Mr. Lopez Contreras' money, Lozano did not refund any payments made by Mr. Lopez Contreras, despite *never* filing the T-Visa paperwork it was

FIRST AMENDED COMPLAINT - 33

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

paid to file.

4.70    As a result of Lozano's failures, Mr. Lopez Contreras was forced to return to Mexico, a country in which he has not resided since he was a teenager, and to leave his business and his family behind, causing him severe emotional distress. He cannot legally return to the United States at this time.

4.71    Mr. Lopez Contreras did not discover and could not have reasonably discovered Lozano's failures and the impacts of those failures until his arrest on October 1, 2025.

*Plaintiff Nora Patricia Murillo Moreno*

4.72    Plaintiff Nora Patricia Murillo Moreno retained Lozano to represent her in relation to her immigration status.

4.73    Ms. Murillo Moreno retained Lozano, at least in part, because she had seen marketing materials, including social media marketing, created by Lozano and representing Ms. Lozano as capable of performing miracles.[6]

4.74    Ms. Murillo Moreno is married to a United States citizen and has three children, each of whom are also United States citizens.

4.75    Ms. Murillo Moreno signed a contract with Lozano on September 1, 2021.

4.76    Ms. Murillo Moreno paid Lozano approximately $15,000 to represent her.

4.77    At the time Ms. Murillo Moreno signed the contract, Lozano promised her that she would obtain a visa and promised to return her money if she did not receive permanent residency.

4.78    As a portion of the fees paid to Lozano, Ms. Murillo Moreno was required to pay for a

---

[6] A fuller description of Lozano's marketing efforts, specifically related to the concept of miracles, is included at Paragraphs 4.479 through 4.489.

FIRST AMENDED COMPLAINT - 34

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Murillo Moreno's actual psychological state but was still presented to immigration officials by Lozano. An attorney acting within the standard of care would not have done so.

4.79   While Lozano was preparing the filings and application, Lozano pressured Ms. Murillo Moreno to embellish the facts and to make claims that she did not fully agree with. An attorney acting within the standard of care would not have done so.

4.80   Ms. Murillo Moreno attended an interview with United States Citizenship and Immigration Services officers. Prior to the interview, Ms. Murillo Moreno was pressured and coached by Lozano to provide inaccurate responses. An attorney acting within the standard of care would not have done so.

4.81   Prior to the interview with United States Citizenship and Immigration Services officers, and without time to adequately consider or take alternative actions, Lozano provided Ms. Murillo Moreno with a copy, in English, [7] of the declaration it had filed and signed on her behalf. Upon review of the declaration, Ms. Murillo recognized that as much as half of the declaration consisted of exaggerated and/or false statements.

4.82   On February 12, 2026, Ms. Murillo Moreno traveled to Mexico, with her travel permit, to visit her father, who is battling cancer.

4.83   Ms. Murillo Moreno attempted to return to Seattle on February 17, 2026. Upon arrival in the United States, immigration officials informed her that her residency application had

---

[7] Ms. Murillo Moreno can speak and read English, but her preferred language is Spanish.

FIRST AMENDED COMPLAINT - 35

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

been denied on January 2, 2026. Lozano had not informed Ms. Murillo Moreno of the denial. An attorney acting within the standard of care would have informed Ms. Murillo Moreno of the denial.

4.84    Immigration officials at the airport found Ms. Murillo Moreno inadmissible because of the January 2, 2026 denial. Ms. Murillo Moreno was faced with a choice: either withdraw her application and return to Mexico immediately or wait out expedited removal proceedings in an immigration detention facility. Ms. Murillo Moreno chose to withdraw her application and to return to Mexico to be with her family. Ms. Murillo Moreno is currently inadmissible to the United States and is forced to reside in Mexico away from family and loved ones.

4.85    Ms. Murillo Moreno did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least January 2, 2026.

4.86    As a result of the acts and omissions of Lozano, Ms. Murillo Moreno was prevented from entering the United States and deemed inadmissible. Further, because of the inaccurate documents and declaration submitted by Lozano on Ms. Murillo Moreno's behalf, Ms. Murillo Moreno faces additional hurdles and struggles if she wishes to return to her family in the United States.

4.87    As a result of the acts and omissions of Lozano, Ms. Murillo Moreno has lost wages and suffered substantial emotional distress.

//

//

//

FIRST AMENDED COMPLAINT - 36

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

*Plaintiff Angélica Maria Barajas Horta*

4.88    Plaintiff Angélica Maria Barajas Horta retained Lozano to represent her in seeking legal immigration status.

4.89    Ms. Barajas Horta signed a contract with Lozano on July 7, 2020.

4.90    Ms. Barajas Horta paid Lozano a total of $13,675.

4.91    Ms. Barajas Horta is the mother of three United States citizen children born in Mexico. Prior to retaining Lozano, Ms. Barajas Horta was physically attacked by one of her children in the United States, an incident which was reported to the police and made Ms. Barajas Horta eligible for relief under VAWA.

4.92    Prior to retaining Lozano, Ms. Barajas Horta consulted with two other attorneys. Upon reviewing her immigration status and file, each of these attorneys correctly advised Ms. Barajas Horta that it would not be possible to obtain permanent residency because of prior unlawful entries.

4.93    Ms. Barajas Horta retained Lozano to represent her in seeking permanent residency based on VAWA. At the time Ms. Barajas retained Lozano, she informed Lozano of her multiple unlawful entries.

4.94    Lozano negligently advised Ms. Barajas Horta that it was not necessary to file a waiver. Instead, Lozano attempted, without any reasonable legal or factual basis, to connect Ms. Barajas Horta's prior immigration violations to the abuse she suffered at the hands of her child. An attorney acting within the standard of care would not have done so and Lozano knew or should have known, at the time they presented the arguments to immigration officials, that the arguments were without basis or merit.

4.95    As a portion of the fees paid to Lozano, Ms. Barajas Horta paid for a psychological

FIRST AMENDED COMPLAINT - 37

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The assessment falsely represented Ms. Barajas Horta's psychological state.

4.96    Following Ms. Barajas Horta's interview with USCIS officials, Lozano belatedly filed a waiver related to Ms. Barajas Horta's prior entries, a filing which should have been filed at the outset. Lozano's failure was either incompetence or a deceptive "bait and switch," either of which fell below the standard of care and competence required of immigration practitioners.

4.97    As a result of Lozano's negligent and improper decision to file the permanent residency application, USCIS referred Ms. Barajas Horta to immigration court for removal proceedings.

4.98    As a result of Lozano's negligent and improper decision to seek permanent residency, Ms. Barajas Horta will more likely than not be deported from the United States despite being eligible for relief under VAWA.

4.99    Ms. Barajas Horta did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least the date on which she was referred to the immigration court.

4.100   As a result of Lozano's acts and omissions, Ms. Barajas Horta suffered substantial emotional distress.

### *Plaintiff Ana Maria Garcia Martinez*

4.101   Plaintiff Ana Maria Garica Martinez retained Lozano to represent her in immigration matters.

FIRST AMENDED COMPLAINT - 38

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.102   Ms. Garcia Martinez paid Lozano approximately $15,000 for services.

4.103   Ms. Garcia Martinez is married to a naturalized citizen of the United States.

4.104   According to the contract between Ms. Garcia Martinez and Lozano, Ms. Garcia Martinez retained Lozano to assist with an I-360 form. Her contract makes no reference to a VAWA application or other similar application.

4.105   At the time Ms. Garcia Martinez retained Lozano, Ms. Garcia Martinez was eligible for consular processing based on an already approved family petition filed by her naturalized citizen spouse. Consular processing requires that an immigrant leave the United States to complete the process.

4.106   Instead of suggesting consular processing, Lozano disregarded the already-initiated consular process and convinced Ms. Garcia Martinez to file VAWA and residency applications. An attorney acting within the standard of care would not have done so.

4.107   Ms. Garcia Martinez had no understanding of what it meant to file VAWA paperwork at the time Lozano convinced her to file VAWA paperwork.

4.108   When encouraging Ms. Garcia Martinez to file for VAWA protections, Lozano never advised Ms. Garcia Martinez that filing for VAWA protections could impact the citizenship status and naturalization of her naturalized citizen spouse. Lozano also never warned her that abandoning the consular process would deprive her son in Mexico of the opportunity to obtain legal status in the United States. An attorney acting within the standard of care would have provided that information.

4.109   Despite never informing Ms. Garcia Martinez of the potential risk of VAWA filings for Ms. Garcia Martinez's spouse and son, Lozano falsely filed VAWA paperwork alleging that Ms. Garcia Martinez's spouse abused her during a time he was a legal resident of the

FIRST AMENDED COMPLAINT - 39

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

United States but was not yet a naturalized citizen.

4.110 Lozano drafted and prepared a declaration filed on behalf of Ms. Garcia Martinez. Lozano staff told Ms. Garcia Martinez that her spouse was "aggressive." Ms. Garcia Martinez objected and told Lozano that statement was not accurate. Lozano insisted the declaration must say that Ms. Garcia Martinez's spouse was "aggressive" and included such language in the declaration. Lozano told Ms. Garcia Martinez that including allegations against her spouse would not impact him.

4.111 Lozano did not provide Ms. Garcia Martinez with an opportunity to review the declaration before Lozano affixed Ms. Garcia Martinez's electronic signature to the declaration and filed it with immigration officials.

4.112 Ms. Garcia Martinez, on Lozano's instructions, did not sign immigration paperwork and related documents filed by Lozano with an ink pen. Instead, Lozano copied and pasted Ms. Garcia Martinez's electronic signature onto multiple forms or affixed an electronic copy of Ms. Garcia Martinez's signature onto the forms. An attorney acting within the standard of care would not have affixed an electronic signature.

4.113 Prior to an interview with USCIS, Lozano coached and pressured Ms. Garcia Martinez to falsely state that she had signed her immigration forms with an ink pen.

4.114  As a portion of the fees paid to Lozano, Ms. Garcia Martinez paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Garcia Martinez's actual psychological state, but was still presented to immigration officials by Lozano.

4.115 On December 1, 2025, USCIS denied Ms. Garcia Martinez's residency application. Ms.

FIRST AMENDED COMPLAINT - 40

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Garcia Martinez's residency application was denied solely because Lozano improperly affixed electronic signatures when filing Ms. Garcia Martinez's application instead of requesting that Ms. Garcia Martinez sign with an ink pen.

4.116   Ms. Garcia Martinez did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least December 1, 2025.

4.117   As a result of Lozano's acts and omissions, Ms. Garcia Martinez is at a significant risk of deportation. Indeed, Ms. Garcia Martinez was forced to retain new counsel to at least temporarily terminate deportation proceedings resulting from Lozano's acts and omissions.

4.118   As a result of Lozano's acts and omissions, Ms. Garcia Martinez has suffered substantial emotional distress, including but not limited to distress related to the risks Lozano's actions and omissions have created for her naturalized citizen spouse.

### *Plaintiff Gabriel Martinez Garcia*

4.119   Plaintiff Gabriel Martinez Garcia retained Lozano to represent him in immigration matters.

4.120   Mr. Martinez Garcia paid Lozano approximately $15,000 for the representation.

4.121   At the time Mr. Martinez Garcia retained Lozano, he was eligible for consular processing as a result of an already-approved family petition filed by his lawful permanent resident stepfather, who is now a naturalized citizen.

4.122   Lozano pushed Mr. Martinez Garcia to file for a VAWA adjustment rather than use consular processing. Lozano did not explain to Mr. Martinez Garcia what VAWA was and never explained the basis of the case. Mr. Martinez Garcia only learned what VAWA was

FIRST AMENDED COMPLAINT - 41

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

after he researched it online and was able to locate information.

4.123 Despite never informing Mr. Martinez Garcia about VAWA, Lozano proceeded to file a VAWA adjustment and residency application on his behalf on January 25, 2021. Mr. Martinez Garcia's VAWA was ultimately approved and was based on an abusive marriage to a United States citizen.

4.124 Mr. Martinez Garcia communicated with Lozano online and over the phone. Mr. Garcia Martinez *never* went to a Lozano office in person, including to review and sign paperwork, forms, and filings. Lozano used and affixed an electronic signature for each form and filing it submitted on behalf of Mr. Martinez Garcia. An attorney acting within the standard of care would not have affixed an electronic signature.

4.125 Prior to Mr. Martinez Garcia's interview with USCIS, Lozano told Mr. Martinez to lie to USCIS officials and to tell them that he went to a Lozano office to sign each form with an ink pen.

4.126 On September 17, 2025, USCIS denied Mr. Martinez Garcia's residency application. USCIS denied Mr. Martinez Garcia's residency application *solely* because his applications had been signed electronically (with signatures affixed by Lozano) rather than with an ink pen.

4.127 Following the denial of the residency application, USCIS issued Mr. Martinez Garcia a Notice to Appear before an immigration judge, a step in deportation proceedings. Mr. Martinez Garcia was forced to retain new counsel to terminate the deportation proceedings resulting from Lozano's acts and omissions. Further, Mr. Martinez Garcia has been forced to restart the residency application process.

4.128 Mr. Martinez Garcia did not discover and could not have reasonably discovered Lozano's

FIRST AMENDED COMPLAINT - 42

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 17, 2025.

4.129  As a result of Lozano's acts and omissions, Mr. Martinez Garcia was placed in removal proceedings.

4.130  As a result of Lozano's acts and omissions, Mr. Martinez Garcia has suffered substantial emotional distress

### *Plaintiff Gerardo Prado Rivera*

4.131  Plaintiff Gerardo Prado Rivera, who entered the United States with a visitor visa, retained Lozano to represent him in seeking permanent residency as the parent of a US citizen child over the age of 21. At the time Mr. Prado Rivera retained Lozano, Mr. Prado Rivera owned a successful drywall business and a rental property. Mr. Prado Rivera has two children with Plaintiff Aurora Lizzette Leal Rubio, both of whom are United States citizens. Mr. Prado Rivera and Ms. Leal Rubio are not married.

4.132  Mr. Prado Rivera attended a phone consultation with Lozano on October 16, 2020.

4.133  Mr. Prado Rivera paid a $2,000 down payment on the day of the consultation; Mr. Prado Rivera paid Lozano a total of $13,755.

