THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

ERIKA ALEJANDRA MEJIA SANCHEZ, an individual; JUAN MANUEL VILLANUEVA VEGA, an individual; SEVERO LOPEZ CONTRERAS, an individual; NORA PATRICIA MURILLO MORENO, an individual; ANGÉLICA MARIA BARAJAS HORTA, an individual; ANA MARIA GARCIA MARTINEZ, an individual; GABRIEL MARTINEZ GARCIA, an individual; GERARDO PRADO RIVERA, an individual; and AURORA LIZZETTE LEAL RUBIO, an individual; JOSE ENRIQUE VILLALON RIVERA, an individual; CARLOS ENRIQUE NAVARRO CEJA, an individual; MARIA GUADALUPE FERNANDEZ RAYAS, an individual; JOAQUIN COTO ROMAN, an individual; SAMANTA SINAI MARIN SOSA, an individual; MIGUEL GALVAN RODRIGUEZ, an individual; VERONICA FLORES CAMPOS, an individual; JOSE MARGARITO MURATALLA MAGANA, an individual; CLAUDIA GALINDO VELASQUEZ, an individual; ROSAURA GALLARDO MARTINEZ, an individual; WILSON ERENDIRA NAVA, an individual; PEDRO ALBERTO GARCIA VIDACA, an individual; JOSE LUIS ORTIZ OSORIO, an individual; ISIDRO MENDOZA JIMENEZ, an individual; ANGELICA ISABEL SOLIS ROMERO, an individual; JOSE VASQUEZ ROCETE, an individual; MARTIN

No. 2:26-cv-01587-RSM

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART**

**NOTING DATE: SEPTEMBER 8, 2026**

**ORAL ARGUMENT REQUESTED**

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT - 1
CASE NO. 2:26-cv-01587-RSM

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

GONZALEZ GARIBAY, an individual; MARTHA ELIZABETH CHAVEZ GOMEZ, an individual; DIANA YAZMIN BARAJAS HORTA, an individual; IDALIA GUZMAN VIDALS, an individual; RICARDO REYNOSO JAIMES, an individual; ANA LETICIA RANGEL SALINAS, an individual; MA PABLA PRIETO MUNIZ, an individual; JOSE JESUS MEDINA JUAREZ, an individual; and FABIOLA SOSA RODRIGUEZ, an individual,

        Plaintiffs,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; MAGALY LOZANO PEREA, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company; SUENO CUMPLIDO, LLC, a Washington limited liability company; 5 BRANCHES HOLDING COMPANY, LLC, a Washington limited liability company; FIVE STAR LEGACY TRUST, a Washington trust; DOE INDIVIDUALS 1-10; and, DOE ENTITIES 1-10,

        Defendants.

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendants Alexandra Lozano Kennedy; Magaly Lozano Perea; La Luz Del Camino Legal, PLLC, f/k/a Alexandra Lozano Immigration Law PLLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Sueno Cumplido, LLC; 5 Branches Holding Company,

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 2
CASE NO. 2:26-cv-01587-RSM

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

LLC; and Five Star Legacy Trust ("Defendants")[1] move under Federal Rule of Civil Procedure 12(b)(6) to dismiss four of the ten causes of action in the First Amended Complaint ("FAC") —one in part and three in their entirety. Defendants move to dismiss the First (civil RICO) Cause of Action in part: the §§ 1962(a) and 1962(b) claims in their entirety with prejudice, and the §§ 1962(c) and 1962(d) claims as to every moving Defendant other than Ms. Lozano. Defendants move to dismiss the Fourth (Consumer Protection Act), Seventh (civil conspiracy), and Eighth (unjust enrichment) Causes of Action in their entirety. Defendants further move to dismiss all claims against three Defendants who are not proper parties to this suit: Amiga Lawyers, LLC and Ally Lozano, LLC—two dissolved limited liability companies that cannot be sued under Washington's LLC survival statute, RCW 25.15.309—and Magaly Lozano Perea, against whom the FAC alleges no wrongful conduct at all. Stripped of its labels, the FAC pleads a legal malpractice and fee dispute between a former immigration firm and its former clients. In pursuit of treble damages, Plaintiffs have recast that dispute as a sprawling racketeering enterprise and appended a series of overlapping tort and statutory theories, but the challenged claims fail as a matter of law on the face of the pleading.

The RICO claim (First Cause of Action) should be dismissed on three independent grounds. First, the claims under 18 U.S.C. §§ 1962(a) and (b) fail because Plaintiffs allege no injury flowing from the use or investment of racketeering income, or from the acquisition or maintenance of an interest in the enterprise, that is distinct from the injury caused by the alleged predicate acts—a distinct injury the Ninth Circuit requires. Second, although the count is captioned against all Defendants, it does not allege that any entity Defendant or Defendant Magaly Lozano Perea violated § 1962. Third, even if the § 1962(c) claim were read to reach them, it fails as to the non-Firm entity Defendants and Ms. Lozano Perea because the FAC does not allege that any of them participated in the operation or management of the alleged

---

[1] Defendant En Solidaridad is not represented by undersigned counsel and is therefore not a party to this motion.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 3
CASE NO. 2:26-cv-01587-RSM

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

enterprise. The count's fraud predicates are also not pleaded with the particularity Rule 9(b) requires, and the § 1962(d) conspiracy claim fails to the same extent as the § 1962(c) claim.

The Washington Consumer Protection Act claim (Fourth Cause of Action) fails in its entirety. As a threshold matter, to the extent the count targets the practice of law, those allegations are exempt from the Act—and Plaintiffs disclaim them in any event. The count therefore rises or falls on the remaining conduct, which does not state a CPA claim: the marketing and other targeted representations are non-actionable puffery, and the FAC does not plead that any of the other challenged conduct caused any Plaintiff's injury. The civil conspiracy claim (Seventh Cause of Action) pleads no agreement and is partially derivative. And the unjust enrichment claim (Eighth Cause of Action) is barred because the FAC alleges express written contracts governing the same fees.

Finally, Amiga Lawyers, LLC and Ally Lozano, LLC, and Magaly Lozano Perea should be dismissed from the case. Amiga Lawyers, LLC and Ally Lozano, LLC are dissolved Washington limited liability companies, and the three-year period for suing them under the LLC survival statute, RCW 25.15.309, expired before Plaintiffs filed this action. All claims against them are time-barred. Magaly Lozano Perea, who is named only in the three counts pleaded against "all Defendants," should be dismissed because she is identified in the FAC only as a firm employee and Ms. Lozano's stepdaughter, and the pleading alleges no wrongful acts by her.

