**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ERIKA ALEJANDRA MEJIA SANCHEZ, an individual; JUAN MANUEL VILLANUEVA VEGA, an individual; SEVERO LOPEZ CONTRERAS, an individual; NORA PATRICIA MURILLO MORENO, an individual; ANGÉLICA MARIA BARAJAS HORTA, an individual; ANA MARIA GARCIA MARTINEZ, an individual; GABRIEL MARTINEZ GARCIA, an individual; GERARDO PRADO RIVERA, an individual; AURORA LIZZETTE LEAL RUBIO, an individual; JOSE ENRIQUE VILLALON RIVERA, an individual; CARLOS ENRIQUE NAVARRO CEJA, an individual; MARIA GUADALUPE FERNANDEZ RAYAS, an individual; JOAQUIN COTO ROMAN, an individual; SAMANTA SINAI MARIN SOSA, an individual; MIGUEL GALVAN RODRIGUEZ, an individual; VERONICA FLORES CAMPOS, an individual; JOSE MARGARITO MURATALLA MAGANA, an individual; CLAUDIA GALINDO VELASQUEZ, an individual; ROSAURA GALLARDO MARTINEZ, an individual; WILSON ERENDIRA NAVA, an | No. 2:26-cv-01587-RSM<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

individual; PEDRO ALBERTO GARCIA VIDACA, an individual; JOSE LUIS ORTIZ OSORIO, an individual; ISIDRO MENDOZA JIMENEZ, an individual; ANGELICA ISABEL SOLIS ROMERO, an individual; JOSE VASQUEZ ROCETE, an individual; MARTIN GONZALEZ GARIBAY, an individual; MARTHA ELIZABETH CHAVEZ GOMEZ, an individual; DIANA YAZMIN BARAJAS HORTA, an individual; IDALIA GUZMAN VIDALS, an individual; RICARDO REYNOSO JAIMES, an individual; ANA LETICIA RANGEL SALINAS, an individual; MA PABLA PRIETO MUNIZ, an individual; JOSE JESUS MEDINA JUAREZ, an individual; and FABIOLA SOSA RODRIGUEZ, an individual,

Plaintiffs,

vs.

ALEXANDRA LOZANO KENNEDY, an individual; MAGALY LOZANO PEREA, an individual; LA LUZ DEL CAMINO LEGAL, PLLC, f/k/a ALEXANDRA LOZANO IMMIGRATION LAW PLLC, a Washington professional limited liability company; EN SOLIDARIDAD, LLC, a Washington limited liability company; SALUD TOTAL, LLC, a Wyoming limited liability company; AMIGA LAWYERS LLC, a Washington limited liability company; ALLY LOZANO, LLC, a Washington limited liability company; SUENO CUMPLIDO, LLC, a Washington limited liability company; 5 BRANCHES HOLDING COMPANY, LLC, a Washington limited liability company; FIVE STAR LEGACY TRUST, a Washington trust; DOE INDIVIDUALS 1-10; and, DOE ENTITIES 1-10,

Defendants.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

COME NOW the Plaintiffs Erika Alejandra Mejia Sanchez, Juan Manuel Villanueva Vega, Severo Lopez Contreras, Nora Patricia Murillo Moreno, Angélica Maria Barajas Horta, Ana Maria Garcia Martinez, Gabriel Martinez Garcia, Gerardo Prado Rivera, Aurora Lizzette Leal Rubio, Jose Enrique Villalon Rivera, Carlos Enrique Navarro Ceja, Maria Guadalupe Fernandez Rayas, Joaquin Coto Roman, Samanta Sinai Marin Sosa, Miguel Galvan Rodriguez, Veronica Flores Campos, Jose Margarito Muratalla Magana, Claudia Galindo Velasquez, Rosaura Gallardo Martinez, Wilson Erendira Nava, Pedro Alberto Garcia Vidaca, Jose Luis Ortiz Osorio, Isidro Mendoza Jimenez, Angelica Isabel Solis Romero, Jose Vasquez Rocete, Martin Gonzalez Garibay, Martha Elizabeth Chavez Gomez, Diana Yazmin Barajas Horta, Idalia Guzman Vidals, Ricardo Reynoso Jaimes, Ana Leticia Rangel Salinas, Ma Pabla Prieto Muniz, Jose Jesus Medina Juarez, and Fabiola Sosa Rodriguez,[1] by and through their attorneys of record, Aric S. Bomsztyk, Blair M. Russ, and Tallman H. Trask IV of Tomlinson Bomsztyk Russ and Vicente Omar Barraza of Barraza Law PLLC, and bring their Complaint against Alexandra Lozano Kennedy; Magaly Lozano Perea; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Sueno Cumplido, LLC; 5 Branches Holding Company, LLC; Five Star Legacy Trust; Doe Individuals 1-10; and Doe Entities 1-10, stating and alleging as follows:

//

---

[1] In addition to the additional Plaintiffs added through this amended complaint, Plaintiffs' counsel has, since the filing of the initial complaint in this matter, received inquiries from approximately 2,500 former Lozano clients seeking potential representation. Plaintiffs' counsel is also aware of a class action complaint, which is a verbatim copy of much of Plaintiffs' initial complaint, filed in this district on behalf of another former Lozano client.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## I. INTRODUCTION

1.1 Alexandra Lozano Kennedy ("Ms. Lozano") marketed herself as the "abogada de los milagros" (the "lawyer of miracles") to undocumented immigrants desperate to legalize their immigration status.

1.2 The services Ms. Lozano and her former firm, La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm" and, collectively with Ms. Lozano, "Lozano"), sold were a standardized product—a VAWA or T-Visa petition, a psychological evaluation performed for an additional fee by an evaluator Lozano controlled, and, in most VAWA cases, a residency application—regardless of whether the client qualified for that relief, qualified for other and safer relief, or qualified for no relief at all. The package was prepared through the same standardized process: declarations were drafted by Lozano and filed without client review, and client signatures were captured once and affixed electronically to filings that required original signatures. The services offered as part of the standardized process were illusory, negligent, and even fraudulent.

1.3 The harm each Plaintiff suffered followed from that model. Plaintiffs with genuine claims—claims USCIS approved—lost their path to residency because Lozano's operating procedures prioritized volume and profit over individualized attention, truthfulness, and ethical practice: Lozano affixed captured signature images to applications rather than obtaining valid wet ink signatures from the clients themselves, resulting in denials on that ground alone; Lozano failed to file time-consuming waivers, or filed them years late; and Lozano left agency notices unanswered. Plaintiffs who were eligible for ordinary family-based or consular processes were steered into unjustified,



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

risky, and costly VAWA or T-Visa filings that were never fully explained to them and that, in several instances, were filed without their authorization. Plaintiffs who did not qualify for the relief Lozano sold them — several of whom disclosed the disqualifying facts to Lozano at the outset — were promised favorable outcomes, charged full fees, and exposed to removal by filings that rested on exaggerated or fabricated allegations or frivolous arguments or, in at least one instance, were never filed at all.

1.4 When the filings failed or faced scrutiny, Lozano compounded the harm. It withheld denial notices from clients, coached clients to falsely tell USCIS officers that they had signed their applications in ink, demanded additional fees to correct problems of Lozano's own creation, and refused to provide promised or required refunds, including refunds promised under its own money-back guarantee.

1.5 Lozano offered services through five principal offices and fourteen satellite offices spread across thirteen states and through virtual services to clients nationwide. It claimed, as of 2024, to have more than 750 employees. Lozano described its offices as "la[s] oficina[s] de los Milagros" ("the miracle offices") and events at them as part of a "milagros tour." Lozano advertised on its website in June 2026 that it had "served 80,000 immigrants over 10 years."

1.6 Ms. Lozano formed and controlled a network of related entities that performed distinct functions in the practices described in this Complaint. En Solidaridad, LLC, and Salud Total, LLC, produced evaluations submitted in support of Lozano's filings. Amiga Lawyers, LLC, and Ally Lozano, LLC, trained and coordinated attorneys outside the Lozano Firm and operated referral networks with attorneys outside the Lozano Firm, in multiple states. Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Star Legacy Trust received and held assets acquired with the proceeds of those practices. Quetzal International Services, S.A.S., a Colombian entity owned or controlled by Ms. Lozano, directly or through 5 Branches Holding Company, LLC, employed hundreds of personnel in Bogota, Colombia, to fill out immigration paperwork for many of the Plaintiffs and many thousands of Lozano firm clients. Each entity in the network other than Quetzal International Services, S.A.S., is named as a Defendant.

1.7 Lozano prominently employed imagery of the *Virgen de Guadalupe*, the phrase "abogada de los milagros" ("attorney of miracles"), the trademarked phrase "arreglar sin salir" ("fix without leaving"), and Mexican cultural and religious imagery in her marketing materials to convey the impression that she is capable of miracles.




*Figure 1. Screenshots of Lozano Marketing.*

1.8 Lozano's practice was focused on obtaining two forms of immigration relief: self-petitions under the Violence Against Women Act ("VAWA") and T nonimmigrant status ("T-Visas") for victims of human trafficking under the Trafficking Victims Protection Act. A VAWA self-petition permits a person to seek protection from removal



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

and lawful status without departing the United States; a T-Visa provides lawful status and a path to eventual adjustment of status. VAWA self-petitions are available only to persons who have suffered battery or extreme cruelty at the hands of a U.S. citizen or lawful permanent resident spouse or parent, or of a U.S. citizen son or daughter twenty-one years of age or older. T-Visas are available only to victims of a severe form of trafficking in persons, such as sex or labor trafficking. Both forms of relief require filings personally signed by the applicant and declarations sworn by the applicant.

1.9 Lozano utilized "electronic signatures" instead of required "wet signatures." Lozano's clients were asked to sign blank sheets of paper or blank signature boxes so that Lozano could capture and affix their signatures to future declarations or immigration documents without client review or authorization.




*Figure 2. Signature Sheet Provided to Severo Lopez Contreras by Lozano.*

1.10 A signature on a filing submitted to USCIS certifies, under penalty of perjury, that the



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

signer knows of, has reviewed, and approves the contents of the filing. Except for forms filed electronically under instructions permitting electronic signature, USCIS requires that the benefit requestor personally sign the filing by hand; a signature image captured separately and affixed to a document by another person is not a valid signature. *See* 8 C.F.R. § 103.2(a)(2); USCIS Policy Manual, Vol. 1, Part B, Ch. 2. Each filing to which Lozano affixed a captured signature image thus bore a certification Lozano knew to be false: that the client had reviewed and approved a document the client had not previously seen.

1.11 Because they are connected to Lozano, Plaintiffs and other Lozano clients have faced increased scrutiny from immigration authorities and additional interviews at border crossings, even after Lozano's representation concluded.

1.12 Lozano's practices led to an investigation by the Washington State Bar Association. In April 2026, while the Washington State Bar Association's disciplinary proceedings were pending, the firm changed its name from Alexandra Lozano Immigration Law, PLLC, to La Luz del Camino Legal, PLLC, and removed Ms. Lozano's name from its client-facing website and marketing. On information and belief, the rebranding was undertaken so that the firm could continue operating and collecting fees from clients after Ms. Lozano's anticipated loss of her license.

1.13 On May 26, 2026, facing a disbarment hearing, Ms. Lozano permanently resigned her license to practice law in lieu of discipline. Between May 26 and June 10, 2026, the renamed firm continued operating, receiving clients, and collecting fees. Ms. Lozano directed the newly named firm and remained as its listed governor. On June 10, 2026, the Lozano Firm, operating as La Luz del Camino Legal, PLLC, announced its closure.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

1.14 The Lozano Firm closed with the immigration matters of many Plaintiffs and thousands of other clients pending. In many cases, applications await adjudication; deadlines are running, and removal proceedings are under way. Lozano, in the great majority of cases, has not refunded fees, honored its money-back guarantees, or arranged substitute counsel. Plaintiffs and other Lozano clients continue to face increased scrutiny from immigration authorities and additional questioning at border crossings, even after Lozano's representation ended.

1.15 Plaintiffs are former Lozano clients. They seek declaratory and injunctive relief and damages for fees paid for baseless, improperly filed and unfiled petitions; the loss of immigration remedies; and the consequences of Lozano's improper actions, including damages relating to present and future loss of immigration status, detention and removal from the United States; the cost of substitute counsel retained to repair the immigration consequences of Lozano's improper actions; and emotional distress.

## II. PARTIES

2.1 Plaintiffs are all citizens of Mexico.

2.2 Plaintiffs are all neither citizens nor lawful permanent residents of the United States.

2.3 Plaintiffs are all former clients of Ms. Lozano and the Lozano Firm.

2.4 Plaintiff Erika Alejandra Mejia Sanchez is a resident of Snohomish County, Washington. Ms. Mejia Sanchez is married to Plaintiff Juan Manuel Villanueva Vega.

2.5 Plaintiff Juan Manuel Villanueva Vega is a resident of Snohomish County, Washington. Mr. Villanueva Vega is married to Plaintiff Erika Alejandra Mejia Sanchez.

2.6 Plaintiff Severo Lopez Contreras is a resident of Jalisco, Mexico. At the time of the



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

events relevant to this complaint, Mr. Lopez Contreras was a resident of King County, Washington.

2.7 Plaintiff Nora Patricia Murillo Moreno is a resident of Aguascalientes, Mexico. At the time of the events relevant to this complaint, Ms. Murillo Moreno was a resident of King County, Washington.

2.8 Plaintiff Angelica Maria Barajas Horta is a resident of King County, Washington.

2.9 Plaintiff Ana Maria Garcia Martinez is a resident of Pierce County, Washington. Ms. Garcia Martinez is the mother of Plaintiff Gabriel Martinez Garcia.

2.10 Plaintiff Gabriel Martinez Garcia is a resident of Thurston County, Washington. Mr. Martinez Garcia is the son of Plaintiff Ana Maria Garcia Martinez.

2.11 Plaintiff Gerardo Prado Rivera is a resident of King County, Washington.

2.12 Plaintiff Aurora Lizzette Leal Rubio is a resident of King County, Washington.

2.13 Plaintiff Jose Enrique Villalon Rivera is a resident of King County, Washington.

2.14 Plaintiff Carlos Enrique Navarro Ceja is a resident of Michoacan, Mexico. At the time of the events relevant to this matter, Mr. Navarro Ceja was a resident of Snohomish County, Washington.

2.15 Plaintiff Maria Guadalupe Fernandez Rayas is a resident of Snohomish County, Washington.

2.16 Plaintiff Joaquin Coto Roman is a resident of King County, Washington.

2.17 Plaintiff Samanta Sinai Marin Sosa is a resident of King County, Washington.

2.18 Plaintiff Miguel Galvan Rodriguez is a resident of King County, Washington.

2.19 Plaintiff Veronica Flores Campos is a resident of King County, Washington. Ms. Flores Campos is married to Plaintiff Jose Margarito Muratalla Magana.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

2.20 Plaintiff Jose Margarito Muratalla Magana is a resident of King County, Washington. Mr. Muratalla Magana is married to Plaintiff Veronica Flores Campos.

2.21 Plaintiff Rosaura Gallardo Martinez is a resident of Pierce County, Washington.

2.22 Plaintiff Claudia Galindo Velasquez is a resident of Pierce County, Washington.

2.23 Plaintiff Wilson Erendira Nava is a resident of Pierce County, Washington. Mr. Erendira Nava is married to Plaintiff Rosaura Gallardo Martinez.

2.24 Plaintiff Pedro Alberto Garcia Vidaca is a resident of King County, Washington.

2.25 Plaintiff Jose Luis Ortiz Osorio is a resident of Hidalgo, Mexico. At the time of the events relevant to this matter, Mr. Ortiz Osorio was a resident of Yakima County, Washington.

2.26 Plaintiff Isidro Mendoza Jimenez is a resident of Chimalhuacan, Mexico. At the time of the events relevant to this matter, Mr. Mendoza Jimenez was a resident of King County, Washington.

2.27 Plaintiff Angelica Isabel Solis Romero is a resident of King County, Washington.

2.28 Plaintiff Jose Vasquez Rocete is a resident of King County, Washington.

2.29 Plaintiff Martin Gonzalez Garibay is a resident of King County, Washington.

2.30 Plaintiff Martha Elizabeth Chavez Gomez is a resident of King County, Washington.

2.31 Plaintiff Diana Yazmin Barajas Horta is a resident of King County, Washington.

2.32 Plaintiff Idalia Guzman Vidals is a resident of King County, Washington.

2.33 Plaintiff Ricardo Reynoso Jaimes is a resident of Lazaro Cardenas, Mexico.

2.34 Plaintiff Ana Leticia Rangel Salinas is a resident of King County, Washington.

2.35 Plaintiff Ma Pabla Prieto Muniz is a resident of Snohomish County, Washington.

2.36 Plaintiff Jose Jesus Medina Juarez is a resident of Snohomish County, Washington.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

2.37 Plaintiff Fabiola Sosa Rodriguez is a resident of King County, Washington.

2.38 Defendant Alexandra Lozano Kennedy is an attorney formerly licensed by the Washington State Bar Association with Washington State Bar Association License No. 40478. Defendant Alexandra Lozano is domiciled in King County, Washington. Ms. Lozano is or was the sole governor of Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. Ms. Lozano resigned her Washington State Bar Association license in lieu of discipline following the initial filing of this suit.

2.39 Defendant Magaly Lozano Perea[2] is or was an employee of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC who provided services to clients. Magaly Lozano Perea is Ms. Lozano's step-daughter. Magaly Lozano Perea is domiciled in King County, Washington.

2.40 Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company with its headquarters and primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Alexandra Lozano Immigration Law, PLLC, was founded in or around October 2014 by Defendant Alexandra Lozano Kennedy and is registered with the Washington Secretary of State's office. To the degree that La Luz del Camino Legal, PLLC, is an entity separate from Alexandra Lozano Immigration Law, PLLC, it is a mere continuation of Alexandra Lozano Immigration Law, PLLC, and not a distinct

[2] To avoid any potential confusion, Plaintiffs use Defendant Magaly Lozano Perea's full name when referencing or making allegations against her and only use "Ms. Lozano" to refer to Defendant Alexandra Lozano Kennedy.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

entity. Both entities have the same Unified Business Identifier number issued by the Washington State Department of Revenue: 603 446 952. Ms. Lozano, in violation of RCW 25.15.046, unlawfully remained a member and governor of La Luz del Camino Legal, PLLC, until at least June 10, 2026. On June 10, 2026, La Luz del Camino Legal, PLLC, publicly announced it "will be closing its doors and will no longer be providing legal representation."

2.41 Defendant En Solidaridad, LLC, is a voluntarily dissolved Washington limited liability company with its principal place of business in King County, Washington, at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188.

2.42 Defendant Salud Total, LLC, is a Wyoming limited liability company controlled by Ms. Lozano with its principal place of business at 2161 E. Fort King St., Ocala, FL 34471.[3]

2.43 Defendant Amiga Lawyers, LLC, is a voluntarily dissolved Washington limited liability company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy was the sole governor of Amiga Lawyers, LLC.

2.44 Defendant Ally Lozano, LLC, is voluntarily dissolved Washington limited liability company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy was a governor of Ally Lozano, LLC.

2.45 Defendant Sueno Cumplido, LLC, is a Washington limited liability company with its

---

[3] Plaintiffs note that Salud Total's business address is the address of Ms. Lozano's father's real estate office. It is unclear what operations, if any, Salud Total actually undertakes at Ms. Lozano's father's real estate office.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy is the sole governor of Sueno Cumplido, LLC.

2.46 Defendant 5 Branches Holding Company, LLC, is a Washington limited liability company with its primary place of business at 6720 Fort Dent Way, Suite 230, Tukwila, Washington 98188. Defendant Alexandra Lozano Kennedy is the sole governor of 5 Branches Holding Company, LLC.

2.47 Defendant Five Star Legacy Trust is, on information and belief, a Washington trust. Defendant Alexandra Lozano Kennedy is a trustee of Five Star Legacy Trust.

2.48 Defendants Doe Individuals 1-10 are individuals associated with Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including but not limited to current and former attorney and non-attorney employees of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, or individuals performing acts and omissions in concert with them. Defendants Doe Individuals 1-10 participated in the acts and omissions alleged to have been undertaken by Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. The identity of Doe Individuals 1-10 is presently unknown to Plaintiffs. Upon information and belief, Doe Individuals 1-10 are each citizens or lawful permanent residents of the United States and are each domiciled in the United States. The Plaintiffs will amend the Complaint to add the names of Doe Individuals 1-10 as and when they are ascertained.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

2.49 Defendants Doe Entities 1-10 are United States entities owned, controlled, managed, or associated with Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and domiciled in the United States, including but not limited to limited liability companies, trusts, holding companies and similar entities. Defendants Doe Entities 1-10 participated in the acts and omissions alleged to have been undertaken and/or have been used to protect and hold the fruits of those acts and omissions on behalf of Defendants Alexandra Lozano Kennedy; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. The Plaintiffs will amend the Complaint to add the names of Doe Entities 1-10 as and when they are ascertained.

## III. JURISDICTION, VENUE, AND JOINDER

3.1 The acts and omissions of the Defendants alleged herein occurred within King County, Washington, and elsewhere within the Western District of Washington.

3.2 The causes of action asserted in this complaint arise under federal law and Washington state law. This Court has subject matter jurisdiction over the federal law claims asserted in this matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C § 1964(c). Each Plaintiff was injured in their business or property by reason of Defendants' violations of 18 U.S.C. § 1962 as alleged herein, including through the payment of fees for services Defendants did not intend to honestly and competently provide, the loss of lawful immigration remedies, and the cost of retaining substitute counsel.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

3.3 This Court has supplemental jurisdiction over the Washington law claims pursuant to 28 U.S.C. § 1367. The state law claims arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy.

3.4 Independently and in the alternative, this Court has jurisdiction under 28 U.S.C. § 1332(a)(2). Each Plaintiff is a citizen of the United Mexican States and a citizen or subject of a foreign state for purposes of 28 U.S.C. § 1332(a)(2). No Plaintiff is a citizen or lawful permanent resident of the United States. Plaintiffs Severo Lopez Contreras, Nora Patricia Murillo Moreno, Carlos Enrique Navarro Ceja, Jose Luis Ortiz Osorio, Isidro Mendoza Jimenez, and Ricardo Reynoso Jaimes presently reside in Mexico. Plaintiffs residing in the United States are not United States domiciliaries for diversity purposes; state citizenship under § 1332 requires United States citizenship, which no Plaintiff holds.

3.5 On information and belief, no Defendant is a citizen or subject of Mexico or of any other foreign state. Defendant Alexandra Lozano Kennedy is a citizen of the United States domiciled in Washington. Defendant Magaly Lozano Perea is either a citizen or lawful permanent resident of the United States domiciled in Washington. Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, is a Washington professional limited liability company whose sole member is Ms. Lozano, a citizen of Washington. Defendants En Solidaridad, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Sueno Cumplido, LLC; and 5 Branches Holding Company, LLC, are limited liability companies whose membership interests are held, on information and belief, by Ms. Lozano directly or through her marital community, and each is therefore a citizen of Washington. Defendant Salud Total, LLC, is a



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Wyoming limited liability company whose membership interests are held, on information and belief, by Ms. Lozano, and it is therefore a citizen of Washington. Defendant Five Star Legacy Trust is, on information and belief, a Washington trust of which Ms. Lozano is trustee and beneficial owner, and its citizenship is that of Ms. Lozano.

