**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ERIKA ALEJANDRA MEJIA SANCHEZ, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, *et al.*<br><br>Defendants. | **NO. 2:26-cv-01587**<br><br>**DECLARATION OF ANA MARIA GARCIA MARTINEZ** |

I, Ana Maria Garcia Martinez, hereby declare under the penalty of perjury under the laws of the State of Washington and United States of America that I make the following statements of fact from personal knowledge, am over 18 years of age, and am competent to testify if called upon to do so.

**SOY COMPETENTE EN EL IDIOMA ESPAÑOL. SE ADJUNTA COMO ANEXO A UNA DECLARACIÓN EN ESPAÑOL QUE ENTIENDO CONSTITUYE UNA TRADUCCIÓN VERDADERA Y CORRECTA DE MI DECLARACIÓN, LA CUAL TAMBIÉN HE SUSCRITO.**



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

1. I am fluent in the Spanish language. Attached hereto as Exhibit A is a Declaration in Spanish which I understand to be a true and accurate translation of my declaration. I have signed both.

2. I am a resident of Pierce County, Washington and an immigrant from Mexico.

3. I am not a lawful permanent resident of the United States nor a citizen of the United States.

4. Plaintiff Gabriel Martinez Garcia is my son.

5. I am married to a naturalized citizen of the United States.

6. I am a former client of Defendants Alexandra Lozano Kennedy and La Luz del Camino Legal, PLLC (the "Firm").

7. I retained Defendant Lozano to represent me in immigration matters.

8. I saw the Firm's advertising and trusted the Firm in part because of the Firm's use of the *Virgen de Guadalupe* in marketing materials and the implications connected with the *Virgen*—including faith and the ability to perform miraculous feats. When I visited the office, I observed that the firm had an altar and the Virgen prominently displayed which is traditional in many homes in Mexico.

9. I signed a contract with Alexandra Lozano Immigration Law PLLC on October 16, 2020. I paid Defendant Lozano thirteen thousand dollars ($13,000) for legal services for an "I-360 Con La Residencia." The legal services were paid as follows: down payment of $2,035 cash and 22 monthly installments of $500.00 I also paid $35 for a fingerprint check, $1,225 for the immigration fee to apply for residency, $1200.00 for a "psychological" evaluation conducted by a person named Janet Montanez, LSMW, MHP who was employed



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

or contracted by En Solidaridad, PLLC, approximately $400 for a medical exam, and $500 for an interpreter to accompany me to my permanent residency interview on September 3, 2024.

10. According to the contract between myself and the Firm, I retained the Firm to assist me to apply for "I-360 Con La Residencia." My contract with the Firm makes no reference to a Violence Against Woman Act (VAWA) application or other similar application.

11. Before I hired the Firm, I was pursuing consular processing based on an already approved family petition filed by my naturalized citizen spouse. Consular processing requires that an immigrant leave the United States to complete the process.

12. When I discussed my case at my intake interview on or around October 16, 2020, I spoke with Ms. Lozano and an assistant. Ms. Lozano attended by video feed. I explained to Ms. Lozano that I was in a consular process and had all the documents with me. She said that she did not need any of those documents because she had her own strategies that would enable me to obtain my residency without leaving the United States.

13. Ms. Lozano never warned me that pursuing her strategies meant abandoning the consular process which would deprive my son who lives in Mexico of the opportunity to obtain legal status in the United States.

14. After I hired the firm, somebody interviewed me about my marriage and the "abuse." I said that there was no abuse with my current husband, just my ex-partner in Mexico. The person said that the problems a couple experiences were sufficient and told me that I needed to say that my spouse was "aggressive." I objected and told the person that this statement was not accurate and that I did not want to do make false statements that would affect my recently naturalized husband.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

15. The declaration was submitted to immigration without my knowledge or consent because the Firm affixed my electronic signature to the declaration and filed it with immigration without reviewing it with me prior to filing it with the government.

16. As a portion of the fees paid to the Firm, I paid for a psychological assessment. This assessment was performed by Janet Montanez, LMSW, MHP of En Solidaridad by telephone and in less than one hour. I do not believe the psychological evaluation accurately represented my actual psychological state but was still presented to immigration officials by the Firm. I do not recall ever being informed that En Solidaridad was associated with Ms. Lozano.

17. On the Firm's instructions, I believe I provided a wet ink signature on a blank piece of paper, but I did not sign immigration paperwork and related documents filed by the Firm with an ink pen. Instead, the Firm copied and pasted my electronic signature onto multiple forms or affixed an electronic copy of my signature onto the forms.

18. Just prior to the interview with USCIS, a paralegal told me to say that I had signed all the forms with an ink pen. I am in possession of an un-dated declaration in English that I allegedly signed which claims that I signed my I-485 form with an ink pen on October 16, 2020, the same day I hired the firm. While it is possible I signed a blank form, it is implausible that I signed a completed application for residency the day I hired the firm.

