THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

ERIKA ALEJANDRA MEJIA SANCHEZ, *et al.*,

Plaintiffs,

vs.

ALEXANDRA LOZANO KENNEDY, *et al.*,

Defendants.

No. 2:26-cv-01587-RSM

**DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR WRIT OF ATTACHMENT**

**NOTING DATE: OCTOBER 29, 2026**

## I. RELIEF REQUESTED

Defendants respectfully request that the Court strike the new evidence, the new amount, the amended affidavit, and the new legal theories presented for the first time in Plaintiffs' Reply (Dkt. 68) and the Declaration of Matthew N. Metz filed in support of it (Dkt. 69), and decide the Motion on the application Plaintiffs filed and the papers supporting it (Dkts. 50–55). In the alternative, Defendants request leave to respond in writing to the new matter.

## II. MATERIAL TO BE STRICKEN

The Motion sought a writ securing $620,874, supported by five declarations and twenty-one exhibits of public records. (Dkt. 50 at 2; Dkt. 51.) The Reply seeks a writ securing



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

$401,055.04, supported by a new declaration, a summary of records never before filed, and legal theories the Motion did not advance. Defendants ask that the following be stricken:

*The amended affidavit.* Metz Declaration ¶¶ 2 through 7 restate the averments RCW 6.25.060(1) requires. The amended affidavit states a different sum ($401,055.04) and adds averments the original did not contain: that Ms. Lozano Perea's undivided interest "is an asset transferred to an insider within the meaning of RCW 19.40.011(8)(a)(i) and (15) and is subject to attachment under RCW 19.40.071(1)(b)," and that the Condominium "answers for Ms. Lozano's debt because the Trust is her own." (Dkt. 69 ¶¶ 3–5.) The original affidavit averred indebtedness as to Ms. Lozano and the Firm, identified the two parcels and their record owners, and advanced no theory by which either Ms. Lozano Perea's interest or the Trust's title could be reached. (Dkt. 51 ¶¶ 2, 5–8.)

*The new evidentiary record.* Metz Declaration ¶¶ 8 through 22 and Exhibits A through E present fee contracts, invoices, payment histories, billing ledgers, consultation sheets, and third-party invoices. Mr. Metz states that the records for thirty-two of the thirty-four Plaintiffs were obtained from co-counsel on October 27, 2026, two days before the Reply, and that they are the Plaintiffs' own copies. (Dkt. 69 ¶¶ 10–11.) Exhibit A is a Rule 1006 summary of 712 pages of documents and 82 photographs that were first made available to Defendants after the Reply was filed. (*Id.* ¶ 12.)

*The new amount.* The Reply recalculates the sum secured as $251,131.90 in fees, $141,923.14 in replacement counsel costs, and $8,000.00 in filing fees, subject to four exclusions. (Dkt. 68 at 2.) No part of that calculation appears in the Motion.

*The new theories as to Ms. Lozano Perea and the Trust.* The Reply argues for the first time that Ms. Lozano Perea's interest is reachable as an asset transferred to an insider under RCW 19.40.011(8)(a)(i) and 19.40.071(1)(b), and that the Condominium is reachable under RCW 19.36.020 because the Trust is self-settled, citing *Logan v. Brooks*, 60 Wn. App. 777



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

(1991), and *Waldron v. Huber (In re Huber)*, 493 B.R. 798 (Bankr. W.D. Wash. 2013). (Dkt. 68 at 4–5.) None of those statutes or authorities appears in the Motion.

## III. AUTHORITY

A court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Where a reply presents new evidence, the court should not consider it without affording the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Those rules have particular force where the relief sought is the seizure of real property before judgment. RCW 6.25.070(1) conditions a writ on "an opportunity for a prior hearing at which the plaintiff shall establish" the probable validity of the claim and probable cause for the ground. Defendants responded to the application Plaintiffs filed. They have had no opportunity to respond to the new application Plaintiffs now present.

Plaintiffs invoke RCW 6.25.280, which permits amendment of "any defect in the complaint, affidavit, bond, writ or other proceeding." (Dkt. 68 at 1.) That provision allows a defect to be cured; it does not authorize the substitution of a new application, on a new record, in a reply brief, after the responding party's sole opportunity to be heard has passed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



ANGELI & CALFO LLC
ATTORNEYS AT LAW
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810

## IV. CONCLUSION

Defendants respectfully request that the Court strike the material identified above and decide the Motion on the application Plaintiffs filed and the papers supporting it. In the alternative, Defendants request leave to respond in writing to the new matter. In no event should a writ issue on the record the Reply presents without the prior hearing RCW 6.25.070 requires.

*I certify that this memorandum contains 737 words, in compliance with the Local Civil Rules.*

Dated this 30th day of October, 2026.

ANGELI & CALFO LLC

By: */s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA #27079
Peter D. Hawkes, WSBA #56794
Harold Malkin, WSBA #30986
Tyler S. Weaver, WSBA #29413
701 Pike Street, Suite 1625
Seattle, WA 98101
Tel: 206-703-4810
angelo@angelicalfo.com
peter@angelicalfo.com
harold@angelicalfo.com
tylerw@angelicalfo.com

*Attorneys for Defendants Alexandra Lozano Kennedy, Magaly Lozano Perea, La Luz Del Camino Legal, PLLC f/k/a Alexandra Lozano Immigration Law, PLLC, Salud Total, LLC, Amiga Lawyers, LLC, Ally Lozano, LLC, Sueno Cumplido, LLC, 5 Branches Holding Company, LLC, and Five Star Legacy Trust*