4.134  A staff person conducted the intake during the October 16, 2020 call, and Ms. Lozano came on the phone to congratulate Mr. Prado Rivera and tell him he was eligible for VAWA.

4.135  A few days later, on October 21, 2020, Mr. Prado Rivera received an email instructing him to electronically sign the contract with Lozano using a digital signature app.

4.136  On October 21, 2020, Lozano instructed Mr. Prado Rivera to use an app to digitally sign

FIRST AMENDED COMPLAINT - 43

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

application forms related to his immigration matter *before* the forms were completed.

4.137  On February 11, 2021, Lozano texted Mr. Prado Rivera and asked him to sign a blank piece of paper multiple times. The signatures from the blank paper were digitized and affixed to the application forms Lozano submitted to USCIS on Mr. Prado Rivera's behalf on or about February 19, 2021.

4.138  At no point during the representation by Lozano did Mr. Prado Rivera *ever* sign any immigration paperwork or filings with an ink pen. All VAWA and residency immigration paperwork and filings submitted on Mr. Prado Rivera's behalf by Lozano were signed using an electronic signature affixed to the documents by Lozano.

4.139  On April 23, 2024, USCIS sent a Request for Evidence to Lozano requesting that Lozano "submit signature pages with original signatures."  On June 12, 2024, Lozano again contacted Mr. Prado Rivera and requested that he sign his name multiple times on a blank piece of paper for Lozano to use in responding to the Request for Evidence.

//

//

//

//

//

//

//

//

//

//

//

FIRST AMENDED COMPLAINT - 44

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

*Figure 4. Blank Page Signatures Provided by Mr. Prado Rivera to Lozano.*

4.140   As a portion of the fees paid to Lozano, Mr. Prado Rivera paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Prado Rivera's actual psychological states, but was still presented to immigration officials by Lozano.

4.141   On August 29, 2025, USCIS denied Mr. Prado Rivera's residency application *solely* because Lozano improperly affixed electronic signatures when filing his application.

4.142   Mr. Prado Rivera did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least August 29, 2025.

4.143   As a result of Lozano's acts and omissions, Mr. Prado Rivera remains at risk of deportation.

FIRST AMENDED COMPLAINT - 45

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Indeed, Mr. Prado Rivera was forced to retain new counsel to terminate deportation proceedings which resulted from the acts and omissions of Lozano.

4.144 As a result of Lozano's acts and omissions, Mr. Prado Rivera has suffered substantial emotional distress.

### Plaintiff Aurora Lizzette Leal Rubio

4.145 Plaintiff Aurora Lizzette Leal Rubio, who entered the United States with a visitor visa, retained Lozano to represent her in seeking permanent residency as the parent of a United States citizen child over the age of 21. Ms. Leal Rubio has two children with Plaintiff Gerardo Prado Rivera, both of whom are United States citizens. Ms. Leal Rubio and Mr. Prado Rivera are not married.

4.146 Ms. Leal Rubio attended a phone consultation with Lozano on October 16, 2020. A staff person conducted the intake, and Ms. Lozano came on the phone to congratulate Ms. Leal Rubio and tell her she was eligible for VAWA.

4.147 Ms. Leal Rubio paid $2,000 to Lozano on October 16, 2020. In total, Ms. Leal Rubio paid Lozano approximately $15,000 over the course of the representation.

4.148 On October 21, 2020, Ms. Leal Rubio received an email from Lozano instructing her to electronically sign the contract with a digital signature app. Ms. Leal Rubio signed the contract with a digital signature.

4.149 On October 21, 2020, Lozano also instructed Ms. Leal Rubio to use an app to digitally sign the signature page of each of the application forms *before* the forms were completed.

4.150 Lozano convinced Ms. Leal Rubio to file a VAWA petition and a concurrent application

FIRST AMENDED COMPLAINT - 46

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

to adjust status to permanent residency. Lozano never advised Ms. Leal Rubio what VAWA meant or that a VAWA application could have negative impacts on her family members. Lozano did not inform Ms. Leal Rubio that a VAWA abuse filing could have a negative impact on her US citizen daughter, who is studying to become a veterinarian.

4.151  At the time Lozano convinced Ms. Leal Rubio to file a VAWA status adjustment, Lozano knew or should have known that Ms. Leal was eligible for a "regular" adjustment of status because she was inspected and admitted with her visitor visa. Despite that, Lozano insisted upon and filed a more complex, more expensive, and riskier VAWA petition.

4.152  Lozano did not provide Ms. Leal Rubio with a copy of the declaration filed under her name in the VAWA proceedings prior to submitting it. Rather than obtaining Ms. Leal Rubio's signature on the declaration, Lozano improperly affixed her signature electronically.

4.153  Similarly, Ms. Leal Rubio's I-485 form was signed with a digital signature attached to the form by the Lozano Firm. The form requires applicants to provide a "wet" signature.

4.154  At no point during the process did Ms. Leal Rubio *ever* sign any portion of her immigration forms or filings with an ink pen. All Ms. Leal Rubio's forms and filings were signed by Lozano by affixing a copy of Ms. Leal Rubio's electronic signature to documents, in some instances without Ms. Leal Rubio's participation or approval.

4.155  Lozano knew or should have known, at the time it filed immigration paperwork with an electronic signature and filed declarations and other filings in immigration proceedings without Ms. Leal Rubio's review or approval, that Ms. Leal Rubio's immigration filings were likely to be denied.

4.156  On April 23, 2024, USCIS sent a Request for Evidence to Lozano requesting that the firm "submit signature pages with original signatures." On June 12, 2024, Lozano

FIRST AMENDED COMPLAINT - 47

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

contacted Ms. Leal Rubio and requested that she sign her name multiple times on a blank piece of paper for Lozano to use in responding to the Request for Evidence.

4.157  On September 17, 2025, USCIS denied Ms. Leal Rubio's residency application because Lozano had affixed digital signatures instead of simply requesting that Ms. Leal Rubio review the documents and sign with an ink pen.

4.158  As a portion of the fees paid to Lozano, Ms. Leal Rubio paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Leal Rubio's actual psychological states, but was still presented to immigration officials by Lozano.

4.159  Ms. Leal Rubio did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 17, 2025.

4.160  As a result of Lozano's actions, Ms. Leal Rubio is at risk of deportation. It is more probable than not that, if Ms. Leal Rubio had followed the "regular" process to adjust status, that she would not face any meaningful risk of deportation.

4.161  As a result of Lozano's actions, Ms. Leal Rubio has suffered substantial emotional distress.

### *Plaintiff Jose Enrique Villalon Rivera*

4.162  Plaintiff Jose Enrique Villalon Rivera retained Lozano to represent him in immigration matters. Mr. Villalon Rivera paid Lozano $12,850 for the representation.

4.163  Mr. Villalon Rivera initially retained Lozano for assistance with a consular-based status adjustment based on Mr. Villalon Rivera's marriage to a United States citizen and their

FIRST AMENDED COMPLAINT - 48

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

three United States citizen children.

4.164  Lozano provided Mr. Villalon Rivera with a verbal 100% guarantee that USCIS would adjust his status if he retained the firm.

4.165  At the time he retained Lozano, Mr. Villalon Rivera was not seeking an adjustment of status under VAWA. Mr. Villalon Rivera did not request and did not consent to Lozano filing VAWA paperwork on his behalf. Lozano did not inform Mr. Villalon Rivera that it would be filing VAWA paperwork on his behalf.

4.166  Despite never informing Mr. Villalon Rivera that it would file VAWA paperwork and despite failing to obtain Mr. Villalon Rivera's consent to do so, Lozano filed VAWA paperwork on his behalf. An attorney acting within the standard of care would not file immigration paperwork without client consent and without informing the client.

4.167  The VAWA paperwork filed by Lozano contains entirely false information fabricated by Lozano. An attorney acting within the standard of care would not fabricate information included in immigration paperwork.

4.168  Mr. Villalon Rivera did not review, and was not provided with an opportunity to review, the VAWA paperwork prepared by Lozano before it was filed.

4.169  When Mr. Villalon Rivera reviewed the paperwork after it was filed, he informed Lozano that the paperwork contained false and fabricated information. Lozano pressured Mr. Villalon Rivera to go along with the false and fabricated information, including in any communications with USCIS. Any attorney acting within the standard of care would not pressure a client to knowingly lie to USCIS based on the attorney's errors.

4.170  As a portion of the fees paid to Lozano, Mr. Villalon Rivera paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad,

FIRST AMENDED COMPLAINT - 49

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Villalon Rivera's actual psychological states, but was still presented to immigration officials by Lozano.

4.171   On February 14, 2025, USCIS denied Mr. Villalon Rivera's residency application.

4.172   Mr. Villalon Rivera did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least February 14, 2025.

4.173   On September 18, 2025, Mr. Villalon Rivera's case was referred to an immigration judge. Mr. Villalon Rivera has an immigration hearing scheduled for August 6, 2026.

4.174   Mr. Villalon Rivera's immigration status, including the issues created by Lozano, have cost Mr. Villalon Rivera three separate jobs.

4.175   Mr. Villalon Rivera was forced to retain new counsel to address the issues caused by Lozano and defend him in the pending removal proceedings. Mr. Villalon Rivera will pay at least $12,000 to his new counsel for representation in those proceedings.

4.176   As a result of Lozano's actions, Mr. Villalon Rivera has suffered substantial emotional distress.

***Plaintiffs Carlos Enrique Navarro Ceja and Maria Guadalupe Fernandez Rayas***

4.177   Plaintiffs Carlos Enrique Navarro Ceja and Maria Guadalupe Fernandez Rayas retained Lozano to represent them in immigration matters.

4.178   Mr. Navarro Ceja and Ms. Fernandez Rayas paid Lozano approximately $47,500 for the representation.

4.179   Mr. Navarro Ceja and Ms. Fernandez Rayas are not married, but are the parents of four

FIRST AMENDED COMPLAINT - 50

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

children, each of whom is a United States citizen.

4.180   Ms. Fernandez Rayas hired Lozano to represent her in filing a VAWA-based residency application on May 26, 2021. Ms. Fernandez Rayas had a genuine and viable claim for relief under VAWA.

4.181   Lozano filed the VAWA-based residency application on November 15, 2021.

4.182   Lozano prepared and filed a declaration on behalf of Ms. Fernandez Rayas which contained inaccurate information. Ms. Fernandez Rayas was not provided with an opportunity to review and correct the information in the declaration prior to Lozano filing the declaration.

4.183   USCIS approved Ms. Fernandez Rayas' genuine VAWA application on December 16, 2024.

4.184   In October, 2025, USCIS denied Ms. Fernandez Rayas' residency application because Lozano had electronically attached a copy of Ms. Fernandez Rayas' signature to the application instead of obtaining Ms. Fernandez Rayas' "wet" signature.

4.185   Following the denial of the residency application, USCIS referred Ms. Fernandez Rayas to the immigration court for removal proceedings.

4.186   Ms. Fernandez Rayas has been forced to retain separate counsel to represent her in the removal proceedings caused by Lozano's errors. Ms. Fernandez Rayas has paid her new counsel $8,000.

4.187   Alongside Ms. Fernandez Rayas, Mr. Navarro Ceja retained Lozano to represent him in filing a VAWA-based residency application. Mr. Navarro Ceja, like Ms. Fernandez Rayas, had a genuine and viable claim for relief under VAWA.

4.188   Lozano filed a VAWA application on behalf of Mr. Navarro Ceja on November 15, 2021.

FIRST AMENDED COMPLAINT - 51

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.189   Lozano filed a declaration alongside the application which contained inaccurate information. Mr. Navarro Ceja was not provided with an opportunity to review the declaration and make corrections prior to Lozano filing it.

4.190   Mr. Navarro Ceja's VAWA application was approved by USCIS on December 16, 2024.

4.191   In October 2025, USCIS denied Mr. Navarro Ceja's residency application because it was not "wet" signed. Instead of a "wet" signature, Lozano affixed an electronic copy of Mr. Navarro Ceja's signature to the application.

4.192   On December 2, 2025, Mr. Navarro Ceja was detained by ICE officers.

4.193   Mr. Navarro Ceja remained in ICE custody until April 8, 2026, when he voluntarily departed the United States rather than remaining in custody for an extended period. Mr. Navarro Ceja left the United States for Michoacan, Mexico, and has not returned to the United State since leaving.

4.194   At the time he left the United States, Mr. Navarro Ceja had continuously been in the country for thirty-three years.

4.195   During the time Mr. Navarro Ceja was in custody, Lozano appeared at four hearings on his behalf. Lozano appeared remotely for each hearing. Lozano appeared from Washington, Florida, and California.

4.196   Mr. Navarro Ceja was forced to seek additional counsel to address the issues caused by Lozano. Mr. Navarro Ceja has paid that new counsel $7,000 to represent him in immigration matters.

4.197   Unlike many Lozano clients, Ms. Fernandez Rayas and Mr. Navarro Ceja actually met Ms. Lozano during the representation.

4.198   Mr. Navarro Ceja and Ms. Fernandez Rayas met Ms. Lozano one time during the

FIRST AMENDED COMPLAINT - 52

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

representation. The meeting occurred in or around December 2024. The meeting occurred because Ms. Fernandez Rayas obtained a work permit during the representation.

4.199   Lozano captured a video and photographs of the meeting for later use on Lozano-controlled social media accounts, websites, and in Lozano marketing materials.



*Figure 5. Images of Lozano Social Media Posts Containing Mr. Navarro Ceja and Ms. Fernandez Rayas.*

4.200   Lozano used the videos and images it captured of Mr. Navarro Ceja and Ms. Fernandez Rayas in social media posts and marketing.

4.201   Lozano's social media content including Mr. Navarro Ceja and Ms. Fernandez Rayas

FIRST AMENDED COMPLAINT - 53

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

states or implies that Lozano has assisted Mr. Navarro Ceja and Ms. Fernandez Rayas in "winning" their immigration case and that Mr. Navarro Ceja and Ms. Fernandez Rayas had successfully obtained legal permanent resident status.