## II.    STATEMENT OF RELEVANT FACTS & BACKGROUND

Solely for purposes of this motion, Defendants accept the FAC's factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants dispute those allegations and reserve all rights should the case proceed. The allegations material to this motion are as follows.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 4
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

### A.    The Alleged "Lozano Enterprise."

Alexandra Lozano Kennedy is a former Washington attorney who founded the former immigration law firm La Luz del Camino Legal, PLLC ("the Firm"), formerly known as Alexandra Lozano Immigration Law, PLLC, in or around October 2014. (FAC ¶¶ 2.38, 2.40.) The FAC alleges that the Firm marketed itself through the phrase "abogada de los milagros" ("lawyer of miracles"), imagery of the *Virgen de Guadalupe*, and related social media content. (FAC ¶¶ 1.1, 1.7, 9.2.) According to the FAC, Ms. Lozano and the Firm used this advertising to sell undocumented immigrants a "standardized product"—a VAWA or T-Visa petition, a psychological evaluation performed for an additional fee by an evaluator Ms. Lozano controlled, and a residency application—regardless of whether the client qualified for that relief. (*Id.* ¶ 1.2.) It alleges the Firm drafted and filed declarations without client review and used "electronic signatures" in place of required "wet signatures," capturing client signatures on blank pages and affixing them to later filings that required original signatures. (*Id.* ¶¶ 1.2, 1.8–1.9.) It further alleges that the "harm each Plaintiff suffered followed from that model," including Plaintiffs with genuine claims losing their path to residency and Plaintiffs without genuine claims being charged full fees and exposed to removal based on the Firm's filings. (*Id.* ¶ 1.3.)

The FAC claims Ms. Lozano "formed and controlled a network of related entities" that performed distinct functions in support of the Firm's work: En Solidaridad, LLC, and Salud Total, LLC, allegedly produced psychological evaluations submitted with the Firm's filings; Amiga Lawyers, LLC, and Ally Lozano, LLC, allegedly trained and coordinated attorneys at other law firms; and Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five Star Legacy Trust allegedly received and held assets acquired with the Firm's proceeds. (*Id.* ¶¶ 1.6, 2.41–2.47.) The FAC alleges that these entities "collectively constitute an association-in-fact enterprise"—the "Lozano Enterprise"—and names Ms. Lozano and unidentified Doe Individuals 1-10 as the only Defendants alleged to conduct its affairs. (*Id.* ¶¶ 6.8, 6.9, 6.20.)

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 5
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

**B.      The Plaintiffs, Their Contracts, and Alleged Harms.**

Each of the thirty-four Plaintiffs is a former client of the Firm. The FAC alleges that "[e]ach Plaintiff had a written contract with Lozano" and that each "performed fully" under that contract. (*Id.* ¶¶ 10.2–10.3.) It alleges that contractual fees ranged "from approximately $7,950 to more than $47,500 per Plaintiff or marital community." (*Id.* ¶ 3.6.) The harms the FAC identifies include fees paid to the Firm, adverse immigration actions, the loss of immigration remedies, the cost of substitute counsel, exposure to removal, reduced wages and employment opportunities, and emotional distress. (*Id.* ¶¶ 3.6, 7.4, 11.14.)

**C.      The Firm's Wind-Down and the Asset Allegations.**

The FAC alleges that, amid a Washington State Bar Association disciplinary investigation, the Firm changed its name in April 2026; that Ms. Lozano resigned her law license in lieu of discipline on May 26, 2026; and that the Firm announced its closure on June 10, 2026. (*Id.* ¶¶ 1.11–1.13, 2.38, 4.38, 4.44.) The FAC also alleges that proceeds of the challenged conduct were used to acquire assets held by the entity Defendants, including a Bombardier Challenger 300 aircraft and foreign real estate, and that a Colombian entity, Quetzal International Services, SAS—which is *not* named as a Defendant—performed paperwork functions. (*Id.* ¶¶ 1.6, 4.27–4.29.)

**D.      Procedural History.**

Plaintiffs commenced this action on May 11, 2026, filing a Complaint on behalf of nine individual former clients against Ms. Lozano; La Luz del Camino, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Doe Individuals 1-10; and Doe Entities 1-10. (ECF 1.) The Complaint asserted seven causes of action, including a federal claim under the civil RICO statute, as well as state claims for legal malpractice, breach of fiduciary duty, Consumer Protection Act violations, breach of contract, negligent infliction of emotional distress, and civil conspiracy. *Id.*

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 6
CASE NO. 2:26-cv-01587-RSM

On July 21, 2026, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF 11.) The FAC added: (1) twenty-five new individual plaintiffs, bringing the total to thirty-four, (2) four new defendants—Magaly Lozano Perea[2] and three additional entities (Sueno Cumplido, LLC; 5 Branches Holding Company, LLC; and Five Star Legacy Trust), and (3) three new causes of action—unjust enrichment, voidable transactions, and declaratory judgment—bringing the total to ten. *Id.*

Defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss, in whole or in part, the First (RICO), Fourth (Consumer Protection Act), Seventh (civil conspiracy), and Eighth (unjust enrichment) Causes of Action. Defendants separately move to dismiss all claims against Defendants Amiga Lawyers, LLC and Ally Lozano, LLC, and Magaly Lozano Perea.

## III.    EVIDENCE RELIED UPON

Defendants rely on the filings in this case, including the FAC, and attached Exhibits A and B, which contain certificates of dissolution filed by Amiga Lawyers, LLC and Ally Lozano, LLC. This Court may take judicial notice of these public record exhibits without converting this motion into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.    ARGUMENT AND AUTHORITY

### A.    Legal Standard.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*,

---

[2] While the FAC lists Ms. Lozano Perea as a defendant in the civil RICO, civil conspiracy, and voidable transactions claims, it alleges only that she "is or was an employee of [the Firm] who provided services to clients" and "is Ms. Lozano's step-daughter." (FAC ¶ 2.39.) No allegations even attempt to connect Ms. Lozano Perea to any of the claims against her.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 7
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; "a sheer possibility that a defendant has acted unlawfully" does not suffice. *Id.*

The court accepts well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor but is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and legal conclusions cast as factual allegations, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. In ruling on the motion, the court may consider the complaint, documents on which it necessarily relies, and matters subject to judicial notice, without converting the motion into one for summary judgment. *See Ritchie*, 342 F.3d at 908.