3.6 The amount in controversy exceeds $75,000, as to each Plaintiff or marital community. Contractual fees paid by Plaintiffs range from approximately $7,950 to more than $47,500 per Plaintiff or marital community and are subject to trebling under 18 U.S.C. § 1964(c) and RCW 19.86.090. Each Plaintiff's damages further include lost wages and diminished employment opportunity resulting from the loss of lawful immigration remedies; fees paid to substitute counsel; the costs of immigration proceedings that would not have arisen but for Defendants' conduct; emotional distress damages; and a pro rata share of statutory attorneys' fees recoverable under 18 U.S.C. § 1964(c) and RCW 19.86.090. By way of illustration, the marital community of Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez paid contractual fees of at least $32,355, before trebling and before extra-contractual damages.

3.7 There is complete diversity between Plaintiffs and Defendants. All Plaintiffs are citizens and subjects of Mexico, and no Defendant is a citizen or subject of any foreign state.

3.8 Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the events and omissions giving rise to the claims occurred within this district and Defendants reside within this district. The Lozano Firm's principal place of business was in Tukwila, King County, Washington, and the immigration filings at issue were prepared within, and submitted from, this district.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

3.9 This Court has personal jurisdiction over each Defendant. Ms. Lozano and Magaly Lozano are domiciled in Washington. La Luz del Camino Legal, PLLC, and the Washington entity Defendants are organized under Washington law or transact their primary affairs in Washington. Salud Total, LLC, although organized under Wyoming law, purposefully availed itself of this forum by receiving referrals of Washington-based clients from the Lozano Firm for evaluations used in immigration filings prepared in Washington, and Plaintiffs' claims arise from those forum contacts. Five Star Legacy Trust is administered by Ms. Lozano as trustee from within this district and holds real property within this district. Each other corporate defendant is domiciled in Washington.

3.10 Plaintiffs' claims are properly joined under Fed. R. Civ. P. 20(a)(1). Each Plaintiff's claims arise from the same series of transactions or occurrences: the same marketing, the same intake process, the same fee structure, the same signature practices, the same evaluator referrals, and the same filing methodology, applied to each Plaintiff by the same Defendants during the same period.

3.11 Questions of law and fact common to all Plaintiffs will predominate, including whether Defendants' signature, declaration, and evaluation practices violated the statutes and duties alleged herein, and whether the entity Defendants operated as alleged. Individualized questions relate principally to damages. In the alternative, consolidation of any severed claims would be warranted under Fed. R. Civ. P. 42(a), because the same discovery, the same witnesses, and the same experts apply to every Plaintiff's claims.

//

//

//



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## IV. FACTS

4.1 Defendant Alexandra Lozano Kennedy ("Ms. Lozano") was a Washington State attorney and is the founder of La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC (the "Lozano Firm," and, collectively with Ms. Lozano, "Lozano").

4.2 The Lozano Firm was an immigration law firm based in Tukwila, Washington, with additional offices and satellite offices across the United States and employees in the United States, Mexico, Argentina, Colombia, Nicaragua, and the Philippines.

4.3 The Lozano Firm had offices in Seattle, Chicago, Houston, Los Angeles, and San Antonio, and a network of satellite offices. According to an interview Ms. Lozano gave to SuperLawyers in July 2021, the Lozano Firm employed over 100 support staff by mid-2021. It has continued to grow and referred to itself as the "fastest growing" firm of its kind, claiming to have more than 750 employees as of 2024.

4.4 The Lozano Firm primarily provided services to Spanish-speaking immigrants, and predominantly to immigrants from Mexico.

4.5 Lozano charged clients, including each Plaintiff, a flat fee for services and treated that fee as earned upon receipt. Lozano's fees averaged between $10,000 and $15,000 per matter, but could be substantially higher. Based on average fees charged and the number of current clients, Lozano has received payments or promises of payment in excess of $400 million.

4.6 While Lozano harmed Plaintiffs and Plaintiffs each bring claims on their own behalf, the issues which caused harm to Plaintiffs were systemic in nature and affected thousands of people. The specific harms and incidence of negligence and malfeasance impacting Plaintiffs include fraudulent use of Plaintiffs' signatures, filing of baseless



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

claims, failures to file necessary paperwork either because of incompetence or a later "bait-and-switch," failures to appropriately advise clients as to risks to them and their families, improper T-Visa and Violence Against Women Act ("VAWA") filings, and demands for additional fees for harms resulting from Lozano's own negligence and malfeasance.

4.7 While VAWA and T-Visa petitions are appropriate in some circumstances and may allow parties to remain in the country while the forms and applications are processed, VAWA and T-Visa proceedings allow Lozano to charge higher fees for services and to leverage economies of scale to increase their per-client profits.

4.8 The Lozano Firm described itself as "a groundbreaking law firm that revolutionized the practice of immigration law" through an "innovative . . . novel approach . . to rarely applied niche provisions of immigration law," namely VAWA and T-Visas. *See Alexandra Lozano Immigration Law, PLLC, v. Diaz Cuenca, et al.*, Case No. 4:24-cv-02190, at ECF 1-4 (S.D. Tex., June 7, 2024). As alleged herein, Lozano's "groundbreaking" and "innovative . . . novel approach" was deceptive, unfair, fraudulent, and unlawful.

4.9 As part of Lozano's "innovative . . . novel approach," Lozano relied on psychological assessments and related assessments undertaken by affiliates of Lozano and companies controlled by Lozano, including Defendants En Solidaridad and Salud Total.

4.10 Documents related to assessments prepared by En Solidaridad and Salud Total were often or typically drafted by unlicensed En Solidaridad, Salud Total, and/or Lozano employees and contractors, including contractors located in the Philippines.

4.11 Lozano was aware that documents related to assessments prepared by En Solidaridad and Salud Total were often or typically drafted by unlicensed En Solidaridad, Salud Total,



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

and/or Lozano employees and contractors, but failed to inform clients referred to En Solidaridad and Salud Total that the assessments would be completed by unlicensed persons rather than appropriately licensed mental health professionals.

4.12 Lozano intermittently failed to disclose Ms. Lozano's personal ownership interest in En Solidaridad and Salud Total. When doing so, Lozano failed to disclose that Ms. Lozano would personally profit from fees paid by Lozano clients to En Solidaridad and Salud Total.

4.13 Lozano submitted assessments prepared by En Solidaridad and Salud Total to USCIS through the United States mail and interstate carriers.

4.14 Lozano communicated about assessments prepared by En Solidaridad and Salud Total through interstate wires.

4.15 Otherwise, Lozano's "innovative . . . novel approach" relied on outsourcing legal work to non-attorneys, seeking relief Plaintiffs and other clients were never entitled to, and submitting fraudulent documents to USCIS without client approval.

4.16 Lozano regularly directed non-lawyer intake employees to provide clients with false or misleading information, instructing non-lawyer employees to advise on and complete forms and thus engage in the practice of law, instructing non-lawyer employees to inform clients that they were a "licenciada"[4] regardless of education and licensure, instructing non-lawyer employees to affix Ms. Lozano's signature to documents regardless of whether Ms. Lozano ever reviewed (or was even aware of) the documents, filing for immigration benefits on behalf of clients even when Lozano knew those clients were not eligible for the

[4] Licenciada is a term typically used to refer to a licensed attorney by Spanish speakers in the United States.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

requested benefits, affixing copy-pasted client signatures to documents regardless of client approval and review and regardless of USCIS signature requirements, and referring clients for psychological and psychosocial evaluation at En Solidaridad and Salud Total without disclosing either Ms. Lozano's interests in those entities or that those evaluations would be completed by unlicensed persons.

4.17 Lozano relied on employees and contractors outside the United States to perform work. Lozano employed or contracted with Mexican-licensed lawyers, located in Mexico, to perform legal work as "paralegals." None of the Mexican-licensed lawyers were licensed by any attorney licensing entity located in the United States.

4.18 Lozano employees directly supervised these Mexican-licensed lawyers. Lozano instructed its foreign employees and contractors, including those in Mexico, to lie to Lozano clients and inform clients that they were located in the United States.

4.19 Lozano engaged in similar practices in other countries, including but not limited to Colombia.

4.20 Lozano submitted documents prepared by non-lawyers, with electronic signatures improperly affixed by non-lawyers, to USCIS through the United States mail and interstate carriers.

4.21 Lozano communicated about documents prepared by non-lawyers, with electronic signatures improperly affixed by non-lawyers, through interstate wires, including when foreign employees at international offices shared electronic copies of the documents with domestic employees in domestic offices and when transmitting documents to USCIS.

4.22 In addition, Lozano charged clients fees for interpretation at USCIS appointments. These fees were paid in advance of appointments and were typically $500.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.23 To increase profits, Lozano trained other attorneys and built a network of attorneys nationwide through Amiga Lawyers, LLC, and Ally Lozano, LLC, to engage in and collaborate in the same processes and practices. Lozano has "taught hundreds of immigration attorneys" how to engage in similar and interrelated schemes and practices. *See Alexandra Lozano Immigration Law, PLLC, v. Diaz Cuenca, et al.*, Case No. 4:24-cv-02190, at ECF 1-4, ¶¶ 19-20 (S.D. Tex., June 7, 2024). Ms. Lozano personally earned more than $1.7 million teaching her methods to other attorneys between 2019 and 2021. *Id*.

4.24 The funds Plaintiffs and other clients paid to the Lozano Firm included amounts designated for USCIS filing fees and amounts paid for services not performed or not performable as represented. Funds paid by clients flowed from the Lozano Firm to Ms. Lozano and to the entity Defendants, and were used to acquire, directly or indirectly, the assets including the real properties in Seattle and Chicago, the Covington property, and the private airplane described in this complaint. Plaintiffs' funds are traceable through the financial records of the Lozano Firm and the entity Defendants.

4.25 Lozano has acquired substantial assets, both within the United States and internationally, using the proceeds of the scheme. Ms. Lozano personally, either directly, through Five Star Legacy Trust, or through other trusts and entities she owns or controls, controls a multimillion-dollar domestic real estate portfolio purchased with the proceeds of the scheme, including at least condominiums in Seattle, Washington and Chicago, Illinois valued at more than $4 million.

4.26 In addition, using the proceeds of the scheme, Ms. Lozano has acquired a substantial foreign real estate portfolio which she either owns personally or through trusts and other



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

entities she owns or controls. Ms. Lozano's foreign real estate portfolio includes property in Col. Bosques de las Lomas, Ciudad de Mexico, Mexico, and other property in Mexico.

4.27 Sueno Cumplido, LLC, either directly or indirectly through a trust structure, owns or controls a private airplane used by Lozano and purchased with proceeds of the scheme. The private airplane was used by Lozano to further the schemes described in this complaint, including for intrastate and international travel to engage in acts and schemes described in this complaint. The private airplane is a Bombardier Challenger 300 with registration number N712AQ. The private airplane is valued at approximately $25 million.

4.28 While Sueno Cumplido, LLC, appears to have transferred title to the private airplane to a non-party company, any such transfer was for Federal Aviation Administration registration purposes only and Sueno Cumplido, LLC, maintains its interest in the private airplane and the proceeds of any sale of the private airplane.

4.29 5 Branches Holding Company owns or controls various international assets controlled by Lozano, including Quetzal International Services SAS and other corporate assets held in Colombia. The corporate assets held in Colombia include companies used by and affiliates of Lozano used to further Lozano's scheme. The assets held by 5 Branches Holding Company were purchased with the proceeds of the scheme.

4.30 Each entity Defendant is the alter ego of Defendant Alexandra Lozano Kennedy. Under Washington law, the corporate form is disregarded where the corporate form was used to violate or evade a duty and disregard is necessary to prevent unjustified loss to the injured party.

4.31 Ms. Lozano exercises complete dominion and control over each entity Defendant. On information and belief, she holds controlling membership interests in each limited



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

liability company Defendant, directly or through her marital community, and is the trustee and beneficial owner of Five Star Legacy Trust. Multiple entity Defendants share the same principal business address. On information and belief, the entity Defendants do not observe corporate formalities, do not maintain independent management or governance, and do not document inter-entity transfers on arm's-length terms.

4.32 The Lozano Firm was undercapitalized relative to its obligations and did not maintain reserves against client refund obligations, fee guarantees, or malpractice liabilities. Fee revenue was treated as earned upon receipt and was transferred to the asset-holding entity Defendants.

4.33 Ms. Lozano used her control of the entity Defendants to accomplish the conduct alleged in this complaint: the Lozano Firm collected client fees; En Solidaridad, LLC, and Salud Total, LLC, produced evaluations by unlicensed individuals without clear disclosure of Ms. Lozano's financial interest; Amiga Lawyers, LLC, and Ally Lozano, LLC, trained third parties in the same practices and operated a referral network to increase Lozano's revenue; and Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five Star Legacy Trust received and held assets acquired with the proceeds. The entity structure and the transfers among the entities proximately caused Plaintiffs' injuries by placing the proceeds of the conduct alleged herein beyond the reach of the clients whose payments generated them.

4.34 La Luz del Camino Legal, PLLC, is the same entity as, and the successor by name change to, Alexandra Lozano Immigration Law, PLLC. It retains the same Washington UBI number, the same ownership, the same operations, the same clients, and the same principal place of business, and it is liable for the obligations of its predecessor under



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

mere-continuation and continuity-of-enterprise principles.

4.35 Upon information and belief, the Lozano Firm and Ms. Lozano have been under investigation by USCIS investigators and other state and federal investigative authorities for a number of years.

4.36 The Lozano Firm and Ms. Lozano were aware of the ongoing USCIS investigation.

4.37 During the USCIS investigation, Lozano transferred assets to associated entities and trusts, presumably in an effort to protect them from any actions brought by USCIS, the Washington State Bar Association, or former Lozano clients. The associated entities and trusts include, at least, Defendants Sueno Cumplido, LLC; Five Star Legacy Trust; and 5 Branches Holding Company, LLC.

4.38 Ms. Lozano resigned her Washington State Bar Association license in lieu of discipline on May 26, 2026. According to the Washington State Bar Association's allegations against Ms. Lozano, Lozano had more than 35,000 clients as of that date and nearly 54,000 petitions pending before the USCIS bore Ms. Lozano's signature.

4.39 The Washington State Bar Association alleged that Ms. Lozano violated Washington Rules of Professional Conduct 1.5 (Fees), 1.7 (Conflict of Interest: Current Clients), 3.1 (Meritorious Claims and Contentions), 5.3 (Responsibilities Regarding Nonlawyer Assistants), 5.5 (Unauthorized Practice of Law; Multijurisdictional Practice of Law), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), and 8.4(d) (Prejudicial to the Administration of Justice).

4.40 Ms. Lozano actually breached each of the Rules of Professional Conduct which the Washington State Bar Association alleged she breached.

4.41 The Washington State Bar Association alleged that Ms. Lozano engaged in misconduct



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

including: 1) directing staff to utilize a script that contained false and/or misleading information when communicating with prospective clients; 2) filing applications for immigration benefits with USCIS when Ms. Lozano knew the clients were ineligible for those benefits; 3) utilizing nonlawyers to perform legal functions on behalf of clients, and/or delegating legal functions to nonlawyer staff such as performing client consultations and providing legal advice and/or providing her signature stamp for nonlawyer staff to affix to documents that Ms. Lozano did not personally review; 4) failing to adequately supervise nonlawyer staff who performed legal functions and affixed her signature to filings; 5) referring clients to Salud Total without disclosing that evaluations were performed by unlicensed individuals; 6) directing staff to submit forms to USCIS bearing signatures that falsely certified that she had prepared the forms; and 7) charging unreasonable fees for work performed by nonlawyers and for preparation of applications for which the clients were ineligible. The allegations leveled by the Washington State Bar Association broadly align with the experiences of Plaintiffs.

4.42 The actions described by the Washington State Bar Association in its allegations against Ms. Lozano actually occurred.

4.43 The actions described by the Washington State Bar Association in its allegations against Ms. Lozano were part of Lozano's systemic and general practices and impacted each Plaintiff.

4.44 On June 10, 2026, the Lozano Firm publicly announced that it "will be closing its doors and will no longer be providing legal representation." As part of its statement, the Lozano Firm stated that "For [Ms. Lozano], our Founder and former lead attorney, every client was like a member of her family and she cared deeply for each and every case."



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.45 The Lozano Firm's statements about Ms. Lozano's care for each case and client were false and misleading. As detailed in the Washington State Bar Association allegations and in this Complaint, Ms. Lozano had no meaningful interaction with most clients, failed to review filings, and outsourced legal work to non-lawyers, including non-lawyers in Mexico and Colombia.

4.46 At the time of the Lozano Firm's closure, Lozano clients had scheduled USCIS interviews and hearings. Clients were left without representation at interviews on the day of the Lozano Firm's closure. Lozano apparently will not represent clients or provide interpretation services at USCIS interviews after June 10, 2026, even where clients paid in advance for interpretation and representation at an interview. Clients who paid advance fees for interpretation and representation at a USCIS interview have not been refunded the fees they paid for interpretation and representation at those interviews and hearings.

4.47 On June 18, 2026, Ms. Lozano was suspended from the practice of law before the Board of Immigration Appeals, all Immigration Courts, and the Department of Homeland Security.

4.48 On June 26, 2026, USCIS informed attorneys practicing before it and immigration applicants that Ms. Lozano had been suspended from practice. Upon information and belief, USCIS sent the information to *every* immigration applicant for whom it had an email and *every* immigration attorney practicing before it.

***Plaintiffs Erika Alejandra Mejia Sanchez and Juan Manuel Villanueva Vega***

4.49 Plaintiffs Erika Alejandra Mejia Sanchez and Juan Manuel Villanueva Vega retained Lozano to represent them in relation to immigration matters.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.50 Ms. Mejia Sanchez and Mr. Villanueva Vega saw Lozano's advertising and trusted the Lozano Firm and Ms. Lozano because of Lozano's use of the *Virgen de Guadalupe* in marketing materials and the implications connected with the *Virgen*.[5]

4.51 Ms. Mejia Sanchez and Mr. Villanueva Vega are married parents of five children, each of whom is a United States citizen. One of Ms. Mejia Sanchez and Mr. Villanueva Vega's children has Type 1 diabetes and requires constant medical attention, consistent access to expensive medications, and specialized medical care. At the time they retained Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega were seeking legal opinions about *if* there was a path for them to obtain legal residency.

4.52 Ms. Mejia Sanchez and Mr. Villanueva Vega signed a contract with Lozano on June 30, 2020.

4.53 Ms. Mejia Sanchez and Mr. Villanueva Vega signed an additional contract with Lozano on August 14, 2024, and a third contract on October 14, 2025; each of these later two contracts related to unsuccessful efforts to limit the harms caused by Lozano's representation.

4.54 Ms. Mejia Sanchez and Mr. Villanueva Vega paid Lozano approximately $32,355 for services described in the contracts.

4.55 At the time they retained Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega informed Lozano that they had multiple unlawful entries into the United States. Other attorneys had accurately advised them that there was no path to adjust their status because of the resulting permanent bar, which they also informed Lozano.

---

[5] A fuller description of Lozano's marketing efforts, specifically related to the *Virgen de Guadalupe* and the concept of miracles, is included at Paragraphs 4.488 through 4.498.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.56 In contrast to the other attorneys, Lozano promised Ms. Mejia Sanchez and Mr. Villanueva Vega that Mr. Villanueva Vega would receive a work permit in six months and a green card in one year and that Ms. Mejia Sanchez would receive a positive outcome.

4.57 Despite having received accurate information from Mr. Villanueva Vega, Lozano falsely stated in the Mr. Villanueva's visa application that his past entries into the United States were "wave through" entries, in direct contradiction to what he had previously told Lozano. An attorney acting within the standard of care would not have done so.

4.58 Lozano filed VAWA petitions on behalf of Ms. Mejia Sanchez and Mr. Villanueva Vega alleging that their daughter had abused them, despite their concern about the potential impacts of the abuse allegation on their daughter. Lozano told them that there was no risk to their daughter and that the daughter's biological mother would be the one blamed. Lozano nonetheless filed VAWA petitions alleging abuse by their daughter. An attorney acting within the standard of care would not have done so.

4.59 As a portion of the fees paid to Lozano, Ms. Mejia Sanchez and Mr. Villanueva Vega paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluations falsely represented Ms. Mejia Sanchez and Mr. Villanueva Vega's actual psychological states, but were still presented to immigration officials by Lozano. An attorney acting within the standard of care would not have done so.

4.60 USCIS ultimately denied Mr. Villanueva Vega's residency application based on the permanent bar he disclosed to Lozano at the outset of the representation.

4.61 As a result of the denial of his residency application, Mr. Villanueva Vega is currently in



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

removal proceedings. It is more probable than not that Mr. Villanueva Vega will be deported. An immigration practitioner practicing at the required standard of care would not have proceeded with the representation at all, would have advised Mr. Villanueva Vega that a "miracle" was not available, and would have informed him that any effort to amend his residency status would, more likely than not, result in his deportation.

4.62 If Mr. Villanueva Vega is deported, Ms. Mejia Sanchez and their children will either have to remain in the United States without him or follow him to Mexico where the medical care for their child with Type 1 diabetes will be inferior. If Ms. Mejia Sanchez follows Mr. Villanueva Vega to Mexico, it would be difficult or impossible for her to legally return to the United States.

4.63 Ms. Mejia Sanchez and Mr. Villanueva Vega did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least the date on which they learned that Mr. Villanueva Vega's residency application was denied.

4.64 As a result of Lozano's acts and omissions, Ms. Mejia Sanchez and Mr. Villanueva Vega suffered substantial emotional distress.

***Plaintiff Severo Lopez Contreras***

4.65 Plaintiff Severo Lopez Contreras retained Lozano to represent him in immigration matters.

4.66 Mr. Lopez Contreras signed a contract with Lozano on May 22, 2025.

4.67 Mr. Lopez Contreras paid Lozano $17,500 for legal services described in the contract.

4.68 Lozano required Mr. Lopez Contreras to sign a form stating "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." An attorney acting within the standard of care would not have done so.


Alexandra Lozano

ABOGADA ALEXANDRA IMMIGRATION LAW

abogadaalexandra.com

Dear client,

By signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines.

*Figure 3. Signature Sheet Provided to Severo Lopez Contreras by the Lozano Firm.*

4.69 At the time of signing the contract, Mr. Lopez Contreras had resided in the United States for thirty years, immigrating when he was sixteen years old. Mr. Lopez Contreras operated a successful drywall and painting business as a licensed and bonded contractor.

4.70 Lozano informed Mr. Lopez Contreras that he was eligible for a T-Visa based on a drywall job that his company, Masters Drywall and Painting, LLC, was not paid for in 2016, and that Lozano would file an appropriate petition and paperwork to obtain a T-Visa.

4.71 Despite Lozano's representations, Mr. Lopez Contreras was clearly and obviously ***not*** eligible for a T-Visa. The breach of contract dispute between his company and another contractor occurred about 9 years *prior* to Mr. Lopez Contreras contracting with Lozano and nearly *twenty-one years* after Mr. Lopez Contreras immigrated to the United States. A reasonable immigration practitioner would realize Lopez Contreras did not qualify for a



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

T-Visa and that making such a claim would expose him to unnecessary risk.

4.72 Lozano informed Mr. Lopez Contreras that in six-to-nine months, he would obtain a work permit and social security number and, in two years, he would have an adjustable T-Visa.

4.73 At the time of contracting with Lozano, Mr. Lopez Contreras was particularly concerned about what would happen if he were arrested by immigration officials during the T-Visa process. Lozano told Mr. Lopez Contreras "not to worry" and that he would be protected from arrest and immigration enforcement actions while his visa application was pending.