19. On December 1, 2025, the United States Citizenship and Immigration Service denied my residency application. My residency application was denied solely because the Firm improperly affixed electronic signatures when filing my application instead of requesting that I sign with an ink pen.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

20. During the time of my representation by the Firm, I understood that Ms. Lozano was my lawyer for my case. For instance, Ms. Lozano signed various documents related with my immigration paperwork, including my application forms. I met with Ms. Lozano by video conference on one occasion and otherwise never saw her or met her in person.

21. I attended my residency interview on September 3, 2024. A lawyer whose name I do not remember me attended the interview

22. I did not and could not have reasonably discovered the harms suffered as a result of the Firm' acts and omissions until at least December 1, 2025 when USICS denied my residency application.

23. As a result of the Firm's acts and omissions, I was placed in deportation proceedings and must attend my first removal hearing in September 2026. Indeed, I was forced to retain new counsel to defend me in the deportation proceedings resulting from the Firm's acts and omissions.

24. I cannot believe that I trusted an attorney who placed me and my husband in danger of deportation. This has disrupted my life and emotional well-being. I am very upset and stressed and this situation is on my mind constantly.

25. As a result of the Firm's acts and omissions, I have suffered substantial emotional distress, including but not limited to distress related to the risks the Firm's actions and omissions have created for my naturalized citizen spouse.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

**I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct to the best of my knowledge and belief.**

DATED this 29 day of August 2026 at Seattle, Washington

Ana Maria Garcia Martinez
Plaintiff



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO OESTE DE WASHINGTON
EN SEATTLE**

| | |
|---|---|
| ERIKA ALEJANDRA MEJIA SANCHEZ, *et al.*<br><br>Demandantes,<br><br>vs.<br><br>ALEXANDRA LOZANO KENNEDY, *et al.*<br><br>Demandados. | **NO. 2:26-cv-01587**<br><br>**DECLARACIÓN DE ANA MARIA GARCIA MARTINEZ** |

Yo, Ana Maria Garcia Martinez, por medio de la presente declaro bajo pena de perjurio conforme a las leyes del Estado de Washington y de los Estados Unidos de América que hago las siguientes declaraciones de hechos por conocimiento personal, que soy mayor de 18 años de edad y que soy competente para testificar si se me llama a hacerlo.

**SOY COMPETENTE EN EL IDIOMA ESPAÑOL. SE ADJUNTA COMO ANEXO A UNA DECLARACIÓN EN ESPAÑOL QUE ENTIENDO CONSTITUYE UNA TRADUCCIÓN VERDADERA Y CORRECTA DE MI DECLARACIÓN, LA CUAL TAMBIÉN HE SUSCRITO.**



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

1. Domino el idioma español. Se adjunta como Anexo A una Declaración en español que entiendo que constituye una traducción verdadera y correcta de mi declaración. He firmado ambas.

2. Soy residente del Condado de Pierce, Washington, e inmigrante de México.

3. No soy residente permanente legal de los Estados Unidos ni ciudadana de los Estados Unidos.

4. El demandante Gabriel Martinez Garcia es mi hijo.

5. Estoy casada con un ciudadano naturalizado de los Estados Unidos.

6. Soy excliente de los demandados Alexandra Lozano Kennedy y La Luz del Camino Legal, PLLC (el "Despacho").

7. Contraté a la demandada Lozano para que me representara en asuntos de inmigración.

8. Vi la publicidad del Despacho y confié en el Despacho en parte por el uso que el Despacho hacía de la *Virgen de Guadalupe* en sus materiales de mercadotecnia y por las implicaciones asociadas con la *Virgen*—incluidas la fe y la capacidad de realizar hechos milagrosos. Cuando visité la oficina, observé que el despacho tenía un altar y la Virgen exhibidos de manera prominente, lo cual es tradicional en muchos hogares de México.

9. Firmé un contrato con Alexandra Lozano Immigration Law PLLC el 16 de octubre de 2020. Le pagué a la demandada Lozano trece mil dólares ($13,000) por servicios legales para un "I-360 Con La Residencia". Los servicios legales se pagaron de la siguiente manera: un enganche de $2,035 en efectivo y 22 mensualidades de $500.00. También pagué $35 por la verificación de huellas dactilares, $1,225 por la cuota de inmigración para solicitar la residencia, $1,200.00 por una evaluación "psicológica" realizada por una persona llamada



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

Janet Montanez, LSMW, MHP, quien era empleada o contratista de En Solidaridad, PLLC, aproximadamente $400 por un examen médico y $500 por un intérprete que me acompañara a mi entrevista de residencia permanente el 3 de septiembre de 2024.

10. Conforme al contrato entre el Despacho y yo, contraté al Despacho para que me ayudara a solicitar un "I-360 Con La Residencia". Mi contrato con el Despacho no hace referencia alguna a una solicitud bajo la Ley contra la Violencia hacia la Mujer (VAWA, por sus siglas en inglés) ni a otra solicitud similar.

11. Antes de contratar al Despacho, yo estaba tramitando un proceso consular con base en una petición familiar ya aprobada presentada por mi cónyuge, ciudadano naturalizado. El proceso consular exige que el inmigrante salga de los Estados Unidos para completar el trámite.