4.202   Lozano's statements about "winning" Mr. Navarro Ceja and Ms. Fernandez Rayas's immigration cases were false.

4.203   At the time the video and images were captured, the representation was ongoing and neither Mr. Navarro Ceja nor Ms. Fernandez Rayas had obtained their legal permanent residency. The *only* documentation obtained by either Mr. Navarro Ceja or Ms. Fernandez Rayas was Ms. Fernandez Rayas' work permit.

4.204   Lozano published multiple social media posts and videos including Mr. Navarro Ceja and Ms. Fernandez Rayas.

4.205   Lozano published at least one social media post claiming it had assisted Mr. Navarro Ceja in obtaining his residency *while Mr. Navarro Ceja was in ICE detention*. Lozano knew Mr. Navarro Ceja was in ICE detention and had not obtained residency when it made that post because Lozano represented Mr. Navarro Ceja at the time he was detained.

4.206   As a portion of the fees paid to Lozano, Mr. Navarro Ceja and Ms. Fernandez Rayas paid for psychological assessments. On information and belief, these assessments were performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Navaro Ceja and Ms. Fernandez Rayas's actual psychological states, but were still presented to immigration officials by Lozano.

4.207   Ms. Fernandez Rayas did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least

FIRST AMENDED COMPLAINT - 54

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

October 2025.

4.208   Mr. Navarro Ceja did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least October 2025.

4.209   As a result of Lozano's acts and omissions, Mr. Navarro Ceja and Ms. Fernandez Rayas have each suffered substantial emotional distress, including but not limited to the stress and emotional impacts of Mr. Navarro Ceja's detention by ICE and Ms. Fernandez Rayas' pending removal proceedings.

***Plaintiff Joaquin Coto Roman***

4.210   Plaintiff Joaquin Coto Roman retained Lozano to represent him in immigration matters.

4.211   Mr. Coto Roman paid Lozano a total of $24,210 during the representation.

4.212   Mr. Coto Roman is married to a United States citizen.

4.213   Mr. Coto Roman and his United States citizen wife initially met with Lozano to explore a consular-based family petition to adjust Mr. Coto Roman's immigration status. Mr. Coto Roman was potentially eligible for a consular-based family petition at the time of the consultation.

4.214   Lozano insisted that, instead of a consular-based family petition, Mr. Coto Roman should file a VAWA-based residency package. Mr. Coto Roman's wife, who formerly worked as a domestic violence advocate, explained to Lozano that she did not believe Mr. Coto Roman was eligible for VAWA relief based on her knowledge of the law.

4.215   Lozano nonetheless filed a VAWA-based application on Mr. Coto Roman's behalf and despite his ineligibility for that relief.

FIRST AMENDED COMPLAINT - 55

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.216  On July 19, 2021, Lozano submitted the VAWA-based application without reviewing the information with Mr. Coto Roman. Mr. Coto Roman did not approve or review the application prior to Lozano submitting it.

4.217  Lozano submitted a declaration in support of the VAWA-based application without providing Mr. Coto Roman with an opportunity to review the declaration. Mr. Coto Roman did not review or approve the declaration prior to Lozano submitting it.

4.218  On July 26, 2024, USCIS approved Mr. Coto Roman's VAWA application.

4.219  On or around July 26, 2024, Mr. Coto Roman learned that Lozano had submitted a declaration as part of the VAWA application which contained inaccurate information and information inconsistent with what he provided to Lozano.

4.220  USCIS scheduled Mr. Coto Roman's residency interview for July 30, 2025.

4.221  Lozano refused to attend Mr. Coto Roman's residency interview unless Mr. Coto Roman paid Lozano an additional $10,000.

4.222  Mr. Coto Roman attended his residency interview as scheduled. Mr. Coto Roman was accompanied by his United States citizen wife. Lozano did not attend the interview and Mr. Coto Roman was resultingly unrepresented during the interview.

4.223  During his July 30, 2025, residency interview, Mr. Coto Roman was interviewed by a case officer and, separately, by two investigators. On information and belief, the separate interview with investigators was a result of USCIS scrutiny of Lozano's filings generally rather than an interview directly related to Mr. Coto Roman's immigration status and filings.

4.224  On September 18, 2025, USCIS denied Mr. Coto Roman's residency application because of Lozano's acts and errors.

FIRST AMENDED COMPLAINT - 56

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.225   On December 5, 2025, USCIS referred Mr. Coto Roman to the immigration court. Mr. Coto Roman is scheduled for an initial removal hearing in January 2027.

4.226   Mr. Coto Roman is likely to be removed from the United States.

4.227   As a portion of the fees paid to Lozano, Mr. Coto Roman paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Coto Roman's actual psychological state, but was still presented to immigration officials by Lozano.

4.228   Mr. Coto Roman did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least July 26, 2024.

4.229   As a result of Lozano's acts and omissions, Mr. Coto Roman has suffered substantial emotional distress.

### *Plaintiff Samanta Sinai Marin Sosa*

4.230   Plaintiff Samanta Sinai Marin Sosa retained Lozano to represent her in immigration matters.

4.231   Ms. Marin Sosa paid Lozano $18,225 for the representation.

4.232   Ms. Marin Sosa initially contacted and retained Lozano to submit a family-based residency application based on her visa-permitted entry into the United States. At the time of the initial consultation and retention, Ms. Marin Sosa was eligible to adjust her status through a family-based residency application.

4.233   Instead of a family-based residency application, Lozano submitted a VAWA-based

FIRST AMENDED COMPLAINT - 57

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

residency application on Ms. Marin Sosa's behalf.

4.234 Ms. Marin Sosa did not sign the residency application with an ink pen. Instead, Lozano affixed an electronic copy of Ms. Marin Sosa's signature to the residency application.

4.235 After Lozano submitted the VAWA-based residency application, Ms. Marin Sosa reviewed the information Lozano had submitted and recognized both that the declaration submitted on her behalf contained inaccurate information and that the psychological evaluation completed by En Solidaridad, LLC, also contained inaccurate information.

4.236 On March 18, 2024, USCIS approved Ms. Marin Sosa's VAWA application.

4.237 On April 22, 2025, USCIS denied Ms. Marin Sosa's residency application because it had not been "wet" signed.

4.238 On July 11, 2025, USCIS referred Ms. Marin Sosa's case to the immigration courts.

4.239 On July 31, 2025, Lozano submitted a second residency application to USCIS on Ms. Marin Sosa's behalf. Lozano did so even though it was aware that Ms. Marin Sosa had been referred to the immigration court and any additional residency application filings had zero chance of success.

4.240 In March of 2026, USCIS informed Ms. Marin Sosa that the second residency application submitted had been rejected. USCIS informed Ms. Marin Sosa that the second application was rejected because of Lozano's mistakes and errors.

4.241 As a portion of the fees paid to Lozano, Ms. Marin Sosa paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC. The psychological evaluation falsely represented Ms. Marin Sosa's actual psychological states, but was still presented to immigration officials by Lozano.

4.242 Ms. Marin Sosa did not discover and could not have reasonably discovered Lozano's errors

FIRST AMENDED COMPLAINT - 58

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

and the impact of and injuries caused by Lozano's acts and omissions until at least April 22, 2025.

4.243  Ms. Marin Sosa has been forced to retain separate counsel to represent her in the immigration proceedings resulting from Lozano's errors. Ms. Marin Sosa has paid her new counsel $11,000 to do so, along with $1,700 in additional fees owed to USCIS.

4.244  As a result of Lozano's acts and omissions, Ms. Marin Sosa has suffered substantial emotional distress.

*Plaintiff Miguel Galvan Rodriguez*

4.245  Plaintiff Miguel Galvan Rodriguez retained Lozano to represent him in immigration matters.

4.246  Mr. Galvan Rodriguez paid Lozano approximately $15,000 for the representation.

4.247  Mr. Galvan Rodriguez retained Lozano, at least in part, because Lozano verbally promised it would win his residency case.

4.248  Mr. Galvan Rodriguez is married to a United States citizen and has two children, both of whom are also United States citizens.

4.249  Lozano filed a VAWA application and residency application on behalf of Mr. Galvan Rodriguez on February 10, 2021. Although Mr. Galvan Rodriguez was eligible for a permanent bar waiver, Lozano did not file a waiver alongside Mr. Galvan Rodriguez's applications. An attorney acting within the standard of care would have filed a waiver alongside Mr. Galvan Rodriguez's applications.

4.250  Lozano did not file a waiver until more than four years later.

4.251  Mr. Galvan Rodriguez's VAWA application was granted by USCIS.

FIRST AMENDED COMPLAINT - 59

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.252  Mr. Galvan Rodriguez did not sign his residency application with an ink pen. Instead, Mr. Galvan Rodriguez's electronic signature was affixed by Lozano. A reasonable attorney acting within the standard of care would have advised Mr. Galvan Rodriguez that it was necessary to sign the residency application with an ink pen and would not have attached his electronic signature to the residency application.

4.253  On May 14, 2026, Mr. Galvan Rodriguez's residency application was denied because Mr. Galvan Rodriguez did not sign the application with an ink pen.

4.254  Mr. Galvan Rodriguez was eligible for residency but for the signature and waiver issues caused by Lozano.

4.255  When Mr. Galvan Rodriguez confronted Lozano about the firm's failures and their impacts, Lozano demanded that Mr. Galvan Rodriguez pay Lozano thousands of dollars before they would attempt to address the errors and issues.

4.256  Mr. Galvan Rodriguez did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least May 14, 2026.

4.257  As a result of Lozano's acts and omissions, Mr. Galvan Rodriguez is at imminent risk of being placed in removal proceedings.

4.258  As a result of Lozano's acts and omissions, Mr. Galvan Rodriguez and his wife are concerned that they will be unable to support their children's continuing education and college education, particularly if Mr. Galvan Rodriguez is placed in removal proceedings.

4.259  As a result of Lozano's acts and omissions, Mr. Galvan Rodriguez has suffered substantial emotional distress.

FIRST AMENDED COMPLAINT - 60

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

*Plaintiffs Veronica Flores Campos and Jose Margarito Muratalla Magana*

4.260    Plaintiffs Veronica Flores Campos and Jose Margarito Muratalla Magana retained Lozano to represent them in immigration matters.

4.261    Ms. Flores Campos and Mr. Muratalla Magana paid Lozano $34,850 for the representation.

4.262    Lozano filed VAWA-based residency applications on behalf of both Ms. Flores Campos and Mr. Muratalla Magana.

4.263    Ms. Flores Campos and Mr. Muratalla Magana's VAWA applications were granted on May 1, 2024, and March 28, 2024, respectively.

4.264    On February 11, 2025, USCIS denied Mr. Muratalla Magana's residency application because, rather than a "wet" signature applied by Mr. Muratalla Magana, the residency application contained an electronic copy of Mr. Muratalla Magana's signature affixed by Lozano. An attorney acting within the standard of care would not have affixed an electronic signature to a residency application and would have informed their client that a "wet" signature is required.

4.265    On September 15, 2025, USCIS denied Ms. Flores Campos' residency application because it contained an electronic copy of Ms. Flores Campos' signature affixed by Lozano rather than Ms. Flores Campos' "wet" signature.

4.266    Mr. Moratalla Magana was referred to immigration court by USCIS after denial of his residency application.

4.267    Ms. Flores Campos and Mr. Moratalla Magana have been forced to retain new immigration counsel to address the issues caused by Lozano's errors and to represent Mr. Moratalla Magana in the resulting immigration court proceedings. Ms. Flores

FIRST AMENDED COMPLAINT - 61

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Campos and Mr. Moratalla Magana have paid their new immigration counsel $15,500.

4.268  Mr. Moratalla Magana did not discover and could not reasonably have discovered the impacts of and injuries caused by Lozano's acts and omissions until at least February 11, 2025.

4.269  Ms. Flores Campos did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 15, 2025.

4.270  As a result of Lozano's acts and omissions, Ms. Flores Campos and Mr. Moratalla Magana have suffered substantial emotional distress.

### Plaintiff Claudia Galindo Velasquez

4.271  Plaintiff Claudia Galindo Velasquez retained Lozano to represent her in immigration matters.

4.272  Ms. Galindo Velasquez paid Lozano $13,855 for the representation.

4.273  Lozano sought VAWA relief and filed a residency petition on behalf of Ms. Galindo Velasquez.

4.274  Lozano failed to advise Ms. Galindo Velasquez of the risks of seeking adjustment, including through the VAWA and residency applications proposed and filed by Lozano.

4.275  At the time Lozano advised Ms. Galindo Velasquez to proceed with a VAWA filing and residency application, Lozano was aware that Ms. Galindo Velasquez was subject to a permanent bar and that Ms. Galindo Velasquez's last entry into the United States was a waive-through entry. Despite that, and in breach of the standard of care, Lozano advised Ms. Galindo Velasquez to proceed with a VAWA filing and residency application.

FIRST AMENDED COMPLAINT - 62

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.276   As part of the filings, Lozano prepared a waiver application related to the permanent bar. The waiver application was inadequate and had numerous errors.

4.277   USCIS approved Ms. Galindo Velasquez's VAWA application.

4.278   On May 18, 2026, USCIS denied Ms. Galindo Velasquez's residency application, at least in part because of the inadequacy of and errors in the waiver application prepared by Lozano.

4.279   Ms. Galindo Velasquez is nearly certain to be referred to immigration court for removal proceedings.

4.280   Given the errors and issues in the waiver application and other documents prepared by Lozano, it is unlikely Ms. Galindo Velasquez will be able to present an effective defense in the removal proceedings. Ms. Galindo Velasquez will, as a result of Lozano's errors, almost certainly be deported.

4.281   Ms. Galindo did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least May 18, 2026.

4.282   As a result of Lozano's acts and omissions, Ms. Galindo Velasquez has suffered substantial emotional distress.

### *Plaintiffs Rosaura Gallardo Martinez and Wilson Erendira Nava*

4.283   Plaintiffs Rosaura Gallardo Martinez and Wilson Erendira Nava retained Lozano to represent them in immigration matters.

4.284   Ms. Gallardo Martinez and Mr. Erendira Nava paid Lozano a total of $40,075 related to the representation.

FIRST AMENDED COMPLAINT - 63

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.285   Ms. Gallardo Martinez and Mr. Erendira Nava retained Lozano to filed VAWA-based residency applications on their behalf.