Claims sounding in fraud—including a civil RICO claim predicated on fraud—must also satisfy Rule 9(b), which creates a heightened pleading standard for fraud claims and requires the circumstances constituting fraud to be stated with particularity, including the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" and the role of each defendant. Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) (Rule 9(b)'s particularity requirement "applies to civil RICO claims"); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("To comply with Rule 9(b), the allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong" (internal quotation marks omitted)).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 8
CASE NO. 2:26-cv-01587-RSM

**B.      The RICO Claim (First Cause of Action) Should Be Dismissed.**

RICO's civil-liability provision affords a private right of action only to a plaintiff "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). A civil RICO plaintiff must therefore plead both a substantive violation of § 1962 and an injury to business or property that the violation proximately caused. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). A substantive violation requires that "a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

The FAC purports to plead violations of all four subsections of § 1962 (FAC ¶¶ 6.18–6.21), and therefore must satisfy the distinct requirements of each. It does not. The §§ 1962(a) and (b) claims fail for lack of an injury distinct from the predicate acts. The count also fails to allege that any entity Defendant or Magaly Lozano Perea violated § 1962. And even if the count were read to plead a § 1962(c) claim against them, it fails as to the non-Firm entity Defendants and Magaly Lozano Perea because they did not operate or manage the alleged enterprise. The FAC's fraud predicates are separately not pleaded with the particularity Rule 9(b) demands. Finally, the § 1962(d) conspiracy claim fails derivatively to the same extent as the § 1962(c) claim. Each defect is independently sufficient to warrant dismissal, and each is addressed below.

**1.      The § 1962(a) and § 1962(b) claims fail because Plaintiffs allege no injury distinct from the predicate acts.**

*a.      The distinct injury requirement.*

The four subsections of § 1962 target different conduct, and a plaintiff must plead an injury caused by the particular violation invoked. Section 1962(a) prohibits *using or investing* income derived from a pattern of racketeering to acquire, establish, or operate an enterprise;

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 9
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Section 1962(b) prohibits *acquiring or maintaining*, through a pattern of racketeering, any interest in or control of an enterprise; and Section 1962(c) prohibits *conducting* an enterprise's affairs through a pattern of racketeering. To keep these provisions distinct—and to prevent subsections (a) and (b) from collapsing into subsection (c)—the Ninth Circuit, like the majority of circuits, requires that a plaintiff proceeding under (a) or (b) plead an injury flowing from the use or investment of racketeering income (for (a)), or from the acquisition or maintenance of an interest in or control of the enterprise (for (b)), that is *distinct* from the injury caused by the predicate racketeering acts. *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (en banc).

> b.      *Section 1962(a): the investment-use injury requirement.*

A plaintiff suing under § 1962(a) "must allege facts tending to show that he or she was injured by the use or investment of racketeering income," not merely by the predicate acts that generated the income. *Nugget*, 981 F.2d at 437; *see also Sybersound*, 517 F.3d at 1149. The plaintiff "must allege that the investment of racketeering income was the proximate cause of its injury." *Sybersound*, 517 F.3d at 1149. A "reinvestment" theory—that the defendant poured racketeering proceeds back into the enterprise so that it could continue operating and injuring victims—does not suffice: "Reinvestment of proceeds from alleged racketeering activity back into the enterprise to continue its racketeering activity is insufficient to show proximate causation." *Id.* Because injuries that flow from predicate acts are redressable under § 1962(c), treating a defendant's reinvestment of proceeds as an independent § 1962(a) injury would collapse the distinction the statute draws among its subsections. *See id.* at 1149-50. A cognizable § 1962(a) injury arises only where the investment *itself* inflicts a harm distinct from the predicate acts, such as, for example, where a defendant reinvests racketeering proceeds to build a competing operation that drives the plaintiff from the market. *See id.* at 1149

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 10
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

(discussing *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1083 (9th Cir. 2000), *overruled on other grounds by Odom*, 486 F.3d 541).

Here, the FAC alleges that Defendants "used and invested" racketeering income derived from "the Lozano Enterprise" and "the Lozano Enterprise Entities" "in the operations of the Lozano Enterprise Entities" to perpetuate the alleged scheme (FAC ¶ 6.18), precisely the reinvestment theory the Ninth Circuit has rejected. *Sybersound*, 517 F.3d at 1149. To the extent the FAC alleges elsewhere that Defendants invested the proceeds of the challenged conduct in a Bombardier aircraft, foreign real estate, and the holding-entity Defendants (FAC ¶¶ 4.27–4.29.), it still does not allege that *those investments* injured Plaintiffs. Plaintiffs were injured, if at all, when they paid fees for representation they contend was deficient—an injury complete upon payment and wholly independent of what Defendants later did with the money. The § 1962(a) claim therefore fails.

> c.    *Section 1962(b): the acquisition-or-control injury requirement.*

Section 1962(b) is narrower than Section 1962(a) and rarely supports a viable civil claim. A § 1962(b) plaintiff must plead an injury flowing from the defendant's *acquisition or maintenance of an interest in or control of* the enterprise, distinct from the injury caused by the predicate acts. *Wagh*, 363 F.3d at 829-30; *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1190 (3d Cir. 1993); *Compagnie De Reassurance D'Ile de France v. New England Reinsurance Corp.*, 57 F.3d 56, 91–92 (1st Cir. 1995). As the Third Circuit has explained, such an injury "may be shown, for example, where the owner of an enterprise infiltrated by the defendant as a result of racketeering activities is injured by the defendant's acquisition or control of his enterprise." *Lightning Lube*, 4 F.3d at 1190.

The FAC alleges that Ms. Lozano "acquired and maintained interest in and control of" the entity Defendants through the pattern of racketeering. (FAC ¶ 6.19.) But it identifies no injury to Plaintiffs flowing *from that acquisition or control*, as distinct from the injuries

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 11
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Plaintiffs claim to have suffered from the alleged fraud predicates. Plaintiffs were the Firm's clients, not owners of an enterprise taken from them by infiltration; they do not allege—because they cannot—that Ms. Lozano's purported control of Salud Total or any other entity harmed them independently of the challenged filings and fees. The § 1962(b) claim fails for the same reason as the § 1962(a) claim: the only injuries the FAC pleads are predicate act injuries, which are only cognizable, if at all, under § 1962(c). *See Sybersound*, 517 F.3d at 1149–50.