4.74 Mr. Lopez Contreras's fears and concerns were warranted and reasonable given the then-ongoing nationwide immigration crackdown.

4.75 On October 1, 2025, Mr. Lopez Contreras was arrested by Immigrations and Customs Enforcement ("ICE") officers.

4.76 Mr. Lopez Contreras called Lozano shortly after his arrest. Lozano informed Mr. Lopez Contreras that it had *never* filed his T-Visa application. Upon information and belief, Lozano knew or should have known that it would not file a T-Visa application on Mr. Lopez Contreras's behalf and/or that any such application would be unsuccessful at the time it accepted money from Mr. Lopez Contreras to do so. An attorney acting within the standard of care would have at least provided the promised services.

4.77 Showing neither contrition nor taking responsibility for the failure, Lozano demanded an additional payment of $20,000 after Mr. Lopez Contreras's arrest to file an asylum claim for him while he remained in an immigration detention facility.

4.78 Mr. Lopez Contreras requested a refund of the money he paid to Lozano. After initially stating that the firm would return Mr. Lopez Contreras' money, Lozano did not refund any payments made by Mr. Lopez Contreras, despite *never* filing the T-Visa paperwork it was



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

paid to file.

4.79 As a result of Lozano's failures, Mr. Lopez Contreras was forced to return to Mexico, a country in which he has not resided since he was a teenager, and to leave his business and his family behind, causing him severe emotional distress. He cannot legally return to the United States at this time.

4.80 Mr. Lopez Contreras did not discover and could not have reasonably discovered Lozano's failures and the impacts of those failures until his arrest on October 1, 2025.

***Plaintiff Nora Patricia Murillo Moreno***

4.81 Plaintiff Nora Patricia Murillo Moreno retained Lozano to represent her in relation to her immigration status.

4.82 Ms. Murillo Moreno retained Lozano, at least in part, because she had seen marketing materials, including social media marketing, created by Lozano and representing Ms. Lozano as capable of performing miracles.[6]

4.83 Ms. Murillo Moreno is married to a United States citizen and has three children, each of whom are also United States citizens.

4.84 Ms. Murillo Moreno signed a contract with Lozano on September 1, 2021.

4.85 Ms. Murillo Moreno paid Lozano approximately $15,000 to represent her.

4.86 At the time Ms. Murillo Moreno signed the contract, Lozano promised her that she would obtain a visa and promised to return her money if she did not receive permanent residency.

4.87 As a portion of the fees paid to Lozano, Ms. Murillo Moreno was required to pay for a

---

[6] A fuller description of Lozano's marketing efforts, specifically related to the concept of miracles, is included at Paragraphs 4.488 through 4.498.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Murillo Moreno's actual psychological state but was still presented to immigration officials by Lozano. An attorney acting within the standard of care would not have done so.

4.88 While Lozano was preparing the filings and application, Lozano pressured Ms. Murillo Moreno to embellish the facts and to make claims that she did not fully agree with. An attorney acting within the standard of care would not have done so.

4.89 Ms. Murillo Moreno attended an interview with USCIS officers. Prior to the interview, Ms. Murillo Moreno was pressured and coached by Lozano to provide inaccurate responses. An attorney acting within the standard of care would not have done so.

4.90 Prior to the interview with USCIS officers, and without time to adequately consider or take alternative actions, Lozano provided Ms. Murillo Moreno with a copy, in English,[7] of the declaration it had filed and signed on her behalf. Upon review of the declaration, Ms. Murillo recognized that as much as half of the declaration consisted of exaggerated and/or false statements.

4.91 On February 12, 2026, Ms. Murillo Moreno traveled to Mexico, with her travel permit, to visit her father, who is battling cancer.

4.92 Ms. Murillo Moreno attempted to return to Seattle on February 17, 2026. Upon arrival in the United States, immigration officials informed her that her residency application had been denied on January 2, 2026. Lozano had not informed Ms. Murillo Moreno of the

[7] Ms. Murillo Moreno can speak and read English, but her preferred language is Spanish.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

denial. An attorney acting within the standard of care would have informed Ms. Murillo Moreno of the denial.

4.93 Immigration officials at the airport found Ms. Murillo Moreno inadmissible because of the January 2, 2026 denial. Ms. Murillo Moreno was faced with a choice: either withdraw her application and return to Mexico immediately or wait out expedited removal proceedings in an immigration detention facility. Ms. Murillo Moreno chose to withdraw her application and to return to Mexico to be with her family. Ms. Murillo Moreno is currently inadmissible to the United States and is forced to reside in Mexico away from family and loved ones.

4.94 Ms. Murillo Moreno did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least January 2, 2026.

4.95 As a result of the acts and omissions of Lozano, Ms. Murillo Moreno was prevented from entering the United States and deemed inadmissible. Further, because of the inaccurate documents and declaration submitted by Lozano on Ms. Murillo Moreno's behalf, Ms. Murillo Moreno faces additional hurdles and struggles if she wishes to return to her family in the United States.

4.96 As a result of the acts and omissions of Lozano, Ms. Murillo Moreno has lost wages and suffered substantial emotional distress.

***Plaintiff Angélica Maria Barajas Horta***

4.97 Plaintiff Angélica Maria Barajas Horta retained Lozano to represent her in seeking legal immigration status.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.98 Ms. Barajas Horta signed a contract with Lozano on July 7, 2020.

4.99 Ms. Barajas Horta paid Lozano a total of $13,675.

4.100 Ms. Barajas Horta is the mother of three United States citizen children born in Mexico. Prior to retaining Lozano, Ms. Barajas Horta was physically attacked by one of her children in the United States, an incident which was reported to the police and made Ms. Barajas Horta eligible for relief under VAWA.

4.101 Prior to retaining Lozano, Ms. Barajas Horta consulted with two other attorneys. Upon reviewing her immigration status and file, each of these attorneys correctly advised Ms. Barajas Horta that it would not be possible to obtain permanent residency because of prior unlawful entries.

4.102 Ms. Barajas Horta retained Lozano to represent her in seeking permanent residency based on VAWA. At the time Ms. Barajas retained Lozano, she informed Lozano of her multiple unlawful entries.

4.103 Lozano negligently advised Ms. Barajas Horta that it was not necessary to file a waiver. Instead, Lozano attempted, without any reasonable legal or factual basis, to connect Ms. Barajas Horta's prior immigration violations to the abuse she suffered at the hands of her child. An attorney acting within the standard of care would not have done so and Lozano knew or should have known, at the time they presented the arguments to immigration officials, that the arguments were without basis or merit.

4.104 As a portion of the fees paid to Lozano, Ms. Barajas Horta paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The assessment falsely represented Ms. Barajas Horta's psychological state.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.105 Following Ms. Barajas Horta's interview with USCIS officials, Lozano belatedly filed a waiver related to Ms. Barajas Horta's prior entries, a filing which should have been filed at the outset. Lozano's failure was either incompetence or a deceptive "bait and switch," either of which fell below the standard of care and competence required of immigration practitioners.

4.106 As a result of Lozano's negligent and improper decision to file the permanent residency application, USCIS referred Ms. Barajas Horta to immigration court for removal proceedings.

4.107 As a result of Lozano's negligent and improper decision to seek permanent residency, Ms. Barajas Horta will more likely than not be deported from the United States despite being eligible for relief under VAWA.

4.108 Ms. Barajas Horta did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least the date on which she was referred to the immigration court.

4.109 As a result of Lozano's acts and omissions, Ms. Barajas Horta suffered substantial emotional distress.

***Plaintiff Ana Maria Garcia Martinez***

4.110 Plaintiff Ana Maria Garcia Martinez retained Lozano to represent her in immigration matters.

4.111 Ms. Garcia Martinez paid Lozano approximately $15,000 for services.

4.112 Ms. Garcia Martinez is married to a naturalized citizen of the United States.

4.113 According to the contract between Ms. Garcia Martinez and Lozano, Ms. Garcia Martinez



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

retained Lozano to assist with an I-360 form. Her contract makes no reference to a VAWA application or other similar application.

4.114 At the time Ms. Garcia Martinez retained Lozano, Ms. Garcia Martinez was eligible for consular processing based on an already approved family petition filed by her naturalized citizen spouse. Consular processing requires that an immigrant leave the United States to complete the process.

4.115 Instead of suggesting consular processing, Lozano disregarded the already-initiated consular process and convinced Ms. Garcia Martinez to file VAWA and residency applications. An attorney acting within the standard of care would not have done so.

4.116 Ms. Garcia Martinez had no understanding of what it meant to file VAWA paperwork at the time Lozano convinced her to file VAWA paperwork.

4.117 When encouraging Ms. Garcia Martinez to file for VAWA protections, Lozano never advised Ms. Garcia Martinez that filing for VAWA protections could impact the citizenship status and naturalization of her naturalized citizen spouse. Lozano also never warned her that abandoning the consular process would deprive her son in Mexico of the opportunity to obtain legal status in the United States. An attorney acting within the standard of care would have provided that information.

4.118 Despite never informing Ms. Garcia Martinez of the potential risk of VAWA filings for Ms. Garcia Martinez's spouse and son, Lozano falsely filed VAWA paperwork alleging that Ms. Garcia Martinez's spouse abused her during a time he was a legal resident of the United States but was not yet a naturalized citizen.

4.119 Lozano drafted and prepared a declaration filed on behalf of Ms. Garcia Martinez. Lozano staff told Ms. Garcia Martinez that her spouse was "aggressive." Ms. Garcia Martinez



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

objected and told Lozano that statement was not accurate. Lozano insisted the declaration must say that Ms. Garcia Martinez's spouse was "aggressive" and included such language in the declaration. Lozano told Ms. Garcia Martinez that including allegations against her spouse would not impact him.

4.120 Lozano did not provide Ms. Garcia Martinez with an opportunity to review the declaration before Lozano affixed Ms. Garcia Martinez's electronic signature to the declaration and filed it with immigration officials.

4.121 Ms. Garcia Martinez, on Lozano's instructions, did not sign immigration paperwork and related documents filed by Lozano with an ink pen. Instead, Lozano copied and pasted Ms. Garcia Martinez's electronic signature onto multiple forms or affixed an electronic copy of Ms. Garcia Martinez's signature onto the forms. An attorney acting within the standard of care would not have affixed an electronic signature.

4.122 Prior to an interview with USCIS, Lozano coached and pressured Ms. Garcia Martinez to falsely state that she had signed her immigration forms with an ink pen.

4.123 As a portion of the fees paid to Lozano, Ms. Garcia Martinez paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Garcia Martinez's actual psychological state, but was still presented to immigration officials by Lozano.

4.124 On December 1, 2025, USCIS denied Ms. Garcia Martinez's residency application. Ms. Garcia Martinez's residency application was denied solely because Lozano improperly affixed electronic signatures when filing Ms. Garcia Martinez's application instead of requesting that Ms. Garcia Martinez sign with an ink pen.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.125 Ms. Garcia Martinez did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least December 1, 2025.

4.126 As a result of Lozano's acts and omissions, Ms. Garcia Martinez is at a significant risk of deportation. Indeed, Ms. Garcia Martinez was forced to retain new counsel to at least temporarily terminate deportation proceedings resulting from Lozano's acts and omissions.

4.127 As a result of Lozano's acts and omissions, Ms. Garcia Martinez has suffered substantial emotional distress, including but not limited to distress related to the risks Lozano's actions and omissions have created for her naturalized citizen spouse.

***Plaintiff Gabriel Martinez Garcia***

4.128 Plaintiff Gabriel Martinez Garcia retained Lozano to represent him in immigration matters.

4.129 Mr. Martinez Garcia paid Lozano approximately $15,000 for the representation.

4.130 At the time Mr. Martinez Garcia retained Lozano, he was eligible for consular processing as a result of an already-approved family petition filed by his lawful permanent resident stepfather, who is now a naturalized citizen.

4.131 Lozano pushed Mr. Martinez Garcia to file for a VAWA adjustment rather than use consular processing. Lozano did not explain to Mr. Martinez Garcia what VAWA was and never explained the basis of the case. Mr. Martinez Garcia only learned what VAWA was after he researched it online and was able to locate information.

4.132 Despite never informing Mr. Martinez Garcia about VAWA, Lozano proceeded to file a VAWA adjustment and residency application on his behalf on January 25, 2021. Mr.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Martinez Garcia's VAWA was ultimately approved and was based on an abusive marriage to a United States citizen.

4.133 Mr. Martinez Garcia communicated with Lozano online and over the phone. Mr. Martinez Garcia *never* went to a Lozano office in person, including to review and sign paperwork, forms, and filings. Lozano used and affixed an electronic signature for each form and filing it submitted on behalf of Mr. Martinez Garcia. An attorney acting within the standard of care would not have affixed an electronic signature.

4.134 Prior to Mr. Martinez Garcia's interview with USCIS, Lozano told Mr. Martinez to lie to USCIS officials and to tell them that he went to a Lozano office to sign each form with an ink pen.

4.135 On September 17, 2025, USCIS denied Mr. Martinez Garcia's residency application. USCIS denied Mr. Martinez Garcia's residency application *solely* because his applications had been signed electronically (with signatures affixed by Lozano) rather than with an ink pen.

4.136 Following the denial of the residency application, USCIS issued Mr. Martinez Garcia a Notice to Appear before an immigration judge, a step in deportation proceedings. Mr. Martinez Garcia was forced to retain new counsel to terminate the deportation proceedings resulting from Lozano's acts and omissions. Further, Mr. Martinez Garcia has been forced to restart the residency application process.

4.137 Mr. Martinez Garcia did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 17, 2025.

4.138 As a result of Lozano's acts and omissions, Mr. Martinez Garcia was placed in removal



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

proceedings.

4.139 As a result of Lozano's acts and omissions, Mr. Martinez Garcia has suffered substantial emotional distress

***Plaintiff Gerardo Prado Rivera***

4.140 Plaintiff Gerardo Prado Rivera, who entered the United States with a visitor visa, retained Lozano to represent him in seeking permanent residency as the parent of a US citizen child over the age of 21. At the time Mr. Prado Rivera retained Lozano, Mr. Prado Rivera owned a successful drywall business and a rental property. Mr. Prado Rivera has two children with Plaintiff Aurora Lizzette Leal Rubio, both of whom are United States citizens. Mr. Prado Rivera and Ms. Leal Rubio are not married.

4.141 Mr. Prado Rivera attended a phone consultation with Lozano on October 16, 2020.

4.142 Mr. Prado Rivera paid a $2,000 down payment on the day of the consultation; Mr. Prado Rivera paid Lozano a total of $13,755.

4.143 A staff person conducted the intake during the October 16, 2020 call, and Ms. Lozano came on the phone to congratulate Mr. Prado Rivera and tell him he was eligible for VAWA.

4.144 A few days later, on October 21, 2020, Mr. Prado Rivera received an email instructing him to electronically sign the contract with Lozano using a digital signature app.

4.145 On October 21, 2020, Lozano instructed Mr. Prado Rivera to use an app to digitally sign application forms related to his immigration matter *before* the forms were completed.

4.146 On February 11, 2021, Lozano texted Mr. Prado Rivera and asked him to sign a blank piece of paper multiple times. The signatures from the blank paper were digitized and



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

affixed to the application forms Lozano submitted to USCIS on Mr. Prado Rivera's behalf on or about February 19, 2021.

4.147 At no point during the representation by Lozano did Mr. Prado Rivera *ever* sign any immigration paperwork or filings with an ink pen. All VAWA and residency immigration paperwork and filings submitted on Mr. Prado Rivera's behalf by Lozano were signed using an electronic signature affixed to the documents by Lozano.

4.148 On April 23, 2024, USCIS sent a Request for Evidence to Lozano requesting that Lozano "submit signature pages with original signatures." On June 12, 2024, Lozano again contacted Mr. Prado Rivera and requested that he sign his name multiple times on a blank piece of paper for Lozano to use in responding to the Request for Evidence.



*Figure 4. Blank Page Signatures Provided by Mr. Prado Rivera to Lozano.*

4.149 As a portion of the fees paid to Lozano, Mr. Prado Rivera paid for a psychological



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Prado Rivera's actual psychological state, but was still presented to immigration officials by Lozano.

4.150 On August 29, 2025, USCIS denied Mr. Prado Rivera's residency application *solely* because Lozano improperly affixed electronic signatures when filing his application.

4.151 Mr. Prado Rivera did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least August 29, 2025.

4.152 As a result of Lozano's acts and omissions, Mr. Prado Rivera remains at risk of deportation. Indeed, Mr. Prado Rivera was forced to retain new counsel to terminate deportation proceedings which resulted from the acts and omissions of Lozano.

4.153 As a result of Lozano's acts and omissions, Mr. Prado Rivera has suffered substantial emotional distress.

***Plaintiff Aurora Lizzette Leal Rubio***

4.154 Plaintiff Aurora Lizzette Leal Rubio, who entered the United States with a visitor visa, retained Lozano to represent her in seeking permanent residency as the parent of a United States citizen child over the age of 21. Ms. Leal Rubio has two children with Plaintiff Gerardo Prado Rivera, both of whom are United States citizens. Ms. Leal Rubio and Mr. Prado Rivera are not married.

4.155 Ms. Leal Rubio attended a phone consultation with Lozano on October 16, 2020. A staff person conducted the intake, and Ms. Lozano came on the phone to congratulate Ms. Leal



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Rubio and tell her she was eligible for VAWA.

4.156 Ms. Leal Rubio paid $2,000 to Lozano on October 16, 2020. In total, Ms. Leal Rubio paid Lozano approximately $15,000 over the course of the representation.

4.157 On October 21, 2020, Ms. Leal Rubio received an email from Lozano instructing her to electronically sign the contract with a digital signature app. Ms. Leal Rubio signed the contract with a digital signature.

4.158 On October 21, 2020, Lozano also instructed Ms. Leal Rubio to use an app to digitally sign the signature page of each of the application forms *before* the forms were completed.

4.159 Lozano convinced Ms. Leal Rubio to file a VAWA petition and a concurrent application to adjust status to permanent residency. Lozano never advised Ms. Leal Rubio what VAWA meant or that a VAWA application could have negative impacts on her family members. Lozano did not inform Ms. Leal Rubio that a VAWA abuse filing could have a negative impact on her US citizen daughter, who is studying to become a veterinarian.

4.160 At the time Lozano convinced Ms. Leal Rubio to file a VAWA status adjustment, Lozano knew or should have known that Ms. Leal was eligible for a "regular" adjustment of status because she was inspected and admitted with her visitor visa. Despite that, Lozano insisted upon and filed a more complex, more expensive, and riskier VAWA petition.

4.161 Lozano did not provide Ms. Leal Rubio with a copy of the declaration filed under her name in the VAWA proceedings prior to submitting it. Rather than obtaining Ms. Leal Rubio's signature on the declaration, Lozano improperly affixed her signature electronically.

4.162 Similarly, Ms. Leal Rubio's I-485 form was signed with a digital signature attached to the form by the Lozano Firm. The form requires applicants to provide a "wet" signature.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.163 At no point during the process did Ms. Leal Rubio *ever* sign any portion of her immigration forms or filings with an ink pen. All Ms. Leal Rubio's forms and filings were signed by Lozano by affixing a copy of Ms. Leal Rubio's electronic signature to documents, in some instances without Ms. Leal Rubio's participation or approval.

4.164 Lozano knew or should have known, at the time it filed immigration paperwork with an electronic signature and filed declarations and other filings in immigration proceedings without Ms. Leal Rubio's review or approval, that Ms. Leal Rubio's immigration filings were likely to be denied.

4.165 On April 23, 2024, USCIS sent a Request for Evidence to Lozano requesting that the firm "submit signature pages with original signatures." On June 12, 2024, Lozano contacted Ms. Leal Rubio and requested that she sign her name multiple times on a blank piece of paper for Lozano to use in responding to the Request for Evidence.

4.166 On September 17, 2025, USCIS denied Ms. Leal Rubio's residency application because Lozano had affixed digital signatures instead of simply requesting that Ms. Leal Rubio review the documents and sign with an ink pen.

4.167 As a portion of the fees paid to Lozano, Ms. Leal Rubio paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Leal Rubio's actual psychological states, but was still presented to immigration officials by Lozano.

4.168 Ms. Leal Rubio did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 17, 2025.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.169 As a result of Lozano's actions, Ms. Leal Rubio is at risk of deportation. It is more probable than not that, if Ms. Leal Rubio had followed the "regular" process to adjust status, that she would not face any meaningful risk of deportation.

4.170 As a result of Lozano's actions, Ms. Leal Rubio has suffered substantial emotional distress.

***Plaintiff Jose Enrique Villalon Rivera***

4.171 Plaintiff Jose Enrique Villalon Rivera retained Lozano to represent him in immigration matters. Mr. Villalon Rivera paid Lozano $12,850 for the representation.

4.172 Mr. Villalon Rivera initially retained Lozano for assistance with a consular-based status adjustment based on Mr. Villalon Rivera's marriage to a United States citizen and their three United States citizen children.

4.173 Lozano provided Mr. Villalon Rivera with a verbal 100% guarantee that USCIS would adjust his status if he retained the firm.

4.174 At the time he retained Lozano, Mr. Villalon Rivera was not seeking an adjustment of status under VAWA. Mr. Villalon Rivera did not request and did not consent to Lozano filing VAWA paperwork on his behalf. Lozano did not inform Mr. Villalon Rivera that it would be filing VAWA paperwork on his behalf.

4.175 Despite never informing Mr. Villalon Rivera that it would file VAWA paperwork and despite failing to obtain Mr. Villalon Rivera's consent to do so, Lozano filed VAWA paperwork on his behalf. An attorney acting within the standard of care would not file immigration paperwork without client consent and without informing the client.

4.176 The VAWA paperwork filed by Lozano contains entirely false information fabricated by Lozano. An attorney acting within the standard of care would not fabricate information



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

included in immigration paperwork.

4.177 Mr. Villalon Rivera did not review, and was not provided with an opportunity to review, the VAWA paperwork prepared by Lozano before it was filed.

4.178 When Mr. Villalon Rivera reviewed the paperwork after it was filed, he informed Lozano that the paperwork contained false and fabricated information. Lozano pressured Mr. Villalon Rivera to go along with the false and fabricated information, including in any communications with USCIS. Any attorney acting within the standard of care would not pressure a client to knowingly lie to USCIS based on the attorney's errors.

4.179 As a portion of the fees paid to Lozano, Mr. Villalon Rivera paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Villalon Rivera's actual psychological states, but was still presented to immigration officials by Lozano.

4.180 On February 14, 2025, USCIS denied Mr. Villalon Rivera's residency application.

4.181 Mr. Villalon Rivera did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least February 14, 2025.

4.182 On September 18, 2025, Mr. Villalon Rivera's case was referred to an immigration judge.

4.183 Mr. Villalon Rivera's immigration status, including the issues created by Lozano, have cost Mr. Villalon Rivera three separate jobs.

4.184 Mr. Villalon Rivera was forced to retain new counsel to address the issues caused by Lozano and defend him in the pending removal proceedings. Mr. Villalon Rivera will pay at least $12,000 to his new counsel for representation in those proceedings.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.185 As a result of Lozano's actions, Mr. Villalon Rivera has suffered substantial emotional distress.

***Plaintiffs Carlos Enrique Navarro Ceja and Maria Guadalupe Fernandez Rayas***

4.186 Plaintiffs Carlos Enrique Navarro Ceja and Maria Guadalupe Fernandez Rayas retained Lozano to represent them in immigration matters.