12. Cuando hablé sobre mi caso en mi entrevista inicial, aproximadamente el 16 de octubre de 2020, hablé con la Sra. Lozano y con un asistente. La Sra. Lozano participó por videoconferencia. Le expliqué a la Sra. Lozano que yo estaba en un proceso consular y que tenía todos los documentos conmigo. Ella dijo que no necesitaba ninguno de esos documentos porque tenía sus propias estrategias que me permitirían obtener mi residencia sin salir de los Estados Unidos.

13. La Sra. Lozano nunca me advirtió que seguir sus estrategias significaba abandonar el proceso consular, lo cual privaría a mi hijo, que vive en México, de la oportunidad de obtener estatus legal en los Estados Unidos.

14. Después de que contraté al despacho, alguien me entrevistó acerca de mi matrimonio y del "abuso". Dije que no hubo abuso con mi esposo actual, solamente con mi expareja en México. La persona dijo que los problemas que atraviesa una pareja eran



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

suficientes y me dijo que yo necesitaba decir que mi esposo era "agresivo". Me opuse y le dije a esa persona que esa declaración no era exacta y que yo no quería hacer declaraciones falsas que afectaran a mi esposo recién naturalizado.

15. La declaración fue presentada ante inmigración sin mi conocimiento ni mi consentimiento, porque el Despacho colocó mi firma electrónica en la declaración y la presentó ante inmigración sin revisarla conmigo antes de presentarla ante el gobierno.

16. Como parte de los honorarios pagados al Despacho, pagué por una evaluación psicológica. Esta evaluación fue realizada por Janet Montanez, LMSW, MHP, de En Solidaridad, por teléfono y en menos de una hora. No creo que la evaluación psicológica representara con exactitud mi verdadero estado psicológico, pero aun así el Despacho la presentó ante los funcionarios de inmigración. No recuerdo que se me haya informado que En Solidaridad estuviera asociada con la Sra. Lozano.

17. Siguiendo las instrucciones del Despacho, creo que estampé una firma de puño y letra en una hoja de papel en blanco, pero no firmé con pluma los formularios de inmigración ni los documentos relacionados que el Despacho presentó. En cambio, el Despacho copió y pegó mi firma electrónica en varios formularios, o colocó una copia electrónica de mi firma en los formularios.

18. Justo antes de la entrevista con USCIS, una asistente legal me dijo que dijera que yo había firmado todos los formularios con pluma. Tengo en mi poder una declaración sin fecha, en inglés, que supuestamente firmé, en la cual se afirma que firmé mi formulario I-485 con pluma el 16 de octubre de 2020, el mismo día en que contraté al despacho. Si bien es posible que haya firmado un formulario en blanco, no es verosímil que haya firmado una solicitud de residencia ya completada el mismo día en que contraté al despacho.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

19. El 1 de diciembre de 2025, el Servicio de Ciudadanía e Inmigración de los Estados Unidos negó mi solicitud de residencia. Mi solicitud de residencia fue negada únicamente porque el Despacho colocó indebidamente firmas electrónicas al presentar mi solicitud, en lugar de pedirme que firmara con pluma.

20. Durante el tiempo en que el Despacho me representó, yo entendía que la Sra. Lozano era mi abogada en mi caso. Por ejemplo, la Sra. Lozano firmó varios documentos relacionados con mis trámites de inmigración, incluidos mis formularios de solicitud. Me reuní con la Sra. Lozano por videoconferencia en una ocasión y, fuera de eso, nunca la vi ni la conocí en persona.

21. Asistí a mi entrevista de residencia el 3 de septiembre de 2024. Un abogado cuyo nombre no recuerdo me acompañó en la entrevista.

22. No descubrí, ni razonablemente pude haber descubierto, los daños sufridos como resultado de los actos y omisiones del Despacho sino hasta, por lo menos, el 1 de diciembre de 2025, cuando USCIS negó mi solicitud de residencia.

23. Como resultado de los actos y omisiones del Despacho, fui puesta en proceso de deportación y debo asistir a mi primera audiencia de expulsión en septiembre de 2026. De hecho, me vi obligada a contratar a un nuevo abogado para que me defienda en el proceso de deportación derivado de los actos y omisiones del Despacho.

24. No puedo creer que haya confiado en una abogada que nos puso a mí y a mi esposo en peligro de deportación. Esto ha trastornado mi vida y mi bienestar emocional. Estoy muy angustiada y estresada, y esta situación está constantemente en mi mente.



TOMLINSON
BOMSZTYK
RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

25. Como resultado de los actos y omisiones del Despacho, he sufrido angustia emocional considerable, incluida, entre otras cosas, la angustia relacionada con los riesgos que los actos y omisiones del Despacho han creado para mi cónyuge, ciudadano naturalizado.



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660, Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907

**Declaro bajo pena de perjurio conforme a las leyes del Estado de Washington y de los Estados Unidos de América que lo anterior es verdadero y correcto según mi leal saber y entender.**

FECHADO este día 29 de agosto de 2026 en Seattle, WA

Ana Maria Garcia Martinez
Demandante



TOMLINSON BOMSZTYK RUSS
1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871 F/ 206.621.9907