4.286   Lozano prepared and filed VAWA-based residency applications on behalf of both Ms. Gallardo Martinez and Mr. Erendira Nava.

4.287   On December 20, 2024, USCIS approved Ms. Gallardo Martinez's VAWA application.

4.288   On September 29, 2025, USCIS denied Ms. Gallardo Martinez's residency application. USCIS did so because, rather than the required "wet" signature by Ms. Gallardo Martinez, the application was instead signed with an electronic copy of Ms. Gallardo Martinez's signature affixed to the application by Lozano.

4.289   On November 29, 2025, Lozano proposed refiling Ms. Gallardo Martinez's residency application. Lozano demanded an additional payment of $5,500 to do so, even though the sole reason provided by USCIS for the initial denial was Lozano's affixation of an electronic copy of Ms. Gallardo Martinez's signature (i.e., the denial was solely a result of Lozano's acts and omissions).

4.290   On April 10, 2026, Ms. Gallardo Martinez was referred to the immigration court for removal proceedings. Lozano insisted that, if Ms. Gallardo Martinez wanted Lozano to defend her in those proceedings, she would need to pay at least an additional $18,000.

4.291   On December 2, 2025, USCIS denied Mr. Erendira Nava's residency application. USCIS did so as a result of a permanent bar. Lozano was aware that Mr. Erendira Nava was subject to a permanent bar when retained, but failed to appropriately advise Mr. Erendira Nava regarding the effects of that permanent bar and failed to appropriately and effectively seek a waiver of that bar.

4.292   Instead of appropriately seeking a waiver, Lozano frivolously argued that abuse of Mr.

FIRST AMENDED COMPLAINT - 64

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Erendira Nava's ten-month-old daughter was connected to his prior immigration violations. It objectively was not. Lozano knew or should have known that the argument was frivolous and had no chance of success at the time it presented it to USCIS.

4.293  Following the denial of Mr. Erendira Nava's residency application, Lozano encouraged him to seek a T-Visa. Mr. Erendira Nava is not eligible for a T-Visa and Lozano knew or should have known that any argument to the contrary was frivolous and had no chance at success.

4.294  Mr. Erendira Nava has not been referred to the immigration court yet. However, Mr. Erendira Nava is at a high risk of summary deportation because of a prior removal.

4.295  Ms. Gallardo Martinez and Mr. Erendira Nava have been forced to retain new immigration counsel to represent them following the issues caused by Lozano. Ms. Gallardo Martinez and Mr. Erendira Nava have paid their new immigration counsel $12,000 for their representation.

4.296  Ms. Gallardo Martinez did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 29, 2025.

4.297  Mr. Erendira Nava did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least December 2, 2025.

4.298  As a result of Lozano's errors and omissions, Ms. Gallardo Martinez and Mr. Erendira Nava have suffered substantial emotional distress.

//

//

FIRST AMENDED COMPLAINT - 65

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

*Plaintiff Pedro Alberto Garcia Vidaca*

4.299   Plaintiff Pedro Alberto Garcia Vidaca retained Lozano to represent him in immigration proceedings. Mr. Garcia Vidaca is married to a United States citizen. Mr. Garcia Vidaca and his spouse have a child, who is also a United States citizen.

4.300   Mr. Garcia Vidaca paid Lozano $17,435 related to the representation.

4.301   Mr. Garcia Vidaca and his spouse initially contacted Lozano to pursue an adjustment of Mr. Garcia Vidaca's immigration status through the consular process. Mr. Garcia Vidaca was eligible for adjustment through the consular process at the time.

4.302   Mr. Garcia Vidaca and his spouse contacted Lozano because, shortly prior, Mr. Garcia Vidaca learned that he needed a kidney transplant and they were concerned about his medical situation.

4.303   Lozano steered Mr. Garcia Vidaca away from the consular process. Instead, Lozano insisted that a VAWA-based residency application was the *only* option for the family.

4.304   Mr. Garcia Vidaca and his spouse were concerned about the potential impacts of a VAWA-based residency application on his spouse and family. Lozano inaccurately assured Mr. Garcia Vidaca and his spouse that there was nothing to be concerned about.

4.305   On November 19, 2021, Lozano filed a VAWA-based residency application on behalf of Mr. Garcia Vidaca.

4.306   Lozano did not review the information it filed with Mr. Garcia Vidaca prior to filing it and did not provide Mr. Garcia Vidaca with an opportunity to review the final documents prior to filing.

4.307   The documents filed by Lozano contain inaccurate and harmful information about both Mr. Garcia Vidaca and his spouse. Lozano provided Mr. Garcia Vidaca no opportunity to

FIRST AMENDED COMPLAINT - 66

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

correct that information prior to Lozano filing the documents.

4.308  Following filing, USCIS scheduled a residency interview with Mr. Garcia Vidaca for August 25, 2025.

4.309  Prior to the residency interview, Lozano coached Mr. Garcia Vidaca and encouraged him to lie to USCIS regarding his signature. Specifically, Lozano told Mr. Garcia Vidaca to tell immigration officials that he had "wet" signed the residency application when the signature on the document was, in fact, an electronic copy of Mr. Garcia Vidaca's signature affixed by Lozano and without Mr. Garcia Vidaca's review.

4.310  On December 31, 2025, USCIS denied Mr. Garcia Vidaca's residency application because the signature on it was an electronic copy of his signature affixed by Lozano rather than an ink pen signature by Mr. Garcia Vidaca.

4.311  After the denial, Lozano encouraged Mr. Garcia Vidaca to file a motion for reconsideration and charged Mr. Garcia Vidaca an additional fee to do so. Lozano knew or should have known that any motion for reconsideration had no chance of success, but collected additional fees and proceeded nonetheless.

4.312  On April 8, 2026, USCIS referred Mr. Garcia Vidaca to the immigration court. Mr. Garcia Vidaca is scheduled for a removal hearing in December, 2026, and has been forced to retain new counsel to represent him.

4.313  As a portion of the fees paid to Lozano, Mr. Garcia Vidaca paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Garcia Vidaca's actual psychological state, but was still presented to immigration officials by Lozano.

FIRST AMENDED COMPLAINT - 67

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.314 Mr. Garcia Vidaca did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least December 31, 2025.

4.315 As a result of Lozano's errors and omissions, Mr. Garcia Vidaca has suffered substantial emotional distress.

*Plaintiff Jose Luis Ortiz Osorio*

4.316 Plaintiff Jose Luis Ortiz Osorio retained Lozano to represent him in immigration matters. Mr. Ortiz Osorio is married to a United States citizen. Mr. Ortiz Osorio initially contacted Lozano to discuss a family-petition based on that marriage.

4.317 Mr. Ortis Osorio paid Lozano at least $7,950 for the representation.

4.318 Mr. Ortiz Osorio's spouse is unable to work because of a medical condition. At the time Mr. Ortiz Osorio contacted Lozano, his employment was the family's sole source of income.

4.319 At the time of the initial consultation with Lozano, Mr. Ortiz Osorio disclosed prior unlawful entries into the United States and a criminal history. Mr. Ortiz Osorio clearly informed Lozano that his prior unlawful entries predated his marriage and the relationship with his spouse. Lozano nonetheless insisted that Mr. Ortiz Osorio should pursue a VAWA-based residency application instead of a family petition.

4.320 Lozano insisted that the VAWA-based residency application would not and could not impact Mr. Ortiz Osorio's spouse and that USCIS would not interview Mr. Ortiz Osorio as part of the process. Lozano was wrong on both counts.

4.321 On April 15, 2024, Lozano filed VAWA-based residency application documents on behalf

FIRST AMENDED COMPLAINT - 68

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

of Mr. Ortiz Osorio.

4.322   After filing, Lozano again promised Mr. Ortiz Osorio that his family was protected and could not be impacted by the filing.

4.323   Mr. Ortiz Osorio did not sign any of the VAWA and residency application documents with an ink pen. Instead, per Lozano's instructions and directions, each document was signed electronically, including through Lozano affixing copies of Mr. Ortiz Osorio's signature to the documents.

4.324   Lozano did not provide Mr. Ortiz Osorio with an opportunity to review and approve the documents prior to filing.

4.325   Mr. Ortiz Osorio only reviewed the documents filed and signed on his behalf by Lozano after his spouse obtained a copy of his file from Lozano. Mr. Ortiz Osorio recognized, upon reviewing the documents, that the declaration submitted in his name by Lozano contained inaccurate information.

4.326   On June 17, 2025, USCIS denied Mr. Ortiz Osorio's application because of the unlawful entries he disclosed to Lozano at the outset and because the documents were signed electronically rather than with a "wet" signature.

4.327   Lozano did not inform Mr. Ortiz Osorio that the application had been denied until at least three weeks after Lozano learned of the denial.

4.328   On September 8, 2025, Mr. Ortiz Osorio was detained by ICE on his way to work. Mr. Ortiz Osorio was released after the federal prosecutor refused to pursue charges based on unlawful entry.

4.329   After his initial arrest and release, Mr. Ortiz Osorio was almost immediately rearrested by ICE.

FIRST AMENDED COMPLAINT - 69

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.330 Following the second arrest, Mr. Ortiz Osorio was taken to the Northwest Detention Center in Tacoma, Washington. Mr. Ortiz Osorio remained at the Northwest Detention Center for forty-five days.

4.331 Mr. Ortiz Osorio was deported to Mexico on October 15, 2025.

4.332 Mr. Ortiz Osorio did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least June 17, 2025.

4.333 As a result of the detention and deportation following the denial of his application, Mr. Ortiz Osorio and his family have been deprived of at least $35,000 in wages Mr. Ortiz Osorio otherwise would have earned.

4.334 As a result of Lozano's acts and omissions, Mr. Ortiz Osorio has suffered substantial emotional distress.

### *Plaintiff Isidro Mendoza Jimenez*

4.335 Plaintiff Isidro Mendoza Jimenez retained Lozano to represent him in relation to immigration matters.

4.336 Mr. Mendoza Jimenez paid Lozano $15,300 related to the representation.

4.337 Mr. Mendoza Jimenez initially contacted Lozano to file for a U-Visa, a visa available to victims of certain crimes. Mr. Mendoza Jimenez knew he was not eligible for any other forms of relief but believed he was eligible for a crime-victim U-Visa.

4.338 Lozano conducted an investigation into Mr. Mendoza Jimenez immigration status and history and charged Mr. Mendoza Jimenez $3,000 to do so. The investigation confirmed Mr. Mendoza Jimenez's belief that he was not eligible for residency except based on a U-

FIRST AMENDED COMPLAINT - 70

Visa.

4.339  Although the investigation confirmed that Mr. Mendoza Jimenez was not eligible for residency, Lozano wrongly insisted that Mr. Mendoza Jimenez was eligible. Lozano charged Mr. Mendoza Jimenez $12,000 to file immigration paperwork Lozano knew or should have known was frivolous and had no chance of success.

4.340  Lozano immediately began asking Mr. Medoza Jimenez about his child. Mr. Mendoza Jimenez informed Lozano that he did not want to make any negative statements about his child and did not want to pursue a VAWA-based residency case.

4.341  Despite Mr. Mendoza Jimenez's clear instructions and desires, Lozano prepared and filed a VAWA-based residency case on Mr. Mendoza Jimenez's behalf.

4.342  The VAWA-based residency case was based on "facts" invented and made up by Lozano.

4.343  Lozano never provided an opportunity for Mr. Mendoza Jimenez to review the declaration submitted in his name. The declaration contains inaccurate statements, "facts" invented by Lozano, and untrue information.

4.344  On or around March 27, 2026, Mr. Mendoza Jimenez was detained by ICE.

4.345  Mr. Mendoza Jimenez's spouse contacted Lozano on March 27, 2026 and informed them of Mr. Mendoza Jimenez's detention. Mr. Mendoza Jimenez's spouse paid Lozano a fee to meet with Mr. Mendoza Jimenez at the Northwest Detention Center. When Lozano did not arrive, Mr. Mendoza Jimenez's spouse again contacted Lozano and was told she would have to pay $5,500 for Lozano to handle the removal matter and that an attorney was not available to Mr. Mendoza Jimenez unless that amount was paid.

4.346  On or around April 2, 2026, Mr. Mendoza Jimenez was removed from the United States by ICE. Mr. Mendoza Jimenez was brought to Mexico, where he remains.

FIRST AMENDED COMPLAINT - 71

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.347  After Mr. Mendoza Jimenez was removed to Mexico, he received and was finally able to review copies of the documents Lozano had filed on his behalf. Prior to his removal, Mr. Mendoza Jimenez was not aware that Lozano had pursued VAWA-based relief despite Mr. Medoza Jimenez's explicit instructions to not do so.

4.348  Mr. Mendoza Jimenez is now pursuing a U-Visa, the same kind of relief he initially contacted Lozano to discuss and wanted to pursue, from Mexico through new counsel.

4.349  Mr. Medoza Jimenez did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's errors and omissions until at least April 2, 2026.

4.350  As a result of Lozano's errors and omissions, Mr. Medoza Jimenez has suffered substantial emotional distress.

### *Plaintiff Angelica Isabel Solis Romero*

4.351  Plaintiff Angelica Isabel Solis Romero retained Lozano to represent her in immigration matters. At the time she retained Lozano, Ms. Solis Romero was married to a United States citizen.

4.352  Ms. Solis Romero paid Lozano at least $13,000 for the representation.

4.353  At the time she retained Lozano, Ms. Solis Romero had been in the United States since 1991, when she was three years old.

4.354  Ms. Solis Romero did not sign any documents prepared by Lozano with an ink pen. Instead, Ms. Solis Romero signed documents provided by Lozano electronically.

4.355  Lozano filed a VAWA petition and residency application on behalf of Ms. Solis Romero. Ms. Solis Romero qualified for relief under VAWA and Ms. Solis Romero's

FIRST AMENDED COMPLAINT - 72

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

VAWA petition was approved by USCIS.

4.356 Lozano drafted the declaration submitted in Ms. Solis Romero's name alongside the VAWA petition. Although Ms. Solis Romero reviewed an initial draft and provided comments correcting inaccurate information, Lozano submitted a version of the declaration which Ms. Solis Romero was not provided with, did not review prior to submission to USCIS, and which contained inaccurate information.