> d.     These defects are apparent on the pleadings and cannot be cured.

The distinct injury requirement is a threshold element of RICO standing under § 1964(c) that is routinely resolved on a Rule 12(b)(6) motion. *Sybersound*, 517 F.3d at 1149–50 (affirming dismissal); *Wagh*, 363 F.3d at 829. Because the FAC's own allegations establish that Plaintiffs' alleged injuries flow from the predicate acts rather than from any investment of proceeds or acquisition of enterprise control, no amendment can supply the missing distinct injury. The § 1962(a) and § 1962(b) claims should be dismissed with prejudice.

> **2.     The § 1962(c) claim fails as to every moving Defendant other than Ms. Lozano.**

Section 1962(c) makes it unlawful for a "person" employed by or associated with an "enterprise" to conduct the enterprise's affairs through a pattern of racketeering. Liability therefore runs against the "person" who conducts those affairs, not against the enterprise whose affairs are conducted. 18 U.S.C. § 1962(c); *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993). Critically, a § 1962(c) defendant must have participated in "the operation or management of the enterprise itself." *Reves*, 507 U.S. at 185. Although liability can extend to lower-rung participants who help operate the enterprise under others' direction, *id.* at 184, it does not reach a defendant who merely provides services to it: "[s]imply performing services for [an] enterprise does not rise to the level of direction" that *Reves* requires. *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (attorney and law firm that provided services to the alleged

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT - 12
CASE NO. 2:26-cv-01587-RSM

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

enterprise did not operate or manage it). Nor does the adequacy of those services matter: "[w]hether [a defendant] rendered his services well or poorly, properly or improperly, is irrelevant to the *Reves* test." *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993) (affirming 12(b)(6) dismissal because attorney who allegedly prepared letters "designed to forestall and cover-up the fraud by minimizing or mischaracterizing the allegedly improper activities," filed a partnership agreement using "inflated" numbers, and assisted in bankruptcy proceedings did not operate or manage enterprise).

a.    No § 1962 violation is pleaded against the entity Defendants or Ms. Lozano Perea.

Although captioned "Against All Defendants," Count I's § 1962 liability allegations name only "Alexandra Lozano Kennedy and Doe Individuals 1-10." (FAC ¶¶ 6.9, 6.18–6.21.) No entity Defendant—including the Firm—is named in any of them, and paragraph 6.20, the only paragraph pleading a § 1962(c) violation, names none. The entity Defendants are pleaded instead as the enterprise and its constituents. (*Id.* ¶¶ 6.2–6.8.) The paragraphs that do reach them allege predicate acts, not direction. (*Id.* ¶¶ 6.10, 6.11, 6.13, 6.14, 6.16.) That distinction is dispositive: the accountants in *Reves* were alleged to have participated in the very fraud at issue and still fell outside § 1962(c), because committing a predicate act is not inherently conducting the enterprise. *Reves*, 507 U.S. at 185–86. Defendant Magaly Lozano Perea is not named in any § 1962 liability paragraph; she appears only as an alleged former employee and Ms. Lozano's step-daughter. (FAC ¶ 2.39.) The count therefore states no RICO claim against her or against any entity Defendant.

b.    The non-Firm entity Defendants and Magaly Lozano Perea did not operate or manage the alleged enterprise.

Even if the count were read to plead a § 1962(c) claim against them, neither the six non-Firm entity Defendants—Salud Total, Amiga Lawyers, Ally Lozano, Sueno Cumplido, 5 Branches Holding Company, and Five Star Legacy Trust—nor Defendant Magaly Lozano Perea can be liable under § 1962(c), because none of them participated in the operation or

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 13
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

management of the alleged enterprise. The FAC does not allege that any of them directed or conducted the enterprise's affairs. It alleges only that the asset-holding Defendants—Sueno Cumplido, 5 Branches Holding Company, and Five Star Legacy Trust—received and held proceeds (FAC ¶¶ 4.27–4.29, 6.6–6.7); that Salud Total performed evaluations (*id.* ¶ 1.6); and that Amiga Lawyers and Ally Lozano trained and coordinated attorneys outside the Firm and operated referral networks with them (*id.* ¶¶ 1.6, 6.5). The FAC moreover pleads Salud Total as a company "controlled by" Ms. Lozano, to which Lozano "referred" clients (*id.* ¶¶ 2.42, 4.9, 4.11)—allegations of subordination, not direction. Training and coordinating non-members is not conducting this enterprise's affairs at all. That an input mattered to the alleged scheme does not convert its supplier into an operator of the enterprise. *Reves* itself rejected a § 1962(c) claim against accountants whose audit the enterprise's financial statements depended on, 507 U.S. at 186, and *Baumer* rejected one against an attorney whose letters and filings kept the enterprise operating, 8 F.3d at 1344. Accordingly, passively receiving and holding assets or performing discrete services is not directing the enterprise's affairs and cannot support § 1962(c) liability as to any of them. *Reves*, 507 U.S. at 185; *Walter*, 538 F.3d at 1249.

The FAC likewise pleads no direction by Ms. Lozano Perea. It describes her only as an employee of the Firm who "provided services to clients" (FAC ¶ 2.39). It does not allege that she held any position in the alleged enterprise, implemented any decision of those said to lead it, or directed any part of its affairs. She therefore cannot be liable under § 1962(c) either.

### 3. The FAC's fraud predicates are not pleaded with particularity.

The FAC's alleged pattern rests on predicate acts of mail fraud (18 U.S.C. § 1341), wire fraud (§ 1343), and immigration document fraud (§ 1546). (FAC ¶ 6.10.) Each sounds in fraud, so the RICO allegations must be pleaded with particularity under Rule 9(b). *Odom*, 486 F.3d at 554 (Rule 9(b) applies to RICO predicate acts of fraud); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (Rule 9(b) governs any claim "grounded in

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 14
CASE NO. 2:26-cv-01587-RSM

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

fraud" or that "sound[s] in fraud") (superseded by statute on other grounds as to securities-fraud pleading); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009) (same) (superseded by statute on other grounds as to securities-fraud pleading). Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme," and the Ninth Circuit "has repeatedly insisted that this rule be followed in RICO actions." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). A complaint may not "lump multiple defendants together" but must "differentiate their allegations" and inform each defendant of its particular role in the alleged fraud. *Swartz*, 476 F.3d at 764–65.