4.187 Mr. Navarro Ceja and Ms. Fernandez Rayas paid Lozano approximately $47,500 for the representation.

4.188 Mr. Navarro Ceja and Ms. Fernandez Rayas are not married, but are the parents of four children, each of whom is a United States citizen.

4.189 Ms. Fernandez Rayas hired Lozano to represent her in filing a VAWA-based residency application on May 26, 2021. Ms. Fernandez Rayas had a genuine and viable claim for relief under VAWA.

4.190 Lozano filed the VAWA-based residency application on November 15, 2021.

4.191 Lozano prepared and filed a declaration on behalf of Ms. Fernandez Rayas which contained inaccurate information. Ms. Fernandez Rayas was not provided with an opportunity to review and correct the information in the declaration prior to Lozano filing the declaration.

4.192 USCIS approved Ms. Fernandez Rayas' genuine VAWA application on December 16, 2024.

4.193 In October, 2025, USCIS denied Ms. Fernandez Rayas' residency application because Lozano had electronically attached a copy of Ms. Fernandez Rayas' signature to the application instead of obtaining Ms. Fernandez Rayas' "wet" signature.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.194 Following the denial of the residency application, USCIS referred Ms. Fernandez Rayas to the immigration court for removal proceedings.

4.195 Ms. Fernandez Rayas has been forced to retain separate counsel to represent her in the removal proceedings caused by Lozano's errors. Ms. Fernandez Rayas has paid her new counsel $8,000.

4.196 Alongside Ms. Fernandez Rayas, Mr. Navarro Ceja retained Lozano to represent him in filing a VAWA-based residency application. Mr. Navarro Ceja, like Ms. Fernandez Rayas, had a genuine and viable claim for relief under VAWA.

4.197 Lozano filed a VAWA application on behalf of Mr. Navarro Ceja on November 15, 2021.

4.198 Lozano filed a declaration alongside the application which contained inaccurate information. Mr. Navarro Ceja was not provided with an opportunity to review the declaration and make corrections prior to Lozano filing it.

4.199 Mr. Navarro Ceja's VAWA application was approved by USCIS on December 16, 2024.

4.200 In October 2025, USCIS denied Mr. Navarro Ceja's residency application because it was not "wet" signed. Instead of a "wet" signature, Lozano affixed an electronic copy of Mr. Navarro Ceja's signature to the application.

4.201 On December 2, 2025, Mr. Navarro Ceja was detained by ICE officers.

4.202 Mr. Navarro Ceja remained in ICE custody until April 8, 2026, when he voluntarily departed the United States rather than remaining in custody for an extended period. Mr. Navarro Ceja left the United States for Michoacan, Mexico, and has not returned to the United State since leaving.

4.203 At the time he left the United States, Mr. Navarro Ceja had continuously been in the country for thirty-three years.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.204 During the time Mr. Navarro Ceja was in custody, Lozano appeared at four hearings on his behalf. Lozano appeared remotely for each hearing. Lozano appeared from Washington, Florida, and California.

4.205 Mr. Navarro Ceja was forced to seek additional counsel to address the issues caused by Lozano. Mr. Navarro Ceja has paid that new counsel $7,000 to represent him in immigration matters.

4.206 Unlike many Lozano clients, Ms. Fernandez Rayas and Mr. Navarro Ceja actually met Ms. Lozano during the representation.

4.207 Mr. Navarro Ceja and Ms. Fernandez Rayas met Ms. Lozano one time during the representation. The meeting occurred in or around December 2024. The meeting occurred because Ms. Fernandez Rayas obtained a work permit during the representation.

4.208 Lozano captured a video and photographs of the meeting for later use on Lozano-controlled social media accounts, websites, and in Lozano marketing materials.

//

//

//

//

//

//

//



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907




*Figure 5. Images of Lozano Social Media Posts Containing Mr. Navarro Ceja and Ms. Fernandez Rayas.*

4.209 Lozano used the videos and images it captured of Mr. Navarro Ceja and Ms. Fernandez Rayas in social media posts and marketing.

4.210 Lozano's social media content including Mr. Navarro Ceja and Ms. Fernandez Rayas states or implies that Lozano has assisted Mr. Navarro Ceja and Ms. Fernandez Rayas in "winning" their immigration case and that Mr. Navarro Ceja and Ms. Fernandez Rayas had successfully obtained legal permanent resident status.

4.211 Lozano's statements about "winning" Mr. Navarro Ceja and Ms. Fernandez Rayas's immigration cases were false.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.212 At the time the video and images were captured, the representation was ongoing and neither Mr. Navarro Ceja nor Ms. Fernandez Rayas had obtained their legal permanent residency. The *only* documentation obtained by either Mr. Navarro Ceja or Ms. Fernandez Rayas was Ms. Fernandez Rayas' work permit.

4.213 Lozano published multiple social media posts and videos including Mr. Navarro Ceja and Ms. Fernandez Rayas.

4.214 Lozano published at least one social media post claiming it had assisted Mr. Navarro Ceja in obtaining his residency *while Mr. Navarro Ceja was in ICE detention*. Lozano knew Mr. Navarro Ceja was in ICE detention and had not obtained residency when it made that post because Lozano represented Mr. Navarro Ceja at the time he was detained.

4.215 As a portion of the fees paid to Lozano, Mr. Navarro Ceja and Ms. Fernandez Rayas paid for psychological assessments. On information and belief, these assessments were performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Navarro Ceja and Ms. Fernandez Rayas's actual psychological states, but were still presented to immigration officials by Lozano.

4.216 Ms. Fernandez Rayas did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least October 2025.

4.217 Mr. Navarro Ceja did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least October 2025.

4.218 As a result of Lozano's acts and omissions, Mr. Navarro Ceja and Ms. Fernandez Rayas



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

have each suffered substantial emotional distress, including but not limited to the stress and emotional impacts of Mr. Navarro Ceja's detention by ICE and Ms. Fernandez Rayas' pending removal proceedings.

***Plaintiff Joaquin Coto Roman***

4.219 Plaintiff Joaquin Coto Roman retained Lozano to represent him in immigration matters.

4.220 Mr. Coto Roman paid Lozano a total of $24,210 during the representation.

4.221 Mr. Coto Roman is married to a United States citizen.

4.222 Mr. Coto Roman and his United States citizen wife initially met with Lozano to explore a consular-based family petition to adjust Mr. Coto Roman's immigration status. Mr. Coto Roman was potentially eligible for a consular-based family petition at the time of the consultation.

4.223 Lozano insisted that, instead of a consular-based family petition, Mr. Coto Roman should file a VAWA-based residency package. Mr. Coto Roman's wife, who formerly worked as a domestic violence advocate, explained to Lozano that she did not believe Mr. Coto Roman was eligible for VAWA relief based on her knowledge of the law.

4.224 Lozano nonetheless filed a VAWA-based application on Mr. Coto Roman's behalf and despite his ineligibility for that relief.

4.225 On July 19, 2021, Lozano submitted the VAWA-based application without reviewing the information with Mr. Coto Roman. Mr. Coto Roman did not approve or review the application prior to Lozano submitting it.

4.226 Lozano submitted a declaration in support of the VAWA-based application without providing Mr. Coto Roman with an opportunity to review the declaration. Mr. Coto



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Roman did not review or approve the declaration prior to Lozano submitting it.

4.227 On July 26, 2024, USCIS approved Mr. Coto Roman's VAWA application.

4.228 On or around July 26, 2024, Mr. Coto Roman learned that Lozano had submitted a declaration as part of the VAWA application which contained inaccurate information and information inconsistent with what he provided to Lozano.

4.229 USCIS scheduled Mr. Coto Roman's residency interview for July 30, 2025.

4.230 Lozano refused to attend Mr. Coto Roman's residency interview unless Mr. Coto Roman paid Lozano an additional $10,000.

4.231 Mr. Coto Roman attended his residency interview as scheduled. Mr. Coto Roman was accompanied by his United States citizen wife. Lozano did not attend the interview and Mr. Coto Roman was resultingly unrepresented during the interview.

4.232 During his July 30, 2025, residency interview, Mr. Coto Roman was interviewed by a case officer and, separately, by two investigators. On information and belief, the separate interview with investigators was a result of USCIS scrutiny of Lozano's filings generally rather than an interview directly related to Mr. Coto Roman's immigration status and filings.

4.233 On September 18, 2025, USCIS denied Mr. Coto Roman's residency application because of Lozano's acts and errors.

4.234 On December 5, 2025, USCIS referred Mr. Coto Roman to the immigration court. Mr. Coto Roman is scheduled for an initial removal hearing in January 2027.

4.235 Mr. Coto Roman is likely to be removed from the United States.

4.236 As a portion of the fees paid to Lozano, Mr. Coto Roman paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad,



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Coto Roman's actual psychological state, but was still presented to immigration officials by Lozano.

4.237 Mr. Coto Roman did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least July 26, 2024.

4.238 As a result of Lozano's acts and omissions, Mr. Coto Roman has suffered substantial emotional distress.

***Plaintiff Samanta Sinai Marin Sosa***

4.239 Plaintiff Samanta Sinai Marin Sosa retained Lozano to represent her in immigration matters.

4.240 Ms. Marin Sosa paid Lozano $18,225 for the representation.

4.241 Ms. Marin Sosa initially contacted and retained Lozano to submit a family-based residency application based on her visa-permitted entry into the United States. At the time of the initial consultation and retention, Ms. Marin Sosa was eligible to adjust her status through a family-based residency application.

4.242 Instead of a family-based residency application, Lozano submitted a VAWA-based residency application on Ms. Marin Sosa's behalf.

4.243 Ms. Marin Sosa did not sign the residency application with an ink pen. Instead, Lozano affixed an electronic copy of Ms. Marin Sosa's signature to the residency application.

4.244 After Lozano submitted the VAWA-based residency application, Ms. Marin Sosa reviewed the information Lozano had submitted and recognized both that the declaration



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

submitted on her behalf contained inaccurate information and that the psychological evaluation completed by En Solidaridad, LLC, also contained inaccurate information.

4.245 On March 18, 2024, USCIS approved Ms. Marin Sosa's VAWA application.

4.246 On April 22, 2025, USCIS denied Ms. Marin Sosa's residency application because it had not been "wet" signed.

4.247 On July 11, 2025, USCIS referred Ms. Marin Sosa's case to the immigration courts.

4.248 On July 31, 2025, Lozano submitted a second residency application to USCIS on Ms. Marin Sosa's behalf. Lozano did so even though it was aware that Ms. Marin Sosa had been referred to the immigration court and any additional residency application filings had zero chance of success.

4.249 In March of 2026, USCIS informed Ms. Marin Sosa that the second residency application submitted had been rejected. USCIS informed Ms. Marin Sosa that the second application was rejected because of Lozano's mistakes and errors.

4.250 As a portion of the fees paid to Lozano, Ms. Marin Sosa paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC. The psychological evaluation falsely represented Ms. Marin Sosa's actual psychological states, but was still presented to immigration officials by Lozano.

4.251 Ms. Marin Sosa did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least April 22, 2025.

4.252 Ms. Marin Sosa has been forced to retain separate counsel to represent her in the immigration proceedings resulting from Lozano's errors. Ms. Marin Sosa has paid her new counsel $11,000 to do so, along with $1,700 in additional fees owed to USCIS.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.253 As a result of Lozano's acts and omissions, Ms. Marin Sosa has suffered substantial emotional distress.

***Plaintiff Miguel Galvan Rodriguez***

4.254 Plaintiff Miguel Galvan Rodriguez retained Lozano to represent him in immigration matters.

4.255 Mr. Galvan Rodriguez paid Lozano approximately $15,000 for the representation.

4.256 Mr. Galvan Rodriguez retained Lozano, at least in part, because Lozano verbally promised it would win his residency case.

4.257 Mr. Galvan Rodriguez is married to a United States citizen and has two children, both of whom are also United States citizens.

4.258 Lozano filed a VAWA application and residency application on behalf of Mr. Galvan Rodriguez on February 10, 2021. Although Mr. Galvan Rodriguez was eligible for a permanent bar waiver, Lozano did not file a waiver alongside Mr. Galvan Rodriguez's applications. An attorney acting within the standard of care would have filed a waiver alongside Mr. Galvan Rodriguez's applications.

4.259 Lozano did not file a waiver until more than four years later.

4.260 Mr. Galvan Rodriguez's VAWA application was granted by USCIS.

4.261 Mr. Galvan Rodriguez did not sign his residency application with an ink pen. Instead, Mr. Galvan Rodriguez's electronic signature was affixed by Lozano. A reasonable attorney acting within the standard of care would have advised Mr. Galvan Rodriguez that it was necessary to sign the residency application with an ink pen and would not have attached his electronic signature to the residency application.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.262 On May 14, 2026, Mr. Galvan Rodriguez's residency application was denied because Mr. Galvan Rodriguez did not sign the application with an ink pen.

4.263 Mr. Galvan Rodriguez was eligible for residency but for the signature and waiver issues caused by Lozano.

4.264 When Mr. Galvan Rodriguez confronted Lozano about the firm's failures and their impacts, Lozano demanded that Mr. Galvan Rodriguez pay Lozano thousands of dollars before they would attempt to address the errors and issues.

4.265 Mr. Galvan Rodriguez did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least May 14, 2026.

4.266 As a result of Lozano's acts and omissions, Mr. Galvan Rodriguez is at imminent risk of being placed in removal proceedings.

4.267 As a result of Lozano's acts and omissions, Mr. Galvan Rodriguez and his wife are concerned that they will be unable to support their children's continuing education and college education, particularly if Mr. Galvan Rodriguez is placed in removal proceedings.

4.268 As a result of Lozano's acts and omissions, Mr. Galvan Rodriguez has suffered substantial emotional distress.

***Plaintiffs Veronica Flores Campos and Jose Margarito Muratalla Magana***

4.269 Plaintiffs Veronica Flores Campos and Jose Margarito Muratalla Magana retained Lozano to represent them in immigration matters.

4.270 Ms. Flores Campos and Mr. Muratalla Magana paid Lozano $34,850 for the



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

representation.

4.271 Lozano filed VAWA-based residency applications on behalf of both Ms. Flores Campos and Mr. Muratalla Magana.

4.272 Ms. Flores Campos and Mr. Muratalla Magana's VAWA applications were granted on May 1, 2024, and March 28, 2024, respectively.

4.273 On February 11, 2025, USCIS denied Mr. Muratalla Magana's residency application because, rather than a "wet" signature applied by Mr. Muratalla Magana, the residency application contained an electronic copy of Mr. Muratalla Magana's signature affixed by Lozano. An attorney acting within the standard of care would not have affixed an electronic signature to a residency application and would have informed their client that a "wet" signature is required.

4.274 On September 15, 2025, USCIS denied Ms. Flores Campos' residency application because it contained an electronic copy of Ms. Flores Campos' signature affixed by Lozano rather than Ms. Flores Campos' "wet" signature.

4.275 Mr. Moratalla Magana was referred to immigration court by USCIS after denial of his residency application.

4.276 Ms. Flores Campos and Mr. Moratalla Magana have been forced to retain new immigration counsel to address the issues caused by Lozano's errors and to represent Mr. Moratalla Magana in the resulting immigration court proceedings. Ms. Flores Campos and Mr. Moratalla Magana have paid their new immigration counsel $15,500.

4.277 Mr. Moratalla Magana did not discover and could not have reasonably discovered the impacts of and injuries caused by Lozano's acts and omissions until at least February 11, 2025.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.278 Ms. Flores Campos did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 15, 2025.

4.279 As a result of Lozano's acts and omissions, Ms. Flores Campos and Mr. Moratalla Magana have suffered substantial emotional distress.

***Plaintiff Claudia Galindo Velasquez***

4.280 Plaintiff Claudia Galindo Velasquez retained Lozano to represent her in immigration matters.

4.281 Ms. Galindo Velasquez paid Lozano $13,855 for the representation.

4.282 Lozano sought VAWA relief and filed a residency petition on behalf of Ms. Galindo Velasquez.

4.283 Lozano failed to advise Ms. Galindo Velasquez of the risks of seeking adjustment, including through the VAWA and residency applications proposed and filed by Lozano.

4.284 At the time Lozano advised Ms. Galindo Velasquez to proceed with a VAWA filing and residency application, Lozano was aware that Ms. Galindo Velasquez was subject to a permanent bar and that Ms. Galindo Velasquez's last entry into the United States was a waive-through entry. Despite that, and in breach of the standard of care, Lozano advised Ms. Galindo Velasquez to proceed with a VAWA filing and residency application.

4.285 As part of the filings, Lozano prepared a waiver application related to the permanent bar. The waiver application was inadequate and had numerous errors.

4.286 USCIS approved Ms. Galindo Velasquez's VAWA application.

4.287 On May 18, 2026, USCIS denied Ms. Galindo Velasquez's residency application, at



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

least in part because of the inadequacy of and errors in the waiver application prepared by Lozano.

4.288 Ms. Galindo Velasquez is nearly certain to be referred to immigration court for removal proceedings.

4.289 Given the errors and issues in the waiver application and other documents prepared by Lozano, it is unlikely Ms. Galindo Velasquez will be able to present an effective defense in the removal proceedings. Ms. Galindo Velasquez will, as a result of Lozano's errors, almost certainly be deported.

4.290 Ms. Galindo did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least May 18, 2026.

4.291 As a result of Lozano's acts and omissions, Ms. Galindo Velasquez has suffered substantial emotional distress.

***Plaintiffs Rosaura Gallardo Martinez and Wilson Erendira Nava***

4.292 Plaintiffs Rosaura Gallardo Martinez and Wilson Erendira Nava retained Lozano to represent them in immigration matters.

4.293 Ms. Gallardo Martinez and Mr. Erendira Nava paid Lozano a total of $40,075 related to the representation.

4.294 Ms. Gallardo Martinez and Mr. Erendira Nava retained Lozano to filed VAWA-based residency applications on their behalf.

4.295 Lozano prepared and filed VAWA-based residency applications on behalf of both Ms. Gallardo Martinez and Mr. Erendira Nava.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.296 On December 20, 2024, USCIS approved Ms. Gallardo Martinez's VAWA application.

4.297 On September 29, 2025, USCIS denied Ms. Gallardo Martinez's residency application. USCIS did so because, rather than the required "wet" signature by Ms. Gallardo Martinez, the application was instead signed with an electronic copy of Ms. Gallardo Martinez's signature affixed to the application by Lozano.

4.298 On November 29, 2025, Lozano proposed refiling Ms. Gallardo Martinez's residency application. Lozano demanded an additional payment of $5,500 to do so, even though the sole reason provided by USCIS for the initial denial was Lozano's affixation of an electronic copy of Ms. Gallardo Martinez's signature (i.e., the denial was solely a result of Lozano's acts and omissions).

4.299 On April 10, 2026, Ms. Gallardo Martinez was referred to the immigration court for removal proceedings. Lozano insisted that, if Ms. Gallardo Martinez wanted Lozano to defend her in those proceedings, she would need to pay at least an additional $18,000.

4.300 On December 2, 2025, USCIS denied Mr. Erendira Nava's residency application. USCIS did so as a result of a permanent bar. Lozano was aware that Mr. Erendira Nava was subject to a permanent bar when retained, but failed to appropriately advise Mr. Erendira Nava regarding the effects of that permanent bar and failed to appropriately and effectively seek a waiver of that bar.

4.301 Instead of appropriately seeking a waiver, Lozano frivolously argued that abuse of Mr. Erendira Nava's ten-month-old daughter was connected to his prior immigration violations. It objectively was not. Lozano knew or should have known that the argument was frivolous and had no chance of success at the time it presented it to USCIS.

4.302 Following the denial of Mr. Erendira Nava's residency application, Lozano encouraged



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

him to seek a T-Visa. Mr. Erendira Nava is not eligible for a T-Visa and Lozano knew or should have known that any argument to the contrary was frivolous and had no chance at success.

4.303 Mr. Erendira Nava has not been referred to the immigration court yet. However, Mr. Erendira Nava is at a high risk of summary deportation because of a prior removal.

4.304 Ms. Gallardo Martinez and Mr. Erendira Nava have been forced to retain new immigration counsel to represent them following the issues caused by Lozano. Ms. Gallardo Martinez and Mr. Erendira Nava have paid their new immigration counsel $12,000 for their representation.

4.305 Ms. Gallardo Martinez did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least September 29, 2025.

4.306 Mr. Erendira Nava did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least December 2, 2025.

4.307 As a result of Lozano's errors and omissions, Ms. Gallardo Martinez and Mr. Erendira Nava have suffered substantial emotional distress.

***Plaintiff Pedro Alberto Garcia Vidaca***

4.308 Plaintiff Pedro Alberto Garcia Vidaca retained Lozano to represent him in immigration proceedings. Mr. Garcia Vidaca is married to a United States citizen. Mr. Garcia Vidaca and his spouse have a child, who is also a United States citizen.

4.309 Mr. Garcia Vidaca paid Lozano $17,435 related to the representation.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.310 Mr. Garcia Vidaca and his spouse initially contacted Lozano to pursue an adjustment of Mr. Garcia Vidaca's immigration status through the consular process. Mr. Garcia Vidaca was eligible for adjustment through the consular process at the time.

4.311 Mr. Garcia Vidaca and his spouse contacted Lozano because, shortly prior, Mr. Garcia Vidaca learned that he needed a kidney transplant and they were concerned about his medical situation.

4.312 Lozano steered Mr. Garcia Vidaca away from the consular process. Instead, Lozano insisted that a VAWA-based residency application was the *only* option for the family.

4.313 Mr. Garcia Vidaca and his spouse were concerned about the potential impacts of a VAWA-based residency application on his spouse and family. Lozano inaccurately assured Mr. Garcia Vidaca and his spouse that there was nothing to be concerned about.

4.314 On November 19, 2021, Lozano filed a VAWA-based residency application on behalf of Mr. Garcia Vidaca.

4.315 Lozano did not review the information it filed with Mr. Garcia Vidaca prior to filing it and did not provide Mr. Garcia Vidaca with an opportunity to review the final documents prior to filing.

4.316 The documents filed by Lozano contain inaccurate and harmful information about both Mr. Garcia Vidaca and his spouse. Lozano provided Mr. Garcia Vidaca no opportunity to correct that information prior to Lozano filing the documents.

4.317 Following filing, USCIS scheduled a residency interview with Mr. Garcia Vidaca for August 25, 2025.

4.318 Prior to the residency interview, Lozano coached Mr. Garcia Vidaca and encouraged him to lie to USCIS regarding his signature. Specifically, Lozano told Mr. Garcia Vidaca to tell



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

immigration officials that he had "wet" signed the residency application when the signature on the document was, in fact, an electronic copy of Mr. Garcia Vidaca's signature affixed by Lozano and without Mr. Garcia Vidaca's review.

4.319 On December 31, 2025, USCIS denied Mr. Garcia Vidaca's residency application because the signature on it was an electronic copy of his signature affixed by Lozano rather than an ink pen signature by Mr. Garcia Vidaca.

4.320 After the denial, Lozano encouraged Mr. Garcia Vidaca to file a motion for reconsideration and charged Mr. Garcia Vidaca an additional fee to do so. Lozano knew or should have known that any motion for reconsideration had no chance of success, but collected additional fees and proceeded nonetheless.