4.357 As a portion of the fees paid to Lozano, Ms. Solis Romero paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Solis Romero's actual psychological states, but was still presented to immigration officials by Lozano. Ms. Solis Romero's assessment took place in Lozano's office.

4.358 Lozano also filed adjustment of status paperwork on behalf of Ms. Solis Romero. Ms. Solis Romero signed her adjustment of status paperwork electronically, per instructions from Lozano.

4.359 At Ms. Solis Romero's USCIS interview, she was represented by a Lozano attorney she had not previously met, Magdalena Ceja Mendoza. Ms. Ceja Mendoza coached Ms. Solis Romero and instructed Ms. Solis Romero to inaccurately tell USCIS that she had signed her adjustment of status paperwork with an ink pen.

4.360 On February 11, 2025, Ms. Solis Romero's adjustment of status was denied as a result of the electronic signature.

4.361 Ms. Solis Romero's adjustment of status would not have been denied but for Lozano's advice and instructions regarding electronic signatures and coaching at the USCIS

FIRST AMENDED COMPLAINT - 73

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

interview related to signatures.

4.362   Ms. Solis Romero was placed in removal proceedings. Ms. Solis Romero retained new counsel to represent her in those proceedings. Ms. Solis Romero's new counsel was able to terminate the removal proceedings. Ms. Solis Romero would not have been placed in removal proceedings but for the electronic signature issue and the representation provided by Lozano.

4.363   As a result of the payments made to Lozano, Ms. Solis Romero is concerned about her ability to cover other family expenses, including those related to her daughter's quinceañera.

4.364   Ms. Solis Romero did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until February 11, 2025.

4.365   As a result of Lozano's errors and omissions, Ms. Solis Romero has suffered substantial emotional distress.

### *Plaintiff Jose Vasquez Rocete*

4.366   Plaintiff Jose Vasquez Rocete retained Lozano to represent him in immigration matters.

4.367   Mr. Vasquez Rocete paid Lozano $13,610 for the representation.

4.368   Prior to retaining Lozano, Mr. Vasquez Rocete initiated the family petition process with his husband, a United States citizen and disabled veteran. Prior to retaining Lozano, Mr. Vasquez Rocete's husband withdrew the family petition as their relationship had imploded as a result of trauma Mr. Vasquez Rocete's husband suffered during his military service.

4.369   Lozano filed VAWA paperwork and an adjustment of status on behalf of Mr. Vasquez

FIRST AMENDED COMPLAINT - 74

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

Rocete. Mr. Vasquez Rocete had a valid basis for the VAWA filing.

4.370  As a portion of the fees paid to Lozano, Mr. Vasquez Rocete paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Vasquez Rocete's actual psychological state, but was still presented to immigration officials by Lozano.

4.371  Mr. Vasquez Rocete's VAWA case was approved by USCIS on February 22, 2024.

4.372  On April 9, 2026, USCIS denied Mr. Vasquez Rocete's residency application because Lozano attached Mr. Vasquez Rocete's electronic signature to the residency application rather than Mr. Vasquez Rocete signing the application with an ink pen. An attorney acting within the standard of care would not have attached Mr. Vasquez Rocete's electronic signature and would have advised Mr. Vasquez Rocete to sign the application with an ink pen.

4.373  As a result of the acts and omissions of Lozano, Mr. Vasquez Rocete has been forced to retain substitute counsel to resolve issues created by Lozano's acts and omissions. Mr. Vasquez Rocete has paid his substitute counsel approximately $5,000.

4.374  As a result of the acts and omissions of Lozano, Mr. Vasquez Rocete has suffered substantial emotional distress.

### Plaintiff Martin Gonzalez Garibay

4.375  Plaintiff Martin Gonzalez Garibay retained Lozano to represent him in immigration matters.

4.376  Mr. Gonzalez Garibay paid Lozano $25,925 for the representation.

FIRST AMENDED COMPLAINT - 75

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.377  Mr. Gonzalez Garibay is married to a lawful permanent resident of the United States and has three adult children, each of whom are United States citizens.

4.378  At the time he retained Lozano, Mr. Gonzalez Garibay was eligible for a regular adjustment of status because he last entered the United States with authorization.

4.379  Instead of the regular adjustment he was eligible for, Lozano steered Mr. Gonzalez Garibay to apply for residency under VAWA. An attorney acting within the standard of care would not have steered Mr. Gonzalez Garibay to apply for residency under VAWA instead of the regular process.

4.380  As a portion of the fees paid to Lozano, Mr. Gonzalez Garibay paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Gonzalez Garibay's actual psychological states, but was still presented to immigration officials by Lozano.

4.381  On July 9, 2024, USCIS approved Mr. Gonzalez Garibay's genuine and valid VAWA application.

4.382  On December 11, 2025, USCIS denied Mr. Gonzalez Garibay's residency application. USCIS explicitly denied Mr. Gonzalez Garibay's residency application because Mr. Gonzalez Garibay did not sign his residency application with an ink pen and his signature was, instead, electronically affixed to the application by Lozano.

4.383  An attorney acting within the standard of care would have advised Mr. Gonzalez Garibay to sign his residency application with an ink pen and would not have electronically attached his signature.

4.384  After USCIS denied Mr. Gonzalez Garibay's residency application, Lozano convinced

FIRST AMENDED COMPLAINT - 76

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

him to file a motion for reconsideration, charging him $2,500 to do so. Lozano knew or should have known that any motion for reconsideration on this issue was frivolous and would be denied. An attorney acting within the standard of care would not have advised Mr. Gonzalez Garibay to file a frivolous motion for reconsideration which they knew or should have known would be denied.

4.385   On April 2, 2026, Lozano convinced Mr. Gonzalez Garibay that it should refile his residency application. Lozano charged Mr. Gonzalez Garibay $5,500 to do so. Lozano never completed the work or refiled Mr. Gonzalez Garibay's residency application, but also has not returned the money it charged Mr. Gonzalez Garibay.

4.386   On April 14, 2026, Mr. Gonzalez Garibay received a Notice to Appear issued by USCIS, scheduling an initial removal hearing for August 4, 2026. Lozano attempted to charge Mr. Gonzalez Garibay an additional $5,000 to represent him at the removal hearing. Mr. Gonzalez Garibay determined that he would retain other counsel.

4.387   Mr. Gonzalez Garibay would have received permanent residency but for the acts and omissions of Lozano.

4.388   Mr. Gonzalez Garibay did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until April 14, 2026.

4.389   As a result of the acts and omissions of Lozano, Mr. Gonzalez Garibay has suffered substantial emotional distress.

### *Plaintiff Martha Elizabeth Chavez Gomez*

4.390   Plaintiff Martha Elizabeth Chavez Gomez retained Lozano to represent her and her spouse in immigration matters.

FIRST AMENDED COMPLAINT - 77



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.391   Ms. Chavez Gomez paid Lozano a total of $20,000 for the representation.

4.392   At the time Ms. Chavez Gomez retained Lozano, Ms. Chavez Gomez was eligible to adjust her immigration status. Ms. Chavez Gomez entered the United States on a tourist visa and was eligible for a family-based petition through her son.

4.393   Despite Ms. Chavez Gomez's eligibility to adjust her immigration status, Lozano advised her that she was *only* eligible for a VAWA adjustment. An attorney acting within the standard of care would not have advised Ms. Chavez Gomez that she was *only* eligible for a VAWA adjustment and would have pursued the family-based petition for which she was eligible.

4.394   Lozano filed a VAWA petition on behalf of Ms. Chavez Gomez.

4.395   On May 23, 2025, USCIS denied the VAWA petition filed by Lozano on behalf of Ms. Chavez Gomez.

4.396   As a result of the denial of the VAWA petition, Ms. Chavez Gomez was referred to the immigration courts and is currently in deportation proceedings.

4.397   Ms. Chavez Gomez would not have been in deportation proceedings but for the VAWA petition and related advice provided by Lozano. If Ms. Chavez Gomez had followed the family adjustment process she was eligible for, she would not have faced any meaningful risk of deportation.

4.398   Ms. Chavez Gomez did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until May 23, 2025.

4.399   As a result of the negligent representation provided by Lozano, Ms. Chavez Gomez has been forced to retain new immigration counsel to represent her in the deportation proceedings.

FIRST AMENDED COMPLAINT - 78

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.400   As a result of the acts and omissions of Lozano, Ms. Chavez Gomez has suffered substantial emotional distress.

### Plaintiff Diana Yazmin Barajas Horta

4.401   Plaintiff Diana Yazmin Barajas Horta retained Lozano to file a VAWA-based residency application.

4.402   Ms. Barajas Horta paid Lozano a total of $16,560 related to the representation.

4.403   On November 19, 2024, USCIS approved Ms. Barajas Horta's VAWA application. Ms. Barajas Horta's claims under VAWA were genuine and valid.

4.404   Prior to Ms. Barajas Horta's residency interview, Lozano pressured Ms. Barajas Horta to tell USCIS that she had signed the residency application with an ink pen. Ms. Barajas Horta had not signed the application with an ink pen and Lozano was aware of that fact as Lozano had affixed a copy of Ms. Barajas Horta's electronic signature to the residency application.

4.405   On September 19, 2025, USCIS denied Ms. Barajas Horta's residency application.

4.406   USCIS denied Ms. Barajas Horta's residency application because, instead of Ms. Barajas Horta's "wet" signature, the application contained an electronic copy of Ms. Barajas Horta's signature affixed to the document by Lozano.

4.407   After the denial, which was based on Lozano's errors alone, Lozano offered to file a motion for reconsideration if Ms. Barajas Horta paid Lozano an additional $10,000. As Lozano knew or should have known at the time, a motion for reconsideration would have had little to no chance of success.

4.408   Lozano also offered to refile the residency case, which again was denied solely because of Lozano's errors, if Ms. Barajas Horta paid Lozano an additional $10,000.

FIRST AMENDED COMPLAINT - 79

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.409   Ms. Barajas Horta expects USCIS to refer her to the immigration court for removal proceedings in the near future.

4.410   As a portion of the fees paid to Lozano, Ms. Barajas Horta paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Barajas Horta's actual psychological state, but was still presented to immigration officials by Lozano.

4.411   Ms. Barajas Horta did not and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least September 19, 2025.

4.412   As a result of Lozano's acts and omissions, Ms. Barajas Horta has suffered substantial emotional distress.

### *Plaintiff Idalia Guzman Vidals*

4.413   Plaintiff Idalia Guzman Vidals and her spouse retained Lozano to assist in adjusting their immigration status.

4.414   Ms. Guzman Vidals paid Lozano $13,825 related to the representation.

4.415   Ms. Guzman Vidals informed Lozano that she was subject to a permanent bar based on prior immigration violation. Ms. Guzman Vidals's spouse was not subject to a similar bar.

4.416   Ms. Guzman Vidals's spouse's VAWA petition and residency application were approved by USCIS.

4.417   Ms. Guzman Vidal's valid VAWA petition, which was based on the same circumstance

FIRST AMENDED COMPLAINT - 80

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

as that of her spouse, was approved by USCIS on April 27, 2022.

4.418 On December 2, 2024, USCIS denied Ms. Guzman Vidals' residency application because of the permanent bar that Ms. Guzman Vidals had described to Lozano.

4.419 Lozano attempted to address the permanent bar through a waiver filed alongside Ms. Guzman Vidals' VAWA-based residency application. The arguments asserted by Lozano in the waiver were frivolous and had no chance of success. Lozano argued that Ms. Guzman Vidals' prior immigration violation was related to abuse Ms. Guzman Vidals had suffered at the hand of her child. At the time of Ms. Guzman Vidals' prior immigration violation, Ms. Guzman Vidals's child was an infant. There was no plausible causal connection between the prior immigration violation and abuse by Ms. Guzman Vidal's infant child.

4.420 On June 2, 2025, USCIS referred Ms. Guzman Vidals to the immigration court. Ms. Guzman Vidals is currently in removal proceedings.

4.421 As a portion of the fees paid to Lozano, Ms. Guzman Vidals paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Guzman Vidals's actual psychological state, but was still presented to immigration officials by Lozano.

4.422 Ms. Guzman Vidals did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least December 2, 2024.

4.423 As a result of Lozano's acts and omissions, Ms. Guzman Vidals has suffered substantial emotional distress.

FIRST AMENDED COMPLAINT - 81

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

***Plaintiff Ricardo Reynoso Jaimes***

4.424  Plaintiff Ricardo Reynoso Jaimes retained Lozano to represent him in immigration matters.

4.425  Mr. Reynoso Jaimes paid Lozano $16,424 related to the representation.

4.426  Mr. Reynoso Jaimes retained Lozano to file a VAWA-based residency application on his behalf. Mr. Reynoso Jaimes had a viable claim for relief under VAWA at the time he retained Lozano.

4.427  Lozano filed Mr. Reynoso Jaimes VAWA-based residency application on September 14, 2023.

4.428  Lozano filed the applications and accompanying declaration without reviewing them with Mr. Reynoso Jaimes.

4.429  Lozano affixed an electronic copy of Mr. Reynoso Jaimes's signature to the documents without reviewing the documents with Mr. Reynoso Jaimes. Mr. Reynoso Jaimes did not "wet" sign the documents; Lozano did not provide Mr. Reynoso Jaimes with any opportunity to "wet" sign them.

4.430  After submission of the VAWA-based residency application, USCIS granted Mr. Reynoso Jaimes advanced parole, which permitted Mr. Reynoso Jaimes to travel while his application was pending.

4.431  At the time USCIS granted Mr. Reynoso Jaimes advanced parole, Mr. Reynoso Jaimes had been living in the United States for more than twenty-five years.

4.432  Mr. Reynoso Jaimes traveled to Mexico in April 2026 based on the advanced parole determination.

4.433  Mr. Reynoso Jaimes attempted to return to the United States on May 8, 2026.

FIRST AMENDED COMPLAINT - 82

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.434  United States Border Patrol agents detained and interrogated Mr. Reynoso Jaimes at SeaTac International Airport upon his return to the United States.