The FAC does not satisfy this standard. It pleads its predicates two ways, and neither suffices. The enumerated mail fraud predicates do identify dates and filings, but each attributes the conduct to "the Lozano Firm"—the entity the FAC identifies as La Luz del Camino Legal, PLLC (FAC ¶ 4.1). (*Id.* ¶¶ 6.12(a)–(g).) No enumerated act is attributed to any entity Defendant other than the Firm, or to Ms. Lozano Perea. The allegations that do reach the other Defendants attribute the predicates collectively—to "the Lozano Enterprise Entities and Lozano Enterprise," or to "Alexandra Lozano Kennedy, the Lozano Enterprise Entities, and each of the Defendants" (*id.* ¶¶ 6.10, 6.11, 6.13, 6.14, 6.16)—without differentiating among them. That is precisely the lumping Rule 9(b) forbids. And paragraph 6.12(h) alleges unenumerated "[a]dditional mail fraud predicate acts" whose "specific mailing dates and USCIS destinations … will be identified through discovery" (*id.* ¶ 6.12(h)), which cannot supply particularity for acts the pleading never identifies. The § 1546 predicate is even less particularized: the FAC devotes to it a single conclusory sentence, alleging only that Defendants' conduct "constituted submission of forged or false documents and statements in immigration matters" (*id.* ¶ 6.14), without identifying a single document, statement, date, or Defendant. That bare allegation cannot satisfy Rule 9(b).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 15
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

#### 4.    The § 1962(d) conspiracy claim fails derivatively as to every moving Defendant other than Ms. Lozano.

"[T]he failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy" under § 1962(d). *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Stated directly, "[i]f the section 1962(c) claim does not state an action upon which relief could ever be granted, … then the section 1962(d) claim cannot be entertained." *Id.* (citation omitted). Because the § 1962(a) and § 1962(b) claims fail in their entirety, and the § 1962(c) claim fails as to every moving Defendant other than Ms. Lozano, the § 1962(d) claim (FAC ¶ 6.21) fails to the same extent. The claim independently fails for all movants besides Ms. Lozano because the FAC does not plausibly allege that each Defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it," as required. *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) (affirming denial of leave to add a § 1962(d) claim as futile where the proposed pleading failed to satisfy Rule 9(b)). Instead, the FAC's agreement allegations are conclusory and insufficient to state a claim. (FAC ¶ 6.9.)

### C.    The Consumer Protection Act Claim (Fourth Cause of Action) Should Be Dismissed.

To prevail on a claim under Washington's Consumer Protection Act, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that affects the public interest, (4) injury to business or property, and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986). An act or practice is "deceptive" under the first element if it has the capacity to deceive a substantial portion of the public. *Id.* at 785; *see also Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash. 2d 133, 150, 930 P.2d 288, 297 (1997) ("whether . . . conduct constitutes an unfair or deceptive act can be decided by [a] court as a question of law."). The failure of any one element defeats the claim. *Larson v. Snohomish Cnty.*, 20 Wash. App. 2d 243, 275, 499 P.3d 957, 976 (2021) (citing *Hangman Ridge*, 105 Wn.2d at 784).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 16
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Plaintiffs' CPA claim fails on multiple: the practice-of-law allegations are exempt from the CPA altogether; the remaining conduct it identifies fails for lack of a "deceptive act" (element one), for lack of causation (element five), or both; and the alleged outcome guarantees are pleaded in terms too conclusory to be credited.

Washington's Consumer Protection Act reaches only the "entrepreneurial aspects" of the practice of law; it does not reach the competence or substance of legal representation. *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984). In *Short*, the court held that "claims which purely allege negligence or legal malpractice are exempt from the CPA and [are] properly dismissed under CR 12(b)(6)." *Id.* at 66. "Entrepreneurial aspects" are limited to "how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients." *Id.* at 61; *see Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602–03, 200 P.3d 695 (2009) (applying the same test to another learned profession). "Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence and are exempt from the Consumer Protection Act." *Ramos v. Arnold*, 141 Wn. App. 11, 20, 169 P.3d 482 (2007).

The CPA count challenges several categories of conduct, none of which states a claim. To the extent the count incorporates the practice-of-law allegations—that Lozano filed improper petitions, used electronic signatures, submitted inaccurate declarations, failed to file waivers or responses, or otherwise mishandled the substance of the representation (FAC ¶¶ 7.3, 8.3)—those concern the competence and performance of legal services and are exempt under *Short*. *Short*, 103 Wn.2d at 61, 66. Plaintiffs themselves disclaim any such theory, alleging that their CPA claim rests on "entrepreneurial" conduct "not related to the case strategy nor the legal representation of any particular client." (FAC ¶¶ 9.6–9.7.) But the other conduct the count identifies—the marketing (*id.* ¶ 9.2), the "misleading statements" about "Ms. Lozano's care for and attention to each case" (*id.* ¶ 9.4), and the "guaranteed successful

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 17
CASE NO. 2:26-cv-01587-RSM

**ANGELI & CALFO LLC**
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

outcomes to certain clients" including unrefunded "money-back guarantee[s]" (*id.* ¶¶ 9.3, 9.5)—independently fails to state a CPA claim, for the following reasons.

First, many of these allegations relate to the use of non-actionable puffery and religious imagery, which does not satisfy the first element of a CPA claim (deceptive act). Under the CPA, "subjective, unverifiable claims about a product or service are 'mere puffery' and cannot give rise to a false advertising claim." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 25 Wn. App. 2d 741, 749, 525 P.3d 238 (2023). "Mere puffery" consists of "vague or highly subjective claims [that are] incapable of being substantiated." *State v. Living Essentials, LLC*, 8 Wn. App. 2d 1, 26, 436 P.3d 857 (2019); *accord Brown v. Old Navy, LLC*, 4 Wn.3d 580, 596, 567 P.3d 38, 47 (2025) ("Mere puffery includes subjective statements, opinions, and hyperbole" and is not actionable). The marketing the FAC challenges is precisely that. The "abogada de los milagros" ("lawyer of miracles") phrase and the *Virgen de Guadalupe* imagery (FAC ¶ 9.2(a)–(c)) are aspirational and subjective—messaging that no reasonable consumer would understand as a literal, verifiable representation of fact, *i.e.*, that Ms. Lozano performs "miracles." The FAC's other subjective representations are the same in kind: the statement that "every client was like a member of [Ms. Lozano's] family and she cared deeply about each and every case" (FAC ¶ 9.4) is a self-laudatory, unverifiable claim of devotion and textbook puffery.[3] Such messaging lacks the capacity to deceive a substantial portion of the public and is not a "deceptive act"—so it cannot satisfy the first element of a CPA claim. *See Hangman Ridge*, 105 Wn.2d at 785.