4.321 On April 8, 2026, USCIS referred Mr. Garcia Vidaca to the immigration court. Mr. Garcia Vidaca is scheduled for a removal hearing in December 2026, and has been forced to retain new counsel to represent him.

4.322 As a portion of the fees paid to Lozano, Mr. Garcia Vidaca paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Garcia Vidaca's actual psychological state, but was still presented to immigration officials by Lozano.

4.323 Mr. Garcia Vidaca did not discover and could not have reasonably discovered Lozano's errors and the impact of and injuries caused by Lozano's acts and omissions until at least December 31, 2025.

4.324 As a result of Lozano's errors and omissions, Mr. Garcia Vidaca has suffered substantial emotional distress.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

***Plaintiff Jose Luis Ortiz Osorio***

4.325 Plaintiff Jose Luis Ortiz Osorio retained Lozano to represent him in immigration matters. Mr. Ortiz Osorio is married to a United States citizen. Mr. Ortiz Osorio initially contacted Lozano to discuss a family-petition based on that marriage.

4.326 Mr. Ortiz Osorio paid Lozano at least $7,950 for the representation.

4.327 Mr. Ortiz Osorio's spouse is unable to work because of a medical condition. At the time Mr. Ortiz Osorio contacted Lozano, his employment was the family's sole source of income.

4.328 At the time of the initial consultation with Lozano, Mr. Ortiz Osorio disclosed prior unlawful entries into the United States and a criminal history. Mr. Ortiz Osorio clearly informed Lozano that his prior unlawful entries predated his marriage and the relationship with his spouse. Lozano nonetheless insisted that Mr. Ortiz Osorio should pursue a VAWA-based residency application instead of a family petition.

4.329 Lozano insisted that the VAWA-based residency application would not and could not impact Mr. Ortiz Osorio's spouse and that USCIS would not interview Mr. Ortiz Osorio as part of the process. Lozano was wrong on both counts.

4.330 On April 15, 2024, Lozano filed VAWA-based residency application documents on behalf of Mr. Ortiz Osorio.

4.331 After filing, Lozano again promised Mr. Ortiz Osorio that his family was protected and could not be impacted by the filing.

4.332 Mr. Ortiz Osorio did not sign any of the VAWA and residency application documents with an ink pen. Instead, per Lozano's instructions and directions, each document was signed electronically, including through Lozano affixing copies of Mr. Ortiz Osorio's signature



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

to the documents.

4.333 Lozano did not provide Mr. Ortiz Osorio with an opportunity to review and approve the documents prior to filing.

4.334 Mr. Ortiz Osorio only reviewed the documents filed and signed on his behalf by Lozano after his spouse obtained a copy of his file from Lozano. Mr. Ortiz Osorio recognized, upon reviewing the documents, that the declaration submitted in his name by Lozano contained inaccurate information.

4.335 On June 17, 2025, USCIS denied Mr. Ortiz Osorio's application because of the unlawful entries he disclosed to Lozano at the outset and because the documents were signed electronically rather than with a "wet" signature.

4.336 Lozano did not inform Mr. Ortiz Osorio that the application had been denied until at least three weeks after Lozano learned of the denial.

4.337 On September 8, 2025, Mr. Ortiz Osorio was detained by ICE on his way to work. Mr. Ortiz Osorio was released after the federal prosecutor refused to pursue charges based on unlawful entry.

4.338 After his initial arrest and release, Mr. Ortiz Osorio was almost immediately rearrested by ICE.

4.339 Following the second arrest, Mr. Ortiz Osorio was taken to the Northwest Detention Center in Tacoma, Washington. Mr. Ortiz Osorio remained at the Northwest Detention Center for forty-five days.

4.340 Mr. Ortiz Osorio was deported to Mexico on October 15, 2025.

4.341 Mr. Ortiz Osorio did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

June 17, 2025.

4.342 As a result of the detention and deportation following the denial of his application, Mr. Ortiz Osorio and his family have been deprived of at least $35,000 in wages Mr. Ortiz Osorio otherwise would have earned.

4.343 As a result of Lozano's acts and omissions, Mr. Ortiz Osorio has suffered substantial emotional distress.

***Plaintiff Isidro Mendoza Jimenez***

4.344 Plaintiff Isidro Mendoza Jimenez retained Lozano to represent him in relation to immigration matters.

4.345 Mr. Mendoza Jimenez paid Lozano $15,300 related to the representation.

4.346 Mr. Mendoza Jimenez initially contacted Lozano to file for a U-Visa, a visa available to victims of certain crimes. Mr. Mendoza Jimenez knew he was not eligible for any other forms of relief but believed he was eligible for a crime-victim U-Visa.

4.347 Lozano conducted an investigation into Mr. Mendoza Jimenez immigration status and history and charged Mr. Mendoza Jimenez $3,000 to do so. The investigation confirmed Mr. Mendoza Jimenez's belief that he was not eligible for residency except based on a U-Visa.

4.348 Although the investigation confirmed that Mr. Mendoza Jimenez was not eligible for residency, Lozano wrongly insisted that Mr. Mendoza Jimenez was eligible. Lozano charged Mr. Mendoza Jimenez $12,000 to file immigration paperwork Lozano knew or should have known was frivolous and had no chance of success.

4.349 Lozano immediately began asking Mr. Medoza Jimenez about his child. Mr. Mendoza



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Jimenez informed Lozano that he did not want to make any negative statements about his child and did not want to pursue a VAWA-based residency case.

4.350 Despite Mr. Mendoza Jimenez's clear instructions and desires, Lozano prepared and filed a VAWA-based residency case on Mr. Mendoza Jimenez's behalf.

4.351 The VAWA-based residency case was based on "facts" invented and made up by Lozano.

4.352 Lozano never provided an opportunity for Mr. Mendoza Jimenez to review the declaration submitted in his name. The declaration contains inaccurate statements, "facts" invented by Lozano, and untrue information.

4.353 On or around March 27, 2026, Mr. Mendoza Jimenez was detained by ICE.

4.354 Mr. Mendoza Jimenez's spouse contacted Lozano on March 27, 2026 and informed them of Mr. Mendoza Jimenez's detention. Mr. Mendoza Jimenez's spouse paid Lozano a fee to meet with Mr. Mendoza Jimenez at the Northwest Detention Center. When Lozano did not arrive, Mr. Mendoza Jimenez's spouse again contacted Lozano and was told she would have to pay $5,500 for Lozano to handle the removal matter and that an attorney was not available to Mr. Mendoza Jimenez unless that amount was paid.

4.355 On or around April 2, 2026, Mr. Mendoza Jimenez was removed from the United States by ICE. Mr. Mendoza Jimenez was brought to Mexico, where he remains.

4.356 After Mr. Mendoza Jimenez was removed to Mexico, he received and was finally able to review copies of the documents Lozano had filed on his behalf. Prior to his removal, Mr. Mendoza Jimenez was not aware that Lozano had pursued VAWA-based relief despite Mr. Mendoza Jimenez's explicit instructions to not do so.

4.357 Mr. Mendoza Jimenez is now pursuing a U-Visa, the same kind of relief he initially contacted Lozano to discuss and wanted to pursue, from Mexico through new counsel.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.358 Mr. Mendoza Jimenez did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's errors and omissions until at least April 2, 2026.

4.359 As a result of Lozano's errors and omissions, Mr. Mendoza Jimenez has suffered substantial emotional distress.

***Plaintiff Angelica Isabel Solis Romero***

4.360 Plaintiff Angelica Isabel Solis Romero retained Lozano to represent her in immigration matters. At the time she retained Lozano, Ms. Solis Romero was married to a United States citizen.

4.361 Ms. Solis Romero paid Lozano at least $13,000 for the representation.

4.362 At the time she retained Lozano, Ms. Solis Romero had been in the United States since 1991, when she was three years old.

4.363 Ms. Solis Romero did not sign any documents prepared by Lozano with an ink pen. Instead, Ms. Solis Romero signed documents provided by Lozano electronically.

4.364 Lozano filed a VAWA petition and residency application on behalf of Ms. Solis Romero. Ms. Solis Romero qualified for relief under VAWA and Ms. Solis Romero's VAWA petition was approved by USCIS.

4.365 Lozano drafted the declaration submitted in Ms. Solis Romero's name alongside the VAWA petition. Although Ms. Solis Romero reviewed an initial draft and provided comments correcting inaccurate information, Lozano submitted a version of the declaration which Ms. Solis Romero was not provided with, did not review prior to submission to USCIS, and which contained inaccurate information.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.366 As a portion of the fees paid to Lozano, Ms. Solis Romero paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Solis Romero's actual psychological states, but was still presented to immigration officials by Lozano. Ms. Solis Romero's assessment took place in Lozano's office.

4.367 Lozano also filed adjustment of status paperwork on behalf of Ms. Solis Romero. Ms. Solis Romero signed her adjustment of status paperwork electronically, per instructions from Lozano.

4.368 At Ms. Solis Romero's USCIS interview, she was represented by a Lozano attorney she had not previously met, Magdalena Ceja Mendoza. Ms. Ceja Mendoza coached Ms. Solis Romero and instructed Ms. Solis Romero to inaccurately tell USCIS that she had signed her adjustment of status paperwork with an ink pen.

4.369 On February 11, 2025, Ms. Solis Romero's adjustment of status was denied as a result of the electronic signature.

4.370 Ms. Solis Romero's adjustment of status would not have been denied but for Lozano's advice and instructions regarding electronic signatures and coaching at the USCIS interview related to signatures.

4.371 Ms. Solis Romero was placed in removal proceedings. Ms. Solis Romero retained new counsel to represent her in those proceedings. Ms. Solis Romero's new counsel was able to terminate the removal proceedings. Ms. Solis Romero would not have been placed in removal proceedings but for the electronic signature issue and the representation provided by Lozano.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.372 As a result of the payments made to Lozano, Ms. Solis Romero is concerned about her ability to cover other family expenses, including those related to her daughter's quinceañera.

4.373 Ms. Solis Romero did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until February 11, 2025.

4.374 As a result of Lozano's errors and omissions, Ms. Solis Romero has suffered substantial emotional distress.

***Plaintiff Jose Vasquez Rocete***

4.375 Plaintiff Jose Vasquez Rocete retained Lozano to represent him in immigration matters.

4.376 Mr. Vasquez Rocete paid Lozano $13,610 for the representation.

4.377 Prior to retaining Lozano, Mr. Vasquez Rocete initiated the family petition process with his husband, a United States citizen and disabled veteran. Prior to retaining Lozano, Mr. Vasquez Rocete's husband withdrew the family petition as their relationship had imploded as a result of trauma Mr. Vasquez Rocete's husband suffered during his military service.

4.378 Lozano filed VAWA paperwork and an adjustment of status on behalf of Mr. Vasquez Rocete. Mr. Vasquez Rocete had a valid basis for the VAWA filing.

4.379 As a portion of the fees paid to Lozano, Mr. Vasquez Rocete paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Vasquez Rocete's actual psychological state, but was still presented to immigration officials by Lozano.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.380 Mr. Vasquez Rocete's VAWA case was approved by USCIS on February 22, 2024.

4.381 On April 9, 2026, USCIS denied Mr. Vasquez Rocete's residency application because Lozano attached Mr. Vasquez Rocete's electronic signature to the residency application rather than Mr. Vasquez Rocete signing the application with an ink pen. An attorney acting within the standard of care would not have attached Mr. Vasquez Rocete's electronic signature and would have advised Mr. Vasquez Rocete to sign the application with an ink pen.

4.382 As a result of the acts and omissions of Lozano, Mr. Vasquez Rocete has been forced to retain substitute counsel to resolve issues created by Lozano's acts and omissions. Mr. Vasquez Rocete has paid his substitute counsel approximately $5,000.

4.383 As a result of the acts and omissions of Lozano, Mr. Vasquez Rocete has suffered substantial emotional distress.

***Plaintiff Martin Gonzalez Garibay***

4.384 Plaintiff Martin Gonzalez Garibay retained Lozano to represent him in immigration matters.

4.385 Mr. Gonzalez Garibay paid Lozano $25,925 for the representation.

4.386 Mr. Gonzalez Garibay is married to a lawful permanent resident of the United States and has three adult children, each of whom are United States citizens.

4.387 At the time he retained Lozano, Mr. Gonzalez Garibay was eligible for a regular adjustment of status because he last entered the United States with authorization.

4.388 Instead of the regular adjustment he was eligible for, Lozano steered Mr. Gonzalez Garibay to apply for residency under VAWA. An attorney acting within the standard of



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

care would not have steered Mr. Gonzalez Garibay to apply for residency under VAWA instead of the regular process.

4.389 As a portion of the fees paid to Lozano, Mr. Gonzalez Garibay paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Gonzalez Garibay's actual psychological states, but was still presented to immigration officials by Lozano.

4.390 On July 9, 2024, USCIS approved Mr. Gonzalez Garibay's genuine and valid VAWA application.

4.391 On December 11, 2025, USCIS denied Mr. Gonzalez Garibay's residency application. USCIS explicitly denied Mr. Gonzalez Garibay's residency application because Mr. Gonzalez Garibay did not sign his residency application with an ink pen and his signature was, instead, electronically affixed to the application by Lozano.

4.392 An attorney acting within the standard of care would have advised Mr. Gonzalez Garibay to sign his residency application with an ink pen and would not have electronically attached his signature.

4.393 After USCIS denied Mr. Gonzalez Garibay's residency application, Lozano convinced him to file a motion for reconsideration, charging him $2,500 to do so. Lozano knew or should have known that any motion for reconsideration on this issue was frivolous and would be denied. An attorney acting within the standard of care would not have advised Mr. Gonzalez Garibay to file a frivolous motion for reconsideration which they knew or should have known would be denied.

4.394 On April 2, 2026, Lozano convinced Mr. Gonzalez Garibay that it should refile his



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

residency application. Lozano charged Mr. Gonzalez Garibay $5,500 to do so. Lozano never completed the work or refiled Mr. Gonzalez Garibay's residency application, but also has not returned the money it charged Mr. Gonzalez Garibay.

4.395 On April 14, 2026, Mr. Gonzalez Garibay received a Notice to Appear issued by USCIS, scheduling an initial removal hearing for August 4, 2026. Lozano attempted to charge Mr. Gonzalez Garibay an additional $5,000 to represent him at the removal hearing. Mr. Gonzalez Garibay determined that he would retain other counsel.

4.396 Mr. Gonzalez Garibay would have received permanent residency but for the acts and omissions of Lozano.

4.397 Mr. Gonzalez Garibay did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until April 14, 2026.

4.398 As a result of the acts and omissions of Lozano, Mr. Gonzalez Garibay has suffered substantial emotional distress.

***Plaintiff Martha Elizabeth Chavez Gomez***

4.399 Plaintiff Martha Elizabeth Chavez Gomez retained Lozano to represent her and her spouse in immigration matters.

4.400 Ms. Chavez Gomez paid Lozano a total of $20,000 for the representation.

4.401 At the time Ms. Chavez Gomez retained Lozano, Ms. Chavez Gomez was eligible to adjust her immigration status. Ms. Chavez Gomez entered the United States on a tourist visa and was eligible for a family-based petition through her son.

4.402 Despite Ms. Chavez Gomez's eligibility to adjust her immigration status, Lozano advised her that she was *only* eligible for a VAWA adjustment. An attorney acting



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

within the standard of care would not have advised Ms. Chavez Gomez that she was *only* eligible for a VAWA adjustment and would have pursued the family-based petition for which she was eligible.

4.403 Lozano filed a VAWA petition on behalf of Ms. Chavez Gomez.

4.404 On May 23, 2025, USCIS denied the VAWA petition filed by Lozano on behalf of Ms. Chavez Gomez.

4.405 As a result of the denial of the VAWA petition, Ms. Chavez Gomez was referred to the immigration courts and is currently in deportation proceedings.

4.406 Ms. Chavez Gomez would not have been in deportation proceedings but for the VAWA petition and related advice provided by Lozano. If Ms. Chavez Gomez had followed the family adjustment process she was eligible for, she would not have faced any meaningful risk of deportation.

4.407 Ms. Chavez Gomez did not and could not reasonably have discovered the impacts of and injuries caused by the actions of Lozano until May 23, 2025.

4.408 As a result of the negligent representation provided by Lozano, Ms. Chavez Gomez has been forced to retain new immigration counsel to represent her in the deportation proceedings.

4.409 As a result of the acts and omissions of Lozano, Ms. Chavez Gomez has suffered substantial emotional distress.

***Plaintiff Diana Yazmin Barajas Horta***

4.410 Plaintiff Diana Yazmin Barajas Horta retained Lozano to file a VAWA-based residency application.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.411 Ms. Barajas Horta paid Lozano a total of $16,560 related to the representation.

4.412 On November 19, 2024, USCIS approved Ms. Barajas Horta's VAWA application. Ms. Barajas Horta's claims under VAWA were genuine and valid.

4.413 Prior to Ms. Barajas Horta's residency interview, Lozano pressured Ms. Barajas Horta to tell USCIS that she had signed the residency application with an ink pen. Ms. Barajas Horta had not signed the application with an ink pen and Lozano was aware of that fact as Lozano had affixed a copy of Ms. Barajas Horta's electronic signature to the residency application.

4.414 On September 19, 2025, USCIS denied Ms. Barajas Horta's residency application.

4.415 USCIS denied Ms. Barajas Horta's residency application because, instead of Ms. Barajas Horta's "wet" signature, the application contained an electronic copy of Ms. Barajas Horta's signature affixed to the document by Lozano.

4.416 After the denial, which was based on Lozano's errors alone, Lozano offered to file a motion for reconsideration if Ms. Barajas Horta paid Lozano an additional $10,000. As Lozano knew or should have known at the time, a motion for reconsideration would have had little to no chance of success.

4.417 Lozano also offered to refile the residency case, which again was denied solely because of Lozano's errors, if Ms. Barajas Horta paid Lozano an additional $10,000.

4.418 Ms. Barajas Horta expects USCIS to refer her to the immigration court for removal proceedings in the near future.

4.419 As a portion of the fees paid to Lozano, Ms. Barajas Horta paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Barajas Horta's actual



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

psychological state, but was still presented to immigration officials by Lozano.

4.420 Ms. Barajas Horta did not and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least September 19, 2025.

4.421 As a result of Lozano's acts and omissions, Ms. Barajas Horta has suffered substantial emotional distress.

***Plaintiff Idalia Guzman Vidals***

4.422 Plaintiff Idalia Guzman Vidals and her spouse retained Lozano to assist in adjusting their immigration status.

4.423 Ms. Guzman Vidals paid Lozano $13,825 related to the representation.

4.424 Ms. Guzman Vidals informed Lozano that she was subject to a permanent bar based on prior immigration violation. Ms. Guzman Vidals's spouse was not subject to a similar bar.

4.425 Ms. Guzman Vidals's spouse's VAWA petition and residency application were approved by USCIS.

4.426 Ms. Guzman Vidal's valid VAWA petition, which was based on the same circumstance as that of her spouse, was approved by USCIS on April 27, 2022.

4.427 On December 2, 2024, USCIS denied Ms. Guzman Vidals' residency application because of the permanent bar that Ms. Guzman Vidals had described to Lozano.

4.428 Lozano attempted to address the permanent bar through a waiver filed alongside Ms. Guzman Vidals' VAWA-based residency application. The arguments asserted by Lozano in the waiver were frivolous and had no chance of success. Lozano argued that



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Ms. Guzman Vidals' prior immigration violation was related to abuse Ms. Guzman Vidals had suffered at the hand of her child. At the time of Ms. Guzman Vidals' prior immigration violation, Ms. Guzman Vidals's child was an infant. There was no plausible causal connection between the prior immigration violation and abuse by Ms. Guzman Vidal's infant child.

4.429 On June 2, 2025, USCIS referred Ms. Guzman Vidals to the immigration court. Ms. Guzman Vidals is currently in removal proceedings.

4.430 As a portion of the fees paid to Lozano, Ms. Guzman Vidals paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Ms. Guzman Vidals's actual psychological state, but was still presented to immigration officials by Lozano.

4.431 Ms. Guzman Vidals did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least December 2, 2024.

4.432 As a result of Lozano's acts and omissions, Ms. Guzman Vidals has suffered substantial emotional distress.

***Plaintiff Ricardo Reynoso Jaimes***

4.433 Plaintiff Ricardo Reynoso Jaimes retained Lozano to represent him in immigration matters.

4.434 Mr. Reynoso Jaimes paid Lozano $16,424 related to the representation.

4.435 Mr. Reynoso Jaimes retained Lozano to file a VAWA-based residency application on



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

his behalf. Mr. Reynoso Jaimes had a viable claim for relief under VAWA at the time he retained Lozano.

4.436 Lozano filed Mr. Reynoso Jaimes VAWA-based residency application on September 14, 2023.

4.437 Lozano filed the applications and accompanying declaration without reviewing them with Mr. Reynoso Jaimes.

4.438 Lozano affixed an electronic copy of Mr. Reynoso Jaimes's signature to the documents without reviewing the documents with Mr. Reynoso Jaimes. Mr. Reynoso Jaimes did not "wet" sign the documents; Lozano did not provide Mr. Reynoso Jaimes with any opportunity to "wet" sign them.

4.439 After submission of the VAWA-based residency application, USCIS granted Mr. Reynoso Jaimes advanced parole, which permitted Mr. Reynoso Jaimes to travel while his application was pending.

4.440 At the time USCIS granted Mr. Reynoso Jaimes advanced parole, Mr. Reynoso Jaimes had been living in the United States for more than twenty-five years.

4.441 Mr. Reynoso Jaimes traveled to Mexico in April 2026 based on the advanced parole determination.

4.442 Mr. Reynoso Jaimes attempted to return to the United States on May 8, 2026.

4.443 United States Border Patrol agents detained and interrogated Mr. Reynoso Jaimes at SeaTac International Airport upon his return to the United States.

4.444 Border Patrol agents determined that the declaration prepared by Lozano and to which Lozano affixed an electronic copy of Mr. Reynoso Jaimes's signature without reviewing it with Mr. Reynoso Jaimes contained false statements.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.445 Mr. Reynoso Jaimes was prevented from entering the United States based on the Border Patrol agents' determination about the declaration prepared and filed by Lozano.

4.446 As a portion of the fees paid to Lozano, Mr. Reynoso Jaimes paid for a psychological assessment. On information and belief, this assessment was performed by En Solidaridad, LLC, Salud Total, LLC, or another psychological evaluator employed by and captive to Lozano. The psychological evaluation falsely represented Mr. Reynoso Jaimes's actual psychological state, but was still presented to immigration officials by Lozano.

4.447 Mr. Reynoso Jaimes did not discover and could not have reasonably discovered Lozano error and the impacts of and injuries caused by those errors until he was prevented from reentering the United States on May 8, 2026.

4.448 As a result of Lozano's acts and omissions, Mr. Reynoso Jaimes has suffered substantial emotional distress.

***Plaintiff Ana Leticia Rangel Salinas***

4.449 Plaintiff Ana Leticia Rangel Salinas retained Lozano to represent her in applying for a U-Visa.

4.450 Ms. Rangel Salinas paid Lozano a total of $13,000 related to the representation.

4.451 Ms. Rangel Salinas is a single mother to three children, each of whom are United States citizens.

4.452 Ms. Rangel Salinas is a victim of a crime that qualifies her to apply for a U-Visa. Ms. Rangel Salinas confirmed her eligibility for a U-Visa with two prior attorneys before attending a consultation with Lozano.