4.435  Border Patrol agents determined that the declaration prepared by Lozano and to which Lozano affixed an electronic copy of Mr. Reynoso Jaimes's signature without reviewing it with Mr. Reynoso Jaimes contained false statements.

4.436  Mr. Reynoso Jaimes was prevented from entering the United States based on the Border Patrol agents' determination about the declaration prepared and filed by Lozano.

4.437  As a portion of the fees paid to Lozano, Mr. Reynoso Jaimes paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Reynoso Jaimes's actual psychological state, but was still presented to immigration officials by Lozano.

4.438  Mr. Reynoso Jaimes did not discover and could not have reasonably discovered Lozano error and the impacts of and injuries caused by those errors until he was prevented from reentering the United States on May 8, 2026.

4.439  As a result of Lozano's acts and omissions, Mr. Reynoso Jaimes has suffered substantial emotional distress.

### *Plaintiff Ana Leticia Rangel Salinas*

4.440  Plaintiff Ana Leticia Rangel Salinas retained Lozano to represent her in applying for a U-Visa.

4.441  Ms. Rangel Salinas paid Lozano a total of $13,000 related to the representation.

4.442  Ms. Rangel Salins is a single mother to three children, each of whom are United States

FIRST AMENDED COMPLAINT - 83

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

citizens.

4.443  Ms. Rangel Salinas is a victim of a crime that qualifies her to apply for a U-Visa. Ms. Rangel Salinas confirmed her eligibility for a U-Visa with two prior attorneys before attending a consultation with Lozano.

4.444  Lozano did not file for a U-Visa on behalf of Ms. Rangel Salinas. Instead, Lozano filed for a T-Visa on behalf of Ms. Rangel Salinas.

4.445  Ms. Rangel Salinas did not sign the paperwork submitted on her behalf by Lozano. Instead, Lozano affixed an electronic copy of Ms. Rangel Salinas's signature to the documents, along with a stamped copy of Ms. Lozano's signature.

4.446  While Ms. Rangel Salinas would likely have qualified for a U-Visa, Ms. Rangel Salinas is unlikely to be eligible for a T-Visa as the facts of her case do not support issuance of a T-Visa.

4.447  It is likely that the T-Visa application Lozano filed on behalf of Ms. Rangel Salinas will be denied and that Ms. Rangel Salinas will be referred to the immigration court for removal proceedings.

4.448  Ms. Rangel Salinas has been forced to retain new counsel to represent her in immigration matters as a result of Lozano's acts and omissions. Ms. Rangel Salinas has paid her new counsel $5,000.

4.449  Ms. Rangel Salinas did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until the date on which she obtained copies of the T-Visa paperwork filed by Lozano.

4.450  As a result of Lozano's acts and omissions, Ms. Rangel Salinas has suffered substantial emotional distress.

FIRST AMENDED COMPLAINT - 84

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

***Plaintiffs Ma Pabla Prieto Muniz and Jose Jesus Medina Juarez***

4.451   Plaintiffs Ma Pabla Prieto Muniz and Jose Jesus Medina Juarez retained Lozano to represent them in immigration matters.

4.452   Ms. Prieto Muniz and Mr. Medina Juarez paid Lozano $20,300 related to the representation.

4.453   Ms. Prieto Muniz retained Lozano to file for a VAWA-based adjustment of status.

4.454   Ms. Prieto Muniz refused to provide her signature for Lozano's blanket use and insisted on reviewing any documents Lozano intended to file with USCIS before the documents were filed.

4.455   Lozano prepared a VAWA declaration on behalf of Ms. Prieto Muniz. The VAWA declaration contained numerous false statements and exaggerations. Each false statement and exaggeration was created by Lozano.

4.456   Once she had reviewed the VAWA declaration, she refused to sign it and directed Lozano to not file anything with USCIS on her behalf.

4.457   Ms. Prieto Muniz requested that Lozano return the money she had paid given that Lozano created a false or fraudulent declaration and provided no other substantive work. Lozano refused to refund any of the money paid by Ms. Prieto Muniz and has not returned any of it.

4.458   As a portion of the fees paid to Lozano, Ms. Prieto Muniz paid for a psychological assessment. On information and belief, this assessment was performed by Salud Total, LLC. The psychological evaluation either did or would have falsely represented Ms. Prieto Muniz's actual psychological state, but Lozano still intended to presented it to immigration officials.

FIRST AMENDED COMPLAINT - 85

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

4.459   Mr. Medina Juarez hired Lozano to prepare a T-Visa application based on Lozano's instruction that a T-Visa application was appropriate for his circumstances.

4.460   There was no legal basis for a T-Visa in Mr. Medina Juarez's case.

4.461   Mr. Medina Juarez insisted, like Ms. Prieto Muniz, that he would review any application or declaration before signing it and before Lozano filed it with USCIS.

4.462   Lozano prepared a declaration in support of Mr. Medina Juarez's T-Visa application. The declaration includes multiple false statements about circumstances invented by Lozano and which do not accurately reflect the actual circumstances of Mr. Medina Juarez's situation and life experience. The declaration also exaggerates certain facts in such a way to make the representation of the described circumstances untrue and inaccurate.

4.463   Mr. Medina Juarez refused to sign the documents prepared by Lozano and refused to allow Lozano to file anything it had prepared on his behalf.

4.464   Mr. Medina Juarez requested that Lozano return the amounts he had paid it given the fraudulent declaration and lack of any additional work by the firm. Lozano refused to return any of the money paid by Mr. Medina Juarez and has not returned any of that money.

4.465   Ms. Prieto Muniz did not discover and could not reasonably have discovered Lozano's errors or the impacts of and injuries caused by those errors until sometime after September 10, 2024, the date she first retained Lozano.

4.466   Mr. Medina Juarez did not discover and could not reasonably have discovered Lozano's errors or the impacts of and injuries caused by those errors until sometime after September 10, 2024, the date he first retained Lozano.

FIRST AMENDED COMPLAINT - 86

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

***Plaintiff Fabiola Sosa Rodriguez***

4.467   Plaintiff Fabiola Sosa Rodriguez retained Lozano to represent her in immigration matters.

4.468   Ms. Sosa Rodriguez paid Lozano $15,000 related to the representation.

4.469   Ms. Sosa Rodriguez retained Lozano in part because Lozano offered her a money-back guarantee.

4.470   Lozano filed a VAWA-based residency application on behalf of Ms. Sosa Rodriguez.

4.471   On October 17, 2018, USCIS approved Ms. Sosa Rodriguez's genuine and valid VAWA application.

4.472   USCIS subsequently issues a Notice of Intent to Deny Ms. Sosa Rodriguez's residency application.

4.473   Lozano entirely failed to respond to USCIS's Notice of Intent to Deny Ms. Sosa Rodriguez's residency application.

4.474   USCIS denied Ms. Sosa Rodriguez's residency application because Lozano failed to respond to the Notice of Intent to Deny.

4.475   On April 21, 2025, USCIS referred Ms. Sosa Rodriguez to the immigration court for removal proceedings.

4.476   Despite Lozano's failures, Lozano has not honored the money-back guarantee it offered to Ms. Sosa Rodriguez and has not returned any of the money Ms. Sosa Rodriguez paid to Lozano.

4.477   Ms. Sosa Rodriguez did not discover and could not reasonably have discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least April 21, 2025.

FIRST AMENDED COMPLAINT - 87

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

4.478   As a result of Lozano's acts and omissions, Ms. Sosa Rodriguez has suffered substantial emotional distress.

### *Defendants' Deceptive and Exploitative Marketing and Marketing Practices*

4.479   Defendants marketing and marketing practices included deceptive statements about their services and successes, including as detailed above.

4.480   Defendants marketing and marketing practices exploited two interconnected concepts: *milagros* ("miracles") and the *Virgen de Guadalupe*.

4.481   Both concepts have deep meaning for Catholics of Mexican and Latin American ancestry, including immigrants to the United States. Lozano deceptively and unfairly leverages the deep meaning and cultural context in marketing targeting Lozano's intended, preferred, and typical clients—namely Mexican Catholic immigrants.

4.482   The *Virgen de Guadalupe* is a Marian apparition who appeared outside present day Mexico City on four occasions in December, 1531. Since 1531, the *Virgen de Guadalupe* has acquired a complex cultural and religious meaning in Mexican and Latin American culture. The *Virgen de Guadalupe* is both a venerated religious figure capable of performing miracles and a unifying symbol of Mexico.

4.483   Lozano marketed services through "miracles" and the *Virgen de Guadalupe* across online platforms. Lozano's online accounts were blanketed with language and imagery related to "miracles," the *Virgen de Guadalupe*, and Ms. Lozano herself.

4.484   Lozano's website prominently displayed images of the *Virgen de Guadalupe* alongside Ms. Lozano, her name, and the phrase "abogada de los milagros." For example:

FIRST AMENDED COMPLAINT - 88



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907



*Figure 6. Screenshot of Lozano Firm Website Captured May 2, 2026.*

4.485   Similarly, Lozano's Instagram content consistently included references to "miracles" and imagery and iconography associated with the *Virgen de Guadalupe*. For example:

//

//

//

//

//

//

//

//

FIRST AMENDED COMPLAINT - 89



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

*Figure 7. Collection of Lozano Instagram Posts Captured on April 30, 2026.*

4.486    The YouTube channel controlled by Lozano also consistently contained video content and related content referencing or including "miracles" and the *Virgen de Guadalupe*.

4.487    Taken as a whole, Lozano's marketing materials created the impression that Ms. Lozano is capable of performing miracles because of her association with the *Virgen de Guadalupe* and the Catholic church, and that Lozano represents and follows the values associated with the *Virgen de Guadalupe* and provides legal services as a religious or charitable undertaking, rather than for personal profit.

4.488    Further, taken as a whole, Lozano's marketing materials created inaccurate impressions regarding Lozano's ability to obtain successful immigration outcomes for clients.

4.489    The impressions created by Lozano's marketing material are false, deceptive, or

FIRST AMENDED COMPLAINT - 90

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

misleading.

*Defendants' Use of Assets and Commingling*

4.490   Throughout the period from 2015 through 2026, Ms. Lozano's source of income was revenue from the Lozano Firm and the entity Defendants. The revenue of the Lozano Firm consisted of flat fees paid by clients, including Plaintiffs, for the standardized product described in this Complaint. Those fees were deposited into accounts owned or controlled by Ms. Lozano and the entity Defendants and were commingled with one another. Each withdrawal used to acquire an asset is traceable to client fees, including fees paid by Plaintiffs.

4.491   Each Defendant holding record title to, or a beneficial interest in, Lozano's assets took and holds that interest with knowledge of the source of the funds used to acquire it. No Defendant is a bona fide purchaser for value without notice.

## V.    TIMELINESS AND TOLLING

5.1   Plaintiffs incorporate Paragraphs 1.1 through 4.491 as if fully stated herein.

5.2   No Plaintiff discovered, and no Plaintiff in the exercise of reasonable diligence could have discovered, the factual basis of their claims before the dates identified in the individual allegations in Section IV.

   a.   Plaintiffs did not learn that electronic signatures had been affixed to their filings until USCIS denied applications on that basis or Plaintiffs obtained their USCIS files.

FIRST AMENDED COMPLAINT - 91

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

b.    Plaintiffs did not learn that declarations had been prepared and filed without their review until they obtained those declarations or encountered their consequences.

c.    Plaintiffs did not learn of Defendants' undisclosed financial interest in the evaluation entities until the facts became public through the Washington State Bar Association proceedings.

5.3    The limitations period on each claim is also tolled by fraudulent concealment. Defendants committed affirmative acts of concealment, including:

a.    Instructing clients to sign blank pages and blank forms before the corresponding documents were prepared;

b.    Instructing clients to state falsely to USCIS officers that they had personally signed their filings in ink;

c.    Withholding USCIS correspondence from clients, including Requests for Evidence, Notices of Intent to Deny, and denial notices;

d.    Falsely assuring clients that their matters were progressing normally; and

e.    Failing to disclose Defendants' financial interest in En Solidaridad, LLC, and Salud Total, LLC.

5.4    Plaintiffs exercised reasonable diligence and could not have discovered their claims earlier because these acts of concealment were integral to the scheme's design.

5.5    The limitations period on claims arising from the representation is further tolled under the continuous representation rule, which tolls the statute of limitations until the end of the attorney's representation of the client in the same matter in which the alleged malpractice occurred. Each Plaintiff was continuously represented by Lozano from the

FIRST AMENDED COMPLAINT - 92

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

date of retention until, at the earliest, the date Lozano last acted or communicated on the Plaintiff's behalf, and in most instances until the firm's closure on June 10, 2026. During the representation, Plaintiffs reasonably relied on Lozano to correct its own errors, respond to USCIS correspondence, and report the true status of their matters.

## VI.     FIRST CAUSE OF ACTION—VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. §§ 1962 (a)-(d)
### (Against All Defendants)

6.1    Plaintiffs incorporate Paragraph 1.1 through 5.5 as if fully stated herein.

6.2    Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to its operation of offices in multiple states, its efforts to market to clients or potential clients in multiple states, and its representation of clients in immigration-related proceedings before federal agencies, tribunals, and courts in multiple states, including before immigration courts and related to USCIS activities in at least Washington, Vermont, and each state where La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, formerly operated offices.

6.3    Defendant En Solidaridad, LLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to purported, but illusory, "evaluations" of clients in immigration-related proceedings before federal agencies, tribunals, and courts sited in multiple states including before immigration courts and related to USCIS activities in at least Washington, Vermont, and each state where La Luz del Camino

FIRST AMENDED COMPLAINT - 93

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046 P/ 206.621.1871   F/ 206.621.9907

Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, formerly operated offices..

6.4     Defendant Salud Total, LLC, is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to purported, but illusory, "evaluations" of clients in immigration-related proceedings before federal agencies, tribunals, and courts sited in multiple states, including before immigration courts and related to USCIS activities in at least Washington, Vermont, and in each state where La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, formerly operated offices.

6.5     Defendants Amiga Lawyers, LLC, and Ally Lozano, LLC, are enterprises engaged in and whose activities affect interstate commerce, including but not limited to through their efforts to train and/or coordinate with third parties in multiple states on means, methods, and practices to engage in the same types of unlawful activities as described in this Complaint.