Second, these allegations lack the requisite causal link to Plaintiffs' alleged injuries. A CPA plaintiff must plead that the deceptive act proximately caused the plaintiff's injury. *Hangman Ridge*, 105 Wn.2d at 784–85. The FAC does not plausibly allege that any Plaintiff

---

[3] Notably, this statement was made on "June 10, 2026," as part of the Firm's announcement that it was "closing its doors and w[ould] no longer be providing legal representation," meaning that no Plaintiff or any other client could have relied on this statement in deciding to retain the Firm. (FAC ¶ 4.44.)

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 18
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

retained or paid the Firm *because of* the challenged marketing—including the success advertising in FAC ¶ 9.2(d). At most, a couple Plaintiffs mention being influenced by the marketing (e.g., FAC ¶¶ 4.41, 4.73), but none plausibly pleads facts connecting that messaging to the decision to retain the Firm or to any resulting injury, as distinct from the deficient representation the malpractice claim targets. The success advertising in ¶ 9.2(d) is subject to a further defect. The FAC alleges that Lozano captured video and photographs of Mr. Navarro Ceja and Ms. Fernandez Rayas at a meeting that took place during the representation, and used that content in posts stating or implying that they had won their cases and obtained residency. (FAC ¶¶ 4.198–4.201, 4.205.) But Plaintiffs who were the subjects of that advertising, and who knew their own immigration status, cannot have been deceived by it—and advertising created after they had already retained the Firm cannot have induced them to retain it. No other Plaintiff is alleged to have seen the success advertising at all; the only marketing-exposure allegations in the FAC concern the Virgen de Guadalupe imagery and the "miracles" messaging. (FAC ¶¶ 4.41, 4.73.) Because the FAC pleads no causal link between the marketing and any Plaintiff's injury, the marketing-based CPA theory fails as to every Plaintiff.

The "money-back guarantee" allegations likewise do not plead causation. The alleged "money-back guarantee" is a promise to refund fees if the desired result is not achieved (FAC ¶¶ 9.3, 9.5) and the FAC does not connect it to Plaintiffs' decision to retain and pay the Firm in the first instance—which is the injury the count alleges. The only Plaintiff who alleges that a money-back guarantee caused her to retain the Firm pleads merely that she did so "in part because" of it (FAC ¶ 4.469), a conclusory assertion that does not plausibly establish that the refund promise, rather than the representation and services she was purchasing, caused her to pay. *See Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 83, 170 P.3d 10, 22 (2007) ("A [CPA] plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."). The

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 19
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

money-back guarantee allegations thus fail on causation for the same reason the marketing allegations do.

Third, the guaranteed-outcome allegations fail for reasons independent of the marketing. The allegation is conclusory as to the only Plaintiffs the count identifies: paragraph 9.3 alleges that Defendants "guaranteed successful outcomes" to Mr. Villanueva Vega and Ms. Mejia Sanchez without identifying a single statement, speaker, date, or term, and the FAC pleads no such statement to either Plaintiff anywhere. That is a conclusion, not a factual allegation entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. The FAC in fact pleads that those two Plaintiffs retained the Firm because of its *Virgen de Guadalupe* imagery (FAC ¶ 4.41)—not because of any guarantee—so the count pleads no causal link between the alleged guarantees and their injuries. As for the individualized oral promises alleged elsewhere (FAC ¶¶ 4.77, 4.164, 4.247), the FAC does not allege that any was published, advertised, or offered as a standard term of the Firm's engagements, and so does not plead conduct with the capacity to deceive a substantial portion of the public. *Hangman Ridge*, 105 Wn.2d at 785.

The CPA claim therefore fails: the marketing and "care" representations are non-actionable puffery; the FAC does not plead that any challenged conduct—including the alleged money-back guarantee—caused any Plaintiff a cognizable injury; the guaranteed-outcome allegations are conclusory and unconnected to any Plaintiff's decision to retain; and the incorporated practice-of-law allegations are in any event exempt under *Short*, which Plaintiffs disclaim relying on. Nothing actionable remains, and the Fourth Cause of Action should be dismissed in its entirety.

**D.    The Civil Conspiracy Claim (Seventh Cause of Action) Pleads No Agreement and Is Derivative In Part.**

Under Washington law, civil conspiracy is not an independent tort; it requires (1) an underlying actionable wrong and (2) an agreement, provable by clear, cogent, and convincing evidence, to accomplish an unlawful purpose or a lawful purpose by unlawful means. *See W.G.*

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 20
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

*Platts, Inc. v. Platts*, 73 Wn.2d 434, 439, 438 P.2d 867 (1968); *All Star Gas, Inc. v. Bechard*, 100 Wn. App. 732, 740, 998 P.2d 367 (2000).

The count pleads no agreement. Both of its theories—an unlawful purpose (FAC ¶ 12.2) and a lawful purpose by unlawful means (FAC ¶ 12.3)—require one, and the only agreement allegation is that "Defendants entered into an agreement or agreements between themselves" (FAC ¶ 12.4). That identifies no party, no time, and no term, and it is pleaded against every Defendant collectively. It recites the element rather than pleading a fact. *Iqbal*, 556 U.S. at 678; *Swartz*, 476 F.3d at 764–65. Additionally, Ms. Lozano cannot agree conspire with Defendant entities the FAC alleges are her alter egos and that she wholly controls (FAC ¶¶ 4.30–4.31): a single actor cannot conspire with herself. *See Corbit v. J. I. Case Co.*, 70 Wash. 2d 522, 528 n.3, 424 P.2d 290, 295 n.3 (1967). Finally, the count is also derivative in part: paragraph 12.2 rests the conspiracy on "the legal malpractice, Consumer Protection Act, and 18 U.S.C. §§ 1962(a)-(d) violations described herein," and to the extent it rests on the Consumer Protection Act and § 1962 claims, it fails with them.

### E.     The Unjust Enrichment Claim (Eighth Cause of Action) Is Barred by the Parties' Express Contracts.

Unjust enrichment is a quasi-contractual remedy that lies only in the absence of an enforceable express contract governing the same subject matter. *See Young v. Young*, 164 Wn.2d 477, 484–85, 191 P.3d 1258 (2008); *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97 (1943) (no recovery in quasi-contract for a subject matter covered by an express agreement).