4.453 Lozano did not file for a U-Visa on behalf of Ms. Rangel Salinas. Instead, Lozano filed



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

for a T-Visa on behalf of Ms. Rangel Salinas.

4.454 Ms. Rangel Salinas did not sign the paperwork submitted on her behalf by Lozano. Instead, Lozano affixed an electronic copy of Ms. Rangel Salinas's signature to the documents, along with a stamped copy of Ms. Lozano's signature.

4.455 While Ms. Rangel Salinas would likely have qualified for a U-Visa, Ms. Rangel Salinas is unlikely to be eligible for a T-Visa as the facts of her case do not support issuance of a T-Visa.

4.456 It is likely that the T-Visa application Lozano filed on behalf of Ms. Rangel Salinas will be denied and that Ms. Rangel Salinas will be referred to the immigration court for removal proceedings.

4.457 Ms. Rangel Salinas has been forced to retain new counsel to represent her in immigration matters as a result of Lozano's acts and omissions. Ms. Rangel Salinas has paid her new counsel $5,000.

4.458 Ms. Rangel Salinas did not discover and could not have reasonably discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until the date on which she obtained copies of the T-Visa paperwork filed by Lozano.

4.459 As a result of Lozano's acts and omissions, Ms. Rangel Salinas has suffered substantial emotional distress.

***Plaintiffs Ma Pabla Prieto Muniz and Jose Jesus Medina Juarez***

4.460 Plaintiffs Ma Pabla Prieto Muniz and Jose Jesus Medina Juarez retained Lozano to represent them in immigration matters.

4.461 Ms. Prieto Muniz and Mr. Medina Juarez paid Lozano $20,300 related to the



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

representation.

4.462 Ms. Prieto Muniz retained Lozano to file for a VAWA-based adjustment of status.

4.463 Ms. Prieto Muniz refused to provide her signature for Lozano's blanket use and insisted on reviewing any documents Lozano intended to file with USCIS before the documents were filed.

4.464 Lozano prepared a VAWA declaration on behalf of Ms. Prieto Muniz. The VAWA declaration contained numerous false statements and exaggerations. Each false statement and exaggeration was created by Lozano.

4.465 Once she had reviewed the VAWA declaration, she refused to sign it and directed Lozano to not file anything with USCIS on her behalf.

4.466 Ms. Prieto Muniz requested that Lozano return the money she had paid given that Lozano created a false or fraudulent declaration and provided no other substantive work. Lozano refused to refund any of the money paid by Ms. Prieto Muniz and has not returned any of it.

4.467 As a portion of the fees paid to Lozano, Ms. Prieto Muniz paid for a psychological assessment. On information and belief, this assessment was performed by Salud Total, LLC. The psychological evaluation either did or would have falsely represented Ms. Prieto Muniz's actual psychological state, but Lozano still intended to presented it to immigration officials.

4.468 Mr. Medina Juarez hired Lozano to prepare a T-Visa application based on Lozano's instruction that a T-Visa application was appropriate for his circumstances.

4.469 There was no legal basis for a T-Visa in Mr. Medina Juarez's case.

4.470 Mr. Medina Juarez insisted, like Ms. Prieto Muniz, that he would review any application



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

or declaration before signing it and before Lozano filed it with USCIS.

4.471 Lozano prepared a declaration in support of Mr. Medina Juarez's T-Visa application. The declaration includes multiple false statements about circumstances invented by Lozano and which do not accurately reflect the actual circumstances of Mr. Medina Juarez's situation and life experience. The declaration also exaggerates certain facts in such a way to make the representation of the described circumstances untrue and inaccurate.

4.472 Mr. Medina Juarez refused to sign the documents prepared by Lozano and refused to allow Lozano to file anything it had prepared on his behalf.

4.473 Mr. Medina Juarez requested that Lozano return the amounts he had paid it given the fraudulent declaration and lack of any additional work by the firm. Lozano refused to return any of the money paid by Mr. Medina Juarez and has not returned any of that money.

4.474 Ms. Prieto Muniz did not discover and could not reasonably have discovered Lozano's errors or the impacts of and injuries caused by those errors until sometime after September 10, 2024, the date she first retained Lozano.

4.475 Mr. Medina Juarez did not discover and could not reasonably have discovered Lozano's errors or the impacts of and injuries caused by those errors until sometime after September 10, 2024, the date he first retained Lozano.

***Plaintiff Fabiola Sosa Rodriguez***

4.476 Plaintiff Fabiola Sosa Rodriguez retained Lozano to represent her in immigration matters.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.477 Ms. Sosa Rodriguez paid Lozano $15,000 related to the representation.

4.478 Ms. Sosa Rodriguez retained Lozano in part because Lozano offered her a money-back guarantee.

4.479 Lozano filed a VAWA-based residency application on behalf of Ms. Sosa Rodriguez.

4.480 On October 17, 2018, USCIS approved Ms. Sosa Rodriguez's genuine and valid VAWA application.

4.481 USCIS subsequently issues a Notice of Intent to Deny Ms. Sosa Rodriguez's residency application.

4.482 Lozano entirely failed to respond to USCIS's Notice of Intent to Deny Ms. Sosa Rodriguez's residency application.

4.483 USCIS denied Ms. Sosa Rodriguez's residency application because Lozano failed to respond to the Notice of Intent to Deny.

4.484 On April 21, 2025, USCIS referred Ms. Sosa Rodriguez to the immigration court for removal proceedings.

4.485 Despite Lozano's failures, Lozano has not honored the money-back guarantee it offered to Ms. Sosa Rodriguez and has not returned any of the money Ms. Sosa Rodriguez paid to Lozano.

4.486 Ms. Sosa Rodriguez did not discover and could not reasonably have discovered Lozano's errors and the impacts of and injuries caused by Lozano's acts and omissions until at least April 21, 2025.

4.487 As a result of Lozano's acts and omissions, Ms. Sosa Rodriguez has suffered substantial emotional distress.

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

***Defendants' Deceptive and Exploitative Marketing and Marketing Practices***

4.488 Defendants marketing and marketing practices included deceptive statements about their services and successes, including as detailed above.

4.489 Defendants marketing and marketing practices exploited two interconnected concepts: *milagros* ("miracles") and the *Virgen de Guadalupe*.

4.490 Both concepts have deep meaning for Catholics of Mexican and Latin American ancestry, including immigrants to the United States. Lozano deceptively and unfairly leverages the deep meaning and cultural context in marketing targeting Lozano's intended, preferred, and typical clients—namely Mexican Catholic immigrants.

4.491 The *Virgen de Guadalupe* is a Marian apparition who appeared outside present day Mexico City on four occasions in December, 1531. Since 1531, the *Virgen de Guadalupe* has acquired a complex cultural and religious meaning in Mexican and Latin American culture. The *Virgen de Guadalupe* is both a venerated religious figure capable of performing miracles and a unifying symbol of Mexico.

4.492 Lozano marketed services through "miracles" and the *Virgen de Guadalupe* across online platforms, using interstate wires to do so. Lozano's online accounts were blanketed with language and imagery related to "miracles," the *Virgen de Guadalupe*, and Ms. Lozano herself.

4.493 Lozano's website prominently displayed images of the *Virgen de Guadalupe* alongside Ms. Lozano, her name, and the phrase "abogada de los milagros." For example:

//

//

//



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907




*Figure 6. Screenshot of Lozano Firm Website Captured May 2, 2026.*

4.494 Similarly, Lozano's Instagram content consistently included references to "miracles" and imagery and iconography associated with the *Virgen de Guadalupe*. For example:

//

//

//

//

//

//

//

//

//



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907




*Figure 7. Collection of Lozano Instagram Posts Captured on April 30, 2026.*

4.495 The YouTube channel controlled by Lozano also consistently contained video content and related content referencing or including "miracles" and the *Virgen de Guadalupe*.

4.496 Taken as a whole, Lozano's marketing materials created the impression that Ms. Lozano is capable of performing miracles because of her association with the *Virgen de Guadalupe* and the Catholic church, and that Lozano represents and follows the values associated with the *Virgen de Guadalupe* and provides legal services as a religious or charitable undertaking, rather than for personal profit.

4.497 Further, taken as a whole, Lozano's marketing materials created inaccurate impressions regarding Lozano's ability to obtain successful immigration outcomes for clients.

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.498 The impressions created by Lozano's marketing material are false, deceptive, or misleading.

***Defendants' Use of Assets and Commingling***

4.499 Throughout the period from 2015 through 2026, Ms. Lozano's source of income was revenue from the Lozano Firm and the entity Defendants. The revenue of the Lozano Firm consisted of flat fees paid by clients, including Plaintiffs, for the standardized product described in this Complaint. Those fees were deposited into accounts owned or controlled by Ms. Lozano and the entity Defendants and were commingled with one another. Each withdrawal used to acquire an asset is traceable to client fees, including fees paid by Plaintiffs.

4.500 Each Defendant holding record title to, or a beneficial interest in, Lozano's assets took and holds that interest with knowledge of the source of the funds used to acquire it. No Defendant is a bona fide purchaser for value without notice.

4.501 Amiga Lawyers, LLC and Ally Lozano, LLC were Washington limited liability companies formed and controlled by Ms. Lozano. Each existed to train attorneys at other firms in the practices described in this Complaint and to build and operate a referral network through which those attorneys sent matters to, and received matters from, the Lozano Firm.

4.502 Amiga Lawyers, LLC and Ally Lozano, LLC each filed a certificate of dissolution with the Washington Secretary of State on February 6, 2023. Both certificates were filed on the same day, in a single transaction, under sequential work order numbers 2023020600102733-1 and 2023020600102733-2



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.503 The functions Amiga Lawyers, LLC and Ally Lozano, LLC performed did not cease upon their dissolution. After February 6, 2023, the training, coordination, and referral-network functions those entities had performed continued to be performed by Ms. Lozano and the Lozano Firm, and by other Lozano-controlled entities to be identified, using the same personnel, the same curriculum and materials, the same attorney network, and the same revenue arrangements.

4.504 There is a common identity of members, managers, and controlling persons between Amiga Lawyers, LLC and Ally Lozano, LLC on the one hand and the entities and persons that continued their functions on the other. Ms. Lozano held the controlling interest in, and exercised complete dominion over, each.

4.505 On information and belief, no consideration, or no consideration reasonably equivalent to the value of the assets transferred, ran to Amiga Lawyers, LLC or Ally Lozano, LLC in exchange for the transfer of their assets, goodwill, contracts, attorney relationships, curriculum, or revenue streams. The assets of each entity were transferred to Ms. Lozano or to entities she owns or controls.

4.506 The entities and persons that continued the functions of Amiga Lawyers, LLC and Ally Lozano, LLC are a mere continuation of those entities and represent no more than a new name for the same enterprise. In the alternative, the transfer of the assets of Amiga Lawyers, LLC and Ally Lozano, LLC was made for the fraudulent purpose of escaping the liabilities described in this Complaint.

4.507 The dissolutions of Amiga Lawyers, LLC, and Ally Lozano, LLC, occurred while the Lozano Firm continued to operate and to generate fees, and more than three years before the Lozano Firm announced its closure on June 10, 2026.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.508 Defendants concealed from Plaintiffs the existence, role, and dissolution of Amiga Lawyers, LLC and Ally Lozano, LLC. No Plaintiff was informed that the attorney who handled or was represented to be handling the Plaintiff's matter had been trained or coordinated through either entity, and no Plaintiff could have learned of either entity's role through the exercise of reasonable diligence before the Washington State Bar Association proceedings became public.

4.509 Defendant Magaly Lozano Perea is Ms. Lozano's stepdaughter through Ms. Lozano's marriage to her husband Manuel Lozano. She is a relative of Ms. Lozano within the meaning of RCW 19.40.011(15) and is an insider of Ms. Lozano for purposes of chapter 19.40 RCW.

4.510 Magaly Lozano Perea was a senior manager of the Lozano Firm's Tukwila office, which was the Lozano Firm's principal office, and provided services to clients of the Lozano Firm. Her conduct in that capacity is alleged at ¶¶ 4.540 through 4.543.

4.511 On information and belief, Magaly Lozano Perea received transfers of assets or funds from Ms. Lozano, the Lozano Firm, or one or more entity Defendants, including an interest in the real property located at 20511 SE 261st Place, Covington, Washington, title to which is held in the names of Ms. Lozano and Magaly Lozano Perea. Plaintiffs will identify additional transfers upon completion of discovery. Those transfers were made at a time when the transferor had incurred, or reasonably should have anticipated incurring, the obligations to Plaintiffs described in this Complaint.

4.512 On information and belief, Magaly Lozano Perea did not give reasonably equivalent value in exchange for the transfers she received.

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

***The Roles of the Entity Defendants in the Lozano Enterprise***

4.513 Each entity Defendant performed a function that was necessary to the operation of the scheme described in this Complaint, and each performed that function at Ms. Lozano's direction and under her control.

4.514 En Solidaridad, LLC and Salud Total, LLC did not provide independent professional services to Plaintiffs. Each was formed and controlled by Ms. Lozano for the purpose of producing the psychological evaluations that were a required component of the standardized product the Lozano Firm sold. Neither entity accepted referrals from any source other than Lozano. Neither entity exercised independent professional judgment as to whether an evaluation was warranted or as to its content. Each produced evaluations on the schedule, in the format, and with the conclusions the Lozano Firm's filings required, and each did so knowing that the evaluations would be submitted to USCIS in support of petitions the Lozano Firm prepared.

4.515 The evaluations produced by En Solidaridad, LLC and Salud Total, LLC were not ancillary to the product the Lozano Firm sold. They were a component of it. Without those evaluations the standardized VAWA and T-Visa petitions the Lozano Firm filed could not have been assembled or submitted, and the additional fee charged for each evaluation could not have been collected. En Solidaridad, LLC and Salud Total, LLC were the only sources from which Lozano obtained those evaluations.

4.516 In producing those evaluations, En Solidaridad, LLC and Salud Total, LLC knowingly implemented decisions made by Ms. Lozano regarding which clients would receive evaluations, what those evaluations would conclude, and how the resulting reports would be used. Each occupied a position in the chain of command through which the



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

affairs of the Lozano Enterprise were conducted.

4.517 Amiga Lawyers, LLC and Ally Lozano, LLC extended the reach of the scheme beyond the Lozano Firm's own client base by training attorneys at other firms to employ the same practices and by operating the referral network through which matters and fees moved between those attorneys and Lozano. Each performed that function at Ms. Lozano's direction, and each was compensated from the revenues the scheme generated.

4.518 Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five Star Legacy Trust received, held, and continue to hold assets acquired with the proceeds of the scheme, and did so with knowledge of the source of those proceeds. Each performed the function of removing scheme proceeds from the reach of the clients whose fees generated them.

***Filing Fees, Pricing, and Refund Practices***

4.519 Lozano charged each Plaintiff a single flat fee that was represented to be inclusive of the filing fees payable to USCIS in connection with the Plaintiff's petitions and applications. Lozano treated the entire flat fee, including the portion attributable to USCIS filing fees, as earned upon receipt.

4.520 On information and belief, Lozano collected amounts designated for USCIS filing fees from Plaintiffs and did not remit all such amounts to USCIS. Amounts collected for filing fees and not remitted were deposited into operating accounts rather than trust accounts and were commingled with the general revenues of the Lozano Firm and the entity Defendants.

4.521 Lozano's practice of treating flat fees as earned upon receipt, of declining to hold filing-



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

fee amounts in trust, and of declining to refund unearned amounts was uniform across Plaintiffs and was applied without regard to whether any legal work was performed, whether a filing was ever made, or whether the filing made was one for which the client was eligible.

4.522 Lozano offered money-back guarantees to clients, including Plaintiffs. Those guarantees were offered as a standard feature of Lozano's engagement practice and were used to induce prospective clients to retain Lozano and to pay fees in advance.

4.523 Lozano offered a money-back guarantee to Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez at or before the time each retained Lozano.

4.524 Lozano did not honor the money-back guarantees it offered. Lozano has not returned any portion of the fees paid by any Plaintiff to whom a guarantee was offered, including Plaintiffs Severo Lopez Contreras, Juan Manuel Villanueva Vega, Erika Alejandra Mejia Sanchez, Fabiola Sosa Rodriguez, Ma Pabla Muniz Prieto, and Jose Jesus Medina Juarez, notwithstanding that Lozano did not obtain the outcomes promised.

4.525 Lozano's pricing, billing, collection, and refund practices were determined at the firm level, applied uniformly to clients, and were unrelated to the case strategy or professional judgment exercised in any individual client's matter.

***Public Interest Impact***

4.526 Defendants' acts and practices were committed in the course of Defendants' business. Defendants advertised to the public generally, through a website, social media accounts, and a YouTube channel available to any member of the public. Defendants actively solicited each Plaintiff, and solicited others in the same manner and through the same



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

materials.

4.527 Plaintiffs and Defendants occupied unequal bargaining positions. Plaintiffs are non-citizens, most of whom do not read English as a first language, who sought legal assistance in humanitarian immigration matters in which the consequence of error included removal from the United States and separation from family.

4.528 Defendants' acts and practices have the capacity to injure other persons. As of May 26, 2026, Lozano had more than 35,000 clients, and nearly 54,000 petitions bearing Ms. Lozano's signature were pending before USCIS. The practices described in this Complaint were applied to that client population as a class, and the marketing described in this Complaint was directed at the public at large.

4.529 Lozano staffed its intake function with non-lawyers. Non-lawyer personnel conducted the initial interview of each prospective client, elicited the facts of the prospective client’s immigration history and circumstances, determined which form of relief the prospective client would seek, and told the prospective client which petitions and applications would be filed on his or her behalf.

4.530 Non-lawyer personnel signed prospective clients to written fee agreements, quoted and negotiated the fee, and collected payment. Non-lawyer personnel then prepared the petitions, applications, and supporting declarations that Lozano filed.

4.531 The determination that a client should seek relief under the Violence Against Women Act or as an applicant for a T-Visa was made by non-lawyer personnel applying a standardized intake script, and was made without regard to whether the client satisfied the statutory criteria for that relief.

4.532 No attorney reviewed the intake determination, the fee agreement, the declaration, or



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

the completed filing before it was submitted. The non-lawyer personnel who performed these functions did not do so under the supervision of any attorney.

4.533 Selecting the form of immigration relief a client should pursue, advising the client that he or she qualifies for that relief, and preparing the petitions, applications, and declarations by which that relief is sought are services ordinarily performed by licensed attorneys and involve the legal rights and obligations of the client.

4.534 Ms. Lozano directed, approved, and profited from the practices alleged at ¶¶ 4.529 through 4.533, and structured the Lozano Firm so that those practices were performed by non-lawyer personnel as a matter of standard operating procedure.

4.535 On or about May 20, 2026, Ms. Lozano resigned her license to practice law in lieu of discipline. From that date forward she was not an active member in good standing of the Washington State Bar Association.

4.536 The Lozano Firm continued to operate, to hold itself out as a provider of legal services, to employ attorneys and staff, and to collect fees from clients from Ms. Lozano's resignation until it announced its closure on June 10, 2026.

4.537 Throughout that period Ms. Lozano continued to hold the right to control the affairs of the Lozano Firm and the right to share in its profits, continued to direct its operations, and continued to receive its revenues. On information and belief, Ms. Lozano also continued to communicate with clients regarding their matters during that period.

4.538 On August 3, 2026, the Chair of the Disciplinary Board of the Washington State Bar Association appointed Adam Boyd and Russell Aoki as Custodians under ELC 7.7(a) to protect the interests of Ms. Lozano's former clients. *In re Alexandra Lozano*, Proceeding No. 26#00039. The Custodians are authorized to obtain possession of the



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

client-specific records, documents, and other case-related client information created and maintained by Ms. Lozano and her former firms, to assume control of the Lozano Firm's trust accounts, and to take possession of mail routed to Alexandra Lozano Immigration Law or La Luz del Camino Legal. The Custodians have been granted access to client-related financial and billing records reasonably necessary to determine ownership of trust account funds, and to client billing records bearing on whether work of value was performed. The Custodians have been directed not to destroy any files or records.

4.539 In appointing the Custodians, the Chair found that Ms. Lozano resigned in lieu of discipline, did not fulfill her responsibilities under Title 14 of the Rules for Enforcement of Lawyer Conduct, and failed to protect client interests, and that it appeared no personal representative, partner, or other responsible person was properly protecting the clients' interests. The Chair further found persuasive the evidence of confusion or concern among hundreds of Ms. Lozano's former clients. Plaintiffs are among the former clients whose interests are the subject of that order.

4.540 Magaly Lozano Perea directed the non-lawyer intake personnel described at ¶¶ 4.529 through 4.534. She assigned prospective clients to those personnel, supervised their work, and was the person to whom they reported.

4.541 Magaly Lozano Perea enforced the intake personnel's compliance with the standardized script described at ¶ 4.531. She monitored whether intake personnel followed the script, corrected them when they departed from it, and required that prospective clients be signed to the standardized product without regard to whether the prospective client satisfied the statutory criteria for the relief sought.

4.542 Magaly Lozano Perea received and handled complaints from clients of the Lozano Firm



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

concerning the conduct alleged in this Complaint, including complaints that filings had been made without the client's review, that signatures had been affixed to documents the client had never seen, and that fees had not been refunded. She knew from those complaints that the practices alleged in this Complaint were occurring, and she continued to direct and enforce them.

4.543 Magaly Lozano Perea acted at Ms. Lozano's direction and knowingly implemented Ms. Lozano's decisions in performing the functions described at ¶¶ 4.540 through 4.542, including in requesting and taking payments from Lozano clients through at least the time the Lozano Firm ceased operation.

4.544 Defendant Salud Total, LLC is a limited liability company organized under the laws of the State of Wyoming and is not organized under the laws of the State of Washington.

4.545 On information and belief, Ms. Lozano does not reside in the State of Washington. She owns residential real property in Mexico and in Colombia, holds an interest in a Colombian entity, Quetzal International Services S.A.S., and has spent substantial periods outside the United States since the Lozano Firm announced its closure on June 10, 2026.

4.546 Defendants have assigned, secreted, and disposed of, and are about to assign, secrete, and dispose of, their property with intent to delay or defraud their creditors, including Plaintiffs. The transfers are alleged at ¶¶ 4.24 through 4.31, 4.501 through 4.512, and in the Eighth Cause of Action. Each transferee is a person or entity owned or controlled by Ms. Lozano, no transferee gave reasonably equivalent value, and each transfer was made at a time when Ms. Lozano and the Lozano Firm had incurred or reasonably should have anticipated incurring the obligations to Plaintiffs alleged in this Complaint.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.547 On information and belief, Defendants are about to convert their property, or part of it, into money for the purpose of placing it beyond the reach of their creditors, including by marketing for sale or transfer the Bombardier Challenger 300 aircraft bearing registration number N712AQ and the real property described in this Complaint.

4.548 Defendants were guilty of fraud in contracting the debts and incurring the obligations for which this action is brought. Each Plaintiff was induced to enter a written fee agreement, and to pay the fees charged under it, by the representations alleged at ¶¶ 4.488 through 4.500 and 9.2 through 9.5, and by Defendants' representation that Lozano would prepare and file petitions for which the Plaintiff was eligible, prepared and reviewed by an attorney and signed by the Plaintiff. Those representations were false when made, and Defendants knew them to be false.

4.549 The damages for which this action is brought are for injuries arising from the commission of crimes. As alleged in the Ninth Cause of Action, Defendants committed forgery in violation of RCW 9A.60.020, theft in violation of chapter 9A.56 RCW, and unlawful practice of law in violation of RCW 2.48.180, each for financial gain and each chargeable or indictable under the laws of the State of Washington. Plaintiffs' injuries arise from the commission of those crimes.