6.6     Defendants Sueno Cumplido, LLC is an enterprise engaged in and whose activities affect interstate commerce, including but not limited to through operation, ownership, control, or use of an aircraft in multiple states in support of the schemes and activities described herein.

6.7     Defendants 5 Branches Holding Company, LLC and Five Star Legacy Trust are enterprises engaged in and whose activities affect interstate commerce, including but not limited to transfers of monies between states and internationally, ownership and control of property in multiple states and internationally, and ownership and control of foreign corporations, including in Colombia, as described in the Complaint.

FIRST AMENDED COMPLAINT - 94

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

6.8    The entities named in Paragraphs 6.2 through 6.7 collectively constitute an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4). The entities named in Paragraphs 5.2 to 5.7 are hereafter referred to as the "Lozano Enterprise Entities" and the enterprise hereafter referred to as the "Lozano Enterprise."

6.9    Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 agreed to and did participate in conduct of Lozano Enterprise Entities and Lozano Enterprise through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs and the United States. Specifically, Defendants filed immigration paperwork which they knew was invalid, insufficient, or improper; filed baseless immigration paperwork; participated in a scheme to falsify psychiatric and medical evaluations in immigration proceedings; trained or instructed other individuals and entities in how to engage in the same bad acts as alleged herein; and filed paperwork in immigration proceedings with fraudulent, forged, or otherwise improper applicant signatures.

6.10    The conduct of the Lozano Enterprise Entities and Lozano Enterprise in furtherance of their scheme include repeat violations of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1546, each a predicate offense for the purposes of 18 U.S.C. § 1962.

6.11    The conduct of Alexandra Lozano Kennedy, the Lozano Enterprise Entities, and each of the Defendants, violated 18 U.S.C. § 1341 because, as alleged herein, the conduct constituted a scheme to defraud Plaintiffs. Specifically, Defendants schemed to file false or fraudulent immigration documents with improperly affixed signatures through the mails and used the United States mail and/or private interstate carriers in carrying out their schemes. Defendants engaged in the scheme with the intent to defraud clients or potential clients.

FIRST AMENDED COMPLAINT - 95

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871    F/ 206.621.9907

6.12    Specific instances of mail fraud in violation of 18 U.S.C. § 1341, each a predicate act, include the following:

a.    On or about February 19, 2021, the Lozano Firm submitted Plaintiff Gerardo Prado Rivera's VAWA petition and accompanying residency application to USCIS by United States mail or private interstate carrier, bearing an electronic copy of a signature obtained by having Mr. Prado Rivera sign a blank page on or about February 11, 2021, and applied to documents he had not reviewed. (¶¶ 4.131-4.144)

b.    On or about November 15, 2021, the Lozano Firm submitted VAWA petitions and accompanying applications on behalf of Plaintiffs Carlos Enrique Navarro Ceja and Maria Guadalupe Fernandez Rayas to USCIS by mail or private interstate carrier, each bearing an electronically affixed signature and accompanied by declarations these Plaintiffs were not given the opportunity to review. (¶¶ 4.177-4.209)

c.    On or about January 25, 2021, the Lozano Firm submitted a VAWA adjustment application on behalf of Plaintiff Gabriel Martinez Garcia to USCIS by mail or private interstate carrier, bearing an electronically affixed signature; Mr. Martinez Garcia had never visited a Lozano office, and Lozano later instructed him to state falsely to USCIS that he had signed each form in ink at a Lozano office. (¶¶ 4.119-4.130)

d.    On or about July 19, 2021, the Lozano Firm submitted a VAWA-based residency application and declaration on behalf of Plaintiff Joaquin Coto Roman to USCIS by mail or private interstate carrier, without his review or

FIRST AMENDED COMPLAINT - 96

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

approval and containing information inconsistent with what he had provided. (¶¶ 4.210-4.229)

e.  On or about September 14, 2023, the Lozano Firm submitted Plaintiff Ricardo Reynoso Jaimes's VAWA-based residency application and declaration to USCIS by mail or private interstate carrier, bearing an electronic copy of his signature affixed without his review and containing statements later identified by U.S. Border Patrol as grounds to deny him reentry. (¶¶ 4.424-4.439)

f.  On or about April 15, 2024, the Lozano Firm submitted VAWA-based residency application documents on behalf of Plaintiff Jose Luis Ortiz Osorio to USCIS by mail or private interstate carrier, each signed electronically and accompanied by a declaration he was not permitted to review or correct. (¶¶ 4.316-4.334)

g.  In or around June 2024, the Lozano Firm transmitted by mail or private interstate carrier a response to USCIS's April 23, 2024 Request for Evidence in the matters of Plaintiffs Gerardo Prado Rivera and Aurora Lizzette Leal Rubio. The Request for Evidence expressly demanded original signatures; the response was assembled from new blank-page signatures the firm had solicited from each Plaintiff. (¶¶ 4.131-4.144; ¶¶ 4.145-4.161)

h.  Additional mail fraud predicate acts were committed with respect to each remaining Plaintiff, as alleged in the individual allegations in Section IV, and, on information and belief, with respect to thousands of other clients. The specific mailing dates and USCIS destinations of those additional

FIRST AMENDED COMPLAINT - 97

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

transmissions are within the exclusive knowledge of Defendants and USCIS and will be identified through discovery.

6.13  The conduct of Alexandra Lozano Kennedy, the Lozano Enterprise Entities, and each of the Defendants, violated 18 U.S.C. § 1343 because, as alleged herein, the conduct constituted a scheme to defraud Plaintiffs. The Defendants designed and carried out a scheme to defraud current and prospective clients out of money, acting with intent to defraud. The scheme included taking payment for filing false or fraudulent immigration documents, training or instructing third parties to do the same, and running deceptive and misleading marketing online, including on TikTok, YouTube, and Lozano's website, using interstate wire communications. Defendants engaged in the scheme with the intent to defraud clients or potential clients. It was reasonably foreseeable that interstate wire communications would be used in the scheme.  Specific instances of wire fraud in violation of 18 U.S.C. § 1343, each a predicate act, include:

a.    The continuous operation, from approximately 2014 through June 10, 2026, of the Lozano Firm's website and social media accounts transmitting the deceptive marketing alleged in Paragraphs 4.479 through 4.489 by interstate wire to prospective clients in multiple states;

b.    On or about October 21, 2020, the electronic instruction to Plaintiffs Gerardo Prado Rivera and Aurora Lizzette Leal Rubio directing each to apply a digital signature to signature pages of immigration forms before the forms had been completed; and

c.    The electronic communications with Plaintiffs and transmission of retainer agreements, blank signature pages, and immigration forms to and from

FIRST AMENDED COMPLAINT - 98

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

Plaintiffs as alleged in the individual allegations in Section IV. (*See, e.g.,* ¶¶ 4.124; 4.139; 4.146; 4.148-4.149; 4.156; 4.195; 4.354)

6.14    The conduct of Alexandra Lozano Kennedy, the Lozano Enterprise Entities, and each of the Defendants, violated 18 U.S.C. § 1546 because, as alleged herein, the conduct constituted submission of forged or false documents and statements in immigration matters.

6.15    The predicate acts alleged herein are related: they shared the same or similar purposes (the extraction of fees through improper filings), results, participants, victims (immigrant clients of the Lozano Firm), and methods of commission. The conduct alleged herein continued from at least 2014 until the Lozano Firm's closure on June 10, 2026 — a closed period of  duration involving thousands of separate filings on behalf of thousands of clients.

6.16    The violations of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1546, as described herein, constitute a pattern of racketeering activities. Defendants have committed many thousands of violations of each of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1546 in the past ten years, including with respect to Plaintiffs and Plaintiffs' immigration proceedings.

6.17    The activities listed above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

6.18    Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 derived income from the Lozano Enterprise, the Lozano Enterprise Entities, and the activities described herein. Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 used and invested income that was derived from the pattern of racketeering activity alleged herein

FIRST AMENDED COMPLAINT - 99

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

in an interstate enterprise, namely in the operations of the Lozano Enterprise Entities, in violation of 18 U.S.C. § 1962(a).

6.19 Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 have directly and indirectly acquired and maintained interest in and control of the Lozano Enterprise Entities through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(b).

6.20 Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 have directly and indirectly conducted and participated in the conduct of the Lozano Enterprise's affairs through the pattern of racketeering and activity described herein, in violation of 18 U.S.C. § 1962(c).

6.21 Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 have intentionally conspired and agreed to conduct and participate in the affairs of the Lozano Enterprise Entities, through the pattern of racketeering activity described herein; to acquire or maintain interests in La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and other Lozano Enterprise Entities through the pattern of racketeering activity described herein; to train and/or coordinate with other individuals and entities in how to engage in the same bad acts as alleged herein; and to directly and indirectly use or invest income that is derived from the pattern of racketeering activity described herein in an interstate enterprise. Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described herein. The conduct of Defendants Alexandra Lozano Kennedy and Doe Individuals 1-10 constitutes a conspiracy to violate 18 U.S.C. §§ 1962(a)-(c), in

FIRST AMENDED COMPLAINT - 100

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

violation of 18 U.S.C. § 1962(d).

6.22 Defendants' violations directly and proximately caused Plaintiffs' injuries. A plaintiff need not have been the party who relied on the fraudulent representations to recover under 18 U.S.C. § 1964(c); it is sufficient that the plaintiff's injury was the direct result of the scheme. USCIS's denials of Plaintiffs' applications were not independent intervening causes; they were the foreseeable and intended consequence of submitting filings that Defendants knew bore unauthorized signatures or unsupportable contents. The only but-for and proximate cause of each Plaintiff's injury — fees paid, remedies lost, removal exposure incurred — was Defendants' conduct.

## VII.   SECOND CAUSE OF ACTION—LEGAL MALPRACTICE
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

7.1 Plaintiffs incorporate Paragraphs 1.1 through 6.22 as if fully stated herein.

7.2 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, had an attorney-client relationship with Plaintiffs.

7.3 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their duties to Plaintiffs and acted in a manner which a reasonable, careful, and prudent attorney in Washington, or the jurisdiction where the breach occurred, would not have, including by:

   a.   Advising certain Plaintiffs to file T-Visa or VAWA petitions when those Plaintiffs were plainly not entitled to a T-Visa or protections under VAWA;

FIRST AMENDED COMPLAINT - 101

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

b.   Improperly submitting immigration documents, including residency applications, to immigration authorities, including in a form which they knew or should have known would be rejected;

c.   Using electronic signatures on client documents even where Defendants knew or should have known that such signatures were not permitted;

d.   Failing to advise certain Plaintiffs that additional work would be required, at additional cost to those Plaintiffs, to complete the immigration proceedings, even where that necessity was obvious from the outset of the representation;

e.   Advising certain Plaintiffs to make false, inaccurate, or deceptive statements to immigration officials;

f.   Including false, inaccurate, or deceptive statements in documents drafted by Defendants and submitted to immigration officials;

g.   Submitting documents to immigration officials with client signatures affixed even though clients had not reviewed or approved the documents;

h.   Failing to file or submit responses to USCIS inquiries and notices related to certain client cases;

i.   Using captive and/or otherwise improperly influenced psychological and medical evaluators, including En Solidaridad, LLC, and Salud Total, LLC, in immigration representations;

j.   Engaging in actions during immigration representations which they knew or should have known would cause Plaintiffs and other clients to face increased scrutiny from immigration officials; and,

k.   Utilizing unlicensed non-lawyer staff to perform substantive legal work and

FIRST AMENDED COMPLAINT - 102

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

to provide legal advice.

7.4 Plaintiffs have suffered harm as a result of the breaches by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including but not limited to:

    a.    Incurring otherwise unnecessary attorney's fees and costs;

    b.    Reduced wages and decreased employment opportunities and security from those they would have received if they had obtained lawful residence status;

    c.    Adverse immigration actions;

    d.    Removal proceedings that could and should have been avoided;

    e.    Deportation;

    f.    Entry bans; and

    g.    Permanent bans.

7.5 Plaintiffs' harms were proximately caused by the breaches alleged herein.

7.6 Plaintiffs' damages were proximately caused by Defendants' breach(es).

## VIII.  THIRD CAUSE OF ACTION—BREACH OF FIDUCIARY DUTY
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

8.1 Plaintiffs incorporate Paragraphs 1.1 through 7.6 as if fully stated herein.

8.2 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, owed fiduciary duties to Plaintiffs as their attorney.

8.3 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly

FIRST AMENDED COMPLAINT - 103

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

known as Alexandra Lozano Immigration Law, PLLC, breached their fiduciary duties to Plaintiffs through acts including:

a.     Failing to disclose known costs and fees associated with representation upfront and, instead, engaging in "bait and switch" tactics;

b.     Using electronic signatures on client documents even where they knew or should have known that such signatures were not permitted;

c.     Engaging in acts, across representations, which they knew or should have known would cause Plaintiffs to face increased scrutiny from immigration officials during and after the representation;

d.     Using unlicensed non-lawyers to provide legal services to Plaintiffs; and,

e.     Failing to advise Plaintiffs regarding the potential increased scrutiny they may face from immigration authorities during and following representation by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including the potential of additional interviews with immigration officials and detention.

8.4     Plaintiffs suffered harms, including financial harms and legal harms, as a direct and proximate result of the breaches by Defendants.

### IX. FOURTH CAUSE OF ACTION—VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86 *et seq.*
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

9.1     Plaintiffs incorporate Paragraphs 1.1 through 8.4 as if fully stated herein.

FIRST AMENDED COMPLAINT - 104



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

9.2     Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, engaged in unfair or deceptive acts or practices, including:

    a.  Use of imagery and iconography of the *Virgen de Guadalupe* in marketing materials in a manner which inaccurately implied an association between the *Virgen de Guadalupe* and/or the Church, and Defendants Alexandra Lozano and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC;

    b.  Use of the phrase "abogada de los milagros" ("attorney of miracles") in marketing materials in a manner which, particularly when combined with imagery and iconography of the *Virgen de Guadalupe*, inaccurately portrayed Defendant Alexandra Lozano as capable of literally performing miracles;

    c.  Use of Mexican cultural and religious imagery in their marketing materials in such a way that it inaccurately implied a degree of honesty, trustworthiness, charity, and piousness; and,

    d.  Falsely stating, in social media posts and marketing materials, that it had assisted persons in obtaining legal permanent residency or otherwise adjusting their immigration status where Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, knew they had not done so, including when the persons featured in the posts and marketing materials, at the time the post or materials were published, were actually being held in

FIRST AMENDED COMPLAINT - 105

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

ICE detention facilities and/or subject to removal proceedings.