The FAC forecloses this claim by its own allegations. In the Fifth Cause of Action, Plaintiffs allege that "[e]ach Plaintiff had a written contract with Lozano" (FAC ¶ 10.2) and that they "performed fully" under those contracts (FAC ¶ 10.3). The unjust enrichment claim seeks restitution of the very fees paid under those written contracts (FAC ¶¶ 13.2–13.7). Because an express contract governs the fees, the quasi-contractual claim for the same fees is

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 21
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

unavailable and should be dismissed. The disgorgement, constructive trust, and aircraft-related allegations (FAC ¶¶ 13.8–13.9) are requested remedies, not an independent cause of action, and cannot save the claim.

### F.     The Claims Against Amiga Lawyers, LLC and Ally Lozano LLC Are Barred by the LLC Survival Statute, RCW 25.15.309.

Two of the entity Defendants—Amiga Lawyers, LLC and Ally Lozano, LLC—cannot be sued at all, because each is a dissolved Washington limited liability company and the three-year statutory window for suing them closed before this action was filed. This is a threshold, defendant-specific bar that disposes of every claim asserted against these two Defendants (the First, Seventh, and Ninth Causes of Action), independent of the merits.

For an entity that is not a corporation, its capacity to be sued is determined, "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). This Court sits in Washington, and Amiga and Ally were Washington LLCs (FAC ¶¶ 2.43–2.44), so Washington law governs whether they may be sued.

RCW 25.15.309 bars claims brought more than three years after an LLC files its certificate of dissolution. At common law, a dissolved entity ceased to exist and could not be sued; the right to sue a dissolved entity exists only as created by legislative intervention. *See Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.*, 158 Wn.2d 603, 609, 146 P.3d 914 (2006). For LLCs, the Washington Limited Liability Company Act supplies that limited right and its outer boundary: "A claim against a dissolved limited liability company is barred if the limited liability company has filed a certificate of dissolution under RCW 25.15.269 that has not been revoked … and an action or other proceeding thereon is not commenced within three years after the filing of the certificate of dissolution." RCW 25.15.309(1). The bar applies to every claim—known or unknown, and "whether prior to or after dissolution." RCW 25.15.309(2).

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 22
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

Amiga Lawyers, LLC and Ally Lozano, LLC each filed certificates of dissolution on February 6, 2023 (Exs. A, B),[4] and the FAC itself alleges that both are "voluntarily dissolved" LLCs (FAC ¶¶ 2.43–2.44). The three-year period therefore closed on February 6, 2026. Plaintiffs did not file this action until May 11, 2026, more than three months later. Under RCW 25.15.309(1), the claims against Amiga and Ally are therefore barred.

Plaintiffs' late-discovery allegations do not save these claims. Anticipating Plaintiffs' reliance on their allegations that they could not have discovered their injuries sooner, those allegations are irrelevant to RCW 25.15.309. The Washington Court of Appeals has held that the materially identical corporate survival statute, RCW 23B.14.340, is a *statute of repose*, not a statute of limitations. *R.N. v. Kiwanis Int'l*, 19 Wn. App. 2d 389, 404, 496 P.3d 748 (2021), *review denied*, 199 Wn.2d 1002 (2022). A statute of repose fixes a period within which the cause of action must accrue, rather than a period running from accrual to the commencement of suit; because RCW 23B.14.340 is such a statute of repose, "the discovery rule does not apply and cannot toll the corporate survival period." *Kiwanis Int'l*, 19 Wn. App. 2d at 404. RCW 25.15.309 is the LLC analog of RCW 23B.14.340—it bars any claim not commenced within three years of a fixed triggering date and serves the same purpose—and is likewise a statute of repose that runs from the date the certificate of dissolution is filed, regardless of when a plaintiff discovers the claim. Courts in this District have dismissed claims against dissolved entities on this basis at the pleading stage. *See, e.g.*, *Clayton v. Air & Liquid Sys. Corp.*, No. C18-0748JLR, 2018 WL 3496634, at *3–*4 (W.D. Wash. July 20, 2018) (granting

---

[4] On a Rule 12(b)(6) motion, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The attached certificates of dissolution for Amiga Lawyers, LLC and Ally Lozano, LLC (Exs. A, B) are official records of the Washington Secretary of State, and the fact and date of each entity's dissolution "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The FAC itself alleges that both entities are "voluntarily dissolved" (FAC ¶¶ 2.43–2.44); the certificates establish only the effective dates. The Court would take notice of these records not for any disputed fact, but only for their existence and the undisputed dates of dissolution—a proper use of judicial notice. *See Khoja*, 899 F.3d at 999.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT - 23
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

judgment on the pleadings where suit was filed more than three years after corporate dissolution based on corporate survival statute).

Because the face of the FAC and the Secretary of State's public dissolution records establish that Amiga and Ally were dissolved more than three years before suit, all claims against them—the First (RICO), Seventh (civil conspiracy), and Ninth (voidable transactions) Causes of Action—should be dismissed.

### G.   All Claims Against Magaly Lozano Perea Should Be Dismissed Because the FAC Pleads No Wrongful Conduct by Her.

Defendant Magaly Lozano Perea is named only in the three causes of action pleaded against "all Defendants": the First (civil RICO), Seventh (civil conspiracy), and Ninth (voidable transactions). Yet the FAC alleges no facts connecting her to *any* of the challenged conduct. It identifies her solely as "an employee of La Luz del Camino Legal, PLLC … who provided services to clients" and "is Ms. Lozano's step-daughter." (FAC ¶ 2.39.) The only other references to her in the FAC concern her domicile and citizenship for jurisdictional purposes. (*Id.* ¶¶ 3.5, 3.9.) The FAC does not allege that she made a misrepresentation, signed or filed any document, entered into any agreement, or received or made any transfer. Its own footnote states that Plaintiffs use her full name "when … making allegations against her"— yet no such allegation appears anywhere in the pleading. (*Id.* ¶ 3.9 n.2.)

A complaint must state a plausible claim against each named defendant. To survive dismissal, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Twombly*, 550 U.S. at 555. That requirement applies defendant by defendant: naming a person in a caption and then attaching her to collective allegations against "Defendants" does not state a claim against her. Because the First, Seventh, and Ninth Causes of Action all sound in fraud, they are subject to Rule 9(b), which "does not

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 24
CASE NO. 2:26-cv-01587-RSM

allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant" and to plead "the role of each defendant in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 764–65 (internal quotation marks and alterations omitted); *Lancaster Cmty. Hosp.*, 940 F.2d at 405. The FAC pleads no role for Ms. Perea at all.