4.550 The amount each Plaintiff paid to Lozano is a sum certain, ascertainable from Lozano's own fee agreements, invoices, and payment records, and is alleged for each Plaintiff in the individual allegations in this Section.

//

//

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## V. TIMELINESS AND TOLLING

5.1 Plaintiffs incorporate Paragraphs 1.1 through 4.550 as if fully stated herein.

5.2 No Plaintiff discovered, and no Plaintiff in the exercise of reasonable diligence could have discovered, the factual basis of their claims before the dates identified in the individual allegations in Section IV.

a. Plaintiffs did not learn that electronic signatures had been affixed to their filings until USCIS denied applications on that basis or Plaintiffs obtained their USCIS files.

b. Plaintiffs did not learn that declarations had been prepared and filed without their review until they obtained those declarations or encountered their consequences.

c. Plaintiffs did not learn of Defendants' undisclosed financial interest in the evaluation entities until the facts became public through the Washington State Bar Association proceedings.

5.3 The limitations period on each claim is also tolled by fraudulent concealment. Defendants committed affirmative acts of concealment, including:

a. Instructing clients to sign blank pages and blank forms before the corresponding documents were prepared;

b. Instructing clients to state falsely to USCIS officers that they had personally signed their filings in ink;

c. Withholding USCIS correspondence from clients, including Requests for Evidence, Notices of Intent to Deny, and denial notices;

d. Falsely assuring clients that their matters were progressing normally; and



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

e. Failing to disclose Defendants' financial interest in En Solidaridad, LLC, and Salud Total, LLC.

5.4 Plaintiffs exercised reasonable diligence and could not have discovered their claims earlier because these acts of concealment were integral to the scheme's design.

5.5 The limitations period on claims arising from the representation is further tolled under the continuous representation rule, which tolls the statute of limitations until the end of the attorney's representation of the client in the same matter in which the alleged malpractice occurred. Each Plaintiff was continuously represented by Lozano from the date of retention until, at the earliest, the date Lozano last acted or communicated on the Plaintiff's behalf, and in most instances until the firm's closure on June 10, 2026. During the representation, Plaintiffs reasonably relied on Lozano to correct its own errors, respond to USCIS correspondence, and report the true status of their matters.

## VI. FIRST CAUSE OF ACTION—VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. §§ 1962(c) AND (d)

**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Magaly Lozano Perea; and Doe Individuals 1-10)**

6.1 Plaintiffs incorporate Paragraphs 1.1 through 5.5 as if fully stated herein.

6.2 Each of Defendants Alexandra Lozano Kennedy, La Luz del Camino Legal, PLLC, En Solidaridad, LLC, Salud Total, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, Magaly Lozano Perea, and Doe Individuals 1-10 is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

6.3 Ms. Lozano, La Luz del Camino Legal, PLLC, En Solidaridad, LLC, Salud Total, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, Five Star Legacy Trust, Quetzal International Services S.A.S., and Doe Individuals 1-10 are associated in fact and together constitute an enterprise within the meaning of 18 U.S.C. § 1961(4). That enterprise is referred to in this Complaint as the "Lozano Enterprise." Quetzal International Services S.A.S. is a member of the Lozano Enterprise but is not named as a Defendant in this action.

6.4 The Lozano Enterprise is an ongoing organization, formal and informal, whose associates functioned as a continuing unit from at least 2014 until the Lozano Firm announced its closure on June 10, 2026. Its members shared the common purpose of generating fee revenue by selling a standardized immigration filing to persons without regard to their eligibility for the relief sought, and of placing the proceeds of that revenue beyond the reach of the clients who paid it.

6.5 The Lozano Enterprise is separate and distinct from each Defendant named as a person in this cause of action. No Defendant is charged as a person and as the enterprise for the same conduct.

6.6 The Lozano Enterprise engaged in, and its activities affected, interstate and foreign commerce, including through the transmission of funds between states and internationally, the operation of offices in Washington, Illinois, Texas, and California, the employment of personnel in Mexico, Argentina, Colombia, Nicaragua, and the Philippines, the transmission of filings to USCIS by mail and interstate carrier, and the ownership and control of property and entities outside the United States.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

***Each Defendant's Participation in the Operation or Management of the Enterprise***

6.7 Defendant Alexandra Lozano Kennedy directed the affairs of the Lozano Enterprise. She founded and controlled the Lozano Firm, formed and controlled each entity member of the enterprise, set the pricing and refund practices described in this Complaint, directed staff to use the scripts and signature practices described in this Complaint, and determined which filings would be made on behalf of which clients.

6.8 Defendant La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, participated in the operation and management of the Lozano Enterprise. It employed the personnel who prepared the filings, collected the fees, maintained the accounts through which enterprise proceeds moved, and made the filings to USCIS that constitute the predicate acts alleged below.

6.9 Defendants En Solidaridad, LLC and Salud Total, LLC participated in the operation and management of the Lozano Enterprise. Each was formed and controlled by Ms. Lozano, took direction from her, and knowingly implemented her decisions as to which clients would be evaluated, what the evaluations would conclude, and how the resulting reports would be used. Each produced a component of the standardized product without which the enterprise's filings could not be assembled or submitted, and each was the sole source of that component. Their participation was indispensable to the achievement of the enterprise's purpose, and each occupied a position in the chain of command through which the enterprise's affairs were conducted.

6.10 Defendants Amiga Lawyers, LLC and Ally Lozano, LLC participated in the operation and management of the Lozano Enterprise. Each recruited, trained, and coordinated the attorneys through whom the enterprise extended its practices beyond the Lozano Firm's



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

own client base, and each operated the referral network through which matters and fees moved between those attorneys and the enterprise. Each acted at Ms. Lozano's direction and knowingly implemented her decisions in doing so. Amiga Lawyers, LLC and Ally Lozano, LLC agreed to the commission of the predicate acts alleged above and to the conduct of the affairs of the Lozano Enterprise through them. Neither entity is alleged to have itself committed a predicate act that injured a Plaintiff, and Plaintiffs assert no claim against either under 18 U.S.C. § 1962(c).

6.11 Defendant Magaly Lozano Perea participated in the operation and management of the Lozano Enterprise. As a senior manager of the Lozano Firm's principal office in Tukwila, she occupied a position in the chain of command through which the affairs of the enterprise were conducted. She directed the non-lawyer personnel who performed the intake, advice, and document preparation functions on which the enterprise depended, enforced their compliance with the standardized script, and handled the client complaints that the practices generated. She knowingly implemented Ms. Lozano's decisions in doing so. ¶¶ 4.540 through 4.543.

6.12 Each of Doe Individuals 1-10 participated in the operation and management of the Lozano Enterprise by directing or knowingly implementing the practices described in this Complaint. Plaintiffs will identify these Defendants and their roles upon completion of discovery.

***Pattern of Racketeering Activity***

6.13 The Defendants named in this cause of action conducted and participated in the conduct of the affairs of the Lozano Enterprise through a pattern of racketeering activity



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

consisting of repeated violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud), each of which is a predicate offense under 18 U.S.C. § 1961(1).

6.14 The scheme to defraud consisted of representing to Plaintiffs and other clients that Lozano would prepare and file petitions and applications for which the client was eligible, prepared and reviewed by an attorney and signed by the client; charging and collecting flat fees for that representation; and instead preparing filings by non-lawyers, without client review, bearing signatures the client never affixed to the document filed, on behalf of clients Defendants knew to be ineligible for the relief sought. Defendants acted with the intent to deceive and defraud Plaintiffs and other clients.

6.15 In furtherance of that scheme, La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, at the direction of Ms. Lozano, used the United States mail and private interstate carriers to transmit petitions, applications, and supporting documents to USCIS, including in the following instances:

6.16 Specific instances of mail fraud in violation of 18 U.S.C. § 1341, each a predicate act, include the following:

a. On or about February 19, 2021, the Lozano Firm submitted Plaintiff Gerardo Prado Rivera's VAWA petition and accompanying residency application to USCIS by United States mail or private interstate carrier, bearing an electronic copy of a signature obtained by having Mr. Prado Rivera sign a blank page on or about February 11, 2021, and applied to documents he had not reviewed. (¶¶ 4.140-4.153).

b. On or about November 15, 2021, the Lozano Firm submitted VAWA petitions and accompanying applications on behalf of Plaintiffs Carlos



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Enrique Navarro Ceja and Maria Guadalupe Fernandez Rayas to USCIS by mail or private interstate carrier, each bearing an electronically affixed signature and accompanied by declarations these Plaintiffs were not given the opportunity to review. (¶¶ 4.186-4.218).

c. On or about January 25, 2021, the Lozano Firm submitted a VAWA adjustment application on behalf of Plaintiff Gabriel Martinez Garcia to USCIS by mail or private interstate carrier, bearing an electronically affixed signature; Mr. Martinez Garcia had never visited a Lozano office, and Lozano later instructed him to state falsely to USCIS that he had signed each form in ink at a Lozano office. (¶¶ 4.128-4.139).

d. On or about July 19, 2021, the Lozano Firm submitted a VAWA-based residency application and declaration on behalf of Plaintiff Joaquin Coto Roman to USCIS by mail or private interstate carrier, without his review or approval and containing information inconsistent with what he had provided. (¶¶ 4.219-4.238).

e. On or about September 14, 2023, the Lozano Firm submitted Plaintiff Ricardo Reynoso Jaimes's VAWA-based residency application and declaration to USCIS by mail or private interstate carrier, bearing an electronic copy of his signature affixed without his review and containing statements later identified by U.S. Border Patrol as grounds to deny him reentry. (¶¶ 4.433-4.448).

f. On or about April 15, 2024, the Lozano Firm submitted VAWA-based residency application documents on behalf of Plaintiff Jose Luis Ortiz



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Osorio to USCIS by mail or private interstate carrier, each signed electronically and accompanied by a declaration he was not permitted to review or correct. (¶¶ 4.325-4.343).

g. In or around June 2024, the Lozano Firm transmitted by mail or private interstate carrier a response to USCIS's April 23, 2024 Request for Evidence in the matters of Plaintiffs Gerardo Prado Rivera and Aurora Lizzette Leal Rubio. The Request for Evidence expressly demanded original signatures; the response was assembled from new blank-page signatures the firm had solicited from each Plaintiff. (¶¶ 4.140-4.153; ¶¶ 4.154-4.170).

h. Each of the filings described at ¶ 6.16(a) through (g) that was prepared in the Lozano Firm's Tukwila office was prepared by non-lawyer intake personnel whom Magaly Lozano Perea assigned, supervised, and directed, and was transmitted to USCIS by United States mail or private interstate carrier at her direction and with her knowledge. Magaly Lozano Perea thereby caused the use of the mails and of private interstate carriers in furtherance of the scheme.

6.17 Additional acts of mail fraud were committed in the same manner and pursuant to the same practice with respect to each Plaintiff. Plaintiffs allege on information and belief that Lozano transmitted each Plaintiff's petitions, applications, and supporting documents to USCIS by United States mail or private interstate carrier. That belief rests on the following facts: Lozano's uniform practice was to transmit filings to USCIS by mail or interstate carrier, as alleged at ¶¶ 4.20 and 4.21; USCIS required physical submission of the forms at issue during the relevant period; each Plaintiff's matter



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

proceeded to a USCIS receipt, request for evidence, notice of intent to deny, approval, or denial, each of which presupposes a completed filing; and each Plaintiff paid a flat fee represented to include the filing fee for those submissions. The specific mailing dates and USCIS destinations for each such filing are recorded in Defendants' client files and USCIS's records and are not presently available to Plaintiffs.

6.18 In furtherance of the same scheme, La Luz del Camino Legal, PLLC, at the direction of Ms. Lozano, transmitted and caused to be transmitted communications and documents by interstate and international wire, including electronic copies of client filings and signature pages transmitted between Lozano's foreign offices in Mexico, Argentina, Colombia, Nicaragua, and the Philippines and its domestic offices in Washington, Illinois, Texas, and California, and electronic transmissions to USCIS. En Solidaridad, LLC and Salud Total, LLC transmitted and caused to be transmitted by interstate wire the evaluations described in this Complaint for inclusion in those filings. Amiga Lawyers, LLC and Ally Lozano, LLC transmitted and caused to be transmitted by interstate wire the training materials, coordination communications, and referral communications described in this Complaint.

6.19 Specific instances of wire fraud in violation of 18 U.S.C. § 1343, each a predicate act, include:

a. On October 21, 2020, Aurora Leal Rubio received an email from the Lozano Firm with a link instructing her to electronically sign the signature page of each of the application forms before they forms were completed.

b. On or around February 11, 2022, in advance of the filing described in ¶ 6.16(a), the Lozano Firm transmitted to Plaintiff Gerardo Prado Rivera a text



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

message asking him to sign a blank paper and return it by email to firma@abogadaalexandra.com. The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to petitions and declarations Mr. Prado Rivera had not seen or reviewed. (¶¶ 4.140–4.153).

c. On or about March 18, 2021, En Solidaridad, LLC, transmitted by interstate wire to the Lozano Firm the psychological evaluation prepared in the matter of Plaintiff Juan Manuel Villanueva Vega, which the Lozano Firm thereafter submitted to USCIS in support of that Plaintiff's petition. (¶¶ 4.58-4.59).

d. On or about April 2, 2022, En Solidaridad, LLC, transmitted by interstate wire to the Lozano Firm the psychological evaluation prepared in the matter of Plaintiff Martin Gonzalez Garibay, which the Lozano Firm thereafter submitted to USCIS in support of that Plaintiff's petition. (¶ 4.389).

e. On or around May 1, 2023, the Lozano Firm transmitted to Plaintiff Ricardo Reynoso Jaimes by its electronic client portal a request that he apply his signature to a blank electronic signature field, stating: "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to petitions and declarations Ricardo Reynoso Jaimes had not seen or reviewed. (¶¶ 4.433—4.448).



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

f. On or around November 8, 2023, the Lozano Firm transmitted to Plaintiff Jose Luis Ortiz Osorio, by electronic mail or through its electronic client portal, a request that he apply his signature to a blank electronic signature field, stating: "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to petitions and declarations Jose Luis Ortiz Osorio had not seen or reviewed. (¶¶ 4.325—4.343).

g. On or about January 24, 2024, in advance of the filing described at ¶4.454, the Lozano Firm transmitted to Plaintiff Ana Leticia Rangel Salinas by, electronic mail or through its electronic client portal, a request that she apply her signature to a blank electronic signature field, stating: "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to petitions and declarations Ana Leticia Rangel Salinas had not seen or reviewed. (¶ 4.454).

h. On or around May 6, 2024, the Lozano Firm transmitted to Plaintiff Jose Vasquez Rocete a text message asking him to sign a blank paper and return



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

it by email to rfe@abogadaalexandra.com. The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to the response to the USCIS request for evidence Jose Vasquez Rocete had not seen or reviewed. (¶¶ 4.375-4.383).

i. On or around June 12, 2024, following USCIS's April 23, 2024 Request for Evidence described at ¶ 6.16(g), which expressly demanded original signatures, the Lozano Firm transmitted, by electronic mail or through its electronic client portal, renewed blank-signature requests to Plaintiffs Gerardo Prado Rivera and Aurora Lizzette Leal Rubio for the purpose of assembling the response later submitted to USCIS. The instructions directed Plaintiffs Gerardo Prado Rivera and Aurora Lizzette Leal Rubio to return their digital signatures to rfe@abogadaalexandra.com. (¶¶ 4.140–4.153; ¶¶ 4.154–4.170).

j. On or around August 9, 2024, the Lozano Firm transmitted to Plaintiff Ma Pabla Prieto Muniz, by electronic mail or through its electronic client portal, a request that she apply her signature to a blank electronic signature field, stating: "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to petitions and declarations Ma Pabla Prieto Muniz had not seen or reviewed. (¶¶ 4.460—4.474).



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

k. On or around May 22, 2025, the Lozano Firm transmitted to Plaintiff Severo Lopez Contreras, by electronic mail or through its electronic client portal, a request that he apply his signature to a blank electronic signature field, stating: "Dear client, [b]y signing this form, you agree that our firm will use this as a digital signature for all forms pertaining to your immigration case. Please sign within the box below, try to maintain your signature within the indicated box without touching the margins/lines." The transmission was made for the purpose of obtaining the signature that the Lozano Firm thereafter affixed to petitions and declarations Severo Lopez Contreras had not seen or reviewed. (¶ 4.68).

l. On or about December 11, 2025, Lozano published to its social media accounts a statement that Plaintiff Carlos Navarro Ceja had been released from ICE and granted residency. The statement was false when published, Lozano knew it was false, and Carlos Navarro Ceja was at that time in ICE detention. (¶ 9.2(d)).

6.20 The acts of mail and wire fraud described above were committed between at least 2014 and June 10, 2026, number in the thousands, were related to one another in purpose, participants, victims, and method of commission, and constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

***Violations and Injury***

6.21 Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Magaly



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Lozano Perea; and Doe Individuals 1-10, each being a person employed by or associated with the Lozano Enterprise, conducted and participated, directly and indirectly, in the conduct of the affairs of the Lozano Enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(c).

6.22 Each of those Defendants agreed to conduct and participate in the conduct of the affairs of the Lozano Enterprise through that pattern of racketeering activity. Each was aware of the essential nature and scope of the Lozano Enterprise and intended to participate in it. Each knew that the acts described above were part of a pattern of racketeering activity and agreed to their commission. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

6.23 Plaintiffs were injured in their business and property by reason of the violations alleged above. Plaintiffs paid fees to Lozano, ranging from approximately $7,950 to more than $47,500 per Plaintiff or marital community, in exchange for a representation Defendants did not provide. Plaintiffs incurred the cost of substitute counsel to attempt to repair the filings Defendants made. Plaintiffs lost immigration remedies that were available to them before Defendants' filings foreclosed them, and lost wages and employment opportunities as a result.

6.24 Those injuries were directly and proximately caused by the pattern of racketeering activity. Plaintiffs are the direct victims of the scheme: the mailings and wire transmissions that constitute the predicate acts were the means by which Defendants obtained Plaintiffs' fees and by which Defendants made the filings that damaged Plaintiffs' immigration positions. No independent factor accounts for those injuries, no other party is better situated to sue for them, and no risk of duplicative recovery arises



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

from Plaintiffs' claim. First-party reliance is not an element of a claim predicated on mail or wire fraud, but each Plaintiff did in fact rely on Defendants' representations in retaining Lozano and in paying the fees charged.

6.25 Plaintiffs are entitled to recover threefold the damages they sustained, together with the costs of suit and reasonable attorneys' fees, under 18 U.S.C. § 1964(c).

## VII. SECOND CAUSE OF ACTION—LEGAL MALPRACTICE
**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

7.1 Plaintiffs incorporate Paragraphs 1.1 through 6.25 as if fully stated herein.

7.2 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, had an attorney-client relationship with Plaintiffs.

7.3 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their duties to Plaintiffs and acted in a manner which a reasonable, careful, and prudent attorney in Washington, or the jurisdiction where the breach occurred, would not have, including by:

a. Advising certain Plaintiffs to file T-Visa or VAWA petitions when those Plaintiffs were plainly not entitled to a T-Visa or protections under VAWA;

b. Improperly submitting immigration documents, including residency applications, to immigration authorities, including in a form which they knew or should have known would be rejected;

c. Using electronic signatures on client documents even where Defendants



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

knew or should have known that such signatures were not permitted;

d. Failing to advise certain Plaintiffs that additional work would be required, at additional cost to those Plaintiffs, to complete the immigration proceedings, even where that necessity was obvious from the outset of the representation;

e. Advising certain Plaintiffs to make false, inaccurate, or deceptive statements to immigration officials;

f. Including false, inaccurate, or deceptive statements in documents drafted by Defendants and submitted to immigration officials;

g. Submitting documents to immigration officials with client signatures affixed even though clients had not reviewed or approved the documents;

h. Failing to file or submit responses to USCIS inquiries and notices related to certain client cases;

i. Using captive and/or otherwise improperly influenced psychological and medical evaluators, including En Solidaridad, LLC, and Salud Total, LLC, in immigration representations;

j. Engaging in actions during immigration representations which they knew or should have known would cause Plaintiffs and other clients to face increased scrutiny from immigration officials; and,

k. Utilizing unlicensed non-lawyer staff to perform substantive legal work and to provide legal advice.

7.4 Plaintiffs have suffered harm as a result of the breaches by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including but not limited to:



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

a. Incurring otherwise unnecessary attorney's fees and costs;

b. Reduced wages and decreased employment opportunities and security from those they would have received if they had obtained lawful residence status;

c. Adverse immigration actions;

d. Removal proceedings that could and should have been avoided;

e. Deportation;

f. Entry bans; and

g. Permanent bans.

7.5 Plaintiffs' harms were proximately caused by the breaches alleged herein.

7.6 Plaintiffs' damages were proximately caused by Defendants' breach(es).

## VIII. THIRD CAUSE OF ACTION—BREACH OF FIDUCIARY DUTY (Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)

8.1 Plaintiffs incorporate Paragraphs 1.1 through 7.6 as if fully stated herein.

8.2 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, owed fiduciary duties to Plaintiffs as their attorney.

8.3 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, breached their fiduciary duties to Plaintiffs through acts including:

a. Failing to disclose known costs and fees associated with representation upfront and, instead, engaging in "bait and switch" tactics;



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

b. Using electronic signatures on client documents even where they knew or should have known that such signatures were not permitted;

c. Engaging in acts, across representations, which they knew or should have known would cause Plaintiffs to face increased scrutiny from immigration officials during and after the representation;

d. Using unlicensed non-lawyers to provide legal services to Plaintiffs; and,

e. Failing to advise Plaintiffs regarding the potential increased scrutiny they may face from immigration authorities during and following representation by Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, including the potential of additional interviews with immigration officials and detention.

8.4 Plaintiffs suffered harms, including financial harms and legal harms, as a direct and proximate result of the breaches by Defendants.

## IX. FOURTH CAUSE OF ACTION—VIOLATION OF THE CONSUMER PROTECTION ACT, RCW 19.86 *et seq*. (Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)

9.1 Plaintiffs incorporate Paragraphs 1.1 through 8.4 as if fully stated herein.

9.2 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, engaged in unfair or deceptive acts or practices, including:

a. Use of imagery and iconography of the *Virgen de Guadalupe* in marketing



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

materials in a manner which inaccurately implied an association between the *Virgen de Guadalupe* and/or the Church, and Defendants Alexandra Lozano and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC;

b. Use of the phrase “abogada de los milagros" (“attorney of miracles”) in marketing materials in a manner which, particularly when combined with imagery and iconography of the *Virgen de Guadalupe*, inaccurately portrayed Defendant Alexandra Lozano as capable of literally performing miracles;

c. Use of Mexican cultural and religious imagery in their marketing materials in such a way that it inaccurately implied a degree of honesty, trustworthiness, charity, and piousness; and,

d. Falsely stating, in social media posts and marketing materials, that it had assisted persons in obtaining legal permanent residency or otherwise adjusting their immigration status where Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, knew they had not done so, including when the persons featured in the posts and marketing materials, at the time the post or materials were published, were actually being held in ICE detention facilities and/or subject to removal proceedings.

9.3 Defendants' marketing, taken as a whole, created the impression that Ms. Lozano was associated with the Catholic Church or with the Virgen de Guadalupe; that Ms. Lozano was capable of obtaining outcomes that were not otherwise obtainable; and that Lozano



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

provided legal services as a religious or charitable undertaking rather than for profit. Each impression was false. Defendants' marketing was directed at, and calculated to reach, Mexican and Latin American Catholic immigrants with primary school education levels, for whom the *Virgen de Guadalupe* is a venerated figure understood to be capable of performing miracles.

9.4 Defendants stated in social media posts and marketing materials that identified individuals had obtained lawful permanent residency or had otherwise adjusted their immigration status when Defendants knew that those individuals had not done so, including where the individuals featured were, at the time of publication, held in immigration detention or subject to removal proceedings.. Whether an identified individual obtained lawful permanent residency is a matter of fact capable of verification.

9.5 Additionally, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, guaranteed successful outcomes to certain clients, including at least Plaintiffs Juan Manuel Villanueva Vega and Erika Alejandra Mejia Sanchez. For these clients, Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, offered a money-back guarantee. The particulars of those guarantees are alleged at ¶¶ 4.522 through 4.524.

9.6 Defendants determined the price of their legal services, billed for those services, and collected those fees in the manner alleged at ¶¶ 4.519 through 4.525. Defendants charged a single flat fee represented to be inclusive of USCIS filing fees, treated the entire fee as earned upon receipt, collected amounts designated for filing fees that were



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

not remitted to USCIS, held no portion of client funds in trust against refund obligations, and refused to refund any portion of the fees paid by Plaintiffs, including under guarantees Defendants themselves offered. Each of those practices was determined at the firm level and applied uniformly, without regard to the professional judgment exercised in any individual matter.

9.7 Defendants obtained and retained clients, including Plaintiffs, through the marketing described in ¶¶ 9.2 through 9.4 and through the guarantees described in ¶ 9.5.

9.8 The acts and practices described in ¶¶ 9.2 through 9.7 concern the entrepreneurial aspects of the practice of law—how the price of legal services was determined, billed, and collected, and the way Defendants obtained and retained clients. They were undertaken for entrepreneurial purposes. They do not concern the case strategy or professional judgment exercised in the representation of any particular Plaintiff, and Plaintiffs do not assert a Consumer Protection Act claim on that basis.

9.9 Each of the acts and practices described above had the capacity to deceive a substantial portion of the public.

9.10 Defendants' acts and practices were also unfair, independent of whether they were deceptive. They offend public policy as established by statute and the common law, including the Rules of Professional Conduct that Ms. Lozano violated as alleged at ¶¶ 4.39 through 4.43. They are immoral, unethical, oppressive, and unscrupulous: Defendants traded on the religious beliefs of the population they targeted in order to sell legal services, and sold a standardized filing to clients they knew to be ineligible for the relief sought. They caused substantial injury to consumers, that injury was not reasonably avoidable by the consumers themselves, and it is not outweighed by any



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

countervailing benefit to consumers or to competition.

9.11 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, have not returned funds paid by Plaintiffs, including Severo Lopez Contreras, Juan Manuel Villanueva Vega, and Erika Alejandra Mejia Sanchez.

9.12 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC's actions took place in trade or commerce. Specifically, Defendants' actions were part of their entrepreneurial efforts to market their legal services in Washington and other states.

9.13 Defendants' acts and practices affect the public interest, as alleged at ¶¶ 4.526 through 4.528.

9.14 Defendants' actions have the potential for repetition and have or had the capacity to injure other persons, including but not limited to each other customer and client of Defendants.

9.15 Plaintiffs were injured in their property, including but not limited to the costs and fees paid to Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, and costs incurred at the direction of Lozano.

9.16 Plaintiffs received a service objectively different from, and less valuable than, the service for which they were charged: filings prepared by non-lawyers, unreviewed by the Plaintiff, bearing signatures the Plaintiff never affixed to the document filed, and submitted on behalf of Plaintiffs whom Defendants knew to be ineligible for the relief sought.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

9.17 Plaintiffs' injuries were proximately caused by Defendants' unfair or deceptive acts or practices.

9.18 But for Defendants' unfair or deceptive acts and practices, Plaintiffs would not have retained Lozano, would not have paid the fees they paid, and would not have suffered the injuries alleged.

## X. FIFTH CAUSE OF ACTION—BREACH OF CONTRACT
**(Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)**

10.1 Plaintiffs incorporate Paragraphs 1.1 through 9.18 as if fully stated herein.

10.2 Each Plaintiff had a written contract with Lozano.

10.3 Plaintiffs each performed fully under their contracts with Lozano.

10.4 Lozano breached their contracts with Plaintiffs, including by:

a. Failing to provide the promised services; and,

b. Providing the promised services, but doing so in a negligent or otherwise harmful matter.

10.5 Defendants' breaches of contract caused Plaintiffs financial and other harms. Plaintiffs suffered financial and other harms as a result of Lozano's contractual breaches.

## XI. SIXTH CAUSE OF ACTION—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10)**

11.1 Plaintiffs incorporate Paragraphs 1.1 through 10.5 as if fully stated herein.

11.2 Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10, owed contractual and common-law duties to Plaintiffs, including the fiduciary duties described herein.

11.3 Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10 breached those duties, including through:

a. Failing to adequately advise clients of risks;

b. Failing to file necessary paperwork, resulting in adverse immigration outcomes; and,

c. Engaging in acts which they knew or should have known could cause adverse, and preventable, immigration outcomes;

11.4 The breaches of duties by Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10, proximately caused Plaintiffs to suffer substantial emotional distress.

11.5 The harms suffered by Plaintiffs were, in the circumstances, a reasonably foreseeable result of breaches of duties by Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; and Doe Individuals 1-10.

11.6 Plaintiff harms have resulted in objective symptomatology and are susceptible to medical diagnosis and provable through medical evidence.

//

//

//



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## XII. SEVENTH CAUSE OF ACTION—UNJUST ENRICHMENT
**(Against Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)**

12.1 Plaintiffs incorporate Paragraphs 1.1 through 11.6 as if fully stated herein.

12.2 Plaintiffs plead this cause of action in the alternative to the Fifth Cause of Action for breach of contract, pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3).

12.3 The written fee agreements between Plaintiffs and Lozano are unenforceable. Each was entered into and performed in violation of the Washington Rules of Professional Conduct, including RPC 1.5, RPC 1.7, RPC 3.1, RPC 5.3, RPC 5.5, RPC 8.4(c), and RPC 8.4(d), as alleged at ¶¶ 4.39 through 4.43. Each provided for a flat fee treated as earned upon receipt in exchange for the preparation and filing of petitions by non-lawyers, without client review, on behalf of clients Defendants knew to be ineligible, and in reliance on evaluations produced by an entity in which Ms. Lozano held an undisclosed financial interest. An attorney fee agreement that violates the Rules of Professional Conduct is against public policy and is unenforceable.

12.4 In the further alternative, the written fee agreements do not govern the subject matter of this cause of action to the extent that Defendants collected and retained amounts designated for USCIS filing fees that were never remitted to USCIS, and amounts charged for services never performed.

12.5 Plaintiffs each conferred a benefit on Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC. Specifically, Plaintiffs each paid money to Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC.

12.6 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

known as Alexandra Lozano Immigration Law, PLLC, were aware of and had appreciation and knowledge of the monies paid by Plaintiffs.

12.7 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, accepted and have retained the monies paid by Plaintiffs, including as legal fees earned upon receipt.

12.8 Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, retained the monies paid by Plaintiffs regardless of whether Defendants actually provided substantive legal services to Plaintiffs, caused damage to Plaintiffs, engaged in negligent acts related to Plaintiffs, caused harm to Plaintiffs, or failed to undertake efforts promised to Plaintiffs.

12.9 Defendants' retention of the benefits conferred by Plaintiffs would be unjust.

12.10 It would be inequitable and unjust under the circumstances for Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC, to retain the monies paid to them by Plaintiffs.

12.11 A constructive trust should be imposed in Plaintiffs' favor on all funds and assets acquired with, or traceable to, the fees Plaintiffs paid, including real property and the Bombardier Challenger 300 aircraft bearing registration number N712AQ, and the proceeds of any sale, transfer, or other disposition of any of the foregoing.

12.12 Defendants must also disgorge all fees collected for representation tainted by the breaches of fiduciary duty alleged herein. An attorney who breaches the duty of loyalty forfeits the right to compensation for the period of the breach.

//

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## XIII. EIGHTH CAUSE OF ACTION—VOIDABLE TRANSACTIONS, RCW 19.40 *et seq.*
## (Against All Defendants)

13.1 Plaintiffs incorporate Paragraphs 1.1 through 12.12 as if fully stated herein.

13.2 Each Plaintiff is a creditor of, and holds a claim against, the Lozano Firm and Ms. Lozano within the meaning of RCW 19.40.011. Each Plaintiff's claim arose no later than the date that Plaintiff paid fees to the Lozano Firm.

13.3 Defendants transferred assets among themselves, including funds, real property interests, and the Bombardier Challenger 300 aircraft bearing registration number N712AQ, both domestically and internationally. The transfers were made with actual intent to hinder, delay, or defraud creditors, including Plaintiffs. In the alternative, the transfers were made without receipt of reasonably equivalent value while the transferor was engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small, or while the transferor was insolvent or was rendered insolvent by the transfers.

13.4 Multiple badges of fraud identified are present:

a. The transfers were made to insiders. Each transferee entity is owned or controlled by Ms. Lozano, directly or through her marital community, and each transfer moved assets from an entity she controls to another entity or person she controls or with whom she shares a family or ownership relationship.

b. The transferors retained possession or control of the transferred assets after the transfers. Ms. Lozano remained the sole governor or trustee of each transferee entity, and, as alleged in ¶ 4.28, Sueno Cumplido, LLC,



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

transferred title to the aircraft for Federal Aviation Administration registration purposes only while retaining beneficial use and control.

c. The transfers were concealed. The transfers were effected through a layered structure of limited liability companies and trusts and were not disclosed to clients whose fees funded the transferred assets.

d. Before the transfers were made, the transferors had been sued or threatened with suit, or were aware of regulatory investigations from which claims would foreseeably arise. Transfers continued after Defendants became aware of the USCIS and Washington State Bar Association investigations into their conduct.

e. The transfers removed substantially all of the Lozano Firm's assets. By the firm's closure on June 10, 2026, the operating entity retained insufficient assets to satisfy the claims of the clients whose fees had funded the transferred assets.

f. While Ms. Lozano has accepted service in this matter through counsel, she has physically left the jurisdiction.

g. The value of the consideration received by the transferors was not reasonably equivalent to the value of the assets transferred. On information and belief, the inter-entity transfers were not supported by documented, arm's-length consideration.

h. The transferors were insolvent or became insolvent shortly after the transfers were made, and the transfers occurred shortly before or shortly after substantial obligations were incurred, and the Lozano Firm closed without



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

satisfying refund obligations and guarantee obligations owed to its clients.

13.5 The specific dates, amounts, and transferees of the voidable transfers are within the exclusive knowledge and control of Defendants and will be identified through discovery, including through the financial records of each entity Defendant.

13.6 Plaintiffs are entitled to avoidance of the transfers to the extent necessary to satisfy their claims under RCW 19.40.071(1)(a); to attachment against the transferred assets under RCW 19.40.071(1)(b) and RCW 6.25 *et seq.*; and to injunctive relief against further disposition of the transferred assets, the appointment of a receiver, and such other relief as the circumstances require under RCW 19.40.071(1)(c).

13.7 Defendant Magaly Lozano Perea is an insider of Ms. Lozano within the meaning of RCW 19.40.011(7). She received transfers of assets from Ms. Lozano, the Lozano Firm, or one or more entity Defendants, as alleged at ¶¶ 4.509 through 4.512 and 4.540 through 4.543, without giving reasonably equivalent value in exchange.

13.8 The transfers to Magaly Lozano Perea were made with actual intent to hinder, delay, or defraud Plaintiffs as creditors, or were made without receiving reasonably equivalent value at a time when the transferor was engaged in a business or transaction for which the transferor's remaining assets were unreasonably small, or when the transferor intended to incur or believed or reasonably should have believed that the transferor would incur debts beyond the transferor's ability to pay as they became due.

13.9 The transfers of the assets of Amiga Lawyers, LLC and Ally Lozano, LLC alleged at ¶¶ 4.503 through 4.506 were voidable transfers within the meaning of RCW 19.40.041 and RCW 19.40.051.

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## XIV. NINTH CAUSE OF ACTION—CRIMINAL PROFITEERING, RCW 9A.82 et seq.

**(Against Defendants Alexandra Lozano Kennedy; La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC; En Solidaridad, LLC; Salud Total, LLC; Amiga Lawyers, LLC; Ally Lozano, LLC; Magaly Lozano Perea; and Doe Individuals 1-10)**

14.1 Plaintiffs incorporate Paragraphs 1.1 through 13.9 as if fully stated herein.

14.2 Each Defendant named in this cause of action is a "person" within the meaning of RCW 9A.82.010.

14.3 The Lozano Firm, together with En Solidaridad, LLC, Salud Total, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five Star Legacy Trust, constitutes an "enterprise" within the meaning of RCW 9A.82.010(8), which includes any legal entity and any group of individuals associated in fact although not a legal entity.

14.4 Defendants committed acts of criminal profiteering within the meaning of RCW 9A.82.010(4). Each act was committed for financial gain and each is chargeable or indictable under the laws of the State of Washington. Defendants' acts of criminal profiteering include:

a. **Forgery, RCW 9A.60.020.** Lozano obtained Plaintiffs' signatures on blank or incomplete pages and thereafter affixed or caused those signatures to be affixed to petitions, applications, and declarations that Plaintiffs had never seen, reviewed, or approved, and that Lozano then submitted to United States Citizenship and Immigration Services as the sworn statements of Plaintiffs. In doing so Lozano transformed incomplete written instruments into complete ones by adding or inserting matter without the authority of



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

anyone entitled to grant it, and made written instruments that purported to be authentic but were not, in that the ostensible maker did not authorize the making of the instrument. Lozano did so with intent to injure or defraud. Specific instances are alleged at ¶¶ 1.8-1.10, 4.15-4.18, and 6.16(a)-(h). Forgery is an act of criminal profiteering under RCW 9A.82.010(4)(d).

b. **Theft, RCW 9A.56.020 and RCW 9A.56.030.** Lozano charged each Plaintiff a flat fee represented to be inclusive of the filing fees payable to United States Citizenship and Immigration Services, collected those amounts, and did not remit all of them to the agency, as alleged at ¶¶ 4.519 through 4.521. Lozano further collected fees for services it did not perform and refused to return funds it had guaranteed to return, as alleged at ¶¶ 4.522 through 4.525. Lozano obtained this property by color and aid of deception and with intent to deprive Plaintiffs of it. Theft is an act of criminal profiteering under RCW 9A.82.010(4)(e).

c. **Unlawful practice of law, RCW 2.48.180.** Non-lawyer personnel employed by Lozano repeatedly practiced law, as alleged at ¶¶ 4.529 through 4.534, by selecting the form of legal relief each client would seek, advising clients that they qualified for that relief, and preparing the legal instruments by which that relief was sought, without the supervision of any attorney. Ms. Lozano organized, directed, and profited from that practice. From on or about May 20, 2026, Ms. Lozano was herself a nonlawyer within the meaning of RCW 2.48.180(1)(b) and thereafter held an ownership interest in a business primarily engaged in the practice of law, as alleged at ¶¶ 4.535 through



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

4.537, and shared in the legal fees that business collected. Unlawful practice of law is an act of criminal profiteering under RCW 9A.82.010(4)(ff).

14.5 Defendants' acts of criminal profiteering number in the thousands and were committed between at least 2014 and June 10, 2026. The last such act occurred within five years after the commission of the earliest act relied upon.

14.6 The acts of criminal profiteering alleged above share the same or similar intent, results, accomplices, principals, victims, and methods of commission, and are interrelated by distinguishing characteristics including a nexus to the same enterprise. Each was committed in the execution of a single scheme to sell a standardized immigration filing to persons without regard to their eligibility for the relief sought, and to collect and retain the fees generated by that scheme. Together they constitute a pattern of criminal profiteering activity within the meaning of RCW 9A.82.010(12).

14.7 Plaintiffs sustained injury to their business and property by acts of criminal profiteering that are part of that pattern. Plaintiffs paid fees ranging from approximately $7,950 to more than $47,500 per Plaintiff or marital community, incurred the cost of substitute counsel, incurred additional filing costs, lost immigration remedies that were available to them before Defendants' filings foreclosed them, have suffered permanent damage to their immigration status and reputation and prospects of future legalization due to the improper filings, and lost wages and employment opportunities.

14.8 Plaintiffs did not discover, and in the exercise of reasonable diligence could not have discovered, the pattern of criminal profiteering activity alleged above until the Washington State Bar Association proceedings against Ms. Lozano became public. This action was commenced within three years after that discovery.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

14.9 Plaintiffs are entitled under RCW 9A.82.100(1)(a) to recover damages and the costs of suit, including reasonable investigative and attorneys' fees, and under RCW 9A.82.100(4)(d) to an award of actual damages increased, in the Court's discretion, to an amount not exceeding three times the actual damages sustained.

14.10 Plaintiffs are further entitled to the relief authorized by RCW 9A.82.100(2), (3), and (4), including orders restraining Defendants from transferring, encumbering, or dissipating property subject to damages or other restraints under that section; attachment, receivership, and injunctive relief with respect to personal and real property; divestiture of Defendants' interests in the enterprise; and forfeiture, first as restitution to Plaintiffs, of all proceeds traceable to or derived from the acts of criminal profiteering alleged above.

14.11 Plaintiffs will serve notice and one copy of this pleading on the Attorney General of the State of Washington within thirty days after this pleading is filed, as required by RCW 9A.82.100(10).

## XV. TENTH CAUSE OF ACTION—DECLARATORY JUDGMENT
**(Against Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC, formerly known as Alexandra Lozano Immigration Law, PLLC)**

15.1 Plaintiffs incorporate Paragraphs 1.1 through 14.11 as if fully stated herein.

15.2 There is an actual and justiciable controversy regarding whether Defendants had actual or legal authority to affix Plaintiffs' electronic signatures to documents submitted to USCIS.

15.3 Plaintiffs are entitled to a declaratory judgment that all electronic signatures were unauthorized or affixed without their authorization.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

## XVI. DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

## XVII. PRAYER FOR RELIEF

WHEREFORE, having set forth their allegations, claims, and causes of action, the Plaintiffs Erika Alejandra Mejia Sanchez, Juan Manuel Villanueva Vega, Severo Lopez Contreras, Nora Patricia Murillo Moreno, Angélica Maria Barajas Horta, Ana Maria Garcia Martinez, Gabriel Martinez Garcia, Gerardo Prado Rivera, Aurora Lizzette Leal Rubio, Jose Enrique Villalon Rivera, Carlos Enrique Navarro Ceja, Maria Guadalupe Fernandez Rayas, Joaquin Coto Roman, Samanta Sinai Marin Sosa, Miguel Galvan Rodriguez, Veronica Flores Campos, Jose Margarito Muratalla Magana, Claudia Galindo Velasquez, Rosaura Gallardo Martinez, Wilson Erendira Nava, Pedro Alberto Garcia Vidaca, Jose Luis Ortiz Osorio, Isidro Mendoza Jimenez, Angelica Isabel Solis Romero, Jose Vasquez Rocete, Martin Gonzalez Garibay, Martha Elizabeth Chavez Gomez, Diana Yazmin Barajas Horta, Idalia Guzman Vidals, Ricardo Reynoso Jaimes, Ana Leticia Rangel Salinas, Ma Pabla Prieto Muniz, Jose Jesus Medina Juarez, and Fabiola Sosa Rodriguez pray for the following relief:

1. Plaintiffs demand a trial by jury on all issues so triable.
2. For a finding that the acts and omissions herein stated occurred;
3. For a finding that the causes of action herein stated exist and that the Defendants should be liable as stated herein;
4. For disgorgement of fees paid by Plaintiffs to Defendants;
5. To pierce the corporate veil with respect to all corporate and trust defendants;



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

6. For the imposition of a constructive trust in favor of Plaintiffs on real property owned or controlled by Ms. Lozano, directly or through any entity Defendant, that was acquired with or is traceable to funds paid by Plaintiffs, and on the proceeds of any sale, transfer, or other disposition of any such property;

7. For the imposition of a constructive trust in favor of Plaintiffs on the Bombardier Challenger 300 aircraft bearing registration number N712AQ and on the proceeds of any sale, transfer, or other disposition of that aircraft;

8. For avoidance of voidable transfers under RCW 19.40.071(1)(a) to the extent necessary to satisfy Plaintiffs' claims;

9. For prejudgment attachment under RCW 19.40.071(1)(b), chapter 6.25 RCW, and RCW 9A.82.100(3);

10. For the relief authorized by RCW 9A.82.100(2) and (3), including orders entered prior to a determination of liability restraining Defendants from transferring, encumbering, dissipating, or removing from the State of Washington any property subject to damages, forfeiture, or other restraints under that section, and attachment, receivership, and injunctive relief with respect to personal and real property;

11. For the relief authorized by RCW 9A.82.100(4), including an order requiring each Defendant to divest himself, herself, or itself of any interest, direct or indirect, in the Lozano Enterprise, and ordering forfeiture, first as restitution to Plaintiffs, of all proceeds traceable to or derived from the acts of criminal profiteering alleged herein and of all property acquired or maintained with those proceeds;

12. For a monetary award of damages in an amount to be determined and proved at or before trial;



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

13. For pre-judgment and post-judgment interest where applicable in favor of Plaintiffs;

14. For exemplary and punitive damages as allowed by statute, contract, law, or equity, including treble damages under 18 U.S.C. § 1964(c), RCW 19.86.090, and RCW 9A.82.100(4)(d); For an award of all of Plaintiffs' costs, expenses, and attorneys' fees under any grounds permitted by law, equity, or statute, including 18 U.S.C. § 1964(c), RCW 19.86.090 et seq., and RCW 9A.82.100(1)(a);

15. For a determination that Amiga Lawyers, LLC and Ally Lozano, LLC, and any successor to either of them, are liable for the obligations alleged in this Complaint on mere-continuation, continuity-of-enterprise, and fraudulent-transfer grounds.

16. A declaration that all electronic signatures affixed by Lozano to filings submitted to USCIS by Lozano on behalf of Plaintiffs were affixed without authorization;

17. For injunctive relief as the Court deems necessary, appropriate, and equitable; and,

18. For such further and other relief as the Court deems just and equitable.

DATED this 8th day of September, 2026.

//

//

//

//

//

//

//

//



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

By—

**TOMLINSON BOMSZTYK RUSS**

Tallman H. Trask, IV, WSBA #60280

Aric S. Bomsztyk, WSBA #38020

Blair M. Russ, WSBA #40374
1000 Second Ave, Suite 3660
Seattle, WA 98104
Phone: (206) 621-1871
Email: tht@tbr-law.com
asb@tbr-law.com
bmr@tbr-law.com

And by—

**BARRAZA LAW, PLLC**

Vicente Omar Barraza, WSBA #43589
10728 16th Ave SW
Seattle, WA 98146
Phone: (206) 933-7861
Email: omar@barrazalaw.com

And by—

**METZ LAW GROUP, PLLC**

Matthew N. Metz, WSBA #25050
101 Yesler Way, Suite 600
Seattle, WA 98104
Phone: (206) 583-2745
Email: matthew@metzlawgroup.com

*Attorneys for Plaintiffs*