9.3    Additionally, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, guaranteed successful outcomes to certain clients, including at least Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez. For these clients, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, offered a money-back guarantee.

9.4    Further, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, made false and misleading statements with respect to Ms. Lozano's care for and attention to each case, including the June 10, 2026 statement that, for Ms. Lozano, "every client was like a member of her family and she cared deeply about each and every case."

9.5    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, have not returned funds paid by Plaintiffs, including Severo Lopez Contreras, Juan Manuel Villanueva Vega, and Erika Alejandra Mejia Sanchez.

9.6    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC's actions took place in trade or commerce. Specifically, Defendants' actions were part of their entrepreneurial efforts to market their legal services in Washington and other states.

9.7    Defendants' unfair and deceptive acts and practices were undertaken for entrepreneurial purposes and were not related to the case strategy nor the legal representation of any particular client.

FIRST AMENDED COMPLAINT - 106

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

9.8    Defendants' actions have the potential for repetition and have or had the capacity to injure other persons, including but not limited to each other customer and client of Defendants.

9.9    Plaintiffs were injured in their property, including but not limited to the costs and fees paid to Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and costs incurred at the direction of Lozano.

9.10    Plaintiffs' injuries were proximately caused by Defendants' unfair or deceptive acts or practices.

## X.    FIFTH CAUSE OF ACTION—BREACH OF CONTRACT
**(Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)**

10.1    Plaintiffs incorporate Paragraphs 1.1 through 9.10 as if fully stated herein.

10.2    Each Plaintiff had a written contract with Lozano.

10.3    Plaintiffs each performed fully under their contracts with Lozano.

10.4    Lozano breached their contracts with Plaintiffs, including by:

    a.    Failing to provide the promised services; and,

    b.    Providing the promised services, but doing so in a negligent or otherwise harmful matter.

10.5    Defendants' breaches of contract caused Plaintiffs financial and other harms.  Plaintiffs suffered financial and other harms as a result of Lozano's contractual breaches.

//

//

FIRST AMENDED COMPLAINT - 107

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## XI.    SIXTH CAUSE OF ACTION— NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)

11.11   Plaintiffs incorporate Paragraphs 1.1 through 10.5 as if fully stated herein.

11.12   Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10, owed contractual and common-law duties to Plaintiffs, including the fiduciary duties described herein.

11.13   Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10 breached those duties, including through:

a.    Failing to adequately advise clients of risks;

b.    Failing to file necessary paperwork, resulting in adverse immigration outcomes; and,

c.    Engaging in acts which they knew or should have known could cause adverse, and preventable, immigration outcomes;

11.14   The breaches of duties by Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10, proximately caused Plaintiffs to suffer substantial emotional distress.

11.15   The harms suffered by Plaintiffs were, in the circumstances, a reasonably foreseeable result of breaches of duties by Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10.

FIRST AMENDED COMPLAINT - 108

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

11.16  Plaintiff harms have resulted in objective symptomatology and are susceptible to medical diagnosis and provable through medical evidence.

## XI.    SEVENTH CAUSE OF ACTION—CIVIL CONSPIRACY
### (Against All Defendants)

12.1  Plaintiffs incorporate Paragraphs 1.1 through 11.16 as if fully stated herein.

12.2  Defendants combined and conspired to accomplish an unlawful purpose, namely the legal malpractice, Consumer Protection Act, and 18 U.S.C. §§ 1962 (a)-(d) violations described herein.

12.3  Defendants combined and conspired to accomplish a lawful purpose by unlawful means, namely the representation of individuals in immigration matters through fraudulent and otherwise unlawful means as described herein.

12.4  Defendants entered into an agreement or agreements between themselves to accomplish the object of their conspiracy, namely defrauding Plaintiffs and other Lozano clients and providing false, misleading, deceptive, and inaccurate information to immigration authorities.

## XII.    EIGHTH CAUSE OF ACTION—UNJUST ENRICHMENT
### (Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)

13.1  Plaintiffs incorporate Paragraphs 1.1 through 12.4 as if fully stated herein.

13.2  Plaintiffs each conferred a benefit on Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. Specifically, Plaintiffs each paid money to Alexandra Lozano Kennedy and La Luz del

FIRST AMENDED COMPLAINT - 109

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

13.3    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, were aware of and had appreciation and knowledge of the monies paid by Plaintiffs.

13.4    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, accepted and have retained the monies paid by Plaintiffs, including as legal fees earned upon receipt.

13.5    Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, retained the monies paid by Plaintiffs regardless of whether Defendants actually provided substantive legal services to Plaintiffs, caused damage to Plaintiffs, engaged in negligent acts related to Plaintiffs, caused harm to Plaintiffs, or failed to undertake efforts promised to Plaintiffs.

13.6    Defendants' retention of the benefits conferred by Plaintiffs would be unjust.

13.7    It would be inequitable and unjust under the circumstances for Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, to retain the monies paid to them by Plaintiffs.

13.8    A constructive trust should be imposed in Plaintiffs' favor on all funds and assets acquired with, or traceable to, the fees Plaintiffs paid, including real property and the Bombardier Challenger 300 aircraft bearing registration number N712AQ, and the proceeds of any sale, transfer, or other disposition of any of the foregoing.

13.9    Defendants must also disgorge all fees collected for representation tainted by the breaches of fiduciary duty alleged herein. An attorney who breaches the duty of loyalty forfeits the right to compensation for the period of the breach.

FIRST AMENDED COMPLAINT - 110

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## XIII.  NINTH CAUSE OF ACTION—VOIDABLE TRANSACTIONS, RCW 19.40 *et seq.*
### (Against All Defendants)

14.1  Plaintiffs incorporate Paragraphs 1.1 through 13.9 as if fully stated herein.

14.2  Each Plaintiff is a creditor of, and holds a claim against, the Lozano Firm and Ms. Lozano within the meaning of RCW 19.40.011. Each Plaintiff's claim arose no later than the date that Plaintiff paid fees to the Lozano Firm.

14.3  Defendants transferred assets among themselves, including funds, real property interests, and the Bombardier Challenger 300 aircraft bearing registration number N712AQ, both domestically and internationally. The transfers were made with actual intent to hinder, delay, or defraud creditors, including Plaintiffs. In the alternative, the transfers were made without receipt of reasonably equivalent value while the transferor was engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small, or while the transferor was insolvent or was rendered insolvent by the transfers.

14.4  Multiple badges of fraud identified are present:

    a.  The transfers were made to insiders. Each transferee entity is owned or controlled by Ms. Lozano, directly or through her marital community, and each transfer moved assets from an entity she controls to another entity or person she controls or with whom she shares a family or ownership relationship.

    b.  The transferors retained possession or control of the transferred assets after the transfers. Ms. Lozano remained the sole governor or trustee of each transferee entity, and, as alleged in Paragraph 4.28, Sueno Cumplido, LLC,

FIRST AMENDED COMPLAINT - 111

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871  F/ 206.621.9907

transferred title to the aircraft for Federal Aviation Administration registration purposes only while retaining beneficial use and control.

c. The transfers were concealed. The transfers were effected through a layered structure of limited liability companies and trusts and were not disclosed to clients whose fees funded the transferred assets.

d. Before the transfers were made, the transferors had been sued or threatened with suit, or were aware of regulatory investigations from which claims would foreseeably arise. Transfers continued after Defendants became aware of the USCIS and Washington State Bar Association investigations into their conduct.

e. The transfers removed substantially all of the Lozano Firm's assets. By the firm's closure on June 10, 2026, the operating entity retained insufficient assets to satisfy the claims of the clients whose fees had funded the transferred assets.

f. While Ms. Lozano has accepted service in this matter through counsel, she has physically left the jurisdiction.

g. The value of the consideration received by the transferors was not reasonably equivalent to the value of the assets transferred. On information and belief, the inter-entity transfers were not supported by documented, arm's-length consideration.

h. The transferors were insolvent or became insolvent shortly after the transfers were made, and the transfers occurred shortly before or shortly after substantial obligations were incurred, and the Lozano Firm closed without

FIRST AMENDED COMPLAINT - 112

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

satisfying refund obligations and guarantee obligations owed to its clients.

14.5    The specific dates, amounts, and transferees of the voidable transfers are within the exclusive knowledge and control of Defendants and will be identified through discovery, including through the financial records of each entity Defendant.

14.6    Plaintiffs are entitled to avoidance of the transfers to the extent necessary to satisfy their claims under RCW 19.40.071(1)(a); to attachment against the transferred assets under RCW 19.40.071(1)(b) and RCW 6.25 *et seq.*; and to injunctive relief against further disposition of the transferred assets, the appointment of a receiver, and such other relief as the circumstances require under RCW 19.40.071(1)(c).

### XIV.    TENTH CAUSE OF ACTION—DECLARATORY JUDGMENT
**(Against Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)**

15.1    Plaintiffs incorporate Paragraphs 1.1 through 14.6 as if fully stated herein.

15.2    There is an actual and justiciable controversy regarding whether Defendants had actual or legal authority to affix Plaintiffs' electronic signatures to documents submitted to USCIS.

15.3    Plaintiffs are entitled to a declaratory judgment that all electronic signatures were unauthorized or affixed without their authorization.

### XIV.    DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

//

//

FIRST AMENDED COMPLAINT - 113

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## XV.    PRAYER FOR RELIEF

WHEREFORE, having set forth their allegations, claims, and causes of action, the Plaintiffs Erika Alejandra Mejia Sanchez, Juan Manuel Villanueva Vega, Severo Lopez Contreras, Nora Patricia Murillo Moreno, Angélica Maria Barajas Horta, Ana Maria Garcia Martinez, Gabriel Martinez Garcia, Gerardo Prado Rivera, Aurora Lizzette Leal Rubio, Jose Enrique Villalon Rivera, Carlos Enrique Navarro Ceja, Maria Guadalupe Fernandez Rayas, Joaquin Coto Roman, Samanta Sinai Marin Sosa, Miguel Galvan Rodriguez, Veronica Flores Campos, Jose Margarito Muratalla Magana, Claudia Galindo Velasquez, Rosaura Gallardo Martinez, Wilson Erendira Nava, Pedro Alberto Garcia Vidaca, Jose Luis Ortiz Osorio, Isidro Mendoza Jimenez, Angelica Isabel Solis Romero, Jose Vasquez Rocete, Martin Gonzalez Garibay, Martha Elizabeth Chavez Gomez, Diana Yazmin Barajas Horta, Idalia Guzman Vidals, Ricardo Reynoso Jaimes, Ana Leticia Rangel Salinas, Ma Pabla Prieto Muniz, Jose Jesus Medina Juarez, and Fabiola Sosa Rodriguez pray for the following relief:

1.    Plaintiffs demand a trial by jury on all issues so triable.

2.    For a finding that the acts and omissions herein stated occurred;

3.    For a finding that the causes of action herein stated exist and that the Defendants should be liable as stated herein;

4.    For disgorgement of fees paid by Plaintiffs to Defendants;

5.    To pierce the corporate veil with respect to all corporate and trust defendants;

6.    For the imposition of a constructive trust in favor of Plaintiffs on real property owned or controlled by Ms. Lozano, directly or through any entity Defendant, that was acquired with or is traceable to funds paid by Plaintiffs, and on the proceeds of

FIRST AMENDED COMPLAINT - 114



TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

any sale, transfer, or other disposition of any such property;

7. For the imposition of a constructive trust in favor of Plaintiffs on the Bombardier Challenger 300 aircraft bearing registration number N712AQ and on the proceeds of any sale, transfer, or other disposition of that aircraft;

8. For avoidance of voidable transfers under RCW 19.40.071(1)(a) to the extent necessary to satisfy Plaintiffs' claims;

9. For prejudgment attachment under RCW 19.40.071(1)(b) and RCW 6.25 *et seq.*;

10. For a monetary award of damages in an amount to be determined and proved at or before trial;

11. For pre-judgment and post-judgment interest where applicable in favor of Plaintiffs;

12. For exemplary and punitive damages as allowed by statute, contract, law, or equity, including treble damages under 18 U.S.C. § 1962 and RCW 19.86 *et seq.*;

13. For an award of all of Plaintiffs' costs, expenses, and attorneys' fees under any grounds permitted by law, equity, or statute, including 18 U.S.C. § 1962 and RCW 19.86 *et seq.*;

14. A declaration that all electronic signatures affixed by Lozano to filings submitted to USCIS by Lozano on behalf of Plaintiffs were affixed without authorization;

15. For injunctive relief as the Court deems necessary, appropriate, and equitable;[8] and,

16. For such further and other relief as the Court deems just and equitable.

---

[8] Plaintiffs intend to seek preliminary injunctive relief and/or issuance of a writ which will, at the very least, prevent Defendants from disposing of or selling assets obtained with the proceeds of the scheme, including real estate holdings and the Bombardier Challenger 300 with registration number N712AQ; transferring assets out of the United States and/or out of the State of Washington; and distributing assets or funds to Ms. Lozano or any other Defendant.

FIRST AMENDED COMPLAINT - 115

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

DATED this 21st day of July 2026.

By—

**TOMLINSON BOMSZTYK RUSS**

Tallman H. Trask, IV, WSBA #60280

Aric S. Bomsztyk, WSBA #38020



Blair M. Russ, WSBA #40374
1000 Second Ave, Suite 3660
Seattle, WA 98104
Phone: (206) 621-1871
Email: tht@tbr-law.com
          asb@tbr-law.com
          bmr@tbr-law.com

And by—

**BARRAZA LAW, PLLC**

Vicente Omar Barraza, WSBA #43589
10728 16th Ave SW
Seattle, WA 98146
Phone: (206) 933-7861
Email: omar@barrazalaw.com
*Attorneys for Plaintiffs*

FIRST AMENDED COMPLAINT - 116

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907