### 1.  Civil RICO (First Cause of Action).

The civil RICO count alleges that only "Alexandra Lozano Kennedy and Doe Individuals 1-10" violated § 1962—not Ms. Perea. (FAC ¶¶ 6.9, 6.18–6.21.) Ms. Lozano Perea is therefore never alleged to have conducted, acquired an interest in, invested in, or conspired regarding the enterprise, and the only predicates that reach her at all are attributed collectively to "each of the Defendants." (*Id.* ¶¶ 6.10, 6.11, 6.13, 6.14, 6.16.) A defendant whom the count does not name in any § 1962 liability paragraph, and who is not alleged to have directed the enterprise's affairs, cannot be liable under § 1962(c). *Reves*, 507 U.S. at 185.

### 2.  Civil Conspiracy (Seventh Cause of Action)

A civil conspiracy claim requires factual allegations that the defendant entered into an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means. *W.G. Platts*, 73 Wn.2d at 439. The FAC alleges only that "Defendants" collectively "entered into an agreement or agreements between themselves." (FAC ¶ 12.4.) It pleads no facts showing that Ms. Lozano Perea knew of or agreed to any unlawful objective. The claim also fails as to her because the underlying substantive claims against her fail and "[c]onspiracy is not actionable in the absence of an underlying wrong." *See W.G. Platts*, 73 Wn.2d at 439.

### 3.  Voidable Transactions (Ninth Cause of Action)

Washington's Uniform Voidable Transactions Act reaches those who make or receive a transfer of assets. RCW 19.40.041, .051. The FAC alleges that "Defendants transferred assets among themselves" and that each "transferee entity is owned or controlled by Ms. Lozano." (FAC ¶¶ 14.3, 14.4(a).) Ms. Perea is not alleged to be a transferor, a transferee, or the owner

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 25
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

of any transferee entity, and no asset is alleged to have passed to or from her. She is not a proper defendant to a voidable-transfer claim on these allegations.

Because the FAC pleads no wrongful act by Ms. Perea under any of the three causes of action asserted against her, all claims against her should be dismissed.

### V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the First (civil RICO) Cause of Action in part—the §§ 1962(a) and 1962(b) claims in their entirety and with prejudice, and the §§ 1962(c) and 1962(d) claims as to every moving Defendant other than Ms. Lozano—and dismiss in their entirety the Fourth (Consumer Protection Act), Seventh (civil conspiracy), and Eighth (unjust enrichment) Causes of Action; dismiss all claims against Defendants Amiga Lawyers, LLC and Ally Lozano, LLC as barred by RCW 25.15.309; and dismiss all claims against Defendant Magaly Lozano Perea.

*I certify that this memorandum contains 8,290 words, in compliance with the Local Civil Rules.*

Dated this 10th day of August, 2026.

ANGELI & CALFO LLC

By: */s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
Harold Malkin, WSBA #30986
Tyler S. Weaver, WSBA #29413
Peter D. Hawkes, WSBA # 56794
701 Pike Street, Suite 1625
Seattle, WA 98101
angelo@angelicalfo.com
harold@angelicalfo.com
tylerw@angelicalfo.com
peter@angelicalfo.com

*Attorneys for Defendants Alexandra Lozano Kennedy; Magaly Lozano Perea; La Luz Del Camino Legal, PLLC, f/k/a Alexandra Lozano Immigration Law PLLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Sueno Cumplido, LLC; 5 Branches Holding Company, LLC; and Five Star Legacy Trust*

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT - 26
CASE NO. 2:26-cv-01587-RSM

ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

# EXHIBIT A



**WASHINGTON**
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 02/06/2023
Effective Date: 02/06/2023
UBI #: 604 264 121

# Certificate of Dissolution

## BUSINESS INFORMATION

Business Name:
**ALLY LOZANO, LLC**

UBI Number:
**604 264 121**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**VOLUNTARILY DISSOLVED**

Principal Office Street Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Principal Office Mailing Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Expiration Date:
**03/31/2024**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**03/27/2018**

Period of Duration:
**PERPETUAL**

Inactive Date:
**02/06/2023**

Nature of Business:
**ANY LAWFUL PURPOSE**

## EFFECTIVE DATE

Effective Date:
**02/06/2023**

## DISSOLUTION ATTESTATION PROVIDED

This LLC is dissolved under RCW 25.15.265.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2023020600102733 - 1
Received Date: 02/06/2023
Amount Received: $40.00

**JOHNPAUL@KKOSLAWYERS.COM**

Address:

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **- No**

## AUTHORIZED PERSON

☐ I am an authorized person.

Person Type:
**INDIVIDUAL**

First Name:
**ALEXANDRA**

Last Name:
**LOZANO**

Title:
**MANAGER**

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2023020600102733 - 1**
**Received Date: 02/06/2023**
**Amount Received: $40.00**

# EXHIBIT B

 **WASHINGTON**
Secretary of State
Corporations & Charities Division

> Filed
> Secretary of State
> State of Washington
> Date Filed: 02/06/2023
> Effective Date: 02/06/2023
> UBI #: 603 508 098

# Certificate of Dissolution

## BUSINESS INFORMATION

Business Name:
**AMIGA LAWYERS LLC**

UBI Number:
**603 508 098**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**VOLUNTARILY DISSOLVED**

Principal Office Street Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Principal Office Mailing Address:
**6720 FORT DENT WAY STE 230, TUKWILA, WA, 98188-2589, UNITED STATES**

Expiration Date:
**05/31/2024**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**05/19/2015**

Period of Duration:
**PERPETUAL**

Inactive Date:
**02/06/2023**

Nature of Business:
**OTHER SERVICES**

## EFFECTIVE DATE

Effective Date:
**02/06/2023**

## DISSOLUTION ATTESTATION PROVIDED

This LLC is dissolved under RCW 25.15.265.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2023020600102733 - 2**
**Received Date: 02/06/2023**
**Amount Received: $40.00**

**JOHNPAUL@KKOSLAWYERS.COM**

Address:

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **- No**

## AUTHORIZED PERSON

☐ I am an authorized person.

Person Type:
**INDIVIDUAL**

First Name:
**ALEXANDRA**

Last Name:
**LOZANO**

Title:
**MANAGER**

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2023020600102733 - 2**
**Received Date: 02/06/2023**
**Amount Received: $